1   Ashley M. McDow (245114)
    Fahim Farivar (252153)
2   **BAKER & HOSTETLER LLP**
    11601 Wilshire Boulevard, Suite 1400
3   Los Angeles, CA  90025-0509
    Telephone:    310.820.8800
4   Facsimile:    310.820.8859
    Email:        amcdow@bakerlaw.com
5                 ffarivar@bakerlaw.com

6   [Proposed] counsel for OFFICIAL COMMITTEE
    OF UNSECURED CREDITORS
7

8               **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **SAN FERNANDO DIVISION**

11  In re:                              Case No. 1:16-bk-12255-GM

12                                      Chapter 11
    SOLYMAN YASHOUAFAR and MASSOUD
13  AARON YASHOUAFAR,                   Jointly administered with:

14                                      Case No. 1:16-bk-12408-GM

15                          Debtors.
16                                      **OFFICIAL COMMITTEE OF
                                        UNSECURED CREDITORS'
17                                      APPLICATION TO EMPLOY BAKER &
                                        HOSTETLER LLP AS BANKRUPTCY
18                                      COUNSEL**

19  ───────────────────────────
20  ☒  Both Debtors                    **[No Hearing Required - Local Bankruptcy
    ☐  Solyman Yashouafar               Rule 9013-1(o)]**
21  ☐  Aaron Yashouafar

22

23

24  **TO THE HONORABLE GERALDINE MUND, THE UNITED STATES TRUSTEE, THE**

25  **CHAPTER 11 TRUSTEE, ALL INTERESTED PARTIES, AND COUNSEL OF RECORD:**

26          The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned

27  jointly administered bankruptcy cases of the debtors Massoud Yashouafar ("Massoud") and

28  Solyman Yashouafar ("Solyman", and collectively with Massoud, the "Debtors") (the

- 1 -

1  "Bankruptcy Cases") hereby respectfully submits the within application (the "Application")

2  seeking approval to employ the law firm of Baker & Hostetler LLP ("Baker" or the "Firm") as

3  bankruptcy counsel for the Committee for the bankruptcy estates of the Debtors (collectively, the

4  "Estate"). In support of this Application, the Committee represents as follows:

## I. JURISDICTION

6  1. This Application is made pursuant to 11 U.S.C. §§ 327, 328 and 1103,[1] Federal

7  Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2014 and the Guidelines of the Office

8  of the United States Trustee (the "UST Guidelines").

## II. BACKGROUND

10  2. On or about August 3, 2016, the Petitioning Creditors, Fereydoun Dayani, Yona

11  Samih, and N&S Investment, LLC (collectively, the "Petitioning Creditors") filed an involuntary

12  petition under chapter 11 of the Bankruptcy Code against each of the Debtors, commencing the

13  Bankruptcy Cases.

14  3. On or about September 9, 2016, the Petitioning Creditors and Solyman entered

15  into a *Stipulation for entry of Order for Relief under Chapter 11 and Appointment of Chapter 11*

16  *Trustee*, which stipulation was granted by order entered on September 12, 2016. Also, on or

17  about September 9, 2016, the Petitioning Creditors and Massoud entered into a *Stipulation for*

18  *entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee*, which

19  stipulation was granted by order entered on September 12, 2016.

20  4. On or about November 2, 2016, the Office of the United States Trustee appointed

21  the Committee to represent the interests of all unsecured creditors for the Estate pursuant to

22  section 1102 of the Bankruptcy Code (Dkt. No. 207). The members appointed to the Committee

23  are: (i) DMARC 2007-CD5 Garden Street LLC; (ii) Van Nuys Plywood, LLC; and (iii) Mehrdad

24  Taghdiri.

25  5. On or about November 3, 2016, the Committee retained Baker to represent it in the

26  Bankruptcy Cases, subject to Court approval. The Committee selected Baker based upon its

27  extensive experience in representing debtors, trustees, and creditors' committees in all aspects of

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE

610030174.1

1    both chapter 7 and chapter 11 proceedings.  A summary of the Firm's qualifications in these areas

2    is attached to the Declaration of Ashley M. McDow (the "McDow Decl.") as **Exhibit A**, and

3    incorporated herein by reference.

### III.    SCOPE OF EMPLOYMENT

5        6.        The Committee seeks to retain the Firm to provide any and all insolvency services

6    that may become necessary during the course of the Bankruptcy Cases, including, but not limited

7    to, the following:

8            a.        To advise and represent the Committee with respect to matters and

9    proceedings in the Bankruptcy Cases that may impact or alter the rights, treatment and/or

10    recovery of or for general unsecured creditors;

11            b.        To provide the Committee with legal advice regarding its powers and

12    duties under § 1103;

13            c.        To assist the Committee with the retention and employment of any and all

14    professionals retained by or on behalf of the Committee;

15            d.        To advise the Committee members with respect to their duties to the Estate

16    and other creditors;

17            e.        To advise and represent the Committee with regard to motions and other

18    developments in the Bankruptcy Cases and other related matters;

19            f.        To advise and represent the Committee with respect to the recovery of

20    preferential payments and/or fraudulent transfers, if and when appropriate;

21            g.        To advise the Committee with respect to potential actions and/or claims

22    against the Debtors, third parties and/or insiders of the Debtors and to prosecute such actions

23    and/or claims as appropriate and necessary;

24            h.        To advise and represent the Committee with regard to the drafting

25    negotiation and/or confirmation of any plan of reorganization, as necessary and appropriate;

26            i.        To assist, advise, and represent the Committee in its consultation with the

27    Debtors and the Chapter 11 Trustee, David K. Gottlieb (the "Trustee" or "Mr. Gottlieb"),

28    regarding the administration of the Bankruptcy Cases;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

610030174.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

j.      To assist, advise, and represent the Committee in analyzing the Debtors'
assets and liabilities, investigating the extent and validity of any lien asserted against those assets,
participating in and reviewing any proposed asset sales, and/or any dispositions, financing
arrangements and/or cash collateral related pleadings;

k.      To assist, advise and represent the Committee in investigating the acts,
conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the
desirability of the continuance of any portion of those operations, and any other matters relevant
to the Bankruptcy Cases whether by and through an examination pursuant to Bankruptcy Rule
2004 or otherwise; and

l.      To provide such other services to the Committee as may be necessary in
the Bankruptcy Cases.

7.      Baker shall represent only the Committee.  Baker shall not represent any
individual member of the Committee or any other creditor or interested party in the Bankruptcy
Cases.

## IV.    DISINTERESTEDNESS

8.      Except as set forth in the McDow Decl. and to the best of Ms. McDow's
knowledge, information and belief, (a) Baker does not have any connection with the Debtors,
their creditors, or any parties in interest, the Office of the United States Trustee, or with any
person employed in the Office of the United States Trustee, and (b) does not now hold or
represent any interest materially adverse to the interests of the Estate or of any class of creditors
or equity interest holders.  Although Baker previously represented the Petitioning Creditors and
despite § 1103(b) permitting an attorney to simultaneously represent an unsecured creditors'
committee and a constituent member or other unsecured creditor, Baker formally terminated its
representation of the Petitioning Creditors in this matter as soon as it was retained as bankruptcy
counsel for the Committee to avoid even the appearance of a conflict of interest.  This was the
only matter, in which Baker represented the Petitioning Creditors, and Baker currently does not
represent the Petitioning Creditors in any other active matter.  In addition, Baker currently
represents Mr. Gottlieb in his capacity as a chapter 7 trustee in other cases.  However, none of

- 4 -

these connections or those set forth in the McDow Decl. are disqualifying connections.

## V. COMPENSATION

9. Baker has agreed to undertake this matter at the standard hourly rates for its attorneys and paraprofessionals, which as of the date of this Application are as follows:

| Name | Title | Rate |
|---|---|---|
| Ashley M. McDow | Partner | $550.00 per hour |
| Michael T. Delaney | Associate | $405.00 per hour |
| Fahim Farivar | Associate | $380.00 per hour |

10. These rates are subject to periodic adjustment, and notice will be provided to all appropriate parties of such adjustment. If the Firm adjusts its billing rates during its representation of the Committee, the adjusted rate shall apply to all services after the date the rate adjustment goes into effect. The Firm reserves the right to assign tasks to attorneys and paraprofessionals not identified above as necessary and appropriate.

11. Baker shall bill the Estate for all services rendered to the Committee in increments of one-tenth of an hour. Baker shall retain records in the ordinary course of business for time billed to the Estate in accordance with all applicable guidelines.

12. Except as otherwise provided herein, Baker shall also bill the Estate for all reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and UST Guidelines.

13. Baker understands that its compensation in the Bankruptcy Cases is subject to the prior approval of the Court. No compensation will be paid except upon application to and approval by the Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the Guide to Applications for Professional Compensation issued by the Office of the United States Trustee.

14. Baker has not received a retainer to serve as counsel for the Committee.

15. The Committee believes it is necessary to employ Baker as counsel for the Committee to provide the services described above. The Committee believes that the rates charged by Baker are reasonable and commensurate with the services the Firm may be called

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

1  upon to provide.

2      16.    The Committee requests that the Court authorize the employment of Baker

3  effective November 3, 2016, the day the Committee selected Baker as counsel.

4                    **VI.**    **CONCLUSION**

5      WHEREFORE, based upon the foregoing, the Committee requests that the Court enter an

6  order authorizing:

7      1.    The Committee to employ Baker as bankruptcy counsel for the Committee on the

8  terms and conditions set forth herein effective November 3, 2016; and

9      2.    For such further and additional relief as the Court deems just and warranted.

10

11  Dated:    December 2, 2016         Respectfully submitted,

12

13                         By: _____
                              Timothy Carl Aires
14
                              Chairman for the Official Committee of
15                            Unsecured Creditors

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

## DECLARATION OF ASHLEY M. McDOW

I, Ashley M. McDow, hereby declare:

1.      I am an attorney duly admitted to practice before this court and am a partner at the law firm of Baker & Hostetler LLP, proposed bankruptcy counsel to the Official Committee of Unsecured Creditors in the Bankruptcy Cases.[2]

2.      I have personal knowledge of the matters stated herein and/or have been informed and, based on such information, I believe the following to be true.  If called as a witness, I could and would testify competently to the same.

3.      All the representations in the Application are true and correct to the best of my knowledge.

4.      On or about September 9, 2016, the Petitioning Creditors and Solyman entered into a *Stipulation for entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee*, which stipulation was granted by order entered on September 12, 2016.  Also, on or about September 9, 2016, the Petitioning Creditors and Massoud entered into a *Stipulation for entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee*, which stipulation was granted by order entered on September 12, 2016.

5.      On or about November 2, 2016, the Office of the United States Trustee appointed the Committee to represent the interests of all unsecured creditors for the Estate pursuant to section 1102 of the Bankruptcy Code (Dkt. No. 207). The members appointed to the Committee are: (i) DMARC 2007-CD5 Garden Street LLC; (ii) Van Nuys Plywood, LLC; and (iii) Mehrdad Taghdiri.

6.      On or about November 3, 2016, the Committee retained Baker to represent it in the Bankruptcy Cases, subject to Court approval.  The Committee selected Baker based upon its extensive experience in representing debtors, trustees, and creditors' committees in all aspects of both chapter 7 and chapter 11 proceedings.  A summary of the Firm's qualifications in these areas is attached to the Declaration of Ashley M. McDow (the "McDow Decl.") as **Exhibit A**, and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[2] Unless stated otherwise, all terms not defined herein shall have the same meaning and effect as they do in the Application.

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE

610030174.1

1    incorporated herein by reference.

2        7.    I am informed and believe that the Committee selected Baker based upon Baker's

3    extensive experience in representing debtors, trustees, and creditors' committees in all aspects of

4    both chapter 7 and chapter 11 proceedings.  A summary of Baker's qualifications in these areas is

5    attached hereto as **Exhibit A**, and incorporated herein and in the Application by this reference.

6        8.    The Committee seeks to retain the Firm to provide any and all insolvency services

7    that may become necessary during the course of the Bankruptcy Cases, including, but not limited

8    to, the following:

9        a.    To advise and represent the Committee with respect to matters and proceedings in

10            the Bankruptcy Cases that may impact or alter the rights, treatment and/or recovery

11            of or for general unsecured creditors;

12        b.    To provide the Committee with legal advice regarding its powers and duties under

13            § 1103;

14        c.    To assist the Committee with the retention and employment of any and all

15            professionals retained by or on behalf of the Committee;

16        d.    To advise the Committee members with respect to their duties to the Estate and

17            other creditors;

18        e.    To advise and represent the Committee with regard to motions and other

19            developments in the Bankruptcy Cases and other related matters;

20        f.    To advise and represent the Committee with respect to the recovery of preferential

21            payments and/or fraudulent transfers, if and when appropriate;

22        g.    To advise the Committee with respect to potential actions and/or claims against the

23            Debtors, third parties and/or insiders of the Debtors and to prosecute such actions

24            and/or claims as appropriate and necessary;

25        h.    To advise and represent the Committee with regard to the drafting negotiation

26            and/or confirmation of any plan of reorganization, as necessary and appropriate;

27        i.    To assist, advise, and represent the Committee in its consultation with the Debtors

28            and the Chapter 11 Trustee, David K. Gottlieb (the "Trustee" or "Mr. Gottlieb"),

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

610030174.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    regarding the administration of the Bankruptcy Cases;

2        j.   To assist, advise, and represent the Committee in analyzing the Debtors' assets and

3    liabilities, investigating the extent and validity of any lien asserted against those

4    assets, participating in and reviewing any proposed asset sales, and/or any

5    dispositions, financing arrangements and/or cash collateral related pleadings;

6        k.   To assist, advise and represent the Committee in investigating the acts, conduct,

7    assets, liabilities and financial condition of the Debtors, the Debtors' operations and

8    the desirability of the continuance of any portion of those operations, and any other

9    matters relevant to the Bankruptcy Cases whether by and through an examination

10    pursuant to Bankruptcy Rule 2004 or otherwise; and

11        l.   To provide such other services to the Committee as may be necessary in the

12    Bankruptcy Cases.

13        9.   Baker shall represent only the Committee. Baker shall not represent any

14    individual member of the Committee or any other creditor or interested party in the Bankruptcy

15    Cases.

16        10.   Following the Committee's selection of the Firm as proposed counsel, Baker

17    conducted a comprehensive computerize conflicts check to ensure the Firm was not precluded

18    from representing the Committee. Based on my review of the results of the conflicts check, I am

19    confident that (a) Baker does not have any connection with the Debtors, their creditors, or any

20    parties in interest, the Office of the United States Trustee, or with any person employed in the

21    Office of the United States Trustee, and (b) does not now hold or represent any interest materially

22    adverse to the interests of the Estate or of any class of creditors or equity interest holders.

23        11.   Although Baker previously represented the Petitioning Creditors and despite §

24    1103(b) permitting an attorney to simultaneously represent an unsecured creditors' committee and

25    a constituent member or other unsecured creditor, Baker formally terminated its representation of

26    the Petitioning Creditors in this matter as soon as it was retained as bankruptcy counsel for the

27    Committee to avoid even the appearance of a conflict of interest. This was the only matter, in

28    which Baker represented the Petitioning Creditors, and Baker currently does not represent the

- 9 -

1    Petitioning Creditors in any other active matter. In addition, Baker currently represents Mr.

2    Gottlieb in his capacity as a chapter 7 trustee in other cases. However, none of these connections

3    or those set forth in the McDow Decl. are disqualifying connections.

4        12.    In addition, I have professional relationships with other attorneys involved in the

5    Bankruptcy Cases, including attorneys representing creditors and members of the Committee.

6    Although I am acquainted with these attorneys, such social relationship will have no bearing or

7    effect on Baker's representation of the Committee in this Bankruptcy Cases.

8        13.    Baker has agreed to undertake this matter at the standard hourly rates for its

9    attorneys and paraprofessionals, which as of the date of this Application are as follows:

| Name | Title | Rate |
| --- | --- | --- |
| Ashley M. McDow | Partner | $550.00 per hour |
| Michael T. Delaney | Associate | $405.00 per hour |
| Fahim Farivar | Associate | $380.00 per hour |

14.    These rates are subject to periodic adjustment. If the Firm adjusts its billing rates

during its representation of the Committee, the adjusted rate shall apply to all services after the

date the rate adjustment goes into effect. The Firm reserves the right to assign tasks to attorneys

and paraprofessionals not identified above as necessary and appropriate.

15.    Baker shall bill the Estate for all services rendered to the Committee in increments

of one-tenth of an hour. Baker shall retain records in the ordinary course of business for time

billed to the Estate in accordance with all applicable guidelines.

16.    Except as otherwise provided herein, Baker shall also bill the Estate for all

reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions

of the Bankruptcy Code, Bankruptcy Rules, and UST Guidelines.

17.    Baker understands that its compensation in the Bankruptcy Cases is subject to the

prior approval of the Court. No compensation will be paid except upon application to and

approval by the Court after notice and a hearing in accordance with sections 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the Guide to

Applications for Professional Compensation issued by the Office of the United States Trustee.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

610030174.1

18.    Baker has not received a retainer to serve as counsel for the Committee.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Los Angeles, California, this 2nd day of December 2016.

_____

Ashley M. McDow

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE

610030174.1

# EXHIBIT A

# Ashley M. McDow

Partner

**Los Angeles**
T +1 310.442.8846  F +1 310.820.8859

amcdow@bakerlaw.com



*"[Ashley McDow is] a tireless, detail-oriented practitioner."*

*— Chambers USA 2016*

**Services**
- Bankruptcy, Restructuring and Creditors' Rights

**Industries**
- Financial Services Industry

**Prior Positions**
- Boutique insolvency and commercial litigation firm

**Admissions**
- Washington
- California

**Education**
- J.D., Loyola Law School, 2006
- B.A., University of Washington, 2003

Ashley McDow primarily practices in the areas of bankruptcy and commercial law, focusing principally on the representation of debtors in possession and creditor committees in chapter 11 reorganizations, chapter 7 and 11 trustees, and parties to various adversary proceedings. With experience representing clients on all sides of the bankruptcy process Ashley has developed a holistic understanding of the bankruptcy process, and utilizes this understanding to effectively and efficiently represent the interests of her clients.

Ashley serves as an editor on the editorial board of the *California Bankruptcy Journal*. She has authored a number of publications on bankruptcy and commercial law topics, including critical vendor motions, perfection of security interests in intellectual property and the enforcement of state court judgments in bankruptcy, and has guest lectured at the University of California Irvine School of Law on insolvency and restructuring matters. Ashley is the chair of the Executive Committee of the Commercial Law Section of the Los Angeles County Bar Association, and the secretary of the Executive Committee of the Commercial Law and Bankruptcy Section of the Los Angeles County Bar Association. She is also a member of the Los Angeles County Bar Advisory Board.

**Experience**
- Represents a California healthcare district in its Chapter 9 bankruptcy case. As with many other California healthcare districts, the district faced an extended period of fiscal decline and rising operational expenses, which created a nearly insurmountable budgetary deficit and ultimately resulted in the resignation of management and the closure of some of the facilities operated by the district. Thereafter, Ashley was consulted about potential restructuring options and strategies. After the board voted to declare a fiscal emergency and commence a bankruptcy case under Chapter 9, she was retained as bankruptcy counsel for the district.

- Represents the debtor in possession of a commercial real estate development and management company worth nearly $40 million in its Chapter 11 reorganization. Prior to the commencement of the bankruptcy case, the company owned certain commercial real estate in Ontario, California. The secured creditor threatened to foreclose on the property; accordingly, the company retained BakerHostetler to file a voluntary Chapter 11 bankruptcy case. During the pendency of the case,

**BakerHostetler**

Ashley negotiated a discounted pay-off agreement with the secured creditor and facilitated the sale of the subject property for a sum in excess of $20 million. In addition, Ashley and her team successfully litigated the disallowance of claims totaling nearly $1 million. Due to the reorganization efforts of Ashley and her team, there will not only be sufficient funds to pay all creditors in full, but also to make distributions to the equity holder (which in this case is a probate estate).

- Represents the Official Committee of Unsecured Creditors in the Chapter 11 case of two high net worth individuals, which is being jointly administered and currently pending in the Central District of California. After commencing an involuntary bankruptcy against the now debtors an behalf of three creditors, owed nearly $6 million, Ashley and her team successfully obtained the entry of an order for relief and the appointment of a Chapter 11 trustee. Ashley and her team are currently working closely with the trustee to locate and liquidate assets for creditors holding in excess of forty $40 million in claims.

- Serves as general bankruptcy counsel to the Chapter 11 trustee in an individual bankruptcy case. One of the debtors in the case was a co-owner of an Internet service provider. After entry of a judgment against the company and the debtor, the debtor and his wife filed a joint Chapter 11 bankruptcy case. The debtors were unable to confirm a plan; accordingly, the court appointed a Chapter 11 trustee, who retained Ashley as bankruptcy counsel. Thereafter, the trustee sought to recover more than $500,000 in fraudulent transfers to an insider of the company (a right granted to the trustee under the company's Chapter 11 plan of reorganization) and disallow an $8.6 million claim. As a result of these actions, the creditor voluntarily subordinated the claim, thereby increasing the potential recovery of non-insider general unsecured creditors. The trustee has recently filed an amended plan of reorganization, which is set for hearing before the end of 2016. Given the most recent amendments to the bankruptcy code, and a recent 9th circuit decision confirming that the absolute priority rule applies to individual debtors in Chapter 11, the proposed plan of reorganization raises issues of first impression that will need to be adjudicated in the confirmation process.

- Serves as general bankruptcy counsel to the Chapter 7 trustee in the bankruptcy case of an individual debtor. Prior to the commencement of the bankruptcy case, the debtor entered into a joint venture to acquire certain patented and unpatented mining claims worth nearly $1 billion. Following the acquisition of the mining claims, the joint venturer transferred the claims to entities solely owned by the joint venturer and disputed the debtor's interest in the corporate entities and mining claims. The trustee retained Ashley to assist in the recovery and administration of the mining claims, among other assets. With the assistance of counsel, the trustee was able to defuse a contentious dispute and negotiate a settlement agreement that provided for the administration of the debtor's disputed interest in the mining claims without extensive litigation.

- Represents the Chapter 7 trustee in an individual bankruptcy case involving the concealment of valuable assets through a series of transfers to domestic and offshore shell companies. Following the commencement of the bankruptcy case, the trustee discovered certain fraudulent transfers of valuable assets. After a further investigation confirmed the trustee's suspicion, Ashley filed suit against the debtors on behalf of the trustee and obtained an order appointing a receiver over

**BakerHostetler**

certain non-debtor parties that held the majority of the concealed assets. As a result of these efforts, Ashley successfully negotiated a settlement agreement that will provide for payment of all claims against not only the bankruptcy estate, but against a host of related entities and individuals which the trustee believes would have been substantively consolidated with the bankruptcy estate had the trustee sought that relief.

▪ Represents a partner in pending litigation regarding the ownership and distributions from the partnership formed to rehabilitate and operate certain restaurant franchises. Based upon the efforts of Ashley and her team, in both litigation and settlements, a comprehensive settlement was reached which will enable the client to obtain funds in excess of what was originally sought by way of the initial complaint.

▪ Represents a finance company engaged in lending money for the purchase and lease of commercial and industrial equipment in various bankruptcy cases nationwide. In the course of this representation, Ashley has successfully negotiated the beneficial treatment of the claims under multiple plans of reorganization in jurisdictions all over the country.

▪ Serves as counsel for the Chapter 7 trustee in the bankruptcy case of a well-known songwriter and record producer. Following the commencement of the bankruptcy case, the debtor failed to turn over royalties derived from pre-petition copyrighted works. Through counsel, the trustee pursued the misappropriated funds and, ultimately, obtained a non-dischargeable judgment against the debtor in the amount of the misdirected royalties. The trustee is currently liquidating the copyright catalogue which she anticipates will generate seven figures for the benefit of creditors.

▪ Serves as counsel for the Chapter 7 trustee in the bankruptcy cases of two entertainment companies involved in the production and distribution of family-oriented films and television programming. In this role, Ashley has assisted the trustee managing the operations of the debtors' enterprises pending administration and resolved a dispute regarding a pre-petition foreclosure on certain programming through a settlement and joint sale agreement, which maximizes the benefit of these assets for creditors of the estate.

▪ Represented the official committee of unsecured creditors in the bankruptcy case of the manufacturer of Bitcoin mining computers and related hardware. During the bankruptcy case, the committee defeated an attempt to fire-sale the tangible and intangible assets of the estate, substantively consolidated the estates of the manufacturer and parent company to make valuable intellectual property held by the parent company available to satisfy the debts of the manufacturer's estate, and defeated the motion of the United States trustee to appoint a Chapter 11 trustee or, in the alternative, convert the case. Thereafter, the committee succeeded in confirming a plan of liquidation for the manufacturer and its parent company. Following plan confirmation, Ashley was retained by the liquidating trust to serve as general bankruptcy counsel. The trust has successfully negotiated the resolution of multiple preferential transfer actions and claim objections and resolved a very contentious D&O claim, resulting in a recovery of $1 million thus far.

▪ Represented a film and television actress in her individual Chapter 11 reorganization. The bankruptcy case was precipitated by the client's inability to service debt secured by two parcels of realty in Bel Air, California, and Jackson, Wyoming. Ashley was retained to file a Chapter

BakerHostetler

11 bankruptcy case to effectuate a controlled liquidation of these assets and restructure of the client's obligations. Through the bankruptcy case, the team liquidated the subject properties and addressed significant tax liabilities arising from the substantial increase in the value of the Bel Air property during the client's 40-year ownership of the property. Following the controlled liquidation, Ashley expeditiously and efficiently resolved the case through a structured dismissal, which resulted in a significant decrease in administrative expenses and increased equity distributions to the client.

- Represented an Internet service provider in its Chapter 11 reorganization. As a result of a judgment obtained by certain investors, the California Superior Court appointed a receiver to liquidate the company in satisfaction of the judgment. The receiver proposed a below-market sale of the company, which would realize little if any benefit for equity. Accordingly, Ashley was retained to file a Chapter 11 bankruptcy case for the company and remove the receiver. After the commencement of the bankruptcy case and adversarial litigation regarding the proposed sale and control of the company, she succeeded in regaining control of the company's operations from the receiver and liquidated the business as a going concern for substantially more than the proposed receivership sale. As a result, the company was able to pay substantial distributions to shareholders following its liquidation.

- Represented an entertainment company in pending litigation regarding the ownership and control of a joint venture between the company and a joint venturer as well as a dispute pertaining to the distribution of revenues to the officers and directors. In conjunction with the joint venture, the company produced a popular television series. During its production, a dispute arose between the company and its joint venturer regarding, among other things, the future of the brand, the ownership of certain intellectual property rights and the division of proceeds. Ultimately, the joint venturer and one of the shareholders of the company commenced litigation.

- Served as special counsel for the liquidating trust of a national electronics retailer. In this capacity, Ashley represented the liquidating trust in its efforts to address a $30 million claim filed by the California Self-Insurers' Security Fund and recover more than $10 million the fund drew from a line of credit secured by the company for potential workers' compensation liability. In the course of the representation, Ashley successfully negotiated a full release of the fund's $30 million claim.

- Served as counsel for the state court–appointed receiver for a precision machining company engaged in the manufacture of components used in military and aerospace applications, among others. Despite the appointment of a receiver, mismanagement and managerial misconduct persisted; accordingly, the receiver authorized the commencement of a voluntary Chapter 11 bankruptcy case. Ashley was relieved as receivership counsel and retained to represent the company in bankruptcy. With the support of the majority shareholder, the company liquidated its assets through bankruptcy under the control of the receiver.

- Represented an Internet advertising company in the acquisition of certain domain names and associated intellectual property. Following the acquisition, a dispute arose between the client and a service provider regarding the domain names purchased, which Ashley was able to successfully resolve.

BakerHostetler

**Recognition**
- Chambers USA: Bankruptcy/Restructuring in California (2016)
- Southern California Super Lawyers "Rising Star" (2011 to 2016)

**Memberships**
- Los Angeles County Bar Association
  - Commercial Law Committee: Former Chair
  - Commercial Law and Bankruptcy Committee Executive Committee: Vice Chair

- American Bankruptcy Institute

BakerHostetler

## Michael T. Delaney

Associate

**Los Angeles**
T +1 310.442.8858  F +1 310.820.8859

mdelaney@bakerlaw.com



**Services**
- Bankruptcy, Restructuring and Creditors' Rights

**Industries**
- Financial Services Industry

**Prior Positions**
- Law Clerk to the Honorable Ernest M. Robles of the United States Bankruptcy Court for the Central District of California

**Admissions**
- California

**Education**
- LL.M., Intellectual Property Law, The George Washington University Law School, 2009
- J.D., Chapman University School of Law, 2008
- B.A., University of Southern California, 2005

Michael Delaney's insolvency practice focuses on the representation of debtors in possession, trustees, secured and unsecured creditors, creditor committees in chapter 11 reorganizations, and trustees in chapter 7 liquidations, as well as receivers and assignees in assignments for the benefit of creditors. In such matters, Michael has represented a variety of individuals and companies including high-profile entertainers, foreign and domestic lenders, entertainment companies, oil and gas companies, manufacturers and real estate investors. Michael has also represented clients in reorganizations involving cutting-edge industries and technology, including cryptocurrency and the manufacturing of Bitcoin mining computers.

The business litigation aspect of his practice includes the representation of companies in disputes pertaining to the ownership of intellectual property rights and the related entertainment programs and businesses, the representation of franchisees in disputes pertaining to the rights under the franchise agreements and the rights of partners in joint ventures relating to franchise agreements, as well as trustees, debtors and creditors in fraudulent transfers actions both in bankruptcy court and California state court.

In addition to his practice, Michael holds several leadership positions with insolvency-related professional organizations. He is a member of the Insolvency Law Committee of the California Bar Association, a member of the Executive Committee for the Bankruptcy Section of the Beverly Hills Bar Association, and an editor on the Editorial Board of the California Bankruptcy Journal. Michael also frequently speaks on bankruptcy-related issues and contributes to several publications, for which he authors articles relating to insolvency, creditors' rights, commercial law and intellectual property law.

In recognition of his achievements, Michael was selected as a Southern California Rising Star for 2016 and as one of 40 young attorneys from across the country to participate in the Next Generation Program during the upcoming National Conference of Bankruptcy Judge Conference in San Francisco.

**Experience**
- Michael represents a California healthcare district in its chapter 9 bankruptcy case. As with many other California healthcare districts, the

**BakerHostetler**

district faced an extended period of fiscal decline and rising operational expenses that created a nearly insurmountable budgetary deficit and ultimately resulted in the resignation of management and the closure of some of the facilities operated by the district. Thereafter, partner Ashley McDow was consulted about potential restructuring options and strategies. After the board voted to declare a fiscal emergency and commence a bankruptcy case under chapter 9, Ashley and Michael were retained as bankruptcy counsel for the district.

- Michael represents an oil and gas company in the course of its chapter 11 bankruptcy case. The company is engaged in oil exploration in the Gulf of Mexico and refinement. Due to the diminished value of crude oil and other financial pressures, the company retained BakerHostetler to serve as general insolvency counsel. Led by partner Elizabeth Green, the team successfully negotiated and obtained DIP financing and continues toward the formulation of a reorganization plan.

- Michael represented a film and television actress in her individual chapter 11 reorganization. The bankruptcy case was precipitated by the client's inability to service debt secured by two parcels of realty in Bel Air, California, and Jackson, Wyoming. Ashley McDow and Michael were retained to file a chapter 11 bankruptcy case in order to effectuate a controlled liquidation of these assets and restructure her obligations. Through the bankruptcy case, the team liquidated the subject properties and addressed significant tax liabilities arising from the substantial increase in the value of the Bel Air property during the client's 40-year ownership of the property. Following the controlled liquidation, Ashley and Michael expeditiously and efficiently resolved the case through a structured dismissal, which resulted in a significant decrease in administrative expenses and increased equity distributions to the client.

- Michael represented the official committee of unsecured creditors in the bankruptcy case of the manufacturer of Bitcoin mining computers and related hardware. During the bankruptcy case, the committee defeated an attempt to fire-sale the tangible and intangible assets of the estate, substantively consolidated the estates of the manufacturer and parent company to make valuable intellectual property held by the parent company available to satisfy the debts of the manufacturer's estate, and defeated the motion of the United States Trustee to appoint a chapter 11 trustee or, in the alternative, convert the case. Thereafter, the committee succeeded in confirming a plan of liquidation for the manufacturer and its parent company. Following the plan's confirmation, Ashley McDow and Michael were retained by the liquidating trust to serve as general bankruptcy counsel. The trust has successfully negotiated the resolution of multiple preferential transfer actions and claim objections.

- Michael served as special counsel for the liquidating trust of a national electronics retailer. In this capacity, Ashley McDow and Michael represented the liquidating trust in its efforts to address a $30 million claim filed by the California Self-Insurers' Security Fund and recover more than $10 million that the fund had drawn from a line of credit secured by the company for potential workers' compensation liability. In the course of the representation, Ashley and Michael successfully negotiated a release of the fund's $30 million claim.

- Michael serves as general bankruptcy counsel to the chapter 7 trustee in a bankruptcy case involving a contentious dispute regarding the ownership of certain mining claims. Prior to the commencement of the bankruptcy case, the debtor entered into a joint venture to acquire

certain patented and unpatented mining claims. Following the acquisition of the mining claims, the joint venturer transferred the claims to entities solely owned by the joint venturer and disputed the debtor's interest in the corporate entities and mining claims. The trustee retained Ashley McDow and Michael to assist in the recovery and administration of the mining claims, among other assets. With the assistance of counsel, the trustee was able to defuse a contentious dispute and negotiate a settlement agreement that provided for the administration of the debtor's disputed interest in the mining claims without extensive litigation.

▪ Michael served as counsel for the state court-appointed receiver for a precision machining company engaged in the manufacture of components used in military and aerospace applications, among others. Despite the appointment of a receiver, mismanagement and managerial misconduct persisted; accordingly, the receiver authorized the commencement of a voluntary chapter 11 bankruptcy case. Ashley McDow and Michael were relieved as receivership counsel and retained to represent the company in bankruptcy. With the support of the majority shareholder, the company liquidated its assets through bankruptcy under the control of the receiver. The company continues to prosecute claims against the former management for misconduct and misappropriation of corporate assets, and to formulate the terms of a plan of reorganization.

▪ Michael serves as counsel for the chapter 7 trustee in the bankruptcy case of a recognized songwriter and record producer. Following the commencement of the bankruptcy case, the debtor failed to turn over royalties derived from pre-petition copyrighted works. Through counsel, the trustee pursued the misappropriated funds and ultimately obtained a judgment against the debtor in the amount of the misdirected royalties. The trustee is presently liquidating the copyright catalogue for the benefit of creditors.

▪ Michael serves as counsel for the chapter 7 trustee in the bankruptcy cases of two entertainment companies involved in the production and distribution of family-oriented films and television programming. In this role, Michael has assisted the trustee in managing the operations of the debtors' enterprises pending administration and, along with Ashley McDow, resolved a dispute regarding a pre-petition foreclosure on certain programming through a settlement and joint sale agreement, which maximizes the benefit of these assets for creditors of the estate.

▪ Michael represents a commercial real estate development and management company in its chapter 11 reorganization. Prior to the commencement of the bankruptcy case, the company owned commercial real estate in Ontario, California. The secured creditor threatened to foreclose on the property; accordingly, the company retained BakerHostetler to file a voluntary chapter 11 bankruptcy case. While the case was pending, Ashley McDow and Michael negotiated a discounted pay-off agreement with the secured creditor and facilitated the sale of the subject property for a sum in excess of $20 million, which is likely sufficient to pay all claims in full plus a distribution to equity.

▪ Michael represented an Internet advertising company in the acquisition of certain domain names and associated intellectual property. Following the acquisition, a dispute arose between the client and a service provider for the purchased domain names. Ashley McDow and Michael continue to represent the client in negotiating a resolution of these

BakerHostetler

disputes.

- Michael represents a finance company engaged in lending money for the purchase and lease of commercial and industrial equipment in various bankruptcy cases nationwide. In the course of this representation, Michael has successfully negotiated the beneficial treatment of the claims under multiple plans of reorganization.

**Recognition**
- National Conference of Bankruptcy Judges: Next Generation (2016)
- Southern California Super Lawyers "Rising Star" (2016)

**Memberships**
- California Bankruptcy Forum
  - Co-Chair for the Young Insolvency Professionals Program at California Bankruptcy Forum 2014 and 2015 Annual Conferences
  - Producer for Mediation Panel of the Young Insolvency Professionals Program at California Bankruptcy Forum 2013 Annual Conference
- Los Angeles Bankruptcy Inn of Court

BakerHostetler

## Fahim Farivar

Associate

**Los Angeles**
T +1 310.442.8814  F +1 310.820.8859

ffarivar@bakerlaw.com



**Services**
- Bankruptcy, Restructuring and Creditors' Rights

**Industries**
- Financial Services Industry

**Prior Positions**
- The Margulies Faith LLP (formerly known as The Margulies Law Firm, APLC): Senior Associate

**Admissions**
- California

**Education**
- LL.M., University of California, Los Angeles School of Law
- M.B.T., University of Southern California Marshall School of Business
- J.D., University of California, Los Angeles School of Law
- B.A., University of California, Los Angeles, *summa cum laude*

Fahim Farivar focuses his practice in the areas of bankruptcy and commercial law, including creditors' rights, bankruptcy litigation, out-of-court restructuring and helping debtors achieve debt relief through chapter 7, 11 and 13 bankruptcy cases. He has experience in resolving bankruptcy and financial disputes in complex cases, as well as in representing city and county agencies in bankruptcy and insolvency matters and entrepreneurs and investors in purchasing assets from bankruptcy cases. As a Certified Professional Accountant, Fahim brings an accountant's depth of understanding to the financial matters facing his clients. With experience representing clients on all sides of the process, Fahim has developed an all-inclusive understanding of bankruptcy, and utilizes this understanding to represent the interests of his clients effectively and efficiently. As a highly creative, aggressive, seasoned negotiator and results-oriented attorney, Fahim has been able to tackle complex problems and develop and implement creative solutions and results for his clients.

### Experience
**Business Clients**
- Representing the official committee of unsecured creditors in a contentious bankruptcy case involving the reorganization of a manufacturer of Bitcoin mining computers and related hardware.
- Representing corporations and high-net-worth individuals reorganizing under chapter 11, unsecured creditor committees in chapter 11 reorganizations, chapter 7 and 11 trustees, secured creditors and receivers.
- Represented the Official Committee of Unsecured Creditors in the Estyle, Inc. (Babystyle), chapter 11 bankruptcy filed in the Central District of California.
- Represented the Official Committee of Unsecured Creditors in the Douglas Furniture of California, LLC, chapter 11 bankruptcy filed in the Central District of California.
- Represented chapter 7 trustees to uncover, recover and sell assets for the benefit of unsecured creditors through complex litigation.
- Represented landlords in chapter 11 bankruptcy cases to enforce the provisions of their leases in both asset sales and bankruptcy reorganizations.



- Represented defendants in both large multimillion-dollar and smaller preference and fraudulent transfer actions resulting in dismissals and/or large reductions in the claims.

**Individual Clients**

- Represented numerous individuals and married couples to file personal/consumer bankruptcy cases resulting in a successful discharge of their debts.

- Represented individuals in the successful resolution of complex state court litigation (in which they were being sued) and debt collection matters with little financial impact, utilizing the "threat" of bankruptcy without actually having to file.

- Successful defense, resolution and dismissal in a large nondischargeability litigation.

**Memberships**

- Los Angeles County Bar Association

- Turnaround Management Association

- California Bankruptcy Forum

- Los Angeles Bankruptcy Forum

**Community**

- Beith David Educational Center (Tarzana, California)

- Haichal Moshe Synagogue (Encino, California)

**Pro Bono**

- Assisted with restructuring a loan and avoiding the foreclosure of a nonprofit education center in Tarzana, California.

- Assists synagogues with financial concerns.

BakerHostetler

## DECLARATION OF TIMOTHY CARL AIRES

I, Timothy Carl Aires, hereby declare:

1.      I am an attorney duly admitted to practice before this court and am the owner of Aires Law Firm.  I am counsel to DMARC 2007-CD5 Garden Street LLC ("DMCG") and the designated representative for DMCG which is a member of the Official Committee of Unsecured Creditors (the "Committee") in the Bankruptcy Cases.[3]  In that capacity, I have been selected as the Chairman for the Committee.

2.      I have personal knowledge of the matters stated herein and/or have been informed and, based on such information, I believe the following to be true.  If called as a witness, I could and would testify competently to the same.

3.      All the representations in the Application are true and correct to the best of my knowledge.

4.      On or about November 3, 2016, the Committee retained Baker to represent it in the Bankruptcy Cases, subject to Court approval.  The Committee selected Baker based upon its extensive experience in representing debtors, trustees, and creditors' committees in all aspects of both chapter 7 and chapter 11 proceedings.

5.      The Committee believes it is necessary to employ Baker as counsel for the Committee to provide the services described in the Application.  The Committee believes that the rates charged by Baker are reasonable and commensurate with the services the Firm may be called upon to provide.

6.      I understand that Baker shall represent only the Committee.  I further understand that Baker shall not represent any individual member of the Committee or any other creditor or interested party in the Bankruptcy Cases.

7.      Baker has agreed to undertake this matter at the standard hourly rates for its attorneys and paraprofessionals, which as of the date of this Application are as follows:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[3] Unless stated otherwise, all terms not defined herein shall have the same meaning and effect as they do in the Application.

APPLICATION TO EMPLOY BAKER & HOSTETLER LLP AS COUNSEL FOR CREDITORS' COMMITTEE

610030174.1

| Name | Title | Rate |
|------|-------|------|
| Ashley M. McDow | Partner | $550.00 per hour |
| Michael T. Delaney | Associate | $405.00 per hour |
| Fahim Farivar | Associate | $380.00 per hour |

8.     I understand that these rates are subject to periodic adjustment.

9.     I understand that Baker shall bill the Estate for all services rendered to the Committee in increments of one-tenth of an hour.  Baker has agreed to retain records in the ordinary course of business for time billed to the Estate in accordance with all applicable guidelines.

10.     I also understand that Baker shall also bill the Estate for all reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and UST Guidelines.

11.     I further understand that Baker's compensation in the Bankruptcy Cases is subject to the prior approval of the Court.

12.     Baker has not received a retainer to serve as counsel for the Committee.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at
_____Irvine_____, California, this 30th day of November 2016.

Timothy Carl Aires

610030174.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11601 Wilshire Blvd., Suite 1400, Los Angeles, CA 90025-0509

A true and correct copy of the foregoing document entitled (*specify*): **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY BAKER & HOSTELER LLP AS BANKRUPTCY COUNSEL** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 5, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On December 5, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Presiding Judge
Honorable Geraldine Mund
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 312
Woodland Hills, CA 91367

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2016 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*
610030174.1

**F 9013-3.1.PROOF.SERVICE**

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

Larry G Ball    lball@hallestill.com, gjohnson@hallestill.com
William H Brownstein    Brownsteinlaw.bill@gmail.com
Carol Chow    carol.chow@ffslaw.com
Henry S David    hdavid@davidfirm.com, hdavid@davidfirm.com
Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
Fahim Farivar    ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
Marian Garza    ecfnotices@ascensioncapitalgroup.com
Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
Mark E Goodfriend    markgoodfriend@yahoo.com
David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com,
dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com
Lee W Harwell    leehar@earthlink.net, shada12200@hotmail.com
Andrew V Jablon    ajablon@rpblaw.com, mlynch@rpblaw.com
Robert B Kaplan    rbk@jmbm.com
Matthew Kramer    mkramer@wwhgd.com, krodriguez@wwhgd.com
John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Ashley M McDow    amcdow@bakerlaw.com,
mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
C John M Melissinos    jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
David L. Neale    dln@lnbyb.com
Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com
Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com
S Margaux Ross    margaux.ross@usdoj.gov
Kambiz J Shabani    joseph@shabanipartners.com, kevin@shabanipartners.com
Nico N Tabibi    nico@tabibilaw.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Howard J Weg    hweg@robinskaplan.com
Thomas J Weiss    tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                               **F 9013-3.1.PROOF.SERVICE**
610030174.1