Jeremy V. Richards (CA Bar No. 102300)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jrichards@pszjlaw.com
          jlucas@pszjlaw.com

Attorneys for David K. Gottlieb,
Chapter 11 Trustee of the Estates of Solyman
Yashouafar and Massoud Aaron Yashouafar

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1]<br>　　　　Debtors. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 11<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>　　　　Debtor. | Case No.: 1:16-bk-12255-GM<br>Chapter 11 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>　　　　Debtor. | Case No.: 1:16-bk-12408-GM<br>Chapter 11 |
| Affects:<br>☒ Both Debtors<br>☐ Solyman Yashouafar<br>☐ Massoud Aaron Yashouafar | **NOTICE OF MOTION AND MOTION OF THE CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM AND INTERESTS; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(q)] |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, DEBTORS, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

---

[1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).  The Debtors maintain a business address of 16661 Ventura Blvd., Suite 600, Encino, CA 91436.

DOCS_SF:93781.2 32274/001

**PLEASE TAKE NOTICE** that David K. Gottlieb, Chapter 11 Trustee (the "**Trustee**") of the Estates of Solyman Yashouafar ("**Solyman**") and Massoud Aaron Yashouafar ("**Massoud**") and together with Solyman, the "**Debtors**") hereby moves the Court (the "**Motion**") for entry of an order: (a) establishing the procedures and, pursuant to Rules 2002(a)(7) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the deadlines for filing (the "**Bar Dates**") proofs of claim or interest pursuant to section 501 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3003 of the Bankruptcy Rules, and Rule 3001-1 of the Local Bankruptcy Rules; and (b) approving the form and manner of notice to creditors and other interested parties of the established procedures and deadlines. By the Motion, the Trustee requests, pursuant to Bankruptcy Rule 3003(c)(3), that the Court establish **June 23, 2017** **(the "Bar Date")** as the deadline by which any person or other entity that wishes to assert a prepetition claim or interest pursuant to section 501 of the Bankruptcy Code (collectively, a "**Prepetition Claim**") against Solyman and Massoud, must file and serve a proof of claim or interest (a "**Proof of Claim**") in the respective Debtor's case or forever be barred from asserting such Prepetition Claim. The Trustee also requests that the Court establish **June 23, 2017** (the **"Governmental Units Bar Date"**) as the deadline by which any governmental unit must file and serve a Proof of Claim pursuant to section 502(b)(9) of the Bankruptcy Code, against Solyman and Massoud, and that any claims arising from the rejection of executory contracts or the avoidance of claims under chapter 5 of the Bankruptcy Code be subject to the deadline of the later of the Bar Date or thirty days after the claim arose.

As described below, setting the Bar Date and Governmental Units Bar Date are necessary for the Trustee to determine the total amount, number, and types of claims or interests that are asserted against or in the estates so that he and his counsel can expeditiously obtain confirmation of a Plan. Setting the Bar Date and Governmental Units Bar Date will facilitate the wind-up and administration of the Debtors' estates as efficiently and promptly as possible.

Further, pursuant to Local Rule 3003-1 and the mandatory form of order (the "**Bar Date Order**"), the Trustee seeks the Court's approval of the order setting the Bar Date and Governmental Units Bar Date, attached hereto as **Exhibit A** and approval of the notice (the "**Bar Date Notice**"),

DOCS_SF:93781.2 32274/001

attached as **Exhibit B**, of the Bar Date and Governmental Units Bar Date, each to be mailed by first class mail to all of the Debtors' known creditors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(q)(9), the Motion may be determined without a hearing and without additional notice.

**WHEREFORE** the Trustee respectfully requests that the Court enter the Bar Date Order (a) approving June 23, 2017, as the Bar Date; (b) approving June 23, 2017 as the Governmental Units Bar Date; (c) precluding any party that fails to file and serve a Proof of Claim in the manner described in the Bar Date Notice, attached as **Exhibits B** hereto, from asserting a right to payment of that claim anytime thereafter; (d) approving the form and manner of service of the Bar Date Notice; and (e) granting such other and further relief as the Court deems just and proper.

Dated:  April 26, 2017                              PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ John W. Lucas*
       John W. Lucas

       Attorneys for David K. Gottlieb,
       Chapter 11 Trustee of the Estates of
       Solyman Yashouafar and Massoud Aaron
       Yashouafar

DOCS_SF:93781.2 32274/001

**MEMORANDUM OF POINTS AND AUTHORITIES**

By the Motion, the Trustee requests that the Court establish a deadline by which all persons must file and serve proofs of claim, or forever be barred from asserting any such claims against the estates of Solyman and Massoud, the Debtors. Provided the Motion is approved, creditors will receive no less than 49 days' notice of the bar date sought by the motion, which assumes that any order approving the Motion will be entered prior to May 5, 2017 so that service of the Bar Date Order and Bar Date Notice by such date. Establishing the Bar Date and Governmental Units Bar Date promptly, therefore, will not prejudice any creditor and will greatly assist the Trustee in facilitating the administration of these estates as efficiently and promptly as possible.

**I.**

**JURISDICTION**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections 501 and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003, and Local Rules 3003-1 and 9013-1(q).

**II.**

**STATEMENT OF FACTS**

On August 3, 2016, petitioning creditors Fereydoun Dayani, Yona Samih, and N&S Investment, LLC c/o Sina Navidbakhsh (the "**Petitioning Creditors**") filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against debtor Solyman, bearing case number 16-12555-GM. On September 9, 2016, the Petitioning Creditors and Solyman entered into a *Stipulation for Entry of Order for Relief and Appointment of Chapter 11 Trustee* [Dkt. No. 79], which stipulation was granted by Order entered on September 12, 2016 [Dkt. No. 82].

On September 16, 2016, the United States Trustee (the "**UST**") filed its *Notice of Appointment of Chapter 11 Trustee* appointing David K. Gottlieb as Chapter 11 Trustee in Solyman's chapter 11 case [Dkt. No. 91]. On September 16, 2016, the UST filed an Application for

Order Approving Appointment of Trustee [Dkt. No. 93], which application was granted by Order entered on September 16, 2016 [Dkt. No. 94]. On September 19, 2016, the Court entered an Order for Relief and Order to File Schedules, Statements and Lists(s) [Dkt. No. 97].

On August 3, 2016, the Petitioning Creditors filed an involuntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code against the Massoud, bearing case number 16-12408. On September 9, 2016, the Petitioning Creditors and Massoud entered into a *Stipulation for Entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee* [Dkt. No. 92], which stipulation was granted by Order entered on September 20, 2016 [Dkt. No. 94].

On September 16, 2016, the UST filed its Notice of Appointment of Chapter 11 Trustee, appointing David K. Gottlieb as Chapter 11 Trustee in Massoud's chapter 11 case [Dkt. No. 104]. On September 16, 2016, the UST filed an *Application for Order Approving Appointment of Trustee* [Dkt. No. 106], which application was granted by Order entered on September 20, 2016 [Dkt. No. 110]. On September 19, 2016, the Court entered an *Order for Relief and Order to File Schedules, Statements and Lists(s)* [Dkt. No. 109].

Massoud filed his schedules, statements and lists on or about September 30, 2016 [Dkt. Nos. 150 and 152] and Solyman, on or about October 7, 2016 [Dkt. Nos. 152 and 153].

## III.

## RELIEF REQUESTED

### A.  The Bar Dates

The Trustee requests that the Court fix **June 23, 2017**, as the Bar Date. The Bar Date will serve as the deadline by which parties that assert claims or interests against the Debtors that arose prior to September 19, 2016, the date of entry of Order for Relief (the "**Order for Relief**") must file proofs of claim.

The Trustee further requests that the Court establish deadlines for filing claims held by (a) non-debtor parties to rejected leases and executory contracts, (b) parties against which the Debtors have obtained a judgment avoiding a transfer pursuant to the avoidance powers set forth in chapter 5 of the Bankruptcy Code, and (c) a Governmental Unit, as that term is defined in section 101(27) of the Bankruptcy Code, each as follows:

(a) for claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a Proof of Claim will be the later of thirty (30) days after the date of entry of the order authorizing the rejection, or the Bar Date of June 23, 2017;

(b) for claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a Proof of Claim will be the later of thirty (30) days after the entry of judgment avoiding the transfer or the Bar Date of June 23, 2017; and

(c) for claims of governmental units that arose before the date of entry of the Order for Relief, the last day to file a Proof of Claim will be **June 23, 2017**, (*i.e.*, more than 180 days after the date of the Order for Relief in this case (the "**Governmental Units Bar Date**")).

### B.  Notice of the Bar Dates

Pursuant to Local Rule 3003-1, notice of a claims bar date in a chapter 11 case must be made using the mandatory court-approved form. Rule 3003-1 provides:

> No later than 7 days after the court orders a bar date for the filing of proofs of claim in a chapter 11 case, whether on its own initiative or on a motion filed pursuant to LBR 9013-1(q), the debtor in possession or the chapter 11 trustee must file and serve on all creditors, and all other parties entitled to notice, a notice of the claims bar date using mandatory court approved form F 3003-1.NOTICE.BARDATE.

The Trustee submits a proposed Bar Date Order as **Exhibit A** hereto, using the mandatory court-approved form, which it proposes to serve along with Bar Date Notice and a blank Proof of Claim form, attached hereto as **Exhibit B**.[2] Pursuant to Local Rule 3003-1, the Trustee will promptly serve the bar date package (Exhibits A, and B) by first class mail on all known creditors and all parties requesting special notice no later than May 5, 2017. The Bar Date Notice will give the known creditors and parties in interest at least 49 days' notice of the proposed Bar Date and Governmental Units Bar Date of June 23, 2017. The Trustee believes that the proposed form and manner of service of the Bar Date Notice gives all known creditors and other parties in interest good and sufficient notice of the Bar Dates required to properly file a Proof of Claim and is tailored to meet the needs of the estates.

---

[2] The Proof of Claim form (Official Form 410) has been modified to permit a party to specify the Debtor and the respective estate against which it has a claim.

DOCS_SF:93781.2 32274/001

6

## IV.

## ARGUMENT

Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which proofs of claim or interest may be filed."

Furthermore, Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity security holder must file a Proof of Claim, except as provided in Bankruptcy Rule 3003. Bankruptcy Rule 3003(b), which applies in chapter 11 cases, provides that the Schedules filed by a debtor shall constitute *prima facie* evidence of the validity and the amount of the claims of creditors, unless they are scheduled as disputed, contingent, unliquidated or unknown. In other words, no filing of a claim is necessary by a creditor for a claim that appears on the Schedules and which is not scheduled as disputed, contingent, unliquidated or unknown by the debtor and to which the debtor is in agreement.

Bankruptcy Rule 3003(c)(2), in turn, provides that any creditor or equity security holder whose claim or interest is not listed in the Schedules, or is listed as disputed, contingent, unliquidated or unknown, shall file a Proof of Claim within the time prescribed by subsection (c)(3) of that Bankruptcy Rule, and any such creditor who fails to file such a Proof of Claim shall not be treated as a creditor with respect to such claim or interest for the purpose of receiving any distribution from the estate.

Prior to the date hereof, creditors may have filed proofs of claim with the Court Clerk in this case. In order to avoid the result that creditors file duplicative claims in response to the Bar Date Notice to be served by the Trustee, the Trustee hereby proposes that creditors who have already filed proofs of claim with the Court not be required to file a Proof of Claim a second time.

Upon information and belief, the list of creditors that is contained in each of the Debtor's Schedules (or as listed in any supplements or amendments thereto) and the original matrix of creditors filed at the inception of the cases includes the names and addresses of all known creditors and potential creditors of the Debtors.

The Trustee intends to serve the bar date package, including a copy of the Order Setting Bar Date, no later than May 5, 2017, by U.S. Postal Service first class mail, postage prepaid, on the following parties: (i) all known creditors, (ii) all parties listed on each of the Debtor's master mailing

DOCS_SF:93781.2 32274/001

7

matrices; (iii) all entities having filed a notice of appearance and demand for papers, and (iv) the Office of the United States Trustee. The Trustee anticipates that parties shall have at least 49 days' notice of the earliest Bar Date and ample opportunity to prepare and submit a Proof of Claim.

For the reasons set forth above, the Trustee requests approval of this Motion without notice and hearing pursuant to Local Rule 9013-1(q).

## V.

## **CONCLUSION**

For all the foregoing reasons, the Trustee respectfully requests that the Court enter an order (a) fixing June 23, 2017, as the Bar Date by which any person or other entity (other than a governmental unit) that wishes to assert a Prepetition Claim against the Debtors must file and serve a Proof of Claim; and (b) establishing June 23, 2017as the Governmental Units Bar Date; (c) precluding any person or other entity that fails to file and serve a Proof of Claim in the manner described in the Bar Date Notice on or before the relevant Bar Date from asserting a right to payment of such claim, anytime thereafter; (f) approving the method and manner of service of the Order Setting Bar Dates and the Proof of Claim form; and (g) granting such other and further relief as is just and proper under the circumstances.

Dated: April 26, 2017              PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ John W. Lucas*
       John W. Lucas

       Attorneys for David K. Gottlieb,
       Chapter 11 Trustee of the Estates of
       Solyman Yashouafar and Massoud Aaron
       Yashouafar

DOCS_SF:93781.2 32274/001

# **EXHIBIT A**

**(Mandatory Court-Approved Form of Order F3003-1)**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA Bar No. 102300)<br>John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail:   jrichards@pszjlaw.com<br>              jlucas@pszjlaw.com<br><br>Attorneys for David K. Gottlieb,<br>Chapter 11 Trustee of the Estates of Solyman<br>Yashouafar and Massoud Aaron Yashouafar | |
| ☐ *Individual appearing without attorney* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1]<br><br>                              Debtor. | CASE NO.:      1:16-bk-12255-GM<br>CHAPTER:      11<br>                              Jointly Administered |
|---|---|
| In re:            Case No.: 1:16-bk-12255-GM<br><br>SOLYMAN YASHOUAFAR,<br><br>                              Debtor. | **ORDER (A) ESTABLISHING THE DEADLINES FOR FILING PROOFS OF CLAIM AND INTERESTS;<br>(B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES**<br><br>**[LBR 3003-1]** |
| In re:            Case No.: 1:16-bk-12408-GM<br><br>MASSOUD AARON YASHOUAFAR,<br><br>                              Debtor. | ☒ **No hearing: LBR 9013-1(q)**<br>☐ **Hearing information** |
| Affects:<br><br>☒  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar<br><br>                              Debtor(s) | |

---

[1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).  The Debtors maintain a business address of 16661 Ventura Blvd., Suite 600, Encino, CA 91436.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                Page 1                                               **F 3003-1.ORDER.BARDATE**
DOCS_SF:93781.2 32274/001

Based either on a filed motion to set a bar date or on this court's own motion, IT IS ORDERED THAT:

1. The general bar date for creditors of the Solyman Yashouafar and Massoud Aaron Yashouafar, or their respective estates, to file proofs of claim is June 23, 2017.

2. The bar date for governmental units to file proofs of claims against Solyman Yashouafar and Massoud Aaron Yashouafar, is June 23, 2017.

3. For claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim is the later of thirty (30) days after the date of entry of the order authorizing the rejection or the Bar Date of June 23, 2017.

4. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a Proof of Claim is the later of thirty (30) days after the entry of judgment avoiding the transfer or the Bar Date of June 23, 2017;

5. On or before May 5, 2017, the Debtors must serve written notice of the bar date, using mandatory court form F 3003-1.NOTICE.BARDATE, on all creditors and the United States trustee.

.

### 

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    **F 3003-1.ORDER.BARDATE**
DOCS_SF:93781.2 32274/001

# **EXHIBIT B**

**(Bar Date Notice)**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA Bar No. 102300)<br>John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail:    jrichards@pszjlaw.com<br>            jlucas@pszjlaw.com<br><br>Attorneys for David K. Gottlieb,<br>Chapter 11 Trustee of the Estates of Solyman Yashouafar and Massoud Aaron Yashouafar<br>☐ *Individual appearing without attorney* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SAN FERNNANDO VALLEY DIVISION**

| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1]<br><br>               Debtor. | CASE NO.:1:16-bk-12255-GM<br>CHAPTER: 11<br>     Jointly Administered |
|---|---|
| In re:       Case No.: 1:16-bk-12255-GM<br><br>SOLYMAN YASHOUAFAR,<br><br>               Debtor. | **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]** |
| In re:       Case No.: 1:16-bk-12408-GM<br><br>MASSOUD AARON YASHOUAFAR,<br><br>               Debtor. | ☒ **No hearing: LBR 9013-1(q)** |
| Affects:<br><br>☒  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar<br><br>               Debtors. | |

---

[1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).  The Debtors maintain a business address of 16661 Ventura Blvd., Suite 600, Encino, CA 91436.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 2        **F 3003-1.NOTICE.BARDATE**
DOCS_SF:93781.2 32274/001

1. <u>Bar Date</u>. The court has set a deadline of ***June 23, 2017*** (the "**Bar Date**"), for creditors in the above-referenced case to file proofs of claim against the Debtors' estates. ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM MUST BE FILED WITH THE COURT CLERK AT:

   ☐ 255 East Temple Street, Los Angeles, CA 90012   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Blvd., Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. <u>Form</u>. You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's web site at http://www.cacb.uscourts.gov, or visit the Intake area at any division of the Court.

3. <u>Exceptions to the Bar Date</u>. Exceptions to the Bar Date include, but are not limited to, the following:

   (a) <u>Executory contracts/unexpired leases</u>. For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease. *See* 11 U.S.C. §§ 365(d)(4) and 502(g).

   (b) <u>Governmental units</u>. For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in this case (the person signing this form has determined that the Order for Relief was entered on September 19, 2016, and therefore calculates that this deadline is March 18, 2017. *See* 11 U.S.C. §§ 101(27) and 502(b)(9).

   (c) <u>Avoidance</u>. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

   (d) <u>Agreed claims</u>. If your claim is listed on the Debtors' official bankruptcy schedules of assets and liabilities (Schedules) <u>and</u> it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules. 11 U.S.C. § 1111(a). But, if your claim is not listed on the Schedules, <u>or</u> is listed as disputed, contingent, unliquidated or unknown, <u>or</u> if you disagree with the amount or description of your claim (*e.g.*, its description as unsecured or non-priority), then you <u>must</u> timely filed a Proof of Claim as set forth in this Notice.

4. <u>11 U.S.C. § 503(b)(9) Claims</u>. Claims arising from unpaid goods received by the Debtors in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9). Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows: (a) *Section 2 of Proof of Claim.* **Identify:** (i) the goods for which the Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); and (iv) the place of delivery – *e.g.*, "computers shipped via U.S. mail, received by the Debtors at the Debtors' warehouse on [insert estimated date]" (use a continuation sheet if necessary); (b) *Section 5 of Proof of Claim.* Check the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2) <u>and</u> 503(b)(9)**.

5. <u>Interest Holders</u>. If the Debtors or the chapter 11 trustee believe it necessary to set a bar date for interest holders (*e.g.*, holders of common or preferred stock), then, before this Notice is served, the chambers of the presiding judge in this case must be contacted for further instructions.

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWANCE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF REORGANIZATION WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502(b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date: _____    By: _____
                             Signature of Debtor, chapter 11 trustee, or their attorney

                        Name: _____
                             Printed name of Debtor, chapter 11 trustee, or their attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 2    **F 3003-1.NOTICE.BARDATE**
DOCS_SF:93781.2 32274/001

**Fill in this information to identify the case:**

☐ Debtor 1  SOLYMAN YASHOUAFAR            Case No. 1:16-bk-12255-GM

☐ Debtor 2  MASSOUD AARON YASHOUAFAR  Case No. 1:16-bk-12408-GM

United States Bankruptcy Court for the Central District of California
San Fernando Valley Division

Official Form 410
# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:  Identify the Claim

1. **Who is the current creditor?**
   Name of the current creditor (the person or entity to be paid for this claim)
   
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   Name _____
   Number  Street _____
   City   State   ZIP Code
   Contact phone _____
   Contact email _____

   **Where should payments to the creditor be sent?** (if different)

   Name _____
   Number  Street _____
   City   State   ZIP Code
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   _____

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/_____  MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410              **Proof of Claim**                 page 1
DOCS_SF:93781.2 32274/001

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is the claim?**   $ _____ . **Does this amount include interest or other charges?**
   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?** Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   _____

9. **Is all or part of the claim secured?**
   ☐ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**:                   $ _____
   **Amount of the claim that is secured:**  $ _____
   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $ _____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☐ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

11. **Is this claim subject to a right of setoff?**
    ☐ No
    ☐ Yes. Identify the property: _____

Official Form 410                    **Proof of Claim**                    page 2
DOCS_SF:93781.2 32274/001

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:*<br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name        Middle name        Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number    Street

         _____
         City                        State    ZIP Code

Contact phone  _____    Email  _____

Official Form 410    page 3
DOCS_SF:93781.2 32274/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**150 California Street, 15th Floor, San Francisco, California 94111.**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF THE CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM AND INTERESTS; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 26, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 26, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Suite 312, Courtroom 303,
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 26, 2017 | Oliver Carpio | /s/ Oliver Carpio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Bret D. Allen*   bankruptcy@bretallen.com
- *Larry G Ball*   lball@hallestill.com, gjohnson@hallestill.com
- *William H Brownstein*   Brownsteinlaw.bill@gmail.com
- *Carol Chow*   carol.chow@ffslaw.com
- *Henry S David*   hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- *Brian L Davidoff*   bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- *Fahim Farivar*   ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- *Todd S Garan*   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- *Marian Garza*   ecfnotices@ascensioncapitalgroup.com
- *Thomas M Geher*   tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- *Mark E Goodfriend*   markgoodfriend@yahoo.com
- *David Keith Gottlieb (TR)*   dkgtrustee@dkgallc.com, dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- *Lee W Harwell*   leehar@earthlink.net, shada12200@hotmail.com
- *Andrew V Jablon*   ajablon@rpblaw.com, mlynch@rpblaw.com
- *Robert B Kaplan*   rbk@jmbm.com
- *Andrew F Kim*   akim@afklaw.com, andrew.kim.esq@gmail.com
- *Matthew Kramer*   mkramer@wwhgd.com, iperez@wwhgd.com
- *John W Lucas*   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- *Daniel J McCarthy*   dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- *Ashley M McDow*   amcdow@bakerlaw.com, mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- *Kevin Meek*   kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- *C John M Melissinos*   jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- *Jessica Mickelsen Simon*   jmsimon@davidfirm.com
- *David L. Neale*   dln@lnbyb.com
- *Juliet Y Oh*   jyo@lnbrb.com, jyo@lnbrb.com
- *Keith C Owens*   kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com
- *Jeremy V Richards*   jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- *Ronald N Richards*   ron@ronaldrichards.com, nick@ronaldrichards.com
- *S Margaux Ross*   margaux.ross@usdoj.gov
- *Kambiz J Shabani*   joseph@shabanipartners.com, kevin@shabanipartners.com
- *Mark M Sharf*   mark@forbankruptcy.com, msharf00@gmail.com
- *Nico N Tabibi*   nico@tabibilaw.com
- *United States Trustee (SV)*   ustpregion16.wh.ecf@usdoj.gov
- *Maurice Wainer*   mrwainer@aol.com, philipj@swmfirm.com;mrwainer@swmfirm.com
- *Howard J Weg*   hweg@robinskaplan.com
- *Thomas J Weiss*   tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com

**2. SERVED VIA US MAIL**

| | | |
|---|---|---|
| **Attorneys for U.S. Bank National Association, as Trustee, as successor-ininterest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3 Commercial Mortgage Pass-Through Certificates**<br>Keith C. Owens<br>Jennifer L. Nassiri<br>VENABLE LLP | **Attorneys for U.S. Bank National Association, as Trustee, as successor-ininterest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3 Commercial Mortgage Pass-Through Certificates**<br>Gregory A. Cross<br>VENABLE LLP<br>750 East Pratt Street, Suite 900 | |

DOCS_SF:93781.2 32274/001

| | | |
|---|---|---|
| 2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Telephone: (310) 229-9900<br>Facsimile: (310) 229-9901<br>Email:  kowens@venable.com<br>            jnassiri@venable.com | Baltimore, MD 21202<br>Telephone: (410) 244-7400<br>Facsimile: (410) 244-7742<br>Email:   gacross@venable.com | |