Jeremy V. Richards (CA Bar No. 102300)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Tel: 310/277-6910 / Fax: 310/201-0760
E-mail:  jrichards@pszjlaw.com
             jlucas@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee of the
Estates of Solyman Yashouafar and Massoud Aaron
Yashouafar

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1]<br><br>                              Debtors. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>SOLYMAN YASHOUAFAR,<br><br>                              Debtor. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 11 |
| In re:<br><br>MASSOUD AARON YASHOUAFAR,<br><br>                              Debtor. | Case No.: 1:16-bk-12408-GM<br><br>Chapter 11 |
| Affects:<br><br>☑  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar<br><br>                              Debtors. | **CHAPTER 11 TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS FROM LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AND, IF REQUIRED, EXAMINATION OF PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Jeremy V. Richards Filed Concurrently Herewith]<br><br>[No hearing required pursuant to Local Bankruptcy Rules 2004-1(d) and 9013-1(p)] |

---

[1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).  The Debtors maintain a business address of 16661 Ventura Blvd., Suite 600, Encino, CA 91436.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE; LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.; MOSSAUD AARON YASHOUAFAR; SOLYMAN YASHOUAFAR; COUNSEL TO THE DEBTORS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

David K. Gottlieb, the duly appointed chapter 11 trustee (the "**Trustee**") in the above-captioned bankruptcy cases (the "**Cases**") hereby moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order compelling the production of certain documents from Levene, Neale, Bender, Yoo & Brill L.L.P. ("**Levene Neale**") on or before June 1, 2017 and, if appropriate, the examination of the Person Most Knowledgeable (defined below) in connection with said production. The documents that the Trustee seeks to be produced by Levene Neale are identified at page 33 of 46 through page 35 of 46 of **Exhibit A** annexed hereto, under the column "Basis for Payment" (the "**Requested Documents**"). Any examination of the Person Most Knowledgeable (defined below) will take place at the offices of the Trustee's counsel, unless otherwise agreed upon.

## I.

## BACKGROUND

Involuntary petitions were filed against Debtors Massoud Yashouafar ("**M. Yashouafar**") and Solyman Yashouafar ("**S. Yashouafar**" and together with M. Yashouafar, the "**Debtors**") on August 3, 2016. Subsequently, the petitioning creditors and the Debtors stipulated to the entry of an order for relief and the appointment of a chapter 11 trustee for the Debtors. The Trustee was appointed and has qualified as the chapter 11 trustee for both of the Debtors.)

## II.

## THE 2004 EXAMINATIONS

The Trustee seeks discovery as set forth below. Annexed hereto as **Exhibit B** is a proposed order authorizing the examinations of various parties and/or discovery demands. The Requested Documents are identified in **Exhibit A** at pages 33-35 (of 46).

DOCS_LA:305736.1 32274/001

### III.

### BACKGROUND

The Trustee is informed and believes that the Debtors are the owners of at least approximately 46% of the stock of an entity known as Roosevelt Lofts, Inc. ("**RLI**"). Judgment creditor Howard Abselet ("**Abselet**") purports to have levied upon, and purchased at the execution sale all of the Debtors' interests in RLI. The Trustee believes that he has the power to set aside and invalidate the foregoing purported levy and execution sale and has commenced an adversary proceeding (Case No. 17-ap-01027-GM) (the "**Adversary Proceeding**") seeking said relief.

At one point in time, various members of the Barlava family (the "**Barlava Family**") also owned approximately 46% of the stock of RLI. Based upon information available to, and reviewed by the Trustee, it appears that the Barlava Family may have sold all of its interests in RLI to the Debtors in or about August of 2012. (In litigation pending before the District Court, Abselet has alleged that the Barlava Family sold its interest in RLI to the Debtors and that those shares are the subject of its above-referenced levy and sale; the Trustee contends that even if the levy and sale was valid and unavoidable, it did not extend to any stock sold by the Barlava Family to the Debtors.)

In addition to the foregoing ownership issues, based upon information and documents reviewed by him, the Trustee believes that the Barlava Family may also have received a disproportionately large share of distributions made by, or for the benefit of RLI and may, accordingly, owe monies to RLI and/or its other shareholders.

As this Court is aware, RLI was and is the sole member of Roosevelt Lofts, LLC ("**RL**"), formerly a debtor in possession before this Court in a chapter 11 proceeding entitled *In re Roosevelt Lofts, LLC,* Case No. 09-bk-14214-GM (the "**RL Bankruptcy**"). Pursuant to the confirmed plan of reorganization for RL (the "**RL Plan**"), distributions have been made from time to time by Levene Neale to RLI, or in accordance with instructions given to it by RLI from a so-called Class Action Reserve.

On August 30, 2013, Levene Neale filed in the RL Bankruptcy Case that certain Notice of Submission [Dkt. No. 1094], a true and correct copy of which is attached hereto as **Exhibit A**. The Notice of Submission attaches as an exhibit (Exhibit "6") a spreadsheet prepared by Levene Neale

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   that purports to summarize and account for all distributions made to, or at the direction of RLI

2   pursuant to the RL Plan from the Class Action Reserve.  With respect to each such payment, the

3   accounting indicates the "Basis for Payment," generally instructions from RLI, M. Yashouafar

4   and/or S. Barlava.

5         The Trustee has requested copies of the foregoing communications from Levene Neale but

6   has been advised that Levene Neale will only produce the Requested Documents pursuant to a

7   subpoena because RLI, M. Yashouafar, S. Barlava and perhaps others assert that the Requested

8   Documents privileged.  The Trustee believes that the communications cannot be privileged because:

9   (a) Levene Neale represented RL, not RLI or any of RLI's principals; and (b) communications are

10  identified as payment instructions (and, accordingly, no legal advice appears to have been sought nor

11  does any confidential information appear to have been communicated in the context of an

12  attorney/client relationship).

13        In addition to seeking the Requested Documents, this Motion asks the Court to compel the

14  examination of one or more members of Levene Neale (collectively, the "**Person Most**

15  **Knowledgeable**") to testify as to the existence, or nonexistence of an attorney/client or other

16  confidential relationship between Levene Neale, on the one hand, and RLI, M. Yashouafar and S.

17  Barlava, on the other hand, in particular as it pertains to instructions authorizing withdrawals from

18  the Class Action Reserve (the "**Identified Issues**").  The Trustee only intends to examine the Person

19  Most Knowledgeable if RLI (through an authorized representative), M. Yashouafar and/or S.

20  Barlava objects to the Motion or otherwise seeks a protective order asserting that some or all of the

21  Requested Documents are privileged or not otherwise discoverable.

**IV.**

**JURISDICTION AND VENUE**

24        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue

25  lies properly in this Court pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding pursuant

26  to 28 U.S.C. § 157.  As stated above, the relief sought in this Motion is based upon Bankruptcy

27  Rule 2004 and LBR 2004-1.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305736.1 32274/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## V.

## REQUESTED RELIEF

Pursuant to Bankruptcy Rule 2004, Trustee requests authority to compel the production of the Requested Documents from Levene Neale on not less than twenty-one days' notice calculated from the date of service of this Motion pursuant to LBR 2004-1(c). In addition, the Trustee seeks authority to compel oral examination of the Person Most Knowledgeable if necessary, as more fully set forth herein.

The Trustee needs to obtain the foregoing documentation in order to determine, inter alia, whether the Barlava Family sold its interests in RLI on or about August of 2012, and whether the Barlava Family received disproportionate distributions from RLI, for which it may need to account either to RLI or the other shareholders of RLI (including the Estates).

## VI.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.    **This Motion Seeks Relief within the Broad Scope of Bankruptcy Rule 2004.**

Bankruptcy Rule 2004 permits an examination "of an entity" with respect to the "acts, conduct or property" of a debtor, and with respect to "the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004 (a) and (b). The term "entity" includes "persons," which in turn includes an "individual, partnership, and corporation." 11 U.S.C. § 101(15) and (41). Bankruptcy Rule 2004(c) provides authority for compelling an examination or production of documents, which may be implemented by subpoena. Fed. R. Bankr. P. 2004(c).

The scope of Bankruptcy Rule 2004 is "unfettered and broad," and "akin to a fishing expedition." *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) (citation omitted). Under such rule, bankruptcy courts may allow the examination of "third parties who have had dealings with the debtor." *In re Financial Corp.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) (citations omitted). *See Northmount Associates v. W&S Investments, Inc. (In re W&S Investments, Inc.)*, 985 F.2d 577, at *2 (9th Cir. Jan. 28, 1993) (unpublished disposition) (Bankruptcy Rule 2004 is a "broadly construed discovery device which permits any party in interest in a bankruptcy

1  proceeding to move for a court order to examine any entity…," the "scope is generally very broad

2  and can 'legitimately be in the nature of a 'fishing expedition.'") (citation omitted).  A purpose of a

3  Bankruptcy Rule 2004 examination is "to allow inquiry in the debtor's acts, conduct or financial

4  affairs so as to discover the existence or location of assets of the estate." *In re Dinubilo*, 177 B.R.

5  932, 940 (E.D. Cal. 1993).  Another purpose of such rule is "unearthing frauds." *In re N. Plaza*

6  *LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (citations omitted).

7       The relief requested herein fits squarely within the scope of Bankruptcy Rule 2004.  The

8  discovery relates to, inter alia, the Trustee's rights and remedies as against the Barlava Family and is

9  relevant even if the Trustee is unsuccessful in setting aside the Abselet levy/sale.  Further, the

10  Trustee submits that the examination requested herein is not available in the pending Adversary

11  Proceeding, as it may not be relevant to the issues and disputes raised in that proceeding.

12  **B.    The Trustee Has Conferred with Witnesses in Compliance With LBR 2004-1.**

13       LBR 2004-1 sets forth the prerequisites for filing a motion seeking an examination and/or

14  production under Bankruptcy Rule 2004, including efforts to meet and confer with the entity to be

15  examined or its counsel.  LBR 2004-1(a) states:

16       **Conference Required**.  Prior to filing a motion for examination or for the
        production of documents under FRBP 2004, the moving party must attempt
17       to confer (in person or telephonically) with the entity to be examined, or its
        counsel, to arrange for a mutually agreeable date, time, place, and scope of
18       an examination.

19
20  Counsel for the Trustee has conferred with Beth Young, a partner with Levene Neale, who

21  has indicated that, because of attorney/client issues raised by third parties, the firm is willing to

22  produce the Requested Documents but only pursuant to a subpoena of this Court.  *See* Declaration of

23  Jeremy V. Richards, filed concurrently herewith.

24       The examinations and productions requested herein cannot proceed under Bankruptcy Rules

25  7030 or 9014 because the documents and issues under investigation do not arise in connection with

26  any pending adversary proceeding or contested matter.

27       **WHEREFORE**, the Trustee respectfully requests that the Court enter orders:

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1      (1)     Directing Levene Neale to produce the Requested Documents at the offices of the

2    Trustee's counsel by the date and time set forth in the Order or such other dates and times mutually

3    agreed upon in writing; and

4      (2)     Directing the Person Most Knowledgeable to appear for examination under

5    Bankruptcy Rule 2004 prior to the production of the Requested Documents, to testify as to the

6    existence or nonexistence of an attorney/client or other confidential relationship with any party who

7    timely objects to this Motion on such basis, but only if one or more such objections are filed.

8

9    Dated: May 10, 2017               PACHULSKI STANG ZIEHL & JONES LLP

10                        By:    */s/ Jeremy V. Richards*

11                            Jeremy V. Richards
                            John W. Lucas

12

13                            Attorneys for
                            David K. Gottlieb, Chapter 11 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

# EXHIBIT A

2

## NOTICE OF SUBMISSION BY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  DAVID L. NEALE (SBN 141225)
   JULIET Y. OH (SBN 211414)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone:  (310) 229-1234
4  Facsimile:  (310) 229-1244
5  Email: dln@lnbyb.com, jyo@lnbyb.com

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11

12

13  In re                                    )   Case No. 1:09-bk-14214-GM
                                             )
14  ROOSEVELT LOFTS, LLC, a Delaware         )   Chapter 11
    limited liability company,               )
15                                           )   NOTICE OF SUBMISSION BY LEVENE,
                                             )   NEALE, BENDER, YOO & BRILL L.L.P.
16              Debtor.                       )   OF    ACCOUNTING    OF    ALL
                                             )   DISBURSEMENTS MADE FROM CLASS
17                                           )   ACTION    RESERVE    ACCOUNTS
                                             )   PURSUANT  TO  DEBTOR'S  *SECOND*
18                                           )   *AMENDED   CHAPTER   11   PLAN   OF*
                                             )   *REORGANIZATION  (DATED  JUNE  20,*
19                                           )   *2011),  AS  MODIFIED*;  DECLARATION
                                             )   OF   JULIET   Y.   OH   IN   SUPPORT
20                                           )   THEREOF
                                             )
21                                           )
                                             )   Status Conference:
22                                           )   Date:     October 1, 2013
                                             )   Time:     10:00 a.m.
23                                           )   Place:    Courtroom "303"
                                             )             21041 Burbank Boulevard
24                                           )             Woodland Hills, California
                                             )
25                                           )
                                             )
26                                           )
                                     _____)
27

28

1  **TO THE HONORABLE GERALDINE MUND, UNITED STATES**

2  **BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE DEBTOR,**

3  **ROOSEVELT LOFTS, INC., HOWARD L. ABSELET, LOS ANGELES COMMUNITY**

4  **COLLEGE DISTRICT, AND PARTIES REQUESTING SPECIAL NOTICE:**

5      Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), bankruptcy counsel to

6  Roosevelt Lofts, LLC, the debtor in the above-captioned Chapter 11 bankruptcy case (the

7  "Debtor") and the custodian of the funds in the Class Action Reserve (as defined below)

8  established pursuant to the Debtor's *Second Amended Chapter 11 Plan of Reorganization*

9  *(Dated June 20, 2011), As Modified* [Doc. No. 836] (as later amended after the hearing on July

10  6, 2011 and served, the "Plan"), which funds are also the subject of that certain *Notice Of*

11  *Motion And Motion For Order In Aid Of Implementation Of Second Amended Chapter 11 Plan*

12  *Of Reorganization (Dated June 20, 2011), As Modified* [Doc. No. 1075] (the "Motion") filed by

13  Howard L. Abselet ("Abselet"), hereby submits the attached accounting of all disbursements

14  made from the Class Action Reserve (the "Accounting") in compliance with the Court's

15  amended order entered on August 15, 2013 granting in part the Motion (the "Order").    In

16  support of such Accounting, LNBYB represents as follows:

17                                      **I.**

18              **Provisions In The Plan Regarding The Class Action Reserve**

19      The Debtor's Plan, which was confirmed pursuant to an order entered by this Court on

20  August 9, 2011, provided for the establishment of a reserve (the "Class Action Reserve") with

21  funds in the sum of $16,000,000 for the purpose of paying the allowed Class 2 mechanics' lien

22  claims (the "Mechanics' Lien Claims") and the allowed fees of Class Action Counsel (as that

23  term is defined in the Plan).    The provisions in the Plan relating to the Class Action Reserve are

24  all set forth in Section 3.2.B of the Plan.

25      The Plan required that the Class Action Reserve be deposited into segregated interest-

26  bearing account(s) established and maintained by LNBYB or such other party that was

27  approved by Class Action Counsel, or into one or more investment accounts mutually

28  acceptable to the Debtor, the Debtor's equity holder, Roosevelt Lofts, Inc. ("RLI"), and Class

1    Action Counsel (on terms and conditions reasonably acceptable to Class Action Counsel). From

2    the Effective Date of the Plan to date, LNBYB has acted as the custodian of the Class Action

3    Reserve funds.

4         The Plan required that funds be maintained in the Class Action Reserve, at all times, in

5    at least an amount equal to the lesser of (i) $16,000,000, or (ii) the remaining balance in the

6    Class Action Reserve after payment of allowed Mechanics' Lien Claims, not to exceed one

7    hundred fifty percent (150%) of the aggregate amount of the unresolved Mechanics' Lien

8    Claims (as set forth in the proofs of claims filed by holders of such Mechanics' Lien Claims)

9    (the "Class Action Reserve Threshold Amount"). Continuously from the Effective Date of the

10   Plan to date, the Class Action Reserve has been maintained in an amount equal to at least the

11   Class Action Reserve Threshold Amount.

12        The Plan also required that any distributions from the Class Action Reserve for, or on

13   account of, an allowed Mechanics' Lien Claim be disbursed to Class Action Counsel in

14   accordance with the terms and conditions of the Mechanics Lien Settlement Agreement and the

15   Class Action Settlement Order (as those terms are defined in the Plan). Accordingly, pursuant

16   to Section 3.2.B of the Plan and the terms of the Class Action Settlement Order, ten percent

17   (10%) of the amount of each allowed Mechanics' Lien Claim payment was required to be

18   reserved (and held by Class Action Counsel) for the payment of fees and costs incurred by

19   Class Action Counsel. Any balance which remained after the approved legal fees and costs of

20   Class Action Counsel had been paid in full would be redistributed by Class Action Counsel to

21   holders of allowed Mechanics' Lien Claims on a *pro rata* basis. In accordance with the terms

22   of the Plan and the Class Action Settlement Order, LNBYB made payments of allowed

23   Mechanics' Lien Claims as such claims were resolved, with ten percent (10%) – which was

24   later reduced to five percent (5%) pursuant to a Court order – of each such payment being

25   transferred to the Law Offices of David A. Tilem to be held in reserve for the payment of the

26   approved legal fees and expenses of Class Action Counsel.

27        Finally, the Plan provides that "[a]ny Cash in the Class Action Reserve which is in

28   excess of the Class Action Reserve Threshold Amount **shall** be distributed as part of the RLI

1  Payment, or to RLI at any time following the Effective Date so long as the appropriate Class

2  Action Threshold Amount is maintained in the Class Action Reserve." *See*, Section 3.2.B of

3  the Plan (emphasis added).  By the express terms of the Plan, LNBYB had no discretion to

4  make disbursements from the Class Action Reserve to any party other than (i) the holders of

5  allowed Mechanics' Lien Claims, (ii) the Law Offices of David A. Tilem for the benefit of

6  Class Action Counsel, and (iii) RLI, or as it designated.  In accordance with the terms of the

7  Plan, LNBYB made disbursements to RLI, at the express instructions of the Debtor and/or RLI.

8  **II.**

9  **The Freeze Order Obtained By The Los Angeles Community College District**

10  On February 20, 2013, at the request of the Los Angeles Community College District

11  ("LACCD"), which asserts a general unsecured claim that is disputed by the Debtor, the Court

12  entered an order (the "Freeze Order") which prohibited any further money to be paid from the

13  Class Action Reserve to Class 6 equity holders (*i.e.*, RLI) under the Plan, without further order

14  of the Court.  The Freeze Order did not prevent LNBYB from distributing funds from the Class

15  Action Reserve to holders of allowed Mechanics' Lien Claims.  Accordingly, following the

16  entry of the Freeze Order, LNBYB made distributions from the Class Action Reserve to the two

17  remaining Class 2 mechanics' lien claimants (*i.e.*, Integrity Builders West, Inc. and V.G.I.

18  Incorporated) but made no other distributions.

19  **III.**

20  **The Irrevocable Payment Instructions From Abselet And Disbursements Made From**

21  **The Class Action Reserve Thereafter**

22  Abselet is a judgment creditor of Solyman Yashouafar and M. Aaron Yashouafar

23  (collectively, the "Yashouafars"), who are among the equity holders of RLI, which is in turn the

24  equity holder of the Debtor.  On or about April 6, 2012, counsel for Abselet sent to LNBYB a

25  copy of Irrevocable Payment Instructions signed by the Yashouafars (but not signed by the

26  Barlava family, the other equity holders of RLI), which required LNBYB to remit the

27  percentage allocable to the Yashouafars' interest in RLI (which Abselet contended was

28

4

1   46.73%) of any disbursements made to or on behalf of RLI to Abselet, up to a maximum of

2   $750,000.

3       Both prior to and following LNBYB's receipt of the Irrevocable Payment Instructions

4   from Abselet's counsel on April 6, 2012, LNBYB was advised of a dispute among the equity

5   holders of RLI (*i.e.*, the Yashouafars and the Barlava family) regarding their respective interests

6   in RLI and entitlement to disbursements made from the Class Action Reserve to RLI. LNBYB

7   was advised that it was the Barlava family's position that they, and not the Yashouafars, were

8   entitled to any and all disbursements made from the Class Action Reserve to or for the benefit

9   of RLI, which position the Yashouafars disputed. Given these disputes among the Yashouafars

10  and the Barlava family, LNBYB sought and obtained authority from both the Yashouafars and

11  the Barlava family for all disbursements made from the Class Action Reserve to or for the

12  benefit of RLI after April 6, 2012, and made such disbursements only upon receiving

13  confirmation from the Yashouafars and the Barlava family that the disbursements were

14  attributable solely to the Barlava family's interest in RLI.

15      Moreover, at no time prior to the filing of the Motion did Abselet seek or obtain an

16  order from this Court restricting the flow of funds from the Class Action Reserve (as LACCD

17  did) or otherwise modifying the terms of the Plan to provide that disbursements from the Class

18  Action Reserve could be made to Abselet. As noted above, by the express terms of the Plan,

19  LNBYB had no discretion to make disbursements from the Class Action Reserve to any party

20  other than (i) the holders of allowed Mechanics' Lien Claims, (ii) the Law Offices of David A.

21  Tilem for the benefit of Class Action Counsel, and (iii) RLI, or as it designated.

22      Based on the provisions of the Plan, which required payments to be made to RLI as and

23  when instructed by the Debtor and/or RLI (provided that the Class Action Threshold Amount

24  was maintained), and which provided LNBYB with no discretion to make disbursements other

25  than to the holders of allowed Mechanics' Lien Claims, the Law Offices of David A. Tilem,

26  and RLI, and given that no order was obtained from this Court modifying the terms of the Plan

27  or otherwise allowing disbursements to be made from the Class Action Reserve to Abselet,

28

1    LNBYB had no authority to make any disbursements to Abselet, notwithstanding the

2    Irrevocable Payment Instructions.[1]

3                                                   **IV.**

4                    **Accounting Of Disbursements Made From The Class Action Reserve**

5            Attached hereto is the Accounting of the disbursements made from the Class Action

6    Reserve on and after the Effective Date of the Plan, which Accounting is comprised of six (6)

7    charts attached as Exhibits "1" – "6" hereto, as follows:

8        • Exhibit "1" – Consolidated.  This is a consolidated chart which tracks all cash

9            that came in and went out of the bank accounts which were established to hold

10           the Class Action Reserve.  As reflected in this chart, interbank transfers (*i.e.*,

11           transfers of Reserve funds from one bank account to another) were occasionally

12           made at the request of the Debtor and RLI, and funds were transferred on three

13           occasions (on or about September 14, 2011, September 28, 2011, and November

14           9, 2011) to a disbursement account maintained by LNBYB to allow LNBYB to

15           more easily make numerous payments of allowed Mechanics' Lien Claims.  In

16           addition to the payments of allowed Mechanics' Lien Claims, the payments of

17           fee holdbacks for Class Action Counsel, and the disbursements to RLI, the

18           consolidated chart reflects bank service charges and wire transfer fees charged

19           by the banks and interest accrued in certain of the accounts.  As noted in the

20           chart, there was a total of $1,784,271.61 in the various accounts as of June 30,

21           2013.  No disbursements have been made from any of the accounts since June

22           30, 2013 so that balance remains unchanged.

24       • Exhibit "2" –Mech Lien Pmts 9-14-11.  As noted above and in the Consolidated

25           chart, funds totaling $1,495,260.74 were transferred on or about September 14,

26           2011 to a disbursement account maintained by LNBYB to allow LNBYB to

---

[1] Nothing in the Plan or in any other document prevented (or prevents) Abselet from continuing to pursue collection against the Yashouafars directly.

more easily make numerous payments of allowed Mechanics' Lien Claims. This chart lists all of the Mechanics' Lien Payments that were paid from the $1,495,260.74 transferred to LNBYB on or about September 14, 2011.

- Exhibit "3" – Mech Lien Pmts 9-28-11. As noted above and in the Consolidated chart, funds totaling $206,500 were transferred on or about September 28, 2011 to a disbursement account maintained by LNBYB to allow LNBYB to more easily make numerous payments of allowed Mechanics' Lien Claims. This chart lists all of the Mechanics' Lien Payments (and related fee holdbacks for Class Action Counsel) that were paid from the $206,500 transferred to LNBYB on or about September 28, 2011.

- Exhibit "4" – Mech Lien Pmts 11-9-11. As noted above and in the Consolidated chart, funds totaling $1,069,500 were transferred on or about November 9, 2011 to a disbursement account maintained by LNBYB to allow LNBYB to more easily make numerous payments of allowed Mechanics' Lien Claims. This chart lists all of the Mechanics' Lien Payments (and related fee holdbacks for Class Action Counsel) that were paid from the $1,069,500 transferred to LNBYB on or about November 9, 2011.

- Exhibit "5" – All Mech Lien Pmts.  This chart lists all of the allowed Mechanics' Lien Payments and related fee holdbacks for Class Action Counsel that were paid from the Class Action Reserve accounts.

- Exhibit "6" – RLI Pmts.  This chart lists all of the distributions made to RLI or made pursuant to its instructions.  The information set forth in this chart regarding authorization to make payments to RLI (or pursuant to its instructions) is being provided to comply with the Court's Order; however, no attorney-client

7

1    privilege or other privilege which may apply to such information is being

2    waived.

3  Dated: August 30, 2013      LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

4

5

6    By:_____

7          DAVID L. NEALE
          JULIET Y. OH

## **DECLARATION OF JULIET Y. OH**

I, Juliet Y. Oh, hereby declare as follows:

1.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"). I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Central District of California, and in the United States Court of Appeals for the Ninth Circuit. LNBYB is bankruptcy counsel for Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor in the above-captioned Chapter 11 bankruptcy case (the "Debtor"). I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.  I submit this declaration in support of the *Notice Of Submission By Levene, Neale, Bender, Yoo & Brill L.L.P. Of Accounting Of All Disbursements Made From Class Action Reserve Accounts Pursuant To Debtor's Second Amended Chapter 11 Plan Of Reorganization (Dated June 20, 2011), As Modified* (the "Notice"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Notice.

3.  I have reviewed and assisted in the drafting of the Notice and I am familiar with the contents thereof. To the best of my knowledge, information and belief, all of the facts stated in the Notice are true and correct.

4.  From the Effective Date of the Plan to date, LNBYB has acted as the custodian of the Class Action Reserve funds.

5.  Continuously from the Effective Date of the Plan to date, the Class Action Reserve has been maintained in an amount equal to at least the Class Action Reserve Threshold Amount.

6.  Following the Effective Date of the Plan, LNBYB made payments from the Class Action Reserve of allowed Mechanics' Lien Claims as such claims were resolved, with ten percent (10%) -- which was later reduced to five percent (5%) pursuant to a Court order – of each such payment being transferred to the Law Offices of David A. Tilem to be held in reserve for the payment of the approved legal fees and expenses of Class Action Counsel.

7.    LNBYB made disbursements to RLI or as RLI designated, in accordance with the terms of the Plan and at the express instructions of the Debtor and/or RLI.

8.    Following the entry of the Freeze Order, LNBYB made distributions from the Class Action Reserve to the two remaining Class 2 mechanics' lien claimants (*i.e.*, Integrity Builders West, Inc. and V.G.I. Incorporated) but made no other distributions.

9.    On or about April 6, 2012, counsel for Abselet sent to LNBYB a copy of Irrevocable Payment Instructions signed by the Yashouafars (but not signed by the Barlava family, the other equity holders of RLI), which required LNBYB to remit the percentage allocable to the Yashouafars' interest in RLI (which Abselet contended was 46.73%) of any disbursements made to or on behalf of RLI to Abselet, up to a maximum of $750,000.

10.    Both prior to and following LNBYB's receipt of the Irrevocable Payment Instructions from Abselet's counsel on or about April 6, 2012, LNBYB was advised of a dispute among the equity holders of RLI (*i.e.*, the Yashouafars and the Barlava family) regarding their respective interests in RLI and entitlement to disbursements made from the Class Action Reserve to RLI.  LNBYB was advised that it was the Barlava family's position that they, and not the Yashouafars, were entitled to any and all disbursements made from the Class Action Reserve to or for the benefit of RLI, which position the Yashouafars disputed.  Given these disputes among the Yashouafars and the Barlava family, LNBYB sought and obtained authority from both the Yashouafars and the Barlava family for all disbursements made from the Class Action Reserve to or for the benefit of RLI after April 6, 2012, and made such disbursements only upon receiving confirmation from the Yashouafars and the Barlava family that the disbursements were attributable solely to the Barlava family's interest in RLI.

11.    Attached hereto is an accounting of the disbursements made by LNBYB from the Class Action Reserve on and after the Effective Date of the Plan (the "Accounting").  I prepared the Accounting based upon my analysis of, among other documents, bank statements for each of the Class Action Reserve accounts, copies of wire transfer requests and confirmations, copies of checks, reports generated from the general ledgers for each of the Class Action Reserve accounts (which ledgers are maintained in the ordinary course of LNBYB's business), charts

1    reflecting payments to holders of allowed Mechanics' Lien Claims (and the related fee

2    holdbacks to Class Action Counsel) which I maintained in the ordinary course of business

3    following the Effective Date of the Plan, and email and other correspondence relating to

4    disbursements made from the Class Action Reserve accounts.  The Accounting is comprised of

5    six (6) charts attached as Exhibits "1" – "6" hereto, which are summarized below:

6         • Exhibit "1" – Consolidated.  This is a consolidated chart which tracks all cash

7              that came in and went out of the bank accounts which were established to hold

8              the Class Action Reserve.  As reflected in this chart, interbank transfers (*i.e.*,

9              transfers of Reserve funds from one bank account to another) were occasionally

10             made at the request of the Debtor and RLI, and funds were transferred on three

11             occasions (on or about September 14, 2011, September 28, 2011, and November

12             9, 2011) to a disbursement account maintained by LNBYB to allow LNBYB to

13             more easily make numerous payments of allowed Mechanics' Lien Claims.  In

14             addition to the payments of allowed Mechanics' Lien Claims, the payments of

15             fee holdbacks for Class Action Counsel, and the disbursements to RLI, the

16             consolidated chart reflects bank service charges and wire transfer fees charged

17             by the banks and interest accrued in certain of the accounts.  As noted in the

18             chart, there was a total of $1,784,271.61 in the various accounts as of June 30,

19             2013.  This figure correlates directly to the account balance summary generated

20             by LNBYB's bookkeeper regarding the sums remaining in the Class Action

21             Reserve accounts (which summary is attached as Exhibit "7" hereto).   No

22             disbursements have been made from any of the accounts since June 30, 2013 so

23             that balance remains unchanged.

24        • Exhibit "2" – Mech Lien Pmts 9-14-11.  As noted above and in the Consolidated

25             chart, funds totaling $1,495,260.74 were transferred on or about September 14,

26             2011 to a disbursement account maintained by LNBYB to allow LNBYB to

27             more easily make numerous payments of allowed Mechanics' Lien Claims.  This

28

1    chart lists all of the Mechanics' Lien Payments that were paid from the

2    $1,495,260.74 transferred to LNBYB on or about September 14, 2011.

3    • Exhibit "3" – Mech Lien Pmts 9-28-11.  As noted above and in the Consolidated

4    chart, funds totaling $206,500 were transferred on or about September 28, 2011

5    to a disbursement account maintained by LNBYB to allow LNBYB to more

6    easily make numerous payments of allowed Mechanics' Lien Claims.  This chart

7    lists all of the Mechanics' Lien Payments (and related fee holdbacks for Class

8    Action Counsel) that were paid from the $206,500 transferred to LNBYB on or

9    about September 28, 2011.

10    • Exhibit "4" – Mech Lien Pmts 11-9-11.  As noted above and in the Consolidated

11    chart, funds totaling $1,069,500 were transferred on or about November 9, 2011

12    to a disbursement account maintained by LNBYB to allow LNBYB to more

13    easily make numerous payments of allowed Mechanics' Lien Claims.  This chart

14    lists all of the Mechanics' Lien Payments (and related fee holdbacks for Class

15    Action Counsel) that were paid from the $1,069,500 transferred to LNBYB on

16    or about November 9, 2011.

17    • Exhibit "5" – All Mech Lien Pmts.   This chart lists all of the allowed

18    Mechanics' Lien Payments and related fee holdbacks for Class Action Counsel

19    that were paid from the Class Action Reserve accounts.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

12

- <u>Exhibit "6" – RLI Pmts</u>. This chart lists all of the distributions made to RLI or made pursuant to its instructions. The information set forth in this chart regarding authorization to make payments to RLI (or pursuant to its instructions) is being provided to comply with the Court's Order; however, no attorney-client privilege or other privilege which may apply to such information is being waived.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of August, 2013, at Los Angeles, California.

_____
Juliet Y. Oh, Declarant

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

[Consolidated]

Case 1:09-bk-14214-GM Doc 1094 Filed 08/30/13 Entered 08/30/13 16:45:52 Desc
Main Document Page 15 of 48

| Payee | Pmt Date | Check No. | C5B (-0405) | CN8 (-6844) | C8 (-3904) | C8 (-4217) | FR8 (-7866) | IDB (-3441) | IDB (-3468) | P8 (-1136) | PW8 (-2842) | R8B (-5659) | R8B (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Deposit from Greystar Contribution | 8/23/2011 | | | | | | 16,000,000.00 | | | | | | | |
| Interbank Transfer | 8/23/2011 | | | | | | (2,000,000.00) | | | | 2,000,000.00 | | | Interbank transfer made per Debtor's request |
| Interest (8/2011) | 8/31/2011 | | | | | | 189.04 | | | | | | | |
| Interbank Transfer | 9/6/2011 | | | | 3,000,000.00 | | (3,000,000.00) | | | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer | 9/6/2011 | | | | (1,000,000.00) | 1,000,000.00 | | | | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer | 9/8/2011 | | | | | 2,000,000.00 | (2,000,000.00) | | | | | | | Interbank transfer made per Debtor's request |
| Westye Group - West Inc. | 9/13/2011 | wire | | | | | (180,000.00) | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 9/13/2011 | wire | | | | | (186,140.08) | | | | | | | 10% fee holdback for settled mechanic's lien claims - Westye Group ($20,000) and 9/14/2011 Payments ($166,140.08) |
| Interbank Transfer (for distribution to mechanic's liens) | 9/14/2011 | | | | | | (1,495,260.74) | | | | | | | Various settled mechanic's lien claims - *See List of 9/14/2011 Payments attached* |
| Interbank Transfer | 9/21/2011 | | | | | | (2,000,000.00) | 2,000,000.00 | | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer | 9/21/2011 | | | | | | | (2,000,000.00) | 2,000,000.00 | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer | 9/21/2011 | | 2,000,000.00 | | | | (2,000,000.00) | | | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer (for distribution to mechanic's liens) | 9/28/2011 | | | | | | (206,500.00) | | | | | | | Various settled mechanic's lien claims (incl. 10% fee holdback) - *See List of 9/28/2011 Payments attached* |
| Interest (9/2011) | 9/30/2011 | | | | | | 1,128.38 | | | | | | | |
| Interest (10/2011) | 10/31/2011 | | | | | | 478.22 | | | | | | | |
| Interbank Transfer (for distribution to mechanic's liens) | 11/9/2011 | | | | | | (1,069,500.00) | | | | | | | Various settled mechanic's lien claims (incl. 10% fee holdback) - *See List of 11/9/2011 Payments attached* |
| Interest (11/2011) | 11/30/2011 | | | | | | 265.04 | | | | | | | |
| American Guntte, Inc. (c/o Raisin & Kavcioglu) | 12/16/2011 | 203 | | | | | (801,000.00) | | | | | | | Settled mechanic's lien claim |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

Consolidated Accounting Machines Trust Reconciliations

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment**** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Law Offices of David A. Tilem | 12/16/2011 | wire | | | | | (89,000.00) | | | | | | | 10% fee holdback for settled mechanic's lien claim (American Guaranty, Inc.) |
| Interbank Transfer | 12/21/2011 | | (500,000.00) | | | | | | | | | | | Interbank transfer made per Debtor's request |
| Interbank Transfer | 12/21/2011 | | | | | | | | | | | 500,000.00 | | Interbank transfer made per Debtor's request |
| Israel Discount Bank | 12/31/2011 | | | | | | | | (500,000.00) | | | | 500,000.00 | |
| Interest (12/2011) | 12/31/2011 | | | | | | | | | (50.00) | | | | Bank service charge |
| Interest (1/2012) | 1/31/2012 | | | | | | 192.21 | | | | | | | |
| Interest (1/2012) | | | | | | | 124.20 | | | | | | | |
| Berkadia Commercial Mortgage | 2/27/2012 | wire | | | | (1,000,000.00) | | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafer emails dated 2-21-12 and 2/26-12) |
| Hamid Nourmand Interest (2/2012) | 2/28/2012 2/29/2012 | 201 | | | | (100,000.00) | 116.20 | | | | | | | Per instructions from Debtor and/or RLI (Emails from M. Yashouafer, S. Barkhe and H. Nourmand dated 9-27-12 and 9-28-12) |
| Silver Arch Capital Partners, LLC | 3/13/2012 | wire | | | | | (50,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafer email dated 3-13-12) |
| Hamid J. Nourmand (Desert Field, LLC) | 3/20/2012 | 205 | | | | | (50,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafer email dated 3-16-12) |
| Hudson Labor Solutions | 3/20/2012 | wire | | | | | (900,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafer email dated 3-16-12) |
| Carla Ridge LLC | 3/20/2012 | wire | | | | | (500,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafer email dated 3-16-12) |
| Levene, Neale, Bender, Yoo & Brill L.L.P. | 3/27/2012 | Intra-bank transfer | | | | | (60,000.00) | | | | | | | Per instructions from Debtor and/or RLI (Emails from S. Barkhe, H. Nourmand and D. Neale dated 3-27-12) |

*** The information set forth here in is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

Consolidated Accounting/Mechanic's Lien Reserve Accounts

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Interest (3/2012) | 3/31/2012 | | | | | | 84.78 | | | | | | | |
| Law Offices of Fred S. Pardes, APC (assignee of Southland Exterior Building Services) | 4/18/2012 | 209 | | | | | (3,150.00) | | | | | | | Settled mechanic's lien claim; 10% fee holdback for settled mechanic's lien claim (Fred Pardes/Southland Exterior) |
| Law Offices of David A. Tilem | 4/18/2012 | wire | | | | | (350.00) | | | | | | | |
| Interest (4/2012) | 4/30/2012 | | | | | | 10.95 | | | | | | | |
| Berkadia Commercial Mortgage | 5/25/2012 | wire | | | (250,000.00) | | | | | | | | | Per instructions from Debtor and/or BLI (M. Yashouafar email dated 5-21-12) |
| Interest (5/2012) | 5/31/2012 | | | | | | 8.99 | | | | | | | |
| Law Offices of David A. Tilem | 6/26/2012 | wire | | | (30,500.00) | | | | | | | | | 5% fee holdback for settled mechanic's lien claims (Allisar & Alter) |
| Allisar Electric, Inc. | 6/26/2012 | 202 | | | (240,000.00) | | | | | | | | | Settled mechanic's lien claim |
| Sidney Alter dba Alter Electric | 6/26/2012 | 203 | | | (339,500.00) | | | | | | | | | Settled mechanic's lien claim |
| ThyssenKrupp Elevator Corporation | 6/26/2012 | 205 | | | (164,943.35) | | | | | | | | | Settled mechanic's lien claim |
| Interbank Transfer | 6/28/2012 | | (1,500,000.00) | 1,500,000.00 | | | | | | | | | | Interbank transfer made per Debtor's request |
| Frank's Disposal | 6/29/2012 | 206 | | | (2,916.50) | | | | | | | | | |
| Law Offices of David A. Tilem | 6/29/2012 | wire | | | (8,834.73) | | | | | | | | | 5% fee holdback for settled mechanic's lien claims (ThyssenKrupp & Frank's Disposal) |
| Interest (6/2012) | 6/30/2012 | | | | | | 8.70 | | | | | | | |
| Berkadia Commercial Mortgage | 7/9/2012 | wire | | | (963,000.00) | | | | | | | | | Per instructions from Debtor and/or BLI (M. Yashouafar email dated 7-9-12) |
| Berkadia Commercial Mortgage | 7/9/2012 | wire | | | | (1,037,000.00) | | | | | | | | Per instructions from Debtor and/or BLI (M. Yashouafar email dated 7-9-12) |
| Interest (7/2012) | 7/31/2012 | | | | | | 3.77 | | | | | | | |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

Page 4 of 7

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lesnick Prince LLP | 8/2/2012 | 203 | | | | (18,399.50) | | | | | | | | Per instructions from Debtor and/or RLJ (M. Yashouafar email dated 8-13-12) |
| JAMS, Inc. | 8/6/2012 | 204 | | | | (4,275.00) | | | | | | | | Per Instructions from Debtor and/or RLJ (M. Yashouafar email dated 8-6-12) |
| Comerica Bank | 8/13/2012 | | | | | (10.42) | | | | | | | | Bank service charge |
| Comerica Bank | 8/13/2012 | | | | (90.00) | | | | | | | | | Bank service charge |
| Kulbur Flooring USA, Inc. (c/o Neal Wolf & Associates, Inc.) | 8/22/2012 | wire | | | | (475,000.00) | | | | | | | | Settled mech'c's lien claim |
| Law Offices of David A. Tillem | 8/22/2012 | wire | | | | (25,000.00) | | | | | | | | 5% fee holdback for settled mechanic's lien claim (Kulbur) |
| Doris Moradzadeh (wife of Hamid Nourmand) | 8/22/2012 | 207 | | | | (70,000.00) | | | | | | | | Per Instructions from Debtor and/or RLJ (M. Yashouafar email dated 8-14-12) |
| Interbank Transfer | 8/24/2012 | | | (1,000,000.00) | | | | | | 1,000,000.00 | | | | Wire transfer fee |
| City National Bank | 8/24/2012 | | | (35.00) | | | | | | | | | | Bank service charge |
| City National Bank | 8/31/2012 | | | (7.00) | | | | | | | | | | Bank service charge |
| Interest (8/2012) | 8/31/2012 | | | | | | | 1.80 | | | | | | |
| JAMS | 9/10/2012 | 212 | | | | | (1,272.95) | | | | | | | Per instructions confirmed by Debtor and/or RLJ (Matt Lesnick email dated 9-7-12) |
| JAMS | 9/11/2012 | wire | | | | | | | | | | | | Per Instructions from Debtor and/or RLJ (M. Yashouafar email dated 5, Barlava email dated 9-10-12) |
| Carla Ridge LLC | 9/11/2012 | wire | | | | | | | | | (1,000,000.00) | | | Per Instructions from Debtor and/or RLJ (M. Yashouafar email dated 5, Barlava email dated 9-10-12) |
| Bartadia Commercial Mortgage | 9/11/2012 | wire | | | | | | | | | 1,000,000.00 | | | Per Instructions from Debtor and/or RLJ (M. Yashouafar email dated 5, Barlava email dated 9-10-12) |
| Interbank Transfer | 9/11/2012 | | | | | | | | (1,000,000.00) | 1,000,000.00 | | | | Interbank transfer made per Debtor's request |
| Preferred Bank | 9/12/2012 | | | | | | | | (10.00) | | | | | Bank service charge |
| Israel Discount Bank | 9/12/2012 | | | | | | | | (50.00) | | | | | Bank service charge |
| Pitnish Koncepts Inc. (c/o Alan Carnegie) | 9/13/2012 | 211 | | | | (166,250.00) | | | | | | | | Settled mechanic's lien claim |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

Case 1:09-bk-14214-GM   Doc 1094   Filed 08/30/13   Entered 08/30/13 16:45:52   Desc
Main Document   Page 19 of 46

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Law Offices of David A. Tilem | 9/13/2012 | wire | | | | (8,750.00) | | | | | | | | 5% fee Holdback for settled mechanic's lien claim (Pinosh Korcopts) |
| Comerica Bank | 9/14/2012 | | | | | (55.95) | | | | | | | | Bank service charge |
| Hamrick & Evans, LLP | 9/24/2012 | 213 | | | | (6,957.44) | | | | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava email) dated 9-24-12) |
| City National Bank | 9/28/2012 | | | (7.00) | | | | | | | | | | Bank service charge |
| Interest (9/2012) | 9/29/2012 | | | | | | 1.73 | | | | | | | |
| Comerica Bank | 10/12/2012 | | | | | (35.10) | | | | | | | | Bank service charge |
| City National Bank | 10/31/2012 | | | (7.00) | | | | | | | | | | Bank service charge |
| Interest (10/2012) | 10/31/2012 | | | | | | 1.79 | | | | | | | |
| JAMS, Inc. | 11/1/2012 | 202 | | | | | | | (3,525.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Hamrick & Evans, LLP | 11/1/2012 | 203 | | | | | | | (14,605.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Law Offices of Homan Taghdiri | 11/2/2012 | 204 | | | | | | | (25,000.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Brandow & Nester, Inc. | 11/2/2012 | 205 | | | | | | | (5,000.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Midland Loan Services, Inc. | 11/15/2012 | wire | | | | | | | (195,000.00) | | | | | Per instructions from Debtor and/or RU (S. Barlava email dated 11-14-12) |
| Israel Discount Bank | 11/15/2012 | | | | | | | | (50.00) | | | | | Wire transfer fee |
| City National Bank | 11/30/2012 | | | (7.00) | | | | | | | | | | Bank service charge |
| Comerica Bank | 11/30/2012 | | | | | (2.80) | | | | | | | | Bank service charge |
| Interest (11/2012) | 11/30/2012 | | | | | | 1.73 | | | | | | | |
| City National Bank | 12/31/2012 | | | (7.00) | | | | | | | | | | Bank service charge |
| Comerica Bank | 12/31/2012 | | | | | (29.06) | | | | | | | | Bank service charge |
| Interest (12/2012) | 12/31/2012 | | | | | | 1.79 | | | | | | | |
| City National Bank | 1/31/2013 | | | (7.00) | | | | | | | | | | Bank service charge |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Comerica Bank | 1/31/2013 | | | | | (159.51) | | | | | | | | Bank service charge |
| Interest (1/2013) | 1/31/2013 | | | | | | | 1.79 | | | | | | Bank service charge |
| City National Bank | 2/27/2013 | | | (7.00) | | | | | | | | | | Bank service charge |
| Comerica Bank | 2/28/2013 | | | | | (49.73) | | | | | | | | Bank service charge |
| Interest (2/2013) | 2/28/2013 | | | | | | | 1.61 | | | | | | Bank service charge |
| City National Bank | 3/29/2013 | | | (7.00) | | | | | | | | | | Bank service charge |
| Comerica Bank | 3/31/2013 | | | | | (173.91) | | | | | | | | Bank service charge |
| Interest (3/2013) | 3/31/2013 | | | | | | | 1.79 | | | | | | |
| City National Bank | 4/30/2013 | | | (7.00) | | | | | | | | | | Bank service charge |
| Comerica Bank | 4/30/2013 | | | | | (138.08) | | | | | | | | Bank service charge |
| Interest (4/2013) | 4/30/2013 | | | | | | | 1.73 | | | | | | |
| Law Offices of David A. Tilem | 5/24/2013 | wire | | | | | (110,000.00) | | | | | | | 5% fee holdback for settled mechanic's lien claim (V.G.I.) |
| V.G.I. (c/o Monteleone & McCrory) | 5/24/2013 | wire | | | | | (100,452.47) | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | | | | (250,000.00) | | Settled mechanic's lien claim |
| Royal Business Bank | 5/31/2013 | | | | | | | | | | | (30.00) | | Wire transfer fee |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | (51,755.61) | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | | | | | | | | (50.00) | | | | | Wire transfer fee |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | | | | | (499,970.00) | Settled mechanic's lien claim |
| Royal Business Bank | 5/31/2013 | | | | | | | | | | | | (30.00) | Wire transfer fee |
| Comerica Bank | 5/31/2013 | wire | | | | (87,321.11) | | | | | | | | Bank service charge |
| Comerica Bank | 5/31/2013 | | | | | (326.39) | | | | | | | | Bank service charge |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | (499,867.00) | | | | | | | | | | Settled mechanic's lien claim |
| City National Bank | 5/31/2013 | | | (35.00) | | | | | | | | | | Wire transfer fee |
| City National Bank | 5/31/2013 | | | (7.00) | | | | | | | | | | Bank service charge |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | (188.42) | | | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | | (600,000.00) | | | | Settled mechanic's lien claim |
| Preferred Bank | 5/31/2013 | | | | | | | | | (30.00) | | | | Wire transfer fee |
| Interest (5/2013) | 5/31/2013 | | | | | | | 2.61 | | | | | | |
| V.G.I. (c/o Monteleone & McCrory) | 6/4/2013 | wire | | | | | | | (445.39) | | | | | Settled mechanic's lien claim |
| Israel Discount Bank | 6/4/2013 | | | | | | | | (50.00) | | | | | Wire transfer fee |
| Roosevelt Lofts, LLC | 6/10/2013 | wire | | 7.00 | | | | | | | | | | Transfer to pay City National Bank service charge |
| Comerica Bank | 6/17/2013 | | | | (27.00) | | | | (7.00) | | | | | Bank service charge |

**** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

Consolidated Accounting of Mechanic's Lien Reserve Accounts

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Integrity Builders West, Inc. (c/o Atkinson, Andelson et al.) | 6/26/2013 | wire | | | | | | | (66,500.00) | | | | | Settled mechanic's lien claim |
| Israel Discount Bank | 6/26/2013 | | | | | | | | | (50.00) | | | | Wire transfer fee |
| Law Offices of David A. Tilem | 6/26/2013 | wire | | | | | | | (3,500.00) | | | | | 5% fee holdback for settled mechanic's lien claim (Integrity Builders) |
| Israel Discount Bank | 6/26/2013 | | | | | | | | | (50.00) | | | | Wire transfer fee |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| Bank Account Balances: | | | 0.00 | 0.00 | 0.00 | 27.00 | 2.61 | 0.00 | 134,312.00 | 1,399,960.00 | 0.00 | 249,970.00 | 0.00 | |
| Total: | | | | | | | | | | | | | 1,784,271.61 | |

**Bank Abbreviations:**
CBB - California Business Bank
CNB - City National Bank
CB - Comerica Bank
FRB - First Republic Bank
IDB - Israel Discount Bank
PWB - Pacific West Bank
PB - Preferred Bank
RBB - Royal Business Bank

**Color Codes:**
Payments of settled mechanic's lien claims and fee
holdback to Class Action Counsel
Distributions to or for Roosevelt Lofts Inc. (RLI)

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

[Mech Lien Pmts 9-14-11]

Case 1:09-bk-14214-GM   Doc 1094   Filed 08/30/13   Entered 08/30/13 16:45:52   Desc
Main Document    Page 23 of 46
List of Mechanic's Lien Payments - 9/14/2011

| Name | Vendor Claims (per POC) | Settled Claim Amount | 10% Reserve for Tilem | Net Payment on Settled Claims |
|---|---|---|---|---|
| A Fence Company, Inc. | $4,460.00 | $800.00 | $80.00 | $720.00 |
| ACCO Engineering Systems | $82,300.00 | $53,000.00 | $5,300.00 | $47,700.00 |
| Addison Pools, Inc. | $125,915.25 | $125,915.25 | $12,591.53 | $113,323.73 |
| Fair Harbor Capital, LLC (for claim of American Demolition/Concrete Cutting, Inc.) | $17,012.00 | $17,012.00 | $1,701.20 | $15,310.80 |
| Brewster Marble Co. | $49,737.60 | $17,500.00 | $1,750.00 | $15,750.00 |
| Commercial Glass Company | $184,483.49 | $100,000.00 | $10,000.00 | $90,000.00 |
| CraneNetics, Inc. | $43,659.00 | $27,000.00 | $2,700.00 | $24,300.00 |
| Crenshaw Lumber (a/k/a Beacon Investment Co.) | $17,186.26 | $17,186.25 | $1,718.63 | $15,467.63 |
| HD Supply Construction Supply, Ltd. | $25,638.27 | $12,000.00 | $1,200.00 | $10,800.00 |
| Infinity Metals, Inc. | $21,836.50 | $21,836.50 | $2,183.65 | $19,652.85 |
| Killefer Flammang Architects | $55,853.00 | $25,000.00 | $2,500.00 | $22,500.00 |
| Lynn Safety, Inc. | $277,318.46 | $195,000.00 | $19,500.00 | $175,500.00 |
| Purcell Murray Builder Sales Co., Inc. | $278,886.07 | $125,000.00 | $12,500.00 | $112,500.00 |
| Schafer's Parking Lot Services (a/k/a Asphalt Management Inc.) | $18,000.00 | $6,650.82 | $665.08 | $5,985.74 |
| SRS Fire Protection, Inc. | $74,278.34 | $67,500.00 | $6,750.00 | $60,750.00 |
| Thermalair | $1,045,323.25 | $850,000.00 | $85,000.00 | $765,000.00 |
| | $2,321,887.49 | $1,661,400.82 | $166,140.08 | $1,495,260.74 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

[Mech Lien Pmts 9-28-11]

**List of Mechanic's Lien Payments - 9/28/2011**

| Name | Vendor Claims (per POC) | Settled Claim Amount | 10% Reserve for Tilem | Net Payment on Settled Claims |
|---|---|---|---|---|
| ACCI Corporation | $70,211.14 | $40,000.00 | $4,000.00 | $36,000.00 |
| Law Offices of Fred S. Pardes, APC (assignee of claim of Southland Exterior Building Svcs) | $375,856.31 | $100,000.00 | $10,000.00 | $90,000.00 |
| Siemens Building Technologies, Inc. | $126,563.65 | $45,000.00 | $4,500.00 | $40,500.00 |
| Spectra Company | $68,698.60 | $21,500.00 | $2,150.00 | $19,350.00 |
| | $641,329.70 | $206,500.00 | $20,650.00 | $185,850.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

## [Mech Lien Pmts 11-9-11]

Case 1:09-bk-14214-GM   Doc 1094   Filed 08/30/13   Entered 08/30/13 16:45:52   Desc
Main Document      Page 27 of 46

**List of Mechanic's Lien Payments - 11/9/2011**

| Name | Vendor Claims (per POC) | Settled Claim Amount | 10% Reserve for Tilem | Net Payment on Settled Claims |
|------|------------------------|---------------------|----------------------|------------------------------|
| Cal-State Steel Corporation | $176,592.00 | $110,000.00 | $11,000.00 | $99,000.00 |
| Muir-Chase Plumbing Co., Inc. | $2,827,949.00 | $950,000.00 | $95,000.00 | $855,000.00 |
| Robertson's Ready Mix | $12,850.30 | $6,000.00 | $600.00 | $5,400.00 |
| West Coast Doors | $4,814.75 | $3,500.00 | $350.00 | $3,150.00 |
| | $3,022,206.05 | $1,069,500.00 | $106,950.00 | $962,550.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "5"

[All Mech Lien Pmts]

Amended Lien Payments

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Westye Group - West Inc. | 9/13/2011 | wire | | | | | (180,000.00) | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 9/13/2011 | wire | | | | | (186,140.08) | | | | | | | 10% fee holdback for settled mechanic's lien claims - Westye Group ($20,000) and 9/14/2011 Payments ($166,140.08) |
| Interbank Transfer (for distribution to mechanic's liens) | 9/14/2011 | | | | | | (1,495,260.74) | | | | | | | Various settled mechanic's lien claims - *See List of 9-14-2011 Payments attached* |
| Interbank Transfer (for distribution to mechanic's liens) | 9/28/2011 | | | | | | (205,500.00) | | | | | | | Various settled mechanic's lien claims (incl. 10% fee holdback) - *See List of 9/28/2011 Payments attached* |
| Interbank Transfer (for distribution to mechanic's liens) | 11/9/2011 | | | | | | (1,069,500.00) | | | | | | | Various settled mechanic's lien claims (incl. 10% fee holdback) - *See List of 11/9/2011 Payments attached* |
| American Gunite, Inc. (c/o Raisin & Kavcioglu) | 12/6/2011 | 203 | | | | | (801,000.00) | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 12/6/2011 | wire | | | | | (89,000.00) | | | | | | | 10% fee holdback for settled mechanic's lien claim (American Gunite, ...) |
| Law Offices of Fred S. Pardes, APC (assignee of | 4/18/2012 | 209 | | | | | (3,150.00) | | | | | | | Settled mechanic's lien |
| Law Offices of David A. Tilem | 4/18/2012 | wire | | | | | (350.00) | | | | | | | 10% fee holdback for settled mechanic's lien claim (Fred Pardes/Southland Exterior) |
| Allstate Electric, Inc. | 6/26/2012 | 202 | | | (240,000.00) | | | | | | | | | Settled mechanic's lien claim |
| Sidney Alter dba Alter Electric | 6/26/2012 | 203 | | | (339,500.00) | | | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 6/26/2012 | wire | | | (30,500.00) | | | | | | | | | 5% fee holdback for settled mechanic's lien claim |
| ThyssenKrupp Elevator Corporation | 6/26/2012 | 205 | | | (164,943.35) | | | | | | | | | Settled mechanic's lien claim |
| Frank's Disposal | 6/29/2012 | 206 | | | (2,916.50) | | | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 6/29/2012 | wire | | | (8,834.73) | | | | | | | | | 5% fee holdback for settled mechanic's lien |

Case 1:09-bk-14214-GM   Doc 1094   Filed 08/30/13   Entered 08/30/13 16:45:52   Desc
Amended Voluntary Payments
Main Document    Page 30 of 46

| Payee | Pmt Date | Check No. | C8B (-0405) | CN8 (-6844) | C8 (-3904) | C8 (-4227) | FR8 (-7866) | ID8 (-3441) | ID8 (-3468) | PB (-1136) | PW8 (-2842) | R8B (-5659) | R8B (-5601) | Basis for Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Kultur Flooring USA, Inc. (c/o Neal Wolf & | 8/22/20L2 | wire | | | | (475,500.00) | | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 8/22/20L2 | wire | | | | (25,500.00) | | | | | | | | 5% fee holdback for settled mechanic's lien claim (Kultur) |
| Pfinish Koncepts Inc. (c/o Alan Carnegie) | 9/13/20L2 | 211 | | | | (166,250.00) | | | | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 9/13/20L2 | wire | | | | (8,750.00) | | | | | | | | 5% fee holdback for settled mechanic's lien claim (Pfinish Koncepts) |
| V.G.I. (c/o Monteleone & McCrory) | 5/24/20L3 | wire | | | | | (100,452.47) | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/20L3 | wire | | | | | | | | | | (250,000.00) | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | (51,755.61) | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | | | | | (499,970.00) | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | (87,321.11) | | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | (499,867.00) | | | | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/51/2013 | wire | | | (188.42) | | | | | | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 5/31/2013 | wire | | | | | | | | (600,000.00) | | | | Settled mechanic's lien claim |
| V.G.I. (c/o Monteleone & McCrory) | 6/4/20L3 | wire | | | | | | | (445.39) | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 5/24/2013 | wire | | | | | (110,000.00) | | | | | | | 5% fee holdback for settled mechanic's lien claim (V.G.I.) |
| Integrity Builders West, Inc. (c/o Atkinson, Andelson et al.) | 6/26/2013 | wire | | | | | | | (66,500.00) | | | | | Settled mechanic's lien claim |
| Law Offices of David A. Tilem | 6/26/2013 | wire | | | | | | | (3,500.00) | | | | | 5% fee holdback for settled mechanic's lien claim (Integrity Builders) |

Case 1:09-bk-14214-GM    Doc 1094    Filed 08/30/13    Entered 08/30/13 16:45:52    Desc
Main Document    Page 31 of 46

Amended Net Payments

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Subtotal: | | | 0.00 | (499,867.00) | (786,883.00) | (762,321.11) | (4,241,353.29) | 0.00 | (122,201.00) | (600,000.00) | 0.00 | (250,000.00) | (499,970.00) | |
| Total: | | | | | | | | | | | | | (7,762,595.40) | |

**Bank Abbreviations:**
CBB - California Business Bank
CNB - City National Bank
CB - Comerica Bank
FRB - First Republic Bank
IDB - Israel Discount Bank
PWB - Pacific West Bank
PB - Preferred Bank
RBB - Royal Business Bank



# EXHIBIT "6"

[RLI Pmts]

Page 1 of 3

| Payee | Pmt Date | Check No. | CBB (-0405) | CN8 (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Berkadia Commercial Mortgage | 2/27/2012 | wire | | | | (1,000,000.00) | | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar emails dated 2-21-12 and 2-26-12) |
| Hamid Nourmand | 2/28/2012 | 201 | | | | (100,000.00) | | | | | | | | Per instructions from Debtor and/or RLI (Emails from M. Yashouafar, S. Barlava and H. Nourmand dated 3-27-12 and 3-28-12) |
| Silver Arch Capital Partners, LLC | 3/13/2012 | wire | | | | | (50,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 3-13-12) |
| Hamid J. Nourmand (Desert Field, LLC) | 3/20/2012 | 205 | | | | | (50,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 3-16-12) |
| Hudson Labor Solutions | 3/20/2012 | wire | | | | | (300,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 3-16-12) |
| Carla Ridge LLC | 3/20/2012 | wire | | | | | (300,000.00) | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 3-16-12) |
| Levene, Neale, Bender, Yoo & Brill L.L.P. | 3/27/2012 | intra-bank transfer | | | | | (60,000.00) | | | | | | | Per instructions from Debtor and/or RLI (Emails from S. Barlava, H. Nourmand and D. Neale dated 3-27-12) |
| Berkadia Commercial Mortgage | 5/25/2012 | wire | | | (250,000.00) | | | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 5-21-12) |
| Berkadia Commercial Mortgage | 7/9/2012 | wire | | | (963,000.00) | | | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 7-9-12) |
| Berkadia Commercial Mortgage | 7/9/2012 | wire | | | | (1,037,000.00) | | | | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar email dated 7-9-12) |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

| Payee | Pmt Date | Check No. | C8B (-0405) | CNB (-6844) | C8 (-3904) | C8 (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PE (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lesnick Prince LLP | 8/2/2012 | 203 | | | | (18,398.50) | | | | | | | | Per instructions from Debtor and/or RU (M. Yashouafar email dated 8-1-12) |
| JAMS, Inc. | 8/6/2012 | 204 | | | | (4,275.00) | | | | | | | | Per instructions from Debtor and/or RU (M. Yashouafar email dated 8-6-12) |
| Doris Moradzadeh (wife of Hamid Nourmand) | 8/22/2012 | 207 | | | | (70,000.00) | | | | | | | | Per instructions from Debtor and/or RU (M. Yashouafar email dated 8-14-12) |
| JAMS | 9/10/2012 | 212 | | | | | (1,272.95) | | | | | | | Per instructions confirmed by Debtor and/or RU (Matt Lesnick email dated 9-7-12) |
| Carla Ridge LLC | 9/11/2012 | wire | | | | | | | | | (1,000,000.00) | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 9-10-12) |
| Berkadia Commercial Mortgage | 9/11/2012 | wire | | | | | | | | | (1,000,000.00) | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 9-10-12) |
| Hamrick & Evans, LLP | 9/24/2012 | 213 | | | | (6,957.44) | | | | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 9-24-12) |
| JAMS, Inc. | 11/1/2012 | 202 | | | | | | | (3,525.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Hamrick & Evans, LLP | 11/1/2012 | 203 | | | | | | | (14,605.00) | | | | | Per instructions from Debtor and/or RU (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

| Payee | Pmt Date | Check No. | CBB (-0405) | CNB (-6844) | CB (-3904) | CB (-4217) | FRB (-7866) | IDB (-3441) | IDB (-3468) | PB (-1136) | PWB (-2842) | RBB (-5659) | RBB (-5601) | Basis for Payment*** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Law Offices of Homan Taghdiri | 11/1/2012 | 204 | | | | | | | (25,000.00) | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Brandow & Nassar, Inc. | 11/1/2012 | 205 | | | | | | | (5,000.00) | | | | | Per instructions from Debtor and/or RLI (M. Yashouafar emails and S. Barlava emails dated 10-29-12 and 11-2-12) |
| Midland Loan Services, Inc. | 11/15/2012 | wire | | | | | | | (195,000.00) | | | | | Per instructions from Debtor and/or RLI (S. Barlava email dated 11-14-12) |
| Bank Account Balances: | | | 0.00 | 0.00 | (1,213,000.00) | (2,236,630.94) | (761,272.95) | 0.00 | (243,130.00) | 0.00 | (2,000,000.00) | 0.00 | 0.00 | |
| Total: | | | | | | | | | | | | | | (6,454,033.89) |

**Bank Abbreviations:**
CBB - California Business Bank
CNB - City National Bank
CB - Comerica Bank
FRB - First Republic Bank
IDB - Israel Discount Bank
PWB - Pacific West Bank
PB - Preferred Bank
RBB - Royal Business Bank

*** The information set forth herein is being provided to comply with the Court's Order; however, no privilege which may apply to such information is being waived.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "7"

[Account Balance Summary]

**Levene, Neale, Bender, Rankin & Brill LLP - Trust Accounts**

## Account Balances

ROOSEVELT  LOFTS

**As of June 30, 2013**

|  | Jun 30, 13 |
|---|---|
| **Checking/Savings** | |
| Roosevelt-ComericaBK 1894574217 | 27.00 |
| Roosevelt-LNBYB-Master#48-03468 | 134,312.00 |
| Roosevelt Mec Liens#80000747866 | 2.61 |
| RooseveltPref.Bk#00163116 | 1,399,960.00 |
| RooseveltRBB#0230025659 | 249,970.00 |
| **Total Checking/Savings** | 1,784,271.61 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF SUBMISSION BY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. OF ACCOUNTING OF ALL DISBURSEMENTS MADE FROM CLASS ACTION RESERVE ACCOUNTS PURSUANT TO DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION (DATED JUNE 20, 2011), AS MODIFIED; DECLARATION OF JULIET Y. OH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 30, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 30, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 30, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Ctrm 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 30, 2013 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

John B Acierno on behalf of Interested Party Courtesy NEF
jacierno@mrllp.com, jjacobs@mrllp.com

Franklin C Adams on behalf of Creditor Los Angeles Community College District
franklin.adams@bbklaw.com,
arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com

Franklin C Adams on behalf of Interested Party Courtesy NEF
franklin.adams@bbklaw.com,
arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com

Dennis G Bezanson on behalf of Creditor Los Angeles Community College District
dennis.bezanson@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com

Jess R Bressi on behalf of Interested Party Wells Fargo Bank, as Trustee, etc.
jbressi@mckennalong.com, ksigismondo@mckennalong.com

Carleton R Burch on behalf of Counter-Claimant Bank of America
crb@amclaw.com,
amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;esf@amclaw.com;slc@amclaw.com;kno@amc
law.com

Carleton R Burch on behalf of Counter-Defendant Bank of America
crb@amclaw.com,
amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;esf@amclaw.com;slc@amclaw.com;kno@amc
law.com

Carleton R Burch on behalf of Creditor BANK OF AMERICA, N.A.
crb@amclaw.com,
amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;esf@amclaw.com;slc@amclaw.com;kno@amc
law.com

Carleton R Burch on behalf of Defendant Bank of America
crb@amclaw.com,
amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;esf@amclaw.com;slc@amclaw.com;kno@amc
law.com

Carleton R Burch on behalf of Interested Party Courtesy NEF
crb@amclaw.com,
amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;esf@amclaw.com;slc@amclaw.com;kno@amc
law.com

Gary O Caris on behalf of Plaintiff Brian Young
gcaris@mckennalong.com, twaters@mckennalong.com

Gary O Caris on behalf of Plaintiff David Shafer
gcaris@mckennalong.com, twaters@mckennalong.com

Gary O Caris on behalf of Plaintiff Dennis Stapleton
gcaris@mckennalong.com, twaters@mckennalong.com

Gary O Caris on behalf of Plaintiff Eric Spamer
gcaris@mckennalong.com, twaters@mckennalong.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                           F 9013-3.1.PROOF.SERVICE

1  Gary O Caris on behalf of Plaintiff Keith McCarthy-Smith
   gcaris@mckennalong.com, twaters@mckennalong.com
2
   Gary O Caris on behalf of Plaintiff Michael Ni
3  gcaris@mckennalong.com, twaters@mckennalong.com

4  Gary O Caris on behalf of Plaintiff Patricia Mahaffey
   gcaris@mckennalong.com, twaters@mckennalong.com
5
   Gary O Caris on behalf of Plaintiff Puya Partow
6  gcaris@mckennalong.com, twaters@mckennalong.com

7  Gary O Caris on behalf of Plaintiff Robert Ni
   gcaris@mckennalong.com, twaters@mckennalong.com
8
   Gary O Caris on behalf of Plaintiff Ryan Anderson
9  gcaris@mckennalong.com, twaters@mckennalong.com

10 L Dominic Chacon on behalf of Creditor Kevin Stuart
   ldominicchacon@yahoo.com
11
   Cynthia M Cohen on behalf of Interested Party Courtesy NEF
12 cynthiacohen@paulhastings.com

13 Travis W Feuerbacher on behalf of Creditor Addison Pools, Inc.
   tfeuerbacher@gglts.com
14
   Helen R Frazer on behalf of Creditor Integrity Builders West, Inc.
15 hfrazer@aalrr.com

16 Jeffrey H Grant on behalf of Defendant Lockton Insurance Brokers, LLC
   jgrant@lathropgage.com
17
   Brian T Harvey on behalf of Creditor BANK OF AMERICA, N.A.
18 bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com

19 Brian T Harvey on behalf of Interested Party Courtesy NEF
   bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com
20
   Herbert Hayden on behalf of Creditor Lynn Safety, Inc
21 herbert@ntlg.us

22 William C Hernquist, II on behalf of Creditor ThyssenKrupp Elevator Corp
   , c.connolly@hernquistlaw.com
23
   Brian L Holman on behalf of Interested Party Courtesy NEF
24 b.holman@mpglaw.com

25 Robert B Kaplan on behalf of Interested Party Courtesy NEF
   rbk@jmbm.com
26
   Alexandra Kazhokin on behalf of Creditor BANK OF AMERICA, N.A.
27 akazhokin@buchalter.com, ifs_filing@buchalter.com

28 Robert A Klyman on behalf of Interested Party GS Roosevelt, LLC
   robert.klyman@lw.com, kathryn.bowman@lw.com;sabina.jacobs@lw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE

1

2   Robert A Klyman on behalf of Interested Party Greystar Equity Partners VII REIT
    robert.klyman@lw.com, kathryn.bowman@lw.com;sabina.jacobs@lw.com

3   Bernard J Kornberg on behalf of Interested Party GMAC Mortgage, LLC as Servicer for Aurora Loan
    Services, LLC

4   bjk@severson.com

5   Mark J Krone on behalf of Counter-Claimant Bank of America
    crb@amclaw.com, crs@amclaw.com;amc@amclaw.com

6

7   Mark J Krone on behalf of Creditor BANK OF AMERICA, N.A.
    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

8   Mark J Krone on behalf of Defendant Bank of America
    crb@amclaw.com, crs@amclaw.com;amc@amclaw.com

9

    Ian Landsberg on behalf of Creditor Committee Committee of Creditors Holding Unsecured Claims
10  ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-
    law.com;dzuniga@landsberg-law.com

11

    Ian Landsberg on behalf of Debtor Roosevelt Lofts, LLC
12  ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-
    law.com;dzuniga@landsberg-law.com

13

    Ian Landsberg on behalf of Plaintiff Official Committee of Creditors Holding Unsecured Claims for
14  Roosevelt Lofts, LLC
    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-
15  law.com;dzuniga@landsberg-law.com

16  Matthew A Lesnick on behalf of Interested Party The Roosevelt Lofts Inc.
    matt@lesnickprince.com, tmims@lesnickprince.com

17
    Wendy A Loo on behalf of Defendant Los Angeles Department of Building and Safety
18  wendy.loo@lacity.org

19  Wendy A Loo on behalf of Defendant Los Angeles Department of Water and Poer
    wendy.loo@lacity.org

20
    Monserrat Morales on behalf of Interested Party Howard L. Abselet
21  mmorales@steptoe.com

22  David L. Neale on behalf of Debtor Roosevelt Lofts, LLC
    dln@lnbrb.com

23
    Mark A Neubauer on behalf of Interested Party Courtesy NEF
24  mneubauer@steptoe.com

25  Juliet Y Oh on behalf of Debtor Roosevelt Lofts, LLC
    jyo@lnbrb.com, jyo@lnbrb.com

26
    Juliet Y Oh on behalf of Defendant Roosevelt Lofts, LLC
27  jyo@lnbrb.com, jyo@lnbrb.com

28  Brian A Paino on behalf of Interested Party Courtesy NEF
    ecfcacb@piteduncan.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

Fred S Pardes on behalf of Creditor Southland Exterior Building Services, Inc.
paralegal@fredpardes.com

David M Poitras on behalf of Interested Party Courtesy NEF
dpoitras@jmbm.com, bt@jmbm.com

Christopher E Prince on behalf of Interested Party The Roosevelt Lofts Inc.
cprince@lesnickprince.com

Russell H Rapoport on behalf of Creditor John Foley
rrapoport@prllplaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, nick@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Soda Partners, LLC
ron@ronaldrichards.com, nick@ronaldrichards.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Bruce D Rudman on behalf of Counter-Claimant ALLSALE ELECTRIC, INC.
bdr@agrlaw.net

Bruce D Rudman on behalf of Counter-Claimant SIDNEY ALTER
bdr@agrlaw.net

Bruce D Rudman on behalf of Counter-Defendant ALLSALE ELECTRIC, INC.
bdr@agrlaw.net

Bruce D Rudman on behalf of Counter-Defendant SIDNEY ALTER
bdr@agrlaw.net

Bruce D Rudman on behalf of Creditor ALLSALE ELECTRIC, INC.
bdr@agrlaw.net

Bruce D Rudman on behalf of Creditor Kultur Flooring USA, Inc
bdr@agrlaw.net

Bruce D Rudman on behalf of Creditor Sidney Alter, dba Alter Electric Co
bdr@agrlaw.net

William D Schuster on behalf of Creditor HD Supply Construction Supply LTD
bills@allieschuster.org

Marian K Selvaggio on behalf of Creditor ACCO Engineered Systems, Inc
selvaggio@huntortmann.com

Daniel H Slate on behalf of Creditor BANK OF AMERICA, N.A.
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Daniel H Slate on behalf of Defendant Bank of America
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Lindsey L Smith on behalf of Debtor Roosevelt Lofts, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                              **F 9013-3.1.PROOF.SERVICE**

1 | lls@lnbyb.com, marla@lnbyb.com

2 | Cathy Ta on behalf of Creditor Los Angeles Community College District
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

3

4 | David A Tilem on behalf of Counter-Defendant Muir Chase Plumbing Co., Inc.
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

5

6 | David A Tilem on behalf of Creditor Lynn Safety, Inc
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

7

8 | David A Tilem on behalf of Creditor Muir-Chase Plumbing Co Inc
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

9

10 | David A Tilem on behalf of Interested Party Courtesy NEF
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

11

12 | David A Tilem on behalf of Plaintiff Muir Chase Plumbing Co., Inc.
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

13

14 | Benjamin R Trachtman on behalf of Creditor Simens Building Technologies Inc
, sstraka@trachtmanlaw.com

15 | United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

16

17 | Howard J Weg on behalf of Interested Party Kefayut Barlava
hweg@peitzmanweg.com

18 | Howard J Weg on behalf of Interested Party Morris Barlava
hweg@peitzmanweg.com

19

20 | Howard J Weg on behalf of Interested Party Nasser Barlava
hweg@peitzmanweg.com

21 | Howard J Weg on behalf of Interested Party Simon Barlava
hweg@peitzmanweg.com

22

23 | Barry R Wegman on behalf of Creditor Muir-Chase Plumbing Co Inc
barrywegman@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

24

25 | Marc Weinberg on behalf of Creditor SRS Fire Protection, Inc.
marcweinberg@att.net

26 | Marc Weinberg on behalf of Interested Party Courtesy NEF
marcweinberg@att.net

27

28 | Gilbert B Weisman, II on behalf of Creditor American Express Centurion Bank
notices@becket-lee.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1   Brandon J Witkow on behalf of Creditor Killefer Flammang Architects
    bwitkow@lockelord.com
2
    Neal L Wolf on behalf of Creditor A-American Custom Flooring, Inc
3   , mwanser@nealwolflaw.com

4   Neal L Wolf on behalf of Creditor Kultur Flooring USA, Inc
    , mwanser@nealwolflaw.com
5
    Aimee Y Wong on behalf of Defendant Roosevelt Lofts, LLC
6   aywong@mckennalong.com

7   Aimee Y Wong on behalf of Plaintiff Brian Young
    aywong@mckennalong.com
8
    Aimee Y Wong on behalf of Plaintiff David Shafer
9   aywong@mckennalong.com

10  Aimee Y Wong on behalf of Plaintiff Eric Spamer
    aywong@mckennalong.com
11
    Aimee Y Wong on behalf of Plaintiff Keith McCarthy-Smith
12  aywong@mckennalong.com

13  Aimee Y Wong on behalf of Plaintiff Michael Ni
    aywong@mckennalong.com
14
    Aimee Y Wong on behalf of Plaintiff Patricia Mahaffey
15  aywong@mckennalong.com

16  Aimee Y Wong on behalf of Plaintiff Puya Partow
    aywong@mckennalong.com
17
    Aimee Y Wong on behalf of Plaintiff Robert Ni
18  aywong@mckennalong.com

19  Aimee Y Wong on behalf of Plaintiff Ryan Anderson
    aywong@mckennalong.com
20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

Roosevelt Lofts
RSN

Counsel for Debtor:
Homan Taghdiri and Kevin Davis
Law Offices of Homan Taghdiri
1801 Century Park East, Suite 1830
Los Angeles, CA 90067

Roosevelt Lofts, LLC
c/o Mr. M. Aaron Yashouafar, President
16661 Ventura Blvd., #600
Encino, CA 91436

U.S. Trustee
Attn:  S Margaux Ross, Esq.
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

~~Counsel for Ryan Anderson, et al.~~
~~Gary Owen Caris, Esq.~~
~~McKenna, Long & Aldridge LLP~~
~~444 South Flower St., 8th Floor~~
~~Los Angeles, CA 90071~~
*Remove per voicemail on 10-7-10*

Counsel for HD Supply Construction
William D. Schuster, Esq.
Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706-2614

Homan Taghdiri, Esq.
**Milbank**
660 S. Figueroa St., 24th Floor
Los Angeles, CA 90017

Counsel for Siemens Bldg Tech., Inc.
Benjamin R. Trachtman, Esq.
Trachtman & Trachtman
27401 Los Altos, Suite 300
Mission Viejo, Ca 92691

Counsel for Bank of America
Daniel H. Slate, Esq.
Buchalter, Nemer
1000 Wilshire Blvd., Ste 1500
Los Angeles, CA 90017

**Counsel for Sidney Alter dba Alter Electric**
Bruce D. Rudman, Esq.
Abdulaziz, Grossbart & Rudman
PO Box 15458
North Hollywood, CA 91615

Herbert Alfred Mayer
5360 Willow Oak Street
Simi Valley, CA 93063-4591

L.A. County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**Counsel for Infiniti Metals**
~~Law Ofcs Theodore A. Anderson~~
~~690 S. Brea Blvd.~~
~~Brea, CA 92821~~

**Counsel for VGI**
Patrick J. Duffy III
Andrew W Hawthorne
Monteleone & McCrory
725 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

**COMMITTEE COUNSEL**
Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Counsel for ThyssenKrupp Elevator**
William C. Hernquist II
Wallace H. Sweet
8407 La Mesa Blvd.
La Mesa, CA 91942

**Committee Member**
Kuetar Flooring
Attn:  Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

**Committee Member**
Bontempi USA
Attn: Michael Wilkov
4800 Alpha Road
Dallas, TX 75244

**Committee Member**
A American Custom Flooring
Attn:  Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

*Counsel for American Gunite, Inc.*
Bradley Alan Raisin
Raisin & Kacvioglu
16055 Ventura Blvd, Suite 6
Encino, CA 91436

David Sherwood
CEO
Daniel's Jewelers
PO Box 3750
Culver City, CA 90231

~~Alan B. Clark~~
~~Latham & Watkins LLP~~
~~355 S. Grand Ave~~
~~Los Angeles, CA 90071~~
**Withdrawal of RSN filed 11-10-09**

**Counsel to Bank of America**
Seyfarth Shaw LLP
T. Larry Watts, Eric B. von Zeipel
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

Attorney for Canon Financial Svcs
Scott H. Marcus & Associates
121 Johnson Road
Turnersville, NJ 08012

Fred S. Pardes, Esq.
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, Ca. 92629

~~Maria Stark~~
~~Hypothesis~~
~~811 West 7th St., Ste. 600~~
~~Los Angeles, CA 90017~~
*Remove per e-mail dtd 12-29-09*

~~Greg Sinderbrand, Esq.~~
~~Borba, Inc.~~
~~21700 Oxnard St Ste 1850~~
~~Woodland Hills, CA 91367~~
*Remove per e-mail dtd 12-29-09*

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

S.E.C.
5670 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90036

Gerald W. Mouzis
The Mouzis Law Firm
*Counsel for Thermalair Inc.*
13681 Newport Avenue, Suite 8-605
Tustin, CA  92780

Franklin C. Adams
Best Best & Krieger, LLP
3750 University Ave, 4th Floor
Riverside, CA 92502

Counsel for Los Angeles Community
College District:
Franklin C. Adams and Dennis Bezanson
Best Best & Krieger LLP
3390 University Avenue, 5th Floor
P.O. Box 1028
Riverside, CA 92502

Roosevelt Lofts, Inc. (the equity holder in
the Debtor)
16661 Ventura Blvd., Suite 600
Encino, CA 91436

Counsel for Simon Barlava, Morris
Barlava, Nasser Barlava, Kefayat
Barlava/Howard J. Weg and Brian M.
Rothschild
Peitzman Weg LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067

Counsel for Howard L. Abselet:
Mark A. Neubauer and Monsi Morales
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067

1

# **EXHIBIT B**

2

**(Proposed 2004 Examination Order)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305736.1 32274/001

JEREMY V. RICHARDS (CA BAR NO. 102300)
JOHN W. LUCAS (CA BAR NO. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
       jlucas@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee of the
Estates of Solyman Yashouafar and Massoud Aaron Yashouafar

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:16-bk-12255-GM |
| SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR, [2] | Chapter 11 |
| Debtors, | (Jointly Administered) |
| In re: | Case No.: 1:16-bk-12255-GM |
| SOLYMAN YASHOUAFAR, | Chapter 11 |
| Debtor, | |
| In re: | Case No. 1:16-bk-12408-GM |
| MASSOUD AARON YASHOUAFAR, | Chapter 11 |
| Debtor, | |
| Affects: | **ORDER AUTHORIZING PRODUCTION OF DOCUMENTS BY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AND ORAL EXAMINATION OF PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1** |
| ☒ Both Debtors | |
| ☐ Solyman Yashouafar | |
| ☐ Massoud Aaron Yashouafar | |
| Debtors. | [No Hearing Required] |

This matter came before the Court without a hearing upon the consideration of the *Chapter 11 Trustee's Motion for Production of Documents and Examinations Pursuant to Fed. R. Bankr. P.*

_____

[2] The Debtors, together with the last four digits of each Debtor's social security number are: Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590). The Debtors maintain a business address of 16661 Ventura Blvd., Suite 600, Encino, CA 91436.

DOCS_LA:305736.1 32274/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    *2004 and LBR 2004-1* (the "**Motion**"). Based upon the review of the Motion, and good cause

2    appearing therefor (all capitalized terms not otherwise defined herein having the same meaning as

3    set forth in the Motion),

4         **IT IS HEREBY ORDERED THAT:**

5         1.    Levene Neale shall produce the Requested Documents at the offices of Pachulski

6    Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California

7    90067, Attention: Jeremy V. Richards, on or before _____, 2017 at 4:00 p.m. (Pacific

8    Time).

9         2.    If requested by the Trustee, the Person Most Knowledgeable shall appear for

10   examination at the offices of the Trustee's Counsel before the ordered, or otherwise agreed-upon

11   production date for the Requested Documents, to testify as to the Identified Issues.

12        3.    This Order shall have the same force and effect as a subpoena issued under Rule 45 of

13   the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of

14   Bankruptcy Procedure, without the need for separate issuance of a subpoena.

15                                    # # # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE AND INCLUSION ON MAILING LIST***  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 10, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 10, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 10, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA MESSENGER**

Honorable Geraldine Mund
United States Bankruptcy Court
Central District of California
21041 Burbank Blvd, Courtroom 303
Woodland Hills, CA  91367

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|-------------|-----------|
| May 10, 2017 | Gini L. Downing | */s/ Gini L. Downing* |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

- Bret D. Allen   bankruptcy@bretallen.com
- Simon Aron   saron@wrslawyers.com
- Larry G Ball   lball@hallestill.com, gjohnson@hallestill.com
- William H Brownstein   Brownsteinlaw.bill@gmail.com
- Carol Chow   carol.chow@ffslaw.com
- Henry S David   hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- Brian L Davidoff   bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Fahim Farivar   ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- Todd S Garan   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Marian Garza   ecfnotices@ascensioncapitalgroup.com
- Thomas M Geher   tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Mark E Goodfriend   markgoodfriend@yahoo.com
- David Keith Gottlieb (TR)   dkgtrustee@dkgallc.com, dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- Lee W Harwell   leehar@earthlink.net, shada12200@hotmail.com
- Andrew V Jablon   ajablon@rpblaw.com, mlynch@rpblaw.com
- Robert B Kaplan   rbk@jmbm.com
- Andrew F Kim   akim@afklaw.com, andrew.kim.esq@gmail.com
- Matthew Kramer   mkramer@wwhgd.com, iperez@wwhgd.com
- John W Lucas   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Daniel J McCarthy   dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Ashley M McDow   amcdow@bakerlaw.com, mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- Kevin Meek   kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- C John M Melissinos   jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jessica Mickelsen Simon   jmsimon@davidfirm.com
- David L. Neale   dln@lnbyb.com
- Juliet Y Oh   jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens   kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com
- Jeremy V Richards   jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Ronald N Richards   ron@ronaldrichards.com, nick@ronaldrichards.com
- S Margaux Ross   margaux.ross@usdoj.gov
- Kambiz J Shabani   joseph@shabanipartners.com, kevin@shabanipartners.com
- Mark M Sharf   mark@forbankruptcy.com, msharf00@gmail.com
- Nico N Tabibi   nico@tabibilaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Maurice Wainer   mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- Howard J Weg   hweg@robinskaplan.com
- Thomas J Weiss   tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305736.1 32274/001