Jeremy V. Richards (CA Bar No. 102300)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee of the Estates of Solyman Yashouafar and Massoud Aaron Yashouafar

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1]<br><br>Debtors. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 11<br><br>Jointly Administered<br><br>**CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY ELKWOOD ASSOCIATES, LLC AND FIELDBROOK, INC.**<br><br>Date: June 5, 2018<br>Time: 10:00 am PST<br>Place: Ctrm. 303 |

David K. Gottlieb, the chapter 11 trustee (the "**Trustee**") for the estates (individually, an "**Estate**" and, collectively, the "**Estates**") of Massoud Aaron Yashouafar ("**Massoud**") and Solyman Yashouafar ("**Solyman**," and together with Massoud, the "**Debtors**") hereby files this opposition (the "**Opposition**") to the *Motion for Relief from the Automatic Stay* [Docket No. 594] (the "**Motion**") filed by Elkwood Associates, LLC ("**Elkwood**") and Fieldbrook, Inc. ("**Fieldbrook**" and together with Elkwood, the "**Movants**"). The Motion seeks relief from the automatic stay so that the Movants can "reform" an Assignment of Deed of Trust and Promissory Note, in a futile effort to rectify, and resurrect what was clearly a void pre-petition foreclosure sale (the "**Rexford**

[1] The Debtors, together with the last four digits of each Debtor's social security number are: Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).

**Foreclosure**") conducted for the benefit of Elkwood with respect to the Rexford Home (defined below). As the purported reformation is now barred by the applicable statute of limitations and by the Trustee's "strong arm powers," the relief sought pursuant to the Motion is without merit, and the Motion should be denied.

## I.

## INTRODUCTION

The largely undisputed facts surrounding the Motion are well known to the Court from that certain adversary proceeding brought by the Trustee against the Movants, case no. 1-17-ap-0104-GM (the "**Adversary Proceeding**"). Specifically, pursuant to that certain Assignment of Deed of Trust and Promissory Note, dated February 18, 2015, and attached to the Motion as Exhibit F (the "**Fieldbrook Assignment**"), Elkwood expressly transferred and assigned to Fieldbrook the Chalette DOT, together with the Note secured by the Chalette DOT.[2] Assignment of the Note to Fieldbrook also resulted in the assignment, by operation of law, of the Rexford DOT to Fieldbrook, as it is well established under California law that assignment of a debt carries with it the collateral securing that debt. *See* Cal. Civ. Code § 2936 ("The assignment of a debt secured by mortgage carries with it the security"); *United States v. Thornberg*, 82 F.3d 886, 892 (9th Cir. 1996) ("Under the law of California . . ., the Bank's assignment of the underlying debt carried with it the Mortgage securing the debt. [Citation omitted]."). Pursuant to the First Claim for Relief in the Adversary Proceeding, the Trustee seeks a determination that the subsequent purchase of the Rexford Home by Elkwood at the Rexford Foreclosure, pursuant to a "credit bid" on the outstanding balance of the Note, was invalid and void as Elkwood no longer was the holder of the Note (or, for that matter, the Rexford DOT).

Pursuant to the Motion, Movants seek relief from stay to reform the Fieldbrook Assignment to reflect what Elkwood now claims was its true intention, namely to assign to Fieldbrook only "an interest in the amount of $5,800,000 in [the Note]," while retaining the remaining "interest" in the Note and the Rexford DOT. *See* Corrective Assignment of Deed of Trust and Promissory Note (the

[2] All capitalized terms not otherwise defined herein will have the same meaning as set forth in the Third Amended Complaint, filed by the Trustee in the Adversary Proceeding.

"**Corrective Assignment**"). Motion, Exhibit C.[3]

The acknowledged purpose of the Motion and of the proposed "reformation" is to attempt to render moot the First Claim for Relief by, *ex post facto*, transforming the void Rexford Foreclosure into a valid action. However, assuming without conceding that the Movants have a colorable claim for reformation, that claim must fail on its face for at least two reasons. First, as conceded by Movants, the three year statute of limitations to reform the Fieldbrook Assignment based upon a "purported mistake" has already run. Thus, standing in the shoes of the Debtor, the Trustee has a complete defense to any action against him seeking reformation. Movants attempt to sidestep this problem by arguing that the proposed reformation is simply a matter between the two of them, and they can do it "voluntarily," without instituting what would now be a time barred lawsuit. However, Movants' argument ignores the fact that the whole purpose of the voluntary "reformation" is to attempt to adversely impact the rights of the Trustee in and to the Rexford Home and to enable Elkwood to argue that the Rexford Foreclosure was in fact valid, rather than void, thereby depriving Massoud's Estate of title to that property. If, as is clear, the so called voluntary reformation is intended to adversely affect the rights of the Trustee, then, to be binding on him, the Trustee must be made a party to an action for reformation. However, as Movants know full well, any such lawsuit is now time barred.

Secondly, reformation is now barred by virtue of the Trustee's "strong arm powers," in particularly his rights as a hypothetical bona fide purchaser of the Rexford Home from Massoud as of the Petition Date pursuant to Bankruptcy Code §544(a)(3). California law clearly bars reformation if it would be prejudicial "to rights acquired by third persons, in good faith and for value." Those are precisely the rights vested in the Trustee as of the Petition Date.

The Fieldbrook Assignment expressly assigned the Note to Fieldbrook, together with the

[3] In support of the Motion, Jack Nourafshan ("**Nourafshan**"), a one third owner of both Elkwood and Fieldbrook, concedes that the Fieldbrook Assignment did not accurately reflect what he now claims was his intention "to split the [Note]," but contends that the fact that the Fieldbrook Assignment only expressly assigned the Chalette DOT is consistent with his intent that "Elkwood only was assigning $5,800,000 of the [Note] to Fieldbrook along with the Chalette DOT." However, the Fieldbrook Assignment makes no reference whatsoever to the sum of $5,800,000. Further, the Corrective Assignment which Nourafshan "propose[s] to execute and record on behalf of Elkwood and Fieldbrook" purports to assign an interest in the Note, contrary to Nourafshan's stated intention that he intended to "split" the Note.

Rexford DOT by operation of law. Accordingly, when Elkwood purported to foreclose on the Rexford Home by way of a credit bid, it was neither the holder of the Note nor the Rexford DOT. Accordingly, the Rexford Foreclosure was and is void and Movants cannot seek reformation against the Trustee, either as successor to Massoud or in his capacity as a hypothetical bona fide purchaser pursuant to Bankruptcy Code §544(a)(3).

## II.

## OBJECTION

### A. Reformation is Expressly Prohibited as against the Debtor Because the Statute of Limitations Expired

Contrary to the argument made by the Motion, the Movants cannot reform the Fieldbrook Assignment as to Massoud, or the Trustee standing in his shoes pursuant to Bankruptcy Code §541(a), because there is a three year statute of limitations to a reform a writing based on mistake. Specifically, the California Code of Civil Procedure provides that a party has three years to bring:

> An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

Cal. Code Civ. Proc. § 338(d).

Under section 338(d), a cause of action for reformation accrues at the time the party seeking reformation executed the document. *Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.*, 171 Cal. App. 4th 1356, 1391-94 (Cal. App. 2009) (plaintiff's claim to reform a deed was barred by 3 year statute of limitations that began to accrue at the time the deed was executed and delivered to the plaintiff); *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1596 (Cal. App. 2008) (finding that the claim began to accrue under securities law at the time he read the documents giving plaintiff actual knowledge of omissions and misrepresentations); *Loeffler v. Wright*, 13 Cal. App. 224, 231 (Cal. App. 1910) (denying a claim by grantor/plaintiff to reform a deed more than three years after it was executed and recorded because the grantor/plaintiff is presumed to have knowledge of its defects at the time of execution and recordation).

The Fieldbrook Assignment was executed by Elkwood on February 18, 2015. As Elkwood drafted, executed, and recorded the Fieldbrook Assignment, it is deemed to be aware of its contents

at the time it was executed and how that content apparently differed from its true intent. Elkwood has waited more than three years before seeking to reform the assignment.

Movants attempt to circumvent this obvious problem by arguing that they can simply agree between themselves to reform the Fieldbrook Assignment and that they do not need to commence a lawsuit for that purpose because there is no dispute as between the two of them. However, the purpose of the reformation is clearly not to resolve issues *inter se* (as they admit there are none), but rather to enable the Movants to argue that the Rexford Foreclosure, which is clearly void, was in fact valid, thereby displacing the Trustee from title to a valuable asset of the Massoud Estate. In order to be able to make that argument as against the Massoud Estate and to attempt to adversely affect the vested rights of the Trustee, the Movants would necessarily have to commence a lawsuit naming the Trustee as a defendant. *Wilson v. Shea,* 194 Cal. 653, 648 (1924) (California Supreme Court holding that "in actions for the reformation of agreements all persons, whose interests in the subject matter, legal or equitable, will be affected by the decree are necessary parties."); *Baines v. Zuieback,* 84 Cal. App. 2d 483, 491 (Cal. App. 1948) (holding that were a party's rights are not affect such party is not a necessary party); *Lennar Mare Island, LLC v. Steadfast Ins. Co.,* 139 F.Supp. 3d 1141, 1153 (E.D. Cal. 2015) (holding under federal law that a claim for contract reformation requires the plaintiff to name all parties whose rights might be affected). However, as Movants concede, such a lawsuit is time barred. Accordingly, even if a claim for reformation has any validity, an action to achieve Movants' intended goal is no longer possible.

**B. <u>The Trustee's Rights as a Hypothetical Bona Fide Purchaser of the Rexford Home Also Bar Reformation as a Matter of California and Bankruptcy Law</u>**

California law permits reformation of a contract only under the following circumstances:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, **<u>so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value</u>**.

Cal. Civ. Code § 3399 (emphasis added). The Trustee holds "strong arm powers" pursuant to section 544(a)(3) of the Bankruptcy Code, which states that he is to be considered:

> A bona fide purchaser of all real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that attains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Thus, pursuant to the express language of California Civil Code §3399, reformation cannot be obtained against the Trustee, in his capacity as a hypothetical bona fide purchaser of the Rexford Property as of the Petition Date.

Numerous bankruptcy cases have held that the equitable remedy of reformation cannot be used to defeat the rights of a trustee in estate property. In *Rakozy v. Parsons Packing, Inc. (In re Pro-Ag, Inc.)*, 2000 WL 33712201 (Bankr. D. Idaho Sept. 5, 2000), a bankruptcy trustee brought an adversary proceeding seeking a determination that an agreement between the debtor and Parsons was a sale agreement as opposed to a true lease. *Id*. at *1. The bankruptcy court analyzed the contract and determined that by its terms, the agreement was a sale agreement. This had the effect of bringing the proceeds of the sale into the bankruptcy estate; if the agreement were a lease, then Parsons (not the estate) would have been entitled to the proceeds. *Id*. at *2-3. However, Parsons argued that there was a mutual mistake of fact as to the effect of the agreement, and that the agreement should be reformed to make it a true lease. *Id*. at *3-4. The bankruptcy court rejected the reformation request because: (a) a bankruptcy trustee's status as a hypothetical lien creditor destroys the mutuality required for reformation that may otherwise be present in a mutual mistake by the debtor and a third party; and (b) in bankruptcy, the equities favor allowing property into the estate so that it can be distributed ratably to similarly situated creditors per the priority scheme established in the Bankruptcy Code:

> While a request to reform the contract may be appropriate to prevent an injustice as between the parties to a contract, *see*, *e.g. U.S. Bank National Assoc. v. Kuenzli*, 134 Idaho 222, 999 P.2d 877, 882 (Idaho 2000), the rights of others are adversely impacted under these facts. Put another way, the "equities" presented here are different than in the classic situation where one party to a contract seeks reformation of its terms to give it true effect based upon the existence of an alleged mutual mistake as against the other party to the contract. As a matter of law, Plaintiff does not stand in the same shoes as Debtors, even if a mutual mistake can be established. Instead, Plaintiff is a representative of the interests of the bankruptcy estates and the unsecured creditors, *see* 11 U.S.C. § 541(a), and is clothed with the rights of a hypothetical third-party lien creditor in challenging the asserted secured interests of

> others, *see* 11 U.S.C. § 544(a)(1). The policies of the Code require the Court to reject a request for equitable relief, the results of which defeat the statutory mandate that creditors holding similar claims be treated in the same fashion. *See Begier v. I.R.S.*, 496 U.S. 53, 57, 110 S. Ct. 2258, 110 L.Ed.2d 46 (1990).

*Pro-Ag*, 2000 WL 33712201 at *4.

Similarly, in *Field v. Henshaw (In re Henshaw)*, 569 B.R. 800, 802 (Bankr. D. Haw. 2017), a deed granted by a debtor reflected that the property was transferred by the debtor but as a joint tenant with the grantee. The other joint tenants argued that the debtor intended to transfer the entire interest in the property. *Id.* The trustee commenced an adversary proceeding to establish the estate's interest in the property and the other party sought to reform the deed to reflect the parties' true intention. *Id.* at 803. The bankruptcy court denied the reformation request and granted summary judgment in favor of the trustee because the trustee's bona fide purchaser status under section 544(a) cut off any reformation remedy or defense that might have otherwise been available under state law. *Id.* at 805.

The other bankruptcy cases on the topic of reformation are in accord with *Henshaw* and *Pro-Ag*. *See, e.g., Schaechter v. Madeoy* (*In re Madeoy*), 551 B.R. 172, 177-79 (D. Md. 2016) (denying a request to reform a deed of trust that described the wrong collateral because reformation would compromise the superior rights the trustee holds by way of the strong arm provisions under section 544(a) of the Bankruptcy Code); *Bank of Am., N.A. v. Gallo* (*In re Gallo*), 539 B.R. 88, 92 and 93 (Bankr. E.D.N.C. 2015) (avoiding *lis pendens* filed by bank seeking to reform deed of trust, holding postpetition reformation of deed barred by trustee's strong-arm powers under section 544(a)); *In re Law Developers, LLC*, 404 B.R. 136 (Bankr. E.D.N.C. 2008) (refusing to reform a deed of trust even though reformation would be proper outside of bankruptcy because the trustee has the rights of a *bona fide* purchaser, and the debtor's knowledge of the mistake is not imputed to it); *Peebles v. Commercial Credit Corp. (In re Peebles)*, 197 B.R. 799, 801-802 (Bankr. W.D. Pa. 1996) (refusing to reform pre-petition mortgage in a chapter 7 case because a trustee has the status of a *bona fide* purchaser, and "is not charged with any actual knowledge that the prepetition debtor may have had as to a mistake in the description in Commercial Credit's mortgage"); *Crestar Bank v. Neal (In re Kitchin Equip. Co. of Virginia, Inc.)*, 960 F.2d 1242, 1249 (4th Cir. 1992) (refusing to reform a UCC filing because "the mutuality of the mistake, if any, has been destroyed by the intervening Chapter 7

petition in bankruptcy, which gave the trustee the avoiding powers of a hypothetical lien creditor without knowledge of agreements between the parties"); *Northeastern Bank of Pennsylvania v. Clark (In re White Beauty View, Inc.)*, 81 B.R. 290, 292 (Bankr. M.D. Pa. 1988) (refusing to reform a mortgage because one party had filed for bankruptcy and trustee's rights had intervened).

Defendants assert that the above cases are not relevant or applicable in this case because they all involve transactions with the debtor and that the Fieldbrook Assignment was only between Elkwood and Fieldbrook. That argument is almost certainly incorrect, as "splitting" the Note alters the obligations and burdens of each of the Debtors (jointly and severally liable as co-obligors under the Note, as drafted) and alters the contribution and reimbursement rights between them. However even if Movants' argument is correct, whether or not the debtor is a party to the agreement or documents sought to be reformed is irrelevant. The cases on which the Trustee relies focus on his status as a hypothetical bona fide purchaser, not on the rights of the debtor or the debtor's status as a party to the document sought to be reformed.

Movants also argue that the Trustee's "strong arm" argument is to no avail because, as a hypothetical bona fide purchaser of the Rexford Home, "the Trustee was deemed to have had constructive notice that Elkwood claimed an interest in the Rexford Home by virtue of all these recorded documents, especially the Rexford Foreclosure Sale Deed to Elkwood [citations]." However, Movants' argument misses the mark. The fact that the Trustee as a hypothetical purchaser of the Rexford Home would have had constructive notice of the foreclosure sale does not change the underlying fact that the Rexford Foreclosure was void and of no force and effect. In sum, the constructive notice imparted to the Trustee as a hypothetical purchaser is irrelevant to the infirmity in the Rexford Foreclosure.

## III.

## CONCLUSION

For all of the reasons set forth above, the Motion must be denied because the reformation the Movants seek will not have the intended effect of depriving the Massoud Estate of a valuable asset, but is rather a futile act. Even if the bankruptcy had not intervened, Massoud, as the owner of the Rexford Home and as an indispensable party would have been able to dismiss any reformation

action as statute barred. The intervention of the bankruptcy and the Trustee's rights as a hypothetical good faith purchaser of the Rexford Home as of the Petition Date provides further reason, both under California and applicable bankruptcy law, why a reformation claim cannot be sustained at this time.

Dated: May 22, 2018

PACHULSKI STANG ZIEHL & JONES LLP

By *_/s/ Jeremy V. Richards_*
Jeremy V. Richards
John Lucas

Counsel to David K. Gottlieb,
Chapter 11 Trustee

Main Document Page 10 of 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the following documents entitled (*specify*): ***CHAPTER 11 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY ELKWOOD ASSOCIATES, LLC AND FIELDBROOK, INC.*** will be served or (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the following documents were served by the court via NEF and hyperlink to the documents. On (*date*) **May 22, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **May 22, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 22, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Suite 312, Courtroom 303,
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 22, 2018 | Gini L. Downing | /s/ Gini L. Downing |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*June 2012* **F 9013-3.1.PROOF.SERVICE**

DOCS_SF:96806.5 32274/001

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Timothy C Aires tca@arlawyers.com, mdkhan@arlawyers.com
- Bret D. Allen ca.ecf@bretallen.com, bankruptcy@bretallen.com
- Simon Aron saron@wrslawyers.com
- Larry G Ball lball@hallestill.com, gjohnson@hallestill.com
- William H Brownstein Brownsteinlaw.bill@gmail.com
- Carol Chow carol.chow@ffslaw.com
- Henry S David hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- Brian L Davidoff bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Michael T Delaney mdelaney@bakerlaw.com
- Fahim Farivar ffarivar@bakerlaw.com, amcdow@bakerlaw.com,mdelaney@bakerlaw.com,sgaeta@bakerlaw.com
- Todd S Garan ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Marian Garza ecfnotices@ascensioncapitalgroup.com
- Thomas M Geher tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Eliza Ghanooni eliza@ghanoonilaw.com, monicabedia@ghanoonilaw.com
- Mark E Goodfriend markgoodfriend@yahoo.com, monica.yoohanna@gmail.com
- David Keith Gottlieb (TR) dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- Lee W Harwell leehar@earthlink.net, shada12200@hotmail.com
- Eric P Israel eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com;deleestar76099@notify.bestcase.com
- Andrew V Jablon ajablon@rpblaw.com, mlynch@rpblaw.com
- Thomas P Jeremiassen (TR) tjeremiassen@thinkbrg.com, ntroszak@thinkbrg.com;rdizon@thinkbrg.com
- Robert B Kaplan rbk@jmbm.com
- Andrew F Kim akim@afklaw.com, 6229175420@filings.docketbird.com
- Matthew Kramer mkramer@wwhgd.com, iperez@wwhgd.com
- John W Lucas jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Ashley M McDow amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Kevin Meek kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com;amatsuoka@robinskaplan.com
- C John M Melissinos jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jessica Mickelsen Simon DBrotman@hrhlaw.Com;jmsimon@hrhlaw.com
- William K Mills mills@parkermillsllp.com, sally@parkermillsllp.com
- David L. Neale dln@lnbyb.com
- Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens kowens@venable.com, khoang@venable.com;DGIge@venable.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- S Margaux Ross margaux.ross@usdoj.gov
- Kambiz J Shabani joseph@shabanipartners.com, kevin@shabanipartners.com
- Mark M Sharf mark@forbankruptcy.com, 2180473420@filings.docketbird.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

DOCS_SF:96806.5 32274/001

- Nico N Tabibi   nico@tabibilaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Maurice Wainer   mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- Howard J Weg   hweg@robinskaplan.com
- Thomas J Weiss   tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com
- Gilbert R Yabes   ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- Aaron E de Leest   aed@dgdk.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com;deleestar76099@notify.bestcase.com
- 

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_SF:96806.5 32274/001