FILED & ENTERED

JUN 05 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re:<br><br>Solyman Yashouafar<br><br><br><br><br><br>Debtor(s). | Case No.: 1:16-bk-12255-GM<br><br>CHAPTER 11<br><br>**TENTATIVE RULING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:        June 5, 2018<br>Time:        10:00 AM<br>Courtroom: 303 |

Elkwood Assoc. and Fieldbrook, Inc. - the defendants in Gottlieb v. Elkwood, et al (1:17-ap-01040) - seek to execute and record a correcting Assignment, stating that Elkwood only assigned the Chalette DOT $5.8 million of the PWB Note to Fieldbrook, with the balance to be secured by the Rexford DOT that was not assigned. The Movants assert that the automatic stay does not preclude this since Massoud's interest in the Rexford Home was foreclosed on 2/23/2015. Although the Trustee argues that the foreclosure sale was void as a matter of law, that does not make the Rexford Home property of Massoud's estate. Even if the estate does have an interest, that does not

1    prevent Elkwood and Fieldbrook from recording a correcting Assignment because the

2    correction concerns a matter between them.

3        A correcting Assignment would relate back to the original Assignment, even if the

4    original Assignment was void.  *Melgar v. Deutsche Bank Nat'l Tr. Co.,* 2016 WL

5    6677866 (Cal. Ct. App. Aug. 17, 2016).

6        Similarly, the Trustee's Deed can be reformed at a later date.

7        The Rexford Home is owned by Elkwood, per the recorded deed.  The mere

8    assertion that the Trustee is entitled to judgment does not make the Rexford Home

9    property of the estate.

10        Cal. Civ. Code §3399 allows a written contract to be revised on application of the

11    party aggrieved by the fraud or mutual mistake in the document, so as to express the

12    intention.  This is allowed so far as it can be done without prejudice to rights acquired by

13    third persons, in good faith and for value.

14        Here the parties to the assignment agree to the reformation.  There are many

15    cases which allow voluntary reformation, such as *Melgar*.  And it does not require a

16    reformation action in court to reform a corrective trust deed either before the property is

17    transferred or on a trustee's deed on sale.  *Selby v. Burtch*, 193 Cal.App.3d 147 (1987)

18    (subsequently ordered not to be officially published); *Coppage v. WMC Mortg*., 2017 WL

19    1488759, at *2 (Cal.Ct.App. Apr. 26, 2017).  Grant deeds and quitclaim deeds can also

20    be corrected [numerous cases cited].

21        As to reformation post-petition, the debtor was not a party to the Assignment, so

22    the automatic stay does not apply.  All of the cases previously cited by the Trustee do

23    not apply since in all of them the document was signed by the debtor.

24        Elkwood has record title to the Rexford Property.  Merely asserting that the

25    Trustee is entitled to a judgment that voids the foreclosure sale does not make Rexford

26    property of the estate.  And recording a correcting Assignment will not prejudice the

27    Trustee's First Claim for Relief to quiet title.  That claim is based on a "gotcha" theory

28    that Elkwood and Fieldbrook are bound by a mistake in the original assignment  But that

mistake is just a mistake and does not reflect the intention of the parties.  The correcting

Assignment would just eliminate the "gotcha" argument.

Even if the estate does have an interest, §544(a)(3) allows a remedy of

reformation.  The motion then goes on to discuss the rights under California law of

Elkwood to split the note and the timing of the various actions taken by the parties.


Opposition

As a matter of law, the three year statute of limitations to reform the Assignment

based on a "purported mistake" has already run because more than three years have

passed since the Assignment was executed (2/18/15). Cal. Code Civ. Proc. §338(d).

Thus, the Trustee has a complete defense in the adversary proceeding to the proposed

assignment. Since the voluntary reformation would affect the Trustee, he must be a

party to it and such a lawsuit is now time-barred.

Also, because of the Trustee's powers under §544(a)(3) as a hypothetical bona

fide purchaser of the Rexford Home from Massoud as of the petition date, reformation

would be prejudicial to his rights as a third party, in good faith, and for value. Cal Civ.

Code §3399.


Reply

The three-year statute of limitations does not apply because this reformation is

being done by cooperating parties.  Further, a correcting instrument can be created

even after a reformation claim might be barred by the three-year statute of limitations.

The mistake in the wording was not discovered until April 2017 and that is when

the statute of limitations would begin to run.

If the Trustee must be named in a reformation action, the automatic stay tolls the

statute of limitations.

The cases relied on by the Trustee as to reformation under §544(a)(3) all involve the debtor as a party to the instrument being reformed.  Massoud was not a party to the assignment.

As to splitting the PWB note, that would not occur now, but it actually occurred in February 2015, prior to the foreclosure sales - though the assignment was incorrectly drafted.  Splitting the note was allowed by the Debtors' Business Loan Agreement with PWB and there was no prejudice to the debtors because Elkwood could have accomplished the same result through its credit bid of a portion of the note on Chalette and then the balance on Rexford.

The Trustee was not a hypothetical BFP due to construction notice of Elkwood's interest in Rexford.  Thus the cases that the Trustee relies on are not on point.

Elkwood, not Massoud, owns Elkwood as set forth in the recorded trustee's deed.

Proposed Ruling

The estate is clearly a party-in-interest.  Allowing a "correcting Assignment" would strongly impact the Trustee's case in the adversary proceeding.  If the sale of Rexford was improper, since the buyer is a BFP it has already been determined that the sale itself will not be voided, but that the seller will be liable for damages in at least the amount of money that it received.  Under these circumstances, I do not at all agree that the estate has no interest.  Thus, the automatic stay applies to any action that can hurt that interest.

Cutting through the process used, this is really a motion for summary judgment.  Such a motion might be relevant at a later date after discovery and in the proper form.  Effectively what the moving parties want the court to do is to determine that it is undisputed that the Fieldbrook Assignment was incorrect when drafted and that its terms do not reflect the intent of the parties to the assignment (Fieldbrook and Elkwood) - at that time.  This is a question of fact and I am not ready to make that determination in this type of motion.

1    As to the statute of limitations, it will have run from the time that the aggrieved

2  party became aware of the error (if the court were to find that the Fieldbrook

3  Assignment was in error).  This seems to be no earlier than April 2017.  But if the

4  movants are concerned about time slipping away, I can grant a stay of some sort - just

5  in case I am wrong about the automatic stay.  But I doubt that this is necessary.  The

6  outcome of the adversary proceeding will determine the rights of the parties.  If the

7  defendants prevail, there will be no need to reform the Fieldbrook Assignment or - if

8  they wish - there will be no barrier to recording a correcting assignment.

9    This is a motion seeking to confirm that there is no automatic stay and if there is

10  for relief from the automatic stay.  It is not a determination of whether the correcting

11  Assignment should be recorded.  The automatic stay prevents the recording of a

12  "correcting Assigment."  The motion does not meet the requirements for relief from the

13  automatic stay as set forth in §362(d).

14    Deny the motion.

15  .

16  ###

17

18

19

20

21

22

23

24

Date: June 5, 2018

_____

Geraldine Mund
United States Bankruptcy Judge

25

26

27

28