Ashley M. McDow (245114)
Fahim Farivar (252153)
**FOLEY & LARDNER LLP**
555 South Flower Street, Ste. 3500
Los Angeles, CA 90071-2411
Telephone:    213.972.4500
Facsimile:    213.486.0065
Email:    *amcdow@foley.com*
            *ffarivar@foley.com*

[Proposed] Counsel for OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR<br><br><br><br>                              Debtor.<br><br>―――――――――――――――<br><br>Affects:<br><br>☒  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Aaron Yashouafar | Case No. 1:16-bk-12255-GM<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY FOLEY & LARDNER LLP AS BANKRUPTCY COUNSEL; DECLARATION OF ASHLEY M. MCDOW IN SUPPORT**<br><br>**[11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014; Local Bankr. R. 2014-l(b)]**<br><br>[No Hearing Required – LBR 9013-1(o)] |

**TO THE HONORABLE GERALDINE MUND, THE UNITED STATES TRUSTEE, THE**

**CHAPTER 11 TRUSTEE, ALL INTERESTED PARTIES, AND COUNSEL OF RECORD:**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned

jointly administered bankruptcy case of the debtors Massoud Yashouafar ("Massoud") and

Solyman Yashouafar ("Solyman", and together with Massoud, the "Debtors") (the "Bankruptcy

Cases"), hereby submits the within application (the "Application") to employ Foley & Lardner

LLP ("Foley" and/or the "Firm") as bankruptcy counsel for the Committee, effective as of May

20, 2018, on the terms and conditions set forth herein.  In support thereof, the Committee respectfully submits as follows:

## I.    JURISDICTION

This Application is made pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 327, 328 and 1103,[1] Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2014 and the Guidelines of the Office of the United States Trustee (the "UST Guidelines").

## II.    BACKGROUND

1. On or about August 3, 2016 (the "Petition Date"), the Petitioning Creditors, Fereydoun Dayani, Yona Samih, and N&S Investment, LLC (collectively, the "Petitioning Creditors") filed an involuntary petition under chapter 11 of the Bankruptcy Code against each of the Debtors, commencing the Bankruptcy Cases.

2. On or about September 9, 2016, the Petitioning Creditors and Solyman entered into a *Stipulation for entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee,* which stipulation was granted by order entered on September 12, 2016. Also, on or about September 9, 2016, the Petitioning Creditors and Massoud entered into a *Stipulation for entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee,* which stipulation was granted by order entered on September 12, 2016, thereby formally commencing the Bankruptcy Cases.

3. On or about November 2, 2016, the Office of the United States Trustee appointed the Committee to represent the interests of all unsecured creditors for the bankruptcy estate (the "Estate") pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) DMARC 2007-CD5 Garden Street LLC; (ii) Van Nuys Plywood, LLC; and (iii) Mehrdad Taghdiri.

4. On or about November 3, 2016, the Committee retained Baker & Hostetler LLP ("Baker") to represent it in the Bankruptcy Cases, subject to Court approval.  On or about December 5, 2016, the Committee filed an application to employ Baker & Hostetler LLP ("Baker") as general

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

- 2 -

1    bankruptcy counsel (the "Baker Application").  On or about December 27, 2016, the Court

2    entered an order granting the Baker Application and approving the employment of the Firm.

3        5.  On or about April 30, 2018, Ashley M. McDow ("Ms. McDow"), the lead counsel for the

4    Committee, resigned from the partnership of Baker and joined the Firm as a lateral partner.

5    Shortly thereafter, the Committee indicated that they wished to continue to be represented by Ms.

6    McDow and the Firm.  The Committee continues to require the assistance of bankruptcy counsel.

7    Accordingly, the Committee seeks to employ the Firm as their general insolvency counsel, at the

8    expense of the Estate, effective May 20, 2018, on the terms and conditions set forth herein, to the

9    extent any such services are necessary and appropriate.

10    **A.    Proposed Employment**

11        In the course of its employment, the Firm shall render, among others, the following

12    services on behalf of the Estate:

13        1.    Advising the Committee with regard to the requirements of the Bankruptcy Court,

14    the Federal Rule of Bankruptcy Procedure ("FRBP"), the Bankruptcy Code, the Local

15    Bankruptcy Rules ("LBR"), and the U.S.T. Guidelines, as they pertain to the Committee and/or

16    the Estate;

17        2.    Advising and representing the Committee with respect to matters and proceedings

18    in the Bankruptcy Cases that may impact or alter the rights, treatment and/or recovery of or for

19    general unsecured creditors;

20        3.    Providing the Committee with legal advice regarding its power and duties under §

21    1103;

22        4.    Assisting the Committee with the retention and employment of any and all

23    professionals retained by or on behalf of the Committee;

24        5.    Advising the Committee members with respect to their duties to the Estate and

25    other creditors;

26        6.    Advising the Committee with respect to the rights and remedies of the Estate as

27    well as the rights, claims and interests of creditor(s);

28        7.    Advising and representing the Committee with regard to motions and other

1    developments in the Bankruptcy Cases and other related matters;

2        8.    Advising the Committee with respect to potential actions and/or claims against the

3    Debtors, third parties and/or insiders of the Debtors and to prosecute such actions and/or claims

4    as appropriate and necessary;

5        9.    Advising and representing the Committee with regard to the drafting, negotiation

6    and/or confirmation of any plan of reorganization, as necessary and appropriate;

7        10.    Assisting, advising, and representing the Committee in its consultation with the

8    Debtors and the Chapter 11 Trustee, David K. Gottlieb (the "Trustee" and/or "Mr. Gottlieb")

9    regarding the administration of the Bankruptcy Cases;

10        11.    Assisting, advising, and representing the Committee in analyzing the Debtors'

11    assets and liabilities, investigating the extent and validity of any lien asserted against those assets,

12    participating in and reviewing any proposed asset sales, and/or any dispositions, financing

13    arrangements and/or cash collateral related pleadings;

14        12.    Assisting, advising and representing the Committee in investigating the acts,

15    conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the

16    desirability of the continuance of any portion of those operations, and any other matters relevant

17    to the Bankruptcy Cases whether by and through an examination pursuant to Bankruptcy Rule

18    2004 or otherwise; and

19        13.    Performing any other services that may be appropriate in the course of the Firm's

20    representation of the Committee during the Bankruptcy Cases; provided, however, that the Firm

21    shall not render and shall not be required to render services within the exclusive purview of

22    alternate or special counsel or involving issues outside the expertise of the Firm and its attorneys.

23    **III.    FIRM'S QUALIFICATIONS**

24        The Firm is an international law firm and is well qualified to represent the Committee in

25    this Bankruptcy Cases.  The attorneys with the Firm assigned to the Bankruptcy Cases are

26    experienced in the practice of insolvency and are competent to handle the proposed

27    representation.  True and correct copies of a summary of the Firm's insolvency experience as well

28    as the biographies of the attorneys principally assigned to the representation of the Committee in

- 4 -

the Bankruptcy Cases are attached to the Declaration of Ashley M. McDow (the "McDow

Declaration") as **Exhibit A** and incorporated herein by reference.

      1.    <u>Hourly Fees and Expenses.</u> The Firm has agreed to employment on an hourly

basis, by keeping time entries in accordance with the U.S.T. Guidelines accounting for the work

performed and records regarding any expenses incurred.  The majority of the work is being

performed by Ms. McDow at an hourly billing rate of $610.00 and Fahim Farivar at an hourly

billing rate of $545.00, which may be subject to adjustment from time to time.

      2.    <u>Retainer and Requirement to File Fee Application.</u>  The Firm has not received a

retainer. The Firm will apply to the Court for approval of compensation and reimbursement of

expenses in accordance with the provisions of sections 330 and 331 of the FRBP and any

applicable provisions of the Bankruptcy Rules, LBR, and/or U.S.T.  Guidelines, and agrees to

accept as full and complete compensation such sums as the Court may allow.

      3.    <u>Effective Date.</u>  The Committee seeks authority to employ the Firm effective May

20, 2018.

## IV.    <u>THE FIRM IS DISINTERESTED AND DOES NOT HOLD ANY ADVERSE INTEREST TO THE ESTATE</u>

      To the best of the Committee's knowledge, and except as set forth in the McDow

Declaration, the Firm does not believe that any conflict exists sufficient to prohibit the Firm's

employment as Committee's counsel pursuant to 11 U.S.C. § 327(a).  Section 327 of the

Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part,

as follows:

> . . . *the trustee,[2] with the court's approval, may employ one or more
> attorneys, accountants, appraisers, auctioneers, or other professional
> persons, that do not hold or represent an interest adverse to the estate,
> and that are disinterested persons, to represent or assist the trustee in
> carrying out the trustee's duties under this title.*

11 U.S.C. § 327(a).

      "To hold an interest adverse to the estate means (1) to possess or assert any economic

interest that would tend to lessen the value of the bankruptcy estate or that would create either an

---

[2] Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and
performs all of the functions and duties of, a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a).

actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *In re Connor*, 52 B.R. 892, 896 (W.D. OK. 1985), *citing In re Roberts,* 46 B.R. 815, 327 (Bankr.D.Utah 1985). "To represent an adverse interest means to serve as agent or attorney for any individual or entity holding such an adverse interest." *Id.* An adverse interest is material if it exists by reason of any relationship with the debtor. *See In re AFI Holding, Inc.*, 530 F.3d at 845-46.

Rule 2014 of the FRBP mandates that a professional seeking approval of its employment by the bankruptcy estate disclose "any proposed arrangement for compensation" and "all of the person's connections with the Trustee, creditors, any other party-in-interest, their respective attorneys and accountants, [and] the United States Trustee." All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed. The professional is required to make a full, candid and complete disclosure in its application for employment. *See In re AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008). *See In re Lotus Properties. LP*, 200 B.R. 388, 391 (Bankr. C.D.Cal. 1996) (*citing In re Park Helena Corp.*, 63 F.3d 877, 880-82 (9th Cir. 1995)); *In re Gire*, 107 B.R. 739, 746 (Bankr. E.D.Cal. 1989); FRBP 2014; LBR 2014-1(b).

To the best of the Firm's knowledge, the Firm does not hold any adverse interest to the Committee or the Estate and is disinterested as that term is defined in § 101(14) of the Bankruptcy Code, which provides in pertinent part that a "disinterested person" is a "person that – (A) is not a creditor, an equity security holder, or an insider; (B)…(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

The Firm has not previously represented nor did it represent any creditor of the Estate on matters related to the Estate or the Bankruptcy Cases. The Firm's attorneys assigned to the Bankruptcy Cases have no affiliation with the Office of the U.S. Trustee or the Court. Moreover, the Firm does not represent an individual or entity holding an interest adverse to the Committee. The Firm has no fee sharing arrangement, understanding or agreement with any other entity and

no part of the attorneys' fees or expenses awarded to the Firm will be paid to any other entity,

except for the members of the Firm.  In addition, to the best of the Firm's knowledge, neither the

Firm nor any of its professionals:

    1.    Is a creditor or an insider of either of the Debtors as of the Petition Date;

    2.    Is or was, within two (2) years before the Petition Date, a director, officer or

employee of either of the Debtors; or

    3.    Has an interest materially adverse to the interest of the Estate or of any class of

creditors, by reason of any direct or indirect relationship to, connection with or interest in either

of the Debtors or for any other reason.

    To the best of the Firm's knowledge, neither the Firm nor any professionals who are

members of the Firm possess or assert an economic interest that would tend to lessen the value of

the Estate or that would create an actual or potential dispute against the Estate or has a

predisposition that will create a bias against the Estate.  Accordingly, the Firm believes that it

holds no interest "adverse" to the Estate.

    As set forth in the McDow Declaration, although Ms. McDow and Mr. Farivar previously

represented the Petitioning Creditors while they were at Baker (and despite § 1103(b) permitting

an attorney to simultaneously represent an unsecured creditors' committee and a constituent

member or other unsecured creditor), as previously disclosed to the Court, Baker formally

terminated its representation of the Petitioning Creditors in this matter as soon as it was retained

as bankruptcy counsel for the Committee to avoid even the appearance of a conflict of interest.

This was the only matter in which Baker represented the Petitioning Creditors.  At no point has

the Firm represented any of the Petitioning Creditors.  However, the Firm currently represents

Mr. Gottlieb in his capacity as a chapter 7 trustee in other cases.  However, none of these

connections or those set forth in the McDow Declaration are disqualifying connections.

    Based upon the foregoing, the Firm believes that it is "disinterested" within the meaning

of Section 101(14) of the Bankruptcy Code, and does not believe that it has any conflict that

would impair the Firm's ability to perform professional services for the Committee in accordance

with Sections 327 and 330 of the Bankruptcy Code.

## V.    **CONCLUSION**

WHEREFORE, the Committee believes the employment of the Firm as his general

bankruptcy counsel is in the best interests of the Estate and, thus, respectfully requests that the

Court enter an order:

(1) approving the Application,

(2) authorizing the Committee to employ the Firm as general bankruptcy counsel pursuant

to 11 U.S.C. § 327(a) effective as of May 20, 2018, on the terms set forth herein;

(3) authorizing the Firm to seek compensation and reimbursement pursuant to 11 U.S.C.

§§ 330 and 331; and

(4) granting any further or additional relief the Court deems just and proper.

Timothy Carl Aires
Chairman for the Official Committee of Unsecured
Creditors

- 8 -

## DECLARATION OF ASHLEY M. MCDOW

I, ASHLEY M. MCDOW, do hereby declare as follows:

1. I am a partner at the law firm of Foley & Lardner LLP (the "Firm"), proposed counsel for the Committee in the Bankruptcy Cases, and was formerly a partner at Baker & Hostetler LLP ("Baker"), previous counsel for the Committee in the Bankruptcy Cases.[3]

2. I have personal knowledge of the following facts, unless otherwise stated, and if called upon to do so, could and would competently testify thereto.

3. I make this declaration in support of the Application.

4. I have been the attorney primarily responsible for the representation of the Committee in the Bankruptcy Cases, and am licensed to practice law in all relevant courts in the states of California and Washington.

5. I have personally reviewed the information contained in the Application, and believe its contents to be true and correct to the best of my knowledge.

6. On or about April 30, 2018, I resigned from the partnership of Baker and joined the Firm as a lateral partner. Shortly thereafter, the Committee indicated that he wished to continue to be represented by me and the Firm.

7. I am familiar with the guidelines of the Office of the United States Trustee, and I believe that the Application fully complies with these requirements.

8. The Firm is comprised, in part, of attorneys who specialize and practice in (among other areas) bankruptcy law, corporate and securities law, tax law, real estate, and business litigation, and is well qualified to represent the Committee as general bankruptcy counsel. The attorneys with the Firm who will provide services to the Committee in the Bankruptcy Cases are experienced in insolvency law, and are competent to handle the proposed representation. A summary of the Firm's insolvency experience, as well as the biographies of me and Fahim Farivar are collectively attached hereto as **Exhibit A,** and incorporated herein and into the Application by reference.

---

[3] Capitalized terms shall have the meaning set forth in the Application, unless a different meaning is ascribed to them.

9.    The Firm has agreed to employment on an hourly basis by keeping time entries in accordance with the UST Guidelines. The majority of the work is being performed by me at an hourly billing rate of $610.00 and Fahim Farivar at his hourly billing rate of $545.00, which may be subject to adjustment from time to time.

10.    The Firm's policy is to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The costs include, but are not limited to, travel, report preparation, printing, photocopying and other postage, messenger and other delivery fees, express mail, and other costs included in providing the services set forth hereinabove. All costs and expenses will be charged to the Committee to the extent permitted by the Bankruptcy Court.

11.    The Firm intends to apply to this Court for compensation in conformity with the requirements of 11 U.S.C. §§ 330 and 331. The Firm understands that its compensation in the Bankruptcy Cases will be subject to the approval of the Court pursuant to noticed application(s) for compensation.

12.    The Firm has conducted a conflicts search with respect to the Bankruptcy Cases, and based there on, does not believe that the Firm holds any interest adverse to the Estate or has any connection with any creditors or other parties-in-interest relating to the Committee or the Bankruptcy Cases. Accordingly, I believe that the Firm is "disinterested" as that term is defined in 11 U.S.C. §101(14).

13.    Furthermore, to the best of my knowledge, the Firm:

•    Has no connection with the Trustee (other than the fact the Firm represents the Trustee in other unrelated matters), either of the Debtors, and/or their insiders, creditors, any other party or parties in interest, their respective attorneys and accountants, or any person employed by the Office of the U.S. Trustee;

•    Is not a pre-petition creditor or an insider of either of the Debtors;

•    Is not and was not an investment banker for any outstanding security of either of the Debtors;

•    Is not and has not been, within three (3) years prior to the Petition Date, an investment banker for a security of either of the Debtors;

- 10 -

1        • Is not and was not, within two (2) years prior to the Petition Date, a director,

2    officer or employee of either of the Debtors;

3        • Does not represent an individual or entity which holds an interest adverse to the

4    Estate;

5          • Has not received and will not receive a retainer in the Bankruptcy Cases; and

6        • Has no fee sharing arrangement, understanding or agreement with any other entity

7    and no part of the fees or expenses awarded to the Firm will be paid to any other entity, except for

8    the members of the Firm.

9        14.    To the best of my knowledge, none of the professionals comprising or employed

10   by the Firm is related to any judge of the United States Bankruptcy Court for the Central District

11   of California, the UST, or to any person employed by the UST.

12       15.    To the best of my knowledge, neither the Firm nor any professionals who are

13   members of the Firm possess or assert an economic interest that would tend to lessen the value of

14   the Estate or that would create an actual or potential dispute against the Estate or has a

15   predisposition that will create a bias against the Estate. Accordingly, I believe that the Firm holds

16   no interest "adverse" to the Estate.

17       16.    Although Mr. Farivar and I previously represented the Petitioning Creditors while

18   we were at Baker (and despite § 1103(b) permitting an attorney to simultaneously represent an

19   unsecured creditors' committee and a constituent member or other unsecured creditor), as

20   previously disclosed to the Court, Baker formally terminated its representation of the Petitioning

21   Creditors in this matter as soon as it was retained as bankruptcy counsel for the Committee to

22   avoid even the appearance of a conflict of interest. This was the only matter in which Baker

23   represented the Petitioning Creditors.  To the best of my knowledge, at no point has the Firm

24   represented any of the Petitioning Creditors. However, the Firm currently represents Mr. Gottlieb

25   in his capacity as a chapter 7 trustee in other cases. I do not believe that any of these connections

26   or those set forth herein are disqualifying connections.

27

28

17.    I believe that the Firm is "disinterested" within the meaning of Section 101(14) of the Bankruptcy Code. I further believe in accordance with 11 U.S.C. § 327 that the Firm does not have any conflict that would impair the Firm's ability to perform professional services for the Committee.

18.    Furthermore, I believe the Firm's rates reflect the market rates that law firms of similar size and status charge clients for such services.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed this 22nd day of June 2018 at Los Angeles, California.

Ashley M. McDow, Declarant

- 12 -

# Exhibit A



**Firm Overview**

*They are smart people who know business... experienced and equipped to meet the very highest standards."*

# FOLEY

**FOLEY & LARDNER LLP**



**175** Years

**1,100** Lawyers

**24** Offices

## Looking beyond the law to focus on the evolving demands facing our clients.

Foley's attorneys understand the issues our clients face and view those issues through a practical business lens. Our clients view us as trusted advisors because we proactively get to know their teams, priorities and challenges. We know that great legal advice is only valuable if it is insightful, relevant and beneficial to our clients' business.

## Combining legal knowledge with market experience.

We are more than just lawyers; we are business advisors. We leverage the collective knowledge gained from those in our ranks who have spent years working in senior positions in business and government to provide unparalleled legal guidance.



*"It's always a pleasure to work with Foley & Lardner. They get our business objectives and are always quick to respond to issues."*

**200** IP Lawyers

**400** Litigators

**500** Corporate Lawyers

# Delivering practical solutions to clients' complex business needs.

Clients seek out Foley for our approach to solving their market-specific needs. We combine our rich, sector experience with technical legal skill to provide targeted advice for our clients' business issues. Clients are supported by Foley attorneys who are committed to creating legal strategies that help them meet their needs today and to anticipate tomorrow's challenges.

**60**
Practice groups providing business solutions including...

*Antitrust*
*Bankruptcy*
*Business Reorganizations*
*Capital Markets*
*Class Action*
*Construction*
*Corporate Governance*
*Cybersecurity Data Privacy & Information Management*
*Dispute Resolution*
*Distribution & Franchise*
*Employee Benefits & Executive Compensation*
*Environmental Regulation*
*Export Controls*
*Finance*
*Government Solutions*
*Government Enforcement, Defense & Investigations*
*Insurance*
*Intellectual Property*
*International Trade*
*Labor & Employment*
*Litigation*
*Mergers & Acquisitions*
*Outsourcing*
*Private Equity*
*Product Liability*
*Real Estate*
*Securities Enforcement & Litigation*
*Tax, Benefits & Estate Planning*
*Technology Transactions*
*Transfer Pricing*
*Venture Capital & Emerging Business*

# Providing award-winning client service.

Clients come first and that is proven in the relationships we have built and continue to foster and in our service-oriented recognitions, including BTI's Most Recommended Law Firms report for more than 15 years, *AmLaw* 100 (2017) and repeatedly named to the BTI Client Service A-Team and the Elite BTI Client Service 30.



**37%** Fortune 500 clients served by Foley

**1,500** clients utilizing Foley for 15+ years

**193** advanced and doctorate degrees

**24** former federal prosecutors / judges

**68** former in-house counsel

# Our Core Values



### CLIENTS FIRST
Our clients are our first priority. When we provide quality work, value and superior service to our clients, our own success inevitably follows.

### DIVERSITY
We embrace diversity and are committed to the inclusion of our diverse attorneys and staff and to the success of all our people.

### INTEGRITY
We will adhere to high standards of ethics, professionalism and integrity and safeguard the reputation of the firm at all times.

### TRUST AND RESPECT
The success of our partnership stands on a foundation of trust, mutual respect, collegiality, communication and teamwork.

### STEWARDSHIP AND ACCOUNTABILITY
As stewards of the firm, we are accountable to one another and will commit our time, talent and energy to the firm's success, growth and long-term prosperity.

### CITIZENSHIP
We embrace our responsibilities to our communities and profession and will lead by example through civic, pro bono, professional and charitable service.

### PROFESSIONAL SATISFACTION
Our work should be professionally satisfying and provide competitive financial rewards while affording the opportunity to achieve a reasonable balance between professional demands and personal commitments.

### OUR PEOPLE
Our people are our most valuable asset and their quality, creativity and dedication are indispensable to our success.

> *Foley understands our business and our technology, they grasp it and they can distill it and explain it very effectively. They really grasp what we want to achieve."*



**FOLEY & LARDNER LLP**

AUSTIN  |  BOSTON  |  BRUSSELS  |  CHICAGO  |  DALLAS  |  DENVER  |  DETROIT  |  HOUSTON  |  JACKSONVILLE
LOS ANGELES  |  MADISON  |  MEXICO CITY  |  MIAMI  |  MILWAUKEE  |  NEW YORK  |  ORLANDO  |  PALO ALTO
SACRAMENTO  |  SAN DIEGO  |  SAN FRANCISCO  |  TALLAHASSEE  |  TAMPA  |  TOKYO  |  WASHINGTON, D.C.

ATTORNEY ADVERTISEMENT. The contents of this document, current at the date of publication, are for reference purposes only and do not constitute legal advice. Where previous cases are included, prior results do not guarantee a similar outcome. Images of people may not be Foley personnel. © 2018 Foley & Lardner LLP | 18.MC8944





BANKRUPTCY & BUSINESS REORGANIZATIONS / LITIGATION / PRACTICE AREAS / SERVICES

FOLEY & LARDNER LLP

# Bankruptcy & Business Reorganizations

**When facing financial uncertainty and distress, Foley's Bankruptcy & Business Reorganizations Practice will help you limit enhance value. Whether from the vantage of creditors seeking to maximize recoveries or debtors navigating unique challenge will partner with you to establish a clear and effective path forward.**

With 40 restructuring professionals nationwide, Foley's practice is among the largest and most robust in the nation, representing myriad creditor and debto constituencies. Foley's nationally recognized practice emphasizes practical solutions tailored to specific business needs.

Coupling business acumen and industry knowledge, Foley delivers thoughtful legal advice whether in a complex chapter 11, an out-of-court workout, state framework, creditors' rights litigation, or strategic acquisition or divestiture. Foley will serve as your trusted advisor and work each step of the way to craft strategies for loss mitigation and counterparty risk as well as realignment in financially distressed industries. We share your vision and understand your par needs. This is why Foley has become the law firm of choice for many of the most difficult and challenging high-stakes restructuring matters in the United

Recognized by *U.S. News – Best Lawyers*® and by *The Legal 500*, our highly regarded attorneys will provide practical solutions tailored to specific busines signature strengths include the following:

### Creditor Committee Representation

Protecting and promoting creditors' rights in insolvency is a particular strength of our practice. We represent individual creditors in complex restructuring and insolvency litigation matters and counsel clients regarding both proactive and responsive solutions in distressed environments. In addition, we are often selected to serve as counsel to the official committee of unsecured creditors in chapter 11 cases. We coordinate a constant flow of information to our committee constituency, empowering them to make fully informed decisions in the course of such cases. A successful result in a committee case often depends upon industry-specific knowledge, or experience in a relevant non-bankruptcy area of law. We regularly draw on our firm's experience in relevant, non-bankruptcy disciplines, such as real estate, tax, ERISA, labor and employment, securities, and finance. In addition, we are renowned for our use of sophisticated information-sharing technology with clients and creditor constituencies, providing cost-savings as well as easier access and more thorough and detailed communication about issues with our clients.

### Debtor Representation

We represent borrowers and chapter 11 debtors, providing long-term counseling and developing critical institutional knowledge, enabling us to "triage" issues arising in the context of either out-of-court restructuring negotiations or the chapter 11 plan process. With a broad network of industry teams focusing on key markets (e.g., financial services, real estate, energy, municipal, hospitality, and health care), we can provide you with case-specific representation, while leveraging financial professionals and other work-out advisors. This ensures a comprehensive plan to maximize your chances of successfully emerging from bankruptcy.

### Fiduciary Representation

We represent fiduciaries in all aspects of insolvency and debtor/creditor rights cases, including the representation of trustees in chapter 7 and 11 cases; examiners in chapter 11 cases; and plan administrators and liquidating trustees operating under court supervision. Not all insolvency proceedings involve federal bankruptcy cases. We also represent clients and fiduciaries in many non-bankruptcy insolvency proceedings, including assignments for the benefit of creditors and receiverships. Indeed, we are often called upon to represent creditors seeking the appointment of receivers, and the receivers themselves, in hotly contested matters involving the maintenance and potential liquidation of valuable assets. We have particular experience in related insolvency litigation, including fraudulent conveyance litigation, directors and officers liability litigation, and preference litigation.

### Indenture Trustee

We have a multidisciplinary corporate trust and bondholders rights team to address the range of issues confronted by indenture trustees and investors. We offer default counsel to corporate trustees (and sometimes investors in major cases throughout the United States) and often are called upon to serve alongside the trustees as members of creditors' committees, and have represented creditors' committees in bankruptcy and bond default cases throughout the United States. Our attorneys have represented a variety of clients in high-profile matters involving defaulted corporate, municipal, and structured-finance debt, as well as indenture interpretation disputes.

### Asset Acquisition

Our Bankruptcy & Business Reorganizations attorneys regularly advise lenders, borrowers, debtors, and unrelated potential purchasers on the sale or acquisition of distressed assets. Whether the sale takes place in or outside of the chapter 11 process, we have a broad range of experience with developing and executing the strategic sale of assets. We have significant experience navigating complex commercial real estate bankruptcy issues, including use of cash collateral, adequate protection disputes, relief from the automatic stay, cramdown plans, collateral valuation disputes, and related litigation. We work with you to identify potential acquisition targets, develop competitive bids in an auction atmosphere, navigate the sometimes-complicated requirements of a sale within the United States Bankruptcy Code, and otherwise assist you in realizing a deal that is both strategically beneficial and legally sound. In connection with the acquisition of distressed assets, we have developed a nationally recognized talent for negotiating the assumption and assignment of executory contracts and unexpired leases.

### Cross-Border Insolvencies

Foley has extensive experience in representing clients with cross-border matters both generally and specifically to multiple industries (including finance, real estate, services, energy, oil, healthcare, and securities), as well as cross-border workouts and insolvencies throughout the world.

In fact, Foley's international practice includes attorneys and governmental affairs professionals who have spent years living, traveling and working in Central and Latin America (including Bermuda, British Virgin Islands and Grand Cayman), Europe, and Asia, and have deep roots in those regions. Not only are many of our practice members fluent in the native languages of multiple countries, they also fully understand the culture and the nuances of successfully handling negotiations, resolving disputes, and closing deals throughout those regions.

In addition, Foley regularly serves in all aspects of complex litigation involving asset recovery, corporate finance and debt capital markets issuances, including as underwriter's counsel, indenture trustee's counsel, bond counsel, trustee/receiver's counsel and issuer's/borrower's counsel. We also represent an array of other participants such as credit enhancers, liquidity providers, securitizers and major investors. We have strong working relationships with major market participants and extensive experience with a wide variety of sophisticated transactions. We offer seamless collaboration for sharing insights and ideas to close transactions.

## Cross-Border Workouts and Insolvency

Our team members have experience in some of the highest profile cross-border insolvency proceedings and workouts involving debtors in other jurisdictions, including the Cayman Islands, Bermuda, BVI, Mexico, Latin America, Europe and Asia.

Our cross-border and insolvency services include:

- sale, disposition and monetization of assets
- implementation of receivers, trustees, CRO's, crisis managers and other fiduciary positions
- white collar and criminal matters
- investigations and forensic work
- board and management issues
- corporate and tax matters
- complex litigation involving asset recovery, fraudulent conveyances, avoidance actions and claw back actions

## Bankruptcy & Restructuring

Our team routinely assists clients in their capacities as creditors, bondholders, investors, and other significant constituencies in Chapter 11 proceedings. We also represent fiduciaries in all aspects of insolvency and debtor/creditor cases, including the representation of parties-in-interest in connection with Chapter 15 proceedings, trustees in Chapter 7 and 11 cases, examiners in Chapter 11 cases; and plan administrators and liquidating trustees. We also assist in structuring and documenting repayment, restructuring, and work-out options for clients facing financial difficulties and those dealing with third parties in financial distress. We routinely address capital access, restructurings and bankruptcy, venture capital/private equity, and tax-exempt issues.

## Asset Dispositions

Our team has worked on the sale and purchase of assets, both in court-supervised and out-of-court transactions. We provide the full range of related and ancillary services such as foreign investment structuring, regulatory issues, permitting, labor and employment issues and tax counseling.

## Securities Matters

Our team has extensive experience in debt capital markets transactions and is supported by a deep bench of securities litigation attorneys who can provide support on any issues which may arise in adversary proceedings.

## Representative Experience

- Represented Trinidad Cement Limited (TCL) Group, a multinational leading producer of cement products, based in Trinidad and Tobago, and subsidiaries in Trinidad, Barbados, Guyana, Jamaica and Anguilla in one of the largest restructuring matters in the Caribbean, collectively re-profiling nearly TT$1.95 billion (approximately U.S.$310 million) of the group's outstanding debt.
- Represented four of the largest investors in the Cayman debtor fund at issue in *Stillwater Asset Backed Offshore Fund Ltd.* in an involuntary Chapter 11 filed in the S.D.N.Y.
- Represented an Icelandic bankruptcy trustee and obtained recognition under Chapter 15 and proceeded to a sale of U.S. assets under Section 363 of the Bankruptcy Code.
- Represented Banco Supervielle Société Générale S.A., as administrative agent, in a $60,000,000 bridge loan, and as underwriter in the subsequent take-out financing through the issuance pursuant to Regulation S of $60,000,000 of Medium Term Notes, for Transportadora de Gas del Norte S.A., an Argentine natural gas distributor.
- Represented the U.S. importer of the Tortuga Rum Company, in connection with the consolidation of various businesses affiliated with the rum company under a new holding company and the sale of a controlling interest in the holding company to the Jamaica Producers Group, a Jamaican public company.
- Represented the indenture trustee for Hellas Telecommunications, a Greek telecommunications provider, for PIK notes issued in the face amount of 200,000,000 € and secured a judgment against the issuer and guarantor in excess of $560 million.
- Represented an indenture trustee in the restructuring of Grupo Iusacell, S.A.B. de C.V. under Mexican restructuring law.
- Represented a large investor in an offshore fund related to *Aramid Entertainment Fund Limited*, a Chapter 11 debtor in S.D.N.Y. Bankruptcy Court.
- Represented Banco Santander S.A., Institución de Banca Múltiple, Grupo Financiero Santander and Standard Chartered Bank, as administrative agents, in a MXN$421,921,500 / U.S.$111,000,000 Dual Currency Senior Unsecured Credit Facility to Grupo Petrotemex, S.A. de C.V., the sole producer in Mexico and the second-largest producer and supplier in NAFTA of purified terephthalic acid (PTA) and dimethyl-terphtalate (DMT), the main raw materials for the production of polyester derivatives, and a significant producer of polyethylene terephthalate (PET) and polyester fibers.
- Represented BNP Paribas, New York Branch, as administrative agent, in a $1,156,000,000 syndicated senior revolving credit facility to Petróleos de Venezuela S.A., the Venezuelan state oil company.
- Represented Corporación Andina de Fomento (CAF), a multilateral development bank, as lender, in a $250,000,000 senior unsecured A/B loan facility for YPF Sociedad Anónima, the largest hydrocarbons producer in Argentina.
- Represented Calyon, London Branch, as administrative agent, in a $100,000,000 syndicated senior secured credit facility to Pluspetrol Camisea, S.A. to partially finance the development of the Peruvian Camisea natural gas fields, some of the largest natural gas fields in Latin America.
- Represented Calyon, New York Branch, as administrative agent, in a $200,000,000 syndicated senior credit facility to Pan American Energy, LLC, Argentine Branch, the second largest hydrocarbons producer in Argentina.
- Represented a Central American financial institution, as agent, in connection with a $30,000,000 uncommitted senior secured revolving credit facility for a multinational petroleum company, to be used for working capital in its operations in Central America.
- Represented Banco Santander S.A. and KfW represented by KfW IPEX-Bank GmbH, as lead arrangers, in a €43,776,886 Hermes Buyers Credit Facility, and a companion €47,221,572 export refinancing credit facility, to Companhia Integrada Textil de Pernambuco, a Brazilian petrochemicals company, guaranteed by its parent company, Petróleo Brasileiro S.A. (PETROBRAS), for the turn-key construction by a German supplier of a polymerization plant for the production of high viscosity polyester (PET) bottle-grade chips and a separate polymerization plant for the production of textile-grade semi-dull polyester polymers in Pernambuco, Brazil.
- Represented acquirer-plan funder in $405 million acquisition of certain U.S. and Canadian debtors in the SquareTwo Financial Corp. et al Chapter 11 cases in the U.S. Bankruptcy Court for the Southern District of New York and the Ontario Superior Court of Justice.
- Represented Corporación Durango, S.A. de C.V., as debtor, in a financial restructuring under the Mexican Business Reorganization Law (Ley de Concursos Mercantiles).
- Represented the former manager of a hedge fund organized in the Cayman Islands, A.J.W., which filed an insolvency proceeding in the Cayman Islands and a Chapter 15 proceeding in the S.D.N.Y.
- Represented the receivers in multiple Chinese reverse mergers, where the public U.S. entities have "gone dark" and left the U.S. investors behind in marshalling assets in the U.S., the BVI, Hong Kong and China.
- Represented a bankruptcy trustee appointed in Osaka Japan in Chapter 15 recognition and assistance, including enforcing a Japanese judgment.

Health Care Restructuring

Foley's cross-disciplinary Health Care Restructuring attorneys serve the wide-ranging needs of health care entities across the country — from advising on insolvency proceedings to assisting in asset-acquisitions opportunities.

Our Bankruptcy & Business Reorganizations attorneys collaborate with our Health Care Industry Team attorneys to provide creative legal thinking and practical solutions for our clients. Many of our attorneys are former health care practitioners or have served in key government agencies, which affords us additional insight to draw upon when addressing client issues.

Our efforts on behalf of clients like you continue to garner recognition. Most recently, Foley was recognized as the "Law Firm of the Year — Health Care Law" by U.S. News – Best Lawyers® "Best Law Firms" for our work in the health care industry (2012 – 2014). In addition, we are regularly recognized by Chambers USA on a national and regional level for services we provide. The Legal 500 also recognized Foley as one of the best bankruptcy practices in the nation.

Here are some examples of the areas in which we provide bankruptcy and business reorganization counsel to our health care clients.

# Creditors' Committees

Under bankruptcy law, a committee of unsecured creditors is usually formed in a bankruptcy case. We regularly assist clients with navigating the process of joining and participating in unsecured creditors' committees. Foley has also served as counsel to the committee in numerous restructuring matters.

# Medicare/Medicaid

Medicare and Medicaid often constitute a primary source of revenue for health care providers and suppliers, and appropriate steps must be taken to ensure the effects of a bankruptcy filing on these revenue streams is minimized. We assist with reimbursement and other program participation issues in insolvency proceedings, including appropriate reports to governmental entities, strategies with respect to the assumption of executory contracts, recoupment or offset of pre-petition overpayments, addressing governmental payment suspensions, and avoiding discrimination in governmental contracts based on a bankruptcy filing. We also provide appropriate counsel and representation for audits and investigations that may continue beyond a bankruptcy filing.

# HIPAA/Privacy

Security and information management are key considerations. Foley's attorneys have an unparalleled depth and breadth of experience in guiding clients through implementation of and compliance with HIPAA/HITECH and other privacy- and security-related laws.

# Facility and Asset Purchase

We assist clients and businesses operating in the health care sector in acquiring facilities and assets through bankruptcy and other insolvency proceedings, including Section 363 sales.

# Finance and Secured Transactions

We have extensive experience in all aspects of finance and secured transactions, including lines of credit, accounts receivable, inventory and equipment financing, and factoring transactions. We can also assist in structuring and documenting repayment, restructuring, and work-out options. We routinely deal with capital access, restructurings and bankruptcy, venture capital/private equity, and tax-exempt issues.

# Technology Acquisition and Integration

A central aspect of e-health is the use of technology to improve the automation of clinical and business workflow. Our experience is readily applicable to issues arising from the emerging need to transmit and share clinical and other health care information among laboratories, physicians, hospitals, and other distinct providers.

# Intellectual Property Matters

We have deep-bench experience in assisting companies in protecting their trademarks, copyrights, patents, tech transfer and development, and other IP rights, whether as licensor or licensee, in the event of a bankruptcy proceeding of the adverse licensor/licensee.

# Chapter 9

Foley attorneys have assisted governmental entities with the unique issues associated with public health care institutions in bankruptcy proceedings.

## Customer, Supplier, or Vendor Financial Difficulties

We anticipate problems and develop solutions for clients who are dealing with supply interruptions caused by supplier and/or vendor financial difficulties, as well as cash-flow constraints associated with potential and actual customer financial difficulties.

## Representative Experience

- Chaudhuri Medical Corp Caremark: Represented the largest secured and unsecured creditor and sublessor to the debtor in the Chapter 11 and subsequently Chapter 7 bankruptcy of a 30+ physician group in southern California. Foley helped secure Caremark's rights as a sublessor, obtain premises possession, full collection of a $3 million administrative claim, and assisted in avoiding transfer liability and obtaining a dividend of its unsecured claim.
- County of Contra Costa Department of Health: Provided financial and operational assistance to the Chapter 9 debtor, West Contra Costa Healthcare District and its hospital, as a part of a tax allocation agreement.
- Enzyme Formulations: Represented debtor in successful chapter 11 reorganization.
- Large Wisconsin Health Care Provider: Represented provider in a putative class action lawsuit in bankruptcy court regarding the alleged improper disclosure of patient health care information.
- Michael Reese Hospital and Medical Centers: Served as lead debtor's counsel in Chapter 11 filing in the United States Bankruptcy Court, Northern District of Illinois. The hospital campus was sold to the City of Chicago as part of the City of Chicago's 2016 Olympics bid.
- Mid-Island Hospital: Represented the debtor in possession in a successful reorganization and, subsequently, in its sale to Catholic Health Systems.
- Precision Medical Holdings, Inc.: Represented Chapter 11 trustee, a Centers for Medicare and Medicaid Services' Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) provider, before the United States Bankruptcy Court, Southern District of California. Foley negotiated the sale of assets and debt consolidation, and matter's conversion to Chapter 7 case.
- Prescription Medication Secured Lender: Represented secured lender in connection with out-of-court restructuring.
- San Diego Hospice & Palliative Care Corporation: Represented Chapter 11 debtor before the United States Bankruptcy Court, Southern District of California. Foley assisted with response to pending audits and investigations by or through the Centers for Medicare and Medicaid services, Medicare agents and contractors, the Department of Justice, and the Office of the Unites States Attorney.
- Senior Care Group Nursing Homes: Represent senior lender in chapter 11 of nursing home operator.
- Skilled Nursing Facility Secured Lender: Represent senior lender in out of court restructuring involving multi-state skilled nursing home facilities and related healthcare regulatory advice.
- Sunrise Senior Living: Represented secured lender in connection with Sunrise Senior Living portfolio.
- United States Pharmaceutical Group, LLC/NationsHealth, LLC: Represented the buyer of Certified Diabetic Services, Inc., a medical supply company in a 363 sale of assets.

---

Manufacturing

Foley has been a trusted advisor to leading U.S. manufacturers for more than 170 years — it is an industry we know well, and we understand that strategic priorities for U.S. manufacturers are rapidly changing.

With extensive experience in the unique financial issues facing the manufacturing sector, our attorneys provide manufacturers in distressed business situations with practical and creative representation. Working as part of the firm's comprehensive, cross-disciplinary Manufacturing Industry Team, our Bankruptcy & Business Reorganizations attorneys collaborate closely with you to understand and achieve your business objectives.

Manufacturers must employ unique strategies in order to secure continued supply when faced with a financially troubled supplier. We understand from past experience the leverage points of all constituents involved in these scenarios, including the troubled supplier, its customers, lenders, and unsecured creditors. Foley's strategies that may be implemented in various stages of a troubled supplier's insolvency are highlighted below.

## Customer, Supplier, or Vendor Financial Difficulties

Our attorneys anticipate problems and develop solutions for manufacturing clients with risks of supply chain interruptions caused by vendor financial difficulties, and provide strategic solutions to address potential cash flow constraints arising from potential or actual customer or supplier financial difficulties.

Foley has developed strategies to better enable clients to monitor customers and suppliers for early signs of distress, and we offer programs for effectively monitoring these early warning signs. Through the use of these tactics, manufacturers can prioritize, understand, and address troubled supplier situations with greater advance awareness.

## Proactive Contract Management

The key to protecting a manufacturer's supply chain interests and to achieving its objectives relative to a troubled supplier is its contract leverage. Foley can assist a manufacturer in analyzing its contracts to maximize its leverage, and therefore its legal options, in dealing with troubled suppliers. A manufacturer's existing contracts with a given supplier have a substantial effect on a manufacturer's rights and remedies both pre-bankruptcy and post-bankruptcy.

## Pre-Bankruptcy Workouts and Bankruptcy Transactions

Foley has significant experience representing customers in pre-bankruptcy workouts intended to keep troubled suppliers on the verge of bankruptcy from filing by restructuring the supplier's debt and capital structure, as well as transactions in the early stages of a bankruptcy case that enable customers to continue to draw supply during a bankruptcy.

These transactions often include tripartite agreements among the troubled supplier, its significant customers, and its secured lenders to solidify the commitments of each party to keep the supplier operating while the workout (or bankruptcy) is progressing. These agreements commonly consist of access and accommodation agreements, and subordinated participation agreements. Through an accommodation agreement, the customers may provide (often as a group) accommodations that solidify the lenders' collateral base through protections on inventory and receivables, commitments to continue sourcing of existing parts to the troubled supplier, and limitations on setoffs, while the lender agrees to provide working capital financing and not to foreclose. An access agreement permits the customer, under certain circumstances threatening production and only as a last resort, to access the supplier's plant to produce parts pending transfer of the contract or facility to a healthier supplier. Foley has negotiated hundreds of these agreements in troubled company situations and is deeply familiar with these issues.

## Finance and Secured Transactions

Our continuing strength in all aspects of finance and secured transactions, including lines of credit, accounts receivable, inventory and equipment financing, and factoring transactions helps our clients stay on the leading edge. We regularly assist in structuring and documenting repayment, restructuring, and workout transactions for manufacturers, both those facing financial difficulties and those dealing with third parties in financial distress.

## Facility and Asset Purchase

Our Bankruptcy & Business Reorganizations attorneys frequently assist growing manufacturing companies in acquiring facilities and assets through bankruptcy and other insolvency proceedings, including strategic acquisitions pursuant to Section 363 of the Bankruptcy Code. Strategic sales of a troubled supplier's assets enables "resourcing in place" if resourcing to an alternate supplier is not practicable.

## Intellectual Property Matters

We have deep-bench experience representing manufacturing companies in protecting their intellectual property rights, whether as licensor or licensee, in the event of a bankruptcy or out-of-court restructuring or liquidation of the counter-party licensor/licensee.

## Service on and for Creditors' Committees

We routinely assist clients with navigating the process of joining and participating in unsecured creditors' committees. Foley has also served as counsel to committees in numerous restructuring matters, offering strategic guidance to maximize value and recoveries.

## Representative Experience

- Automotive Manufacturers: Represent automotive manufacturers regarding distressed suppliers, including negotiation of access and accommodation agreements during orderly wind-down and sale of suppliers' assets.
- Chrysler: Represented multiple unsecured trade creditor suppliers, including fifth largest unsecured creditor as member of Official Committee of Unsecured Creditors.
- Exide Technologies: Represented indenture trustee for $675 million in senior secured notes.
- Fortune 500: Represented Fortune 500 defense industry contractor in connection with licenses and intellectual property held by distressed supplier in chapter 11.
- GM: Represented over 100 unsecured trade creditor suppliers in connection with critical vendor negotiations and long-term supply agreements post-chapter 11.
- GST AutoLeather: Represented Official Committee of Unsecured Creditors in chapter 11 of major automotive supplier.
- Takata: Represent multiple suppliers and unsecured creditors in connection with Takata bankruptcy.

© 2018 Foley & Lardner LLP

Attorney Advertisement.

Images of people may not be Foley personnel.

Follow Us



HOME / ASHLEY M MCDOW / PEOPLE                                                          PDF

# Ashley M. McDow

**Partner**

amcdow@foley.com



**CONNECT**

**Locations**

P 213.972.4615
555 South Flower Street
Suite 3500
Los Angeles, CA 90071-2411

**Practice Areas**

Bankruptcy & Business
Reorganizations

Ashley McDow is a partner with Foley & Lardner LLP. She practices primarily in the areas of bankruptcy and commercial law, focusing principally on the representation of debtors in possession and creditor committees in both corporate and individual Chapter 11 reorganizations, Chapter 7 and 11 trustees, and parties to various adversary proceedings. With experience representing clients on all sides of the bankruptcy process, Ms. McDow has developed a holistic understanding of the bankruptcy process, and utilizes this understanding to effectively and efficiently represent the interests of her clients.

Ms. McDow serves as an editor on the editorial board of the California Bankruptcy Journal. She has authored a number of publications on bankruptcy and commercial law topics, including critical vendor motions, perfection of security interests in intellectual property and the enforcement of state court judgments in bankruptcy, and has guest lectured at the University of California Irvine School of Law on insolvency and restructuring matters.

## Experience

- Represents a California healthcare district in its Chapter 9 bankruptcy case.
- Represents six urgent care clinics in their jointly administered bankruptcy proceedings.
- Represents the Official Committee of Unsecured Creditors in the Chapter 11 case of two high net worth individuals. After commencing an involuntary bankruptcy against the now debtors on behalf of three creditors, Ms. McDow successfully obtained the entry of an order for relief and the appointment of a Chapter 11 trustee.
- Represents the Official Committee of Unsecured Creditors in the bankruptcy case of the manufacturer of Bitcoin mining computers and related hardware and now represents the liquidating trustee in the same matter.
- Represents the debtor in possession of a commercial real estate development and management company worth nearly $40 million in its Chapter 11 reorganization.
- Serves as general bankruptcy counsel to the Chapter 7 trustee in the bankruptcy case of an individual debtor.
- Serves as counsel for the Chapter 7 trustee in the bankruptcy case of a well-known songwriter and record producer.
- Represents two individual debtors engaged in contentious state court litigation in their individual Chapter 11 bankruptcy proceedings.
- Represents a landlord in the difference of an avoidance action seeking nearly $20 million dollars.
- Serves as counsel for the Chapter 7 trustee in the bankruptcy cases of two entertainment companies involved in the production and distribution of family-oriented films and television programming.
- Represented a sovereign nation as the purchaser of aircraft in a bankruptcy proceeding in North Carolina, which was commenced by the seller of the aircraft prior to the delivery thereof but following the payment of the purchase price in full.
- Served as general bankruptcy counsel to the Chapter 11 trustee in an individual bankruptcy case, in which one of the debtors in the case was a co-owner of an Internet service provider, and now serves as general bankruptcy counsel, to the Chapter 7 trustee in the same matter.
- Represented the Chapter 7 trustee in an individual bankruptcy case involving the concealment of valuable assets through a series of transfers to domestic and offshore shell companies, and identified and liquidated assets sufficient to pay all claims in full.
- Represented a partner in pending litigation regarding the ownership and distributions from the partnership formed to rehabilitate and operate certain restaurant franchises.
- Represented a finance company engaged in lending money for the purchase and lease of commercial and industrial equipment in various bankruptcy cases nationwide.
- Represented a film and television actress in her individual Chapter 11 reorganization, precipitated by the client's inability to service debt secured by two parcels of realty in Bel Air, California, and Jackson, Wyoming.

- Represented an Internet service provider in its Chapter 11 reorganization and successfully obtained confirmation of the proposed plan of reorganization.
- Represented an entertainment company in pending litigation regarding the ownership and control of a joint venture between the company and a joint venturer as well as a dispute pertaining to the distribution of revenues to the officers and directors.
- Served as special counsel for the liquidating trust of a national electronics retailer, representing the liquidating trust in its efforts to address a $30 million claim filed by the California Self-Insurers' Security Fund and recovering more than $10 million the fund drew from a line of credit secured by the company for potential workers' compensation liability.
- Served as counsel for the state court-appointed receiver for a precision machining company engaged in the manufacture of components used in military and aerospace applications, among others.
- Represented an internet advertising company in the acquisition of certain domain names and associated intellectual property.

*Certain of these matters occurred prior to Ms. McDow joining Foley & Lardner LLP.

## Education

- J.D., Loyola Law School, 2006
- B.A., University of Washington, 2003

## Publications

- Author, Debtors Beware: "The Precarious State of Chapter 11 for Individual Debtors Who Have Lost Control" April 7, 2017 (*2A Bankr. Service L. Ed.§* 17:164)
- Co-Author, "Nothing in Life is Guaranteed: The Impact of Bankruptcy on Enforcement of Personal Guaranties" *California Business Law Practitioner*, June 1, 2016
- Co-Author, "Law v. Siegel- The End of Equitable Authority of the Bankruptcy Court" January 1, 2015, Vol. 33 Cal. *Bankr. J.* No. 2 (2015)
- Co-Author, eBulletin on FDIC v. Siegel for California Bar Association, August 11, 2014
- Co-Author, California Bankruptcy Journal, June 9, 2014, "Enforcing State Court Judgment in Bankruptcy: Liens Gone Wild, Pitfalls, Strategies and Opportunities for Creditors and Debtors Alike, Vol. 32 Cal. Bankr. J. No. 2 (2014)
- Co-Author, *California Bankruptcy Journal*, "Critical Vendors – Necessity or Nullity" Vol. 33 Cal. Bankr. J. No. 1 (2014)
- Author, "The Right to File-Who Does it Belong to?" *Receivership News*, February 1, 2014
- Author, "Foreclosure Alternatives" *Big News for Smaller Firms*, Vol. 18, Issue 3, Fall, 2012
- Author, "John W. Sedwick Assumes Senior Status in March" *The Alaska Bar Rag*, Vol. 35, Issue 1, March, 2011
- Author, Article 9 in the *Uniform Commercial Code Law Journal*, December 1, 2008

## Presentations Include

- Speaker, Los Angeles County Bar Association Program "Unique Issues In Healthcare Business Restructuring" (April 27, 2017)
- Panelist, American Bankruptcy Institute Program "Involuntary Petitions – Issues to Consider Before Pulling the Trigger" (February 23, 2017)
- Co-Speaker, Los Angeles County Bar Association Program "The Dawning of a New Era: Voidable Transactions Act of 2014" (October 17, 2016)
- Speaker, Los Angeles County Bar Association Program "Don't Take it Personally: The Pitfalls of Personal Guarantees" (June 08, 2015)
- Panelist, Commercial Law League of America "Personal Guarantee and Bankruptcy and Veil Piercing" (September 15, 2014)
- Speaker, Commercial Law League of America and Financial Poise Webinar "The Intersection of Bankruptcy and The Uniform Commercial Code" (August 27, 2014)
- Speaker, Commercial Law League of America and Financial Poise Webinar "Article 9, Secured Transactions" (August 20, 2014)
- Speaker, Panel for Commercial Bankruptcy Law Webinar "How to Confirm a Chapter 11 Plan" (August 12, 2014)
- Speaker, Commercial Law League of America and Financial Poise Webinar "The Uniform Commercial Code in 60 minutes: An Overview" (August 06, 2014)
- Panelist, Commercial Law League of America and Financial Poise Webinar "How to Get a Bankruptcy Case Dismissed or Converted" (July 22, 2014)
- Panelist, Commercial Law League of America and Financial Poise Webinar "How to Lift the Automatic Stay" (July 15, 2014)

- Panelist, Commercial Law League of America and Financial Poise Webinar "How to Defeat a Single Asset Real Estate Case " (June 14, 2014)
- Panelist, Commercial Law League of America and Financial Poise Webinar "How to Chase a Personal Guarantor to the Ends of the Earth" (August 14, 2013)
- Panelist, Commercial Law League of America and Financial Poise Webinar "Cash Collateral and Dip Loan Motions" (July 24, 2013)
- Speaker, Western Region Bankruptcy and Collections Conference "Recent Developments in Preference Litigation Demand Letters, Settlement Tricks and Traps, Litigation Strategy, And Recent Case Law" (September 16, 2011)

## Recognition

- Chambers USA: Bankruptcy/Restructuring in California (2016, 2017, 2018)
- Southern California Super Lawyers "Rising Star" (2011 to 2017)

## Admissions

Ms. McDow is admitted to practice law in California and the state of Washington.

## Memberships

- Los Angeles County Bar Association
  - Commercial Law and Bankruptcy Committee Executive Committee: Chair
  - Commercial Law Committee: Chair
- American Bankruptcy Institute (ABI)
- Los Angeles Advisory Board
- Turnaround Management Association (TMA)
- Los Angeles Bankruptcy Forum (LABF)

© 2018 Foley & Lardner LLP

Attorney Advertisement.

Images of people may not be Foley personnel.

Follow Us



# Fahim Farivar



**ASSOCIATE**
FFARIVAR@FOLEY.COM

**P 213.972.4621**
**555 SOUTH FLOWER STREET**
**SUITE 3500**
**LOS ANGELES, CA 90071-2411**

Fahim Farivar is an associate with Foley & Lardner LLP. He is a member of the firm's Bankruptcy & Business Reorganizations Practice. His practice focuses on bankruptcy and complex commercial law, including creditors' rights, business and bankruptcy litigations, out-of-court restructuring, and helping debtors achieve debt relief through chapters 7, 9, 11, and 13 bankruptcy cases. He has experience in resolving bankruptcy, business, commercial, and financial disputes in complex cases, as well as in representing city hospitals and county agencies in bankruptcy and insolvency matters and entrepreneurs and investors in the sale and purchase of assets in and out of bankruptcy cases.

As a certified professional accountant, Mr. Farivar brings an accountant's depth of understanding to the financial matters facing his clients. With experience representing clients on all sides of the process, he has developed an all-inclusive understanding of commercial and bankruptcy law, and utilizes this understanding to represent the interests of his clients effectively and efficiently. As a highly creative, aggressive, seasoned negotiator, and results-oriented attorney, Mr. Farivar has been able to tackle complex problems and lawsuits and develop and implement creative solutions and results for his clients.

### Education

Mr. Farivar received his Master of Law and law degree from the UCLA School of Law. He also received his master's degree in business taxation from USC Graduate Marshall School of Business and his bachelor's degree from UCLA.

### Memberships

Mr. Farivar is a member of the Los Angeles County Bar Association, California Bankruptcy Forum, Turnaround Management Association, and American Bar Association.

### Admissions

Mr. Farivar is admitted to practice in California and before all of the U.S. District Courts in California

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 555 South Flower Street, Ste. 3500, Los Angeles, CA  90071-2411

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY FOLEY & LARDNER LLP AS BANKRUPTCY COUNSEL; DECLARATION OF ASHLEY M. MCDOW IN SUPPORTSTAY DOES NOT AFFECT THE EFFECTIVENESS OF SUCH RELIEF FROM STAY ORDER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 19, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 22, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Presiding Judge
Honorable Geraldine Mund
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 312
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 22, 2018 | Karla Hernandez | /s/Karla Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Timothy C Aires    tca@arlawyers.com, mdkhan@arlawyers.com
- Bret D. Allen    ca.ecf@bretallen.com, bankruptcy@bretallen.com
- Simon Aron    saron@wrslawyers.com
- Larry G Ball    lball@hallestill.com, gjohnson@hallestill.com
- William H Brownstein    Brownsteinlaw.bill@gmail.com
- Carol Chow    carol.chow@ffslaw.com
- Henry S David    hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Eliza Ghanooni    eliza@ghanoonilaw.com, monicabedia@ghanoonilaw.com
- Mark E Goodfriend    markgoodfriend@yahoo.com, monica.yoohanna@gmail.com
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- Lee W Harwell    leehar@earthlink.net, shada12200@hotmail.com
- Eric P Israel    eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com;deleestar76099@notify.bestcase.com
- Andrew V Jablon    ajablon@rpblaw.com, mlynch@rpblaw.com
- Thomas P Jeremiassen (TR)    tjeremiassen@dsi.biz, ntroszak@dsi.biz;rdizon@dsi.biz
- Robert B Kaplan    rbk@jmbm.com
- Andrew F Kim    akim@afklaw.com, 6229175420@filings.docketbird.com
- Matthew Kramer    mkramer@wwhgd.com, iperez@wwhgd.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com;amatsuoka@robinskaplan.com
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jessica Mickelsen Simon    DBrotman@hrhlaw.Com;jmsimon@hrhlaw.com
- William K Mills    mills@parkermillsllp.com, sally@parkermillsllp.com
- David L. Neale    dln@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens    kowens@venable.com, khoang@venable.com;DGIge@venable.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Kambiz J Shabani    joseph@shabanipartners.com, kevin@shabanipartners.com
- Mark M Sharf    mark@forbankruptcy.com, 2180473420@filings.docketbird.com
- Nico N Tabibi    nico@tabibilaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                        **F 9013-3.1.PROOF.SERVICE**

- Maurice Wainer    mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- Howard J Weg    hweg@robinskaplan.com
- Thomas J Weiss    tweiss@weisslawla.com,
  kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com
- Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- Aaron E de Leest    aed@dgdk.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com;deleestar76099@notify.bestcase.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.