1    Jeremy V. Richards (CA Bar No. 102300)
     John W. Lucas (CA Bar No. 271038)
2    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 13th Floor
3    Los Angeles, CA  90067
     Telephone: 310/277-6910
4    Facsimile: 310/201-0760
     E-mail:  jrichards@pszjlaw.com
5             jlucas@pszjlaw.com

6    Attorneys for David K. Gottlieb, Chapter 11 Trustee of the
     Estates of Solyman Yashouafar and Massoud Aaron Yashouafar
7

8              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
9              SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| 10  In re:<br><br>11  SOLYMAN YASHOUAFAR and MASSOUD<br>AARON YASHOUAFAR,[1]<br>12  Debtors. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 7<br><br>Jointly Administered |
| 13  In re:<br><br>14  SOLYMAN YASHOUAFAR,<br>Debtor.<br>15 | Case No.: 1:16-bk-12255-GM<br><br>Chapter 7 |
| 16  In re:<br><br>MASSOUD AARON YASHOUAFAR,<br>17  Debtor. | Case No.: 1:16-bk-12408-GM<br><br>Chapter 7 |
| 18  Affects:<br>19  ☐  Both Debtors<br>☐  Solyman Yashouafar<br>20  ☒  Massoud Aaron Yashouafar<br>21  Debtors. | **CHAPTER 11 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY HILTON & HYLAND AS REAL ESTATE BROKERS**<br><br>[No hearing required unless requested pursuant to L.B.R. 2014-1(b)] |

22

23        **PLEASE TAKE NOTICE** that David K. Gottlieb, the duly appointed chapter 7 trustee (the

24   "Trustee" or "Applicant") for Massoud Aaron Yashouafar ("Massoud" or the "Debtor"), has

25   submitted to this Court and to the United States Trustee his *Application to Employ Hilton & Hyland*

26   *as Real Estate Brokers* (the "Application") pursuant to which the Trustee seeks the Court's approval

27

28   _____
     [1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar
     (5875) and Massoud Aron Yashouafar (6590).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  to employ Hilton & Hyland (the "Broker") and, specifically, it's agents Linda May and Guy Levy

2  (collectively, the "Agents") to list, market and sell certain residential real property located in Beverly

3  Hills, California described as 910 N. Rexford Drive, Beverly Hills, California 90210 (the "Real

4  Estate"), in a sale, on reasonable terms, consistent with the terms of the Residential Listing

5  Agreement and Addendum to Residential Listing Agreement (together, the "Listing Agreement").  A

6  true and correct copy of the Listing Agreement is attached to the Declaration of Linda May as

7  **Exhibit A**, annexed hereto.

8      **PLEASE TAKE FURTHER NOTICE** that the Listing Agreement contains the following

9  material terms and conditions:  (A) the Listing Price shall be $12 million; (B) the total sales

10  commission shall be 4.5%, of which the Broker shall be entitled to 2% and the broker representing

11  any purchaser shall be entitled to 2.5% of the ultimate sales price; (C) Agents (but not Broker, or

12  other agents of Broker) agree that they shall not represent any actual or prospective purchasers of the

13  Real Estate; (D) the Listing Period is for five months from the Notice Date (as that term is defined in

14  the Listing Agreement), with an additional, customary protection period of ninety days; and (E)

15  Broker shall not be entitled to a commission in the event of a sale, settlement or other transaction

16  that results in title to the Real Estate remaining with, or being reconveyed to Elkwood, or any

17  affiliate of Elkwood or Elkwood's owner, Jack Nourafshan, in which event, Broker shall only be

18  entitled to reasonable costs and expenses incurred pursuant to the Listing Agreement prior to such

19  settlement, subject to review and approval by the Bankruptcy Court.

20      **PLEASE TAKE FURTHER NOTICE** that Pursuant to Section 327 of the Bankruptcy

21  Code, a hearing is not required in connection with the Application.

22      **PLEASE TAKE FURTHER NOTICE** that Pursuant to Local Bankruptcy Rule

23  2014-1(b)(3)(E), any response and request for hearing, in the form required by Local Bankruptcy

24  Rule 9013-1(f)(1), must be filed and served on: (i) the Trustee, through its counsel, Jeremy V.

25  Richards, Pachulski Stang Ziehl & Jones LLP, at the address in the top, left-hand corner of this

26  Notice; and (ii) the Office of the United States Trustee, 21051 Warner Center Lane, Suite 115,

27  Woodland Hills, CA 91367, no later than fourteen (14) days from the date of service of this Notice.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1        A true and correct copy of the Application can be obtained by contacting Beth D. Dassa,

2    Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard., 13th Floor, Los Angeles, CA

3    90067, Tel.: (310) 277-6910, Fax: (310) 201-0760 or email: bdassa@pszjlaw.com.

4    Dated: February 18, 2020          PACHULSKI STANG ZIEHL & JONES LLP

5

6              By: */s/ Jeremy V. Richards*

7                   Jeremy V. Richards
               Attorneys for David K. Gottlieb, Chapter 11
               Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## APPLICATION

2      David K. Gottlieb, the duly appointed chapter 7 trustee (the "Trustee" or "Applicant"), in the

3   above captioned cases of Massoud Aaron Yashouafar ("Massoud" or the "Debtor"), hereby applies

4   to the Court (the "Application) for authority to employ Hilton & Hyland (the "Broker") as real estate

5   broker and, specifically, its agents Linda May and Guy Levy (collectively, the "Agents") to market

6   and sell certain real property located at 910 N. Rexford Drive, Beverly Hills (the "Real Estate").

7      This Application is brought pursuant to sections 327(a) and 328(a) of title 11 of the United

8   States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

9   (the "Bankruptcy Rules") and the Guidelines of the Office of the United States Trustee, and is based

10  on the statements contained herein and on the Declarations of David K. Gottlieb ("the Gottlieb

11  Declaration") and of Linda May (the "May Declaration"), attached hereto and incorporated herein.

12  In support of this Application, Applicant states as follows:

13  **A.   Background**

14      On August 3, 2016, petitioning creditors Fereydoun Dayani, Yona Samih, and N&S

15  Investment, LLC c/o Sina Navidbakhsh (the "Petitioning Creditors") filed an involuntary petition for

16  relief under chapter 11 of title 11 of the Bankruptcy Code against the Massoud, bearing case number

17  16-12408. On September 9, 2016, the Petitioning Creditors and Massoud entered into a Stipulation

18  for Entry of Order for Relief under Chapter 11 and Appointment of Chapter 11 Trustee [Dkt. No.

19  92], which stipulation was granted by Order entered on September 20, 2016 [Dkt. No. 94].

20      On September 16, 2016, the UST filed its Notice of Appointment of Chapter 11 Trustee,

21  appointing David K. Gottlieb as Chapter 11 Trustee in Massoud's chapter 11 case [Dkt. No. 104].

22  On September 16, 2016, the UST filed an Application for Order Approving Appointment of Trustee

23  [Dkt. No. 106], which application was granted by Order entered on September 20, 2016 [Dkt. No.

24  110]. Massoud's chapter 11 case has since been converted to a case under chapter 7. The Trustee

25  continues to serve as chapter 7 trustee for Massoud.

26      The Trustee commenced an adversary proceeding (the "Adversary Proceeding") against

27  Elkwood Associates, LLC ("Elkwood") and others, case number 1:17-ap-01040 (the "Rexford

28  Action") seeking, *inter alia*, to quiet title in the Real Estate in the name of the Trustee.  Judge Tighe

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   presently presides over the Adversary Proceeding.  On or about November 13, 2019, Judge Tighe

2   entered her *Report and Recommendation to the District Court re Entry of Judgment on First Claim*

3   *for Relief (Quiet Title)* [Dkt. No. 283] (the "Report"), recommending that the District Court enter

4   judgment quieting title to the Real Estate in the name of the Trustee.

5         On December 11, 2019, the District Court entered Judgment, quieting title to the Real Estate

6   in the name of the Trustee.  Defendant Elkwood filed a motion to vacate entry of the Judgment (the

7   "Motion to Vacate"), asserting it had not been given an adequate opportunity to brief the District

8   Court prior to entry of the Judgment.  The Trustee and Elkwood, *inter alia,* subsequently stipulated

9   (the "Stipulation") that the Judgment could be vacated in order to permit additional briefing before

10  the District Court.  By order entered on February 12, 2020, the District Court ruled that while it

11  concluded that it's entry of the Judgment was correct and that Elkwood had waived its right to object

12  to the Judgment (and, in any event the Court had conducted a de novo review of the Bankruptcy

13  court's proposed findings of fact and conclusions of law and accepted and adopted them), in light of

14  the Stipulation, it would "reluctantly" grant the Motion to Vacate. Additional briefing permitted by

15  the District Court (limited to the objections made by Elkwood to entry of the proposed findings of

16  fact and conclusions of law before this Court) will be completed by March 9, 2020 at which point

17  the District Court will rule without further hearing.

18  **B.**  **Relief Requested**

19        Applicant seeks authorization to employ Broker for a period of five (5) months commencing

20  on the Notice Date[1], subject to extension upon agreement between Applicant and Broker without

21  further order of this Court, as his real estate broker to market for sale the Real Estate, in a sale, on

22  reasonable terms, consistent with the terms of the Residential Listing Agreement and Addendum to

23  Residential Listing Agreement (together, the "Listing Agreement"), attached as **Exhibit A** to the

24  May Declaration.

25        Descriptions of the Agents' qualifications and experience are attached to the May

26  Declaration as **Exhibit B**.

27

28

---

[1] Notice Date is the date the Trustee gives the Broker notice that he has access to the Real Estate.

1    The Trustee seeks to employ the Broker to: list, advertise, show and sell the Real Estate

2    pursuant to the Listing Agreement and to take all other actions reasonable and necessary to

3    implement the Listing Agreement; to advise the Trustee as to the marketing and sale of the Real

4    Estate; and to assist the Trustee in obtaining the highest and best offer for the Real Estate.

5    The material terms of the Listing Agreement are as follows (the following summary qualified

6    in its entirety by the actual terms and conditions of the Listing Agreement): (A) the Listing Price

7    shall be $12 million; (B) the total sales commission shall be 4.5%, of which the Broker shall be

8    entitled to 2% and the broker representing any purchaser shall be entitled to 2.5% of the ultimate

9    sales price; (C) Agents (but not Broker or other agents of Broker) agree that they shall not represent

10   any actual or prospective purchasers of the Real Estate; (D) the Listing Period is for five months

11   from the Notice Date (as that term is defined in the Listing Agreement), with an additional,

12   customary protection period of ninety days; and (E) Broker shall not be entitled to a commission in

13   the event of a sale, settlement or other transaction that results in title to the Real Estate remaining

14   with, or being reconveyed to Elkwood, or any affiliate of Elkwood or Elkwood's owner, Jack

15   Nourafshan, in which event, Broker shall only be entitled to reasonable costs and expenses incurred

16   pursuant to the Listing Agreement prior to such settlement, subject to review and approval by the

17   Bankruptcy Court.

18   Applicant is informed and believes that the commission is reasonable and submits that this

19   rate of commission is within the standard commission rates used within the real estate industry for

20   sales of properties similar to the Real Estate. Gottlieb Declaration, ¶4.

21   The Broker does not hold or represent any interest adverse to the Debtors' estates and is

22   disinterested within the meaning of 11 U.S.C. §101(14). May Declaration, ¶3. The Broker has no

23   connection to the Office of the United States Trustee or any person employed in the Office of the

24   United States Trustee or any bankruptcy judge in this district. *Id.,* ¶4.

25   The Broker has been advised of and has agreed to accept employment subject to the

26   provisions of 11 U.S.C. §328(a). May Declaration, ¶5. The Broker understands that,

27   notwithstanding the approval of the Broker's employment by this Court in accordance with the terms

28   hereof, the Court may allow a compensation different from the compensation provided for herein if

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  such terms agreed upon prove to have been improvident in light of developments that could not have

2  been anticipated at the time this application was approved. *Id.,* ¶6. The Broker has received no

3  retainer from Applicant for its services and has no agreement to share any compensation to be paid

4  in these cases with any other person except among members of its firm, except that its commission

5  may be shared with the buyer's broker. *Id.,* ¶7.

6  Based on the foregoing, Applicant believes that the Listing Agreement, negotiated by the

7  parties in good faith and at arm's length, is fair and equitable and that the employment of the Broker

8  under the terms agreed upon as stated therein and herein is in the best interests of the Debtors'

9  estates and should be approved.  Gottlieb Declaration, ¶5.

10  WHEREFORE, Applicant requests the Court to grant this Application and provide such other

11  and further relief as may be just and appropriate.

12  Dated:    February 18, 2020              PACHULSKI STANG ZIEHL & JONES LLP

13

14                                             By    */s/ Jeremy V. Richards*
                                                     Jeremy V. Richards
15                                                   Attorneys for David K. Gottlieb, Chapter
                                                     11 Trustee
16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed Chapter 11 Trustee for the estates of Solyman Yashouafar ("Solyman") and Massoud Aaron Yashouafar ("Massoud" and together, the "Debtors"). I make this declaration in support of the *Application to Employ Hilton & Hyland as Real Estate Brokers* (the "Application")[1].

2.      All facts set forth in this Declaration are based on either my personal knowledge, information supplied to me by my bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP, my review of relevant documents, or my opinion based upon my experience and knowledge of the circumstances as described in the Application. If I were called to testify thereto, I could and would competently do so.

3.      I have determined that it is in the best interests of the Debtors' estates to market and sell the Real Estate.

4.      I am informed and believe that the four and one half percent (4.5%) commission proposed to be paid to the Broker is reasonable and that this rate of commission is within the standard commission rates used within the real estate industry for sales of properties similar to the Real Estate.

5.      I believe that the Residential Listing Agreement and Addendum to Residential Listing Agreement, true and correct copies of which are attached as Exhibit A to the Declaration of Linda May annexed hereto, were negotiated by the parties in good faith and at arm's length, are fair and equitable and that the employment of the Broker under the terms agreed upon as stated therein and in the Application is in the best interests of the Debtors' estates and should be approved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:327442.2 32274/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DocuSign Envelope ID: B1513806-AA3A-4B72-A777-E57EDABE1E00

1    I declare under penalty of perjury that the foregoing is true and correct to the best of my

2    knowledge.

3    Executed this __14th__ day of February, 2020 at Encino, California.

6    David K. Gottlieb

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF LINDA MAY

I, Linda May, declare as follows:

1.    I am a real estate broker associated with the real estate brokerage firm of Hilton & Hyland ("H & H"). I make this declaration in support of the *Application to Employ Hilton & Hyland as Real Estate Brokers* (the "Application")[1].

2.    All facts set forth in this Declaration are based on either my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the circumstances as described in the Application. If I were called to testify thereto, I could and would competently do so.

3.    Attached hereto as **Exhibit A** is the Residential Listing Agreement and Addendum to Residential Listing Agreement.

4.    I, along with Guy Levy, will be the primary agents involved in the marketing and sale of the Real Estate. Descriptions of both mine and Mr. Levy's qualifications and experience are attached hereto as **Exhibit B**.

5.    H & H does not hold or represent any interest adverse to the Debtors' estates and is disinterested within the meaning of 11 U.S.C. §101(14), as it has been explained to me.

6.    H & H has no connection to the Office of the United States Trustee or any person employed in the Office of the United States Trustee or any bankruptcy judge in this district.

7.    H & H has been advised of and has agreed to accept employment subject to the provisions of 11 U.S.C. §328(a), as it has been explained to me.

8.    H & H understands that, notwithstanding the approval of its employment by this Court in accordance with the terms hereof, the Court may allow compensation different from the compensation provided for in the Application if such terms agreed upon prove to have been improvident in light of developments that could not have been anticipated at the time this Application was approved.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:327442.2 32274/001

9.    H & H has received no retainer from Applicants for its services and has no agreement to share any compensation to be paid in these cases with any other person except among members of its firm, except that its commission may be shared with the buyer's broker.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of February, 2020 at _____Beverly Hills_____, California.

Linda May
Linda May

# EXHIBIT "A"

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786





# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
(Seller's Brokerage Firm to Seller)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 12/18)

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code section 2079.13(l), (k) and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:

To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.

To the Buyer and the Seller:
  (a)  Diligent exercise of reasonable skill and care in performance of the agent's duties.
  (b)  A duty of honest and fair dealing and good faith.
  (c)  A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**

A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:

To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.

To the Buyer and the Seller:
  (a)  Diligent exercise of reasonable skill and care in performance of the agent's duties.
  (b)  A duty of honest and fair dealing and good faith.
  (c)  A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**

A real estate agent, either acting directly or through one or more salespersons and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
  (a)  A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
  (b)  Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

**SELLER AND BUYER RESPONSIBILITIES**

Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of your agent's role.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation.

Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

[ ] Buyer [X] Seller [ ] Landlord [ ] Tenant _____ Date 2/7/20
David K. Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar

[ ] Buyer [ ] Seller [ ] Landlord [ ] Tenant _____ Date _____

Agent    Hilton & Hyland    DRE Lic. # **01160681**
        Real Estate Broker (firm)

By _____  DRE Lic. # 00475038/01374536    Date 2/6/2020
  (Salesperson or Broker-Associate, if any)   Linda May/Guy Levy

© 1991-2018, California Association of REALTORS®, Inc.

**AD REVISED 12/18 (PAGE 1 OF 2)**

# DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

Hilton & Hyland, 257 North Canon Drive, Second Floor Beverly Hills CA 90210        Phone: (310) 492-0734    Fax:        910 N Rexford Dr
Guy Levy        Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

## CIVIL CODE SECTIONS 2079.13 – 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13.** As used in Sections 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent. When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions.
**(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, (3) a mobilehome, as defined in Section 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in Section 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property, and includes (1) single-family residential property, (2) multiunit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in Section 18007 of the Health and Safety Code, or a mobilehome as defined in Section 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor of real property. **(n)** "Buyer's agent" means an agent who represents a buyer in a real property transaction.

**2079.14.** A seller's agent and buyer's agent shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and shall obtain a signed acknowledgment of receipt from that seller and buyer, except as provided in Section 2079.15, as follows: (a) The seller's agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. (b) The buyer's agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer.

**2079.15.** In any circumstance in which the seller or buyer refuses to sign an acknowledgment of receipt pursuant to Section 2079.14, the agent shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17(a)** As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. (b) As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller.

CONFIRMATION: The following agency relationships are confirmed for this transaction:

| Seller's Brokerage Firm | DO NOT COMPLETE. SAMPLE ONLY | | License Number _____ |
| Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent) | | | |
| Seller's Agent | DO NOT COMPLETE. SAMPLE ONLY | | License Number _____ |
| Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent) | | | |
| Buyer's Brokerage Firm | DO NOT COMPLETE. SAMPLE ONLY | | License Number _____ |
| Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent) | | | |
| Buyer's Agent | DO NOT COMPLETE. SAMPLE ONLY | | License Number _____ |
| Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent) | | | |

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14. An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.

**2079.18** (Repealed pursuant to AB-1289)

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** (a) A dual agent may not, without the express permission of the seller, disclose to the buyer any confidential information obtained from the seller. (b) A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. (c) "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. (d) This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

© 1991-2018, California Association of REALTORS®, Inc.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

AD REVISED 12/18 (PAGE 2 OF 2)
**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    910 N Rexford Dr



DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786



**CALIFORNIA ASSOCIATION OF REALTORS®**

# POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER - DISCLOSURE AND CONSENT
### (C.A.R. Form PRBS, Revised 12/18)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual broker's or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers.  Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the buyer's or seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the seller's willingness to accept a price less than the listing price or the buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

**Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller - Disclosure and Consent and agrees to the agency possibilities disclosed.**

Seller _____ David K ,Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar Date 2/7/20
Seller _____ Date _____

Buyer _____ Date _____
Buyer _____ Date _____

Buyer's Brokerage Firm _____ DRE Lic # _____ Date _____
By _____ DRE Lic # _____ Date _____

Seller's Brokerage Firm **Hilton & Hyland** _____ DRE Lic # **01160681** Date _____
By _____ DRE Lic # 00476038 Date 2/6/2020
_Linda May/Guy Levy_ 01374536

© 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
**REAL ESTATE BUSINESS SERVICES, LLC.**
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**PRBS REVISED 12/18 (PAGE 1 OF 1)**



| Hilton & Hyland, 257 North Canon Drive, Second Floor Beverly Hills CA 90210 | Phone: (310) 492-0734 | Fax: | 910 N Rexford Dr |
| Guy Levy | Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com | | |

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

 **CALIFORNIA ASSOCIATION OF REALTORS®**

**WIRE FRAUD AND ELECTRONIC FUNDS TRANSFER ADVISORY**
(C.A.R. Form WFA, Revised 12/17)



Property Address: <u>910 N Rexford Dr, Beverly Hills, CA 90210-2911</u> ("Property").

## WIRE FRAUD AND ELECTRONIC FUNDS TRANSFERS ADVISORY:

The ability to communicate and conduct business electronically is a convenience and reality in nearly all parts of our lives. At the same time, it has provided hackers and scammers new opportunities for their criminal activity. Many businesses have been victimized and the real estate business is no exception.

While wiring or electronically transferring funds is a welcome convenience, we all need to exercise extreme caution. Emails attempting to induce fraudulent wire transfers have been received and have appeared to be legitimate. Reports indicate that some hackers have been able to intercept emailed transfer instructions, obtain account information and, by altering some of the data, redirect the funds to a different account. It also appears that some hackers were able to provide false phone numbers for verifying the wiring or funds transfer instructions. In those cases, the victim called the number provided to confirm the instructions, and then unwittingly authorized a transfer to somewhere or someone other than the intended recipient.

**ACCORDINGLY, YOU ARE ADVISED:**

1. **Obtain phone numbers and account numbers only from Escrow Officers, Property Managers, or Landlords at the beginning of the transaction.**
2. **DO NOT EVER WIRE OR ELECTRONICALLY TRANSFER FUNDS PRIOR TO CALLING TO CONFIRM THE TRANSFER INSTRUCTIONS. ONLY USE A PHONE NUMBER YOU WERE PROVIDED PREVIOUSLY. Do not use any different phone number or account number included in any emailed transfer instructions.**
3. **Orally confirm the transfer instruction is legitimate and confirm the bank routing number, account numbers and other codes before taking steps to transfer the funds.**
4. **Avoid sending personal information in emails or texts. Provide such information in person or over the telephone directly to the Escrow Officer, Property Manager, or Landlord.**
5. **Take steps to secure the system you are using with your email account. These steps include creating strong passwords, using secure WIFI, and not using free services.**

If you believe you have received questionable or suspicious wire or funds transfer instructions, immediately notify your bank, and the other party, and the Escrow Office, Landlord, or Property Manager. The sources below, as well as others, can also provide information:

Federal Bureau of Investigation: https://www.fbi.gov/; the FBI's IC3 at www.ic3.gov; or 310-477-6565

National White Collar Crime Center: http://www.nw3c.org/

On Guard Online: https://www.onguardonline.gov/

**NOTE: There are existing alternatives to electronic and wired fund transfers such as cashier's checks. By signing below, the undersigned acknowledge that each has read, understands and has received a copy of this Wire Fraud and Electronic Funds Transfer Advisory.**

| | |
|---|---|
| Buyer/Tenant _____ | Date _____ |
| Buyer/Tenant _____ | Date _____ |
| Seller/Landlord X _____ David K. Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar | Date 2/7/20 |
| Seller/Landlord _____ | Date _____ |

©2016-2017, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



**WFA REVISED 12/17 (PAGE 1 OF 1)**

**WIRE FRAUD AND ELECTRONIC FUNDS TRANSFER ADVISORY (WFA PAGE 1 OF 1)**

| Hilton & Hyland, 257 North Cañon Drive, Second Floor Beverly Hills CA 90210 | Phone: (310) 492-0734 | Fax: | 910 N Rexford Dr |
| Coy Levy | Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com | | |

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786



**CALIFORNIA ASSOCIATION OF REALTORS®**

**RESIDENTIAL LISTING AGREEMENT**
(Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 12/19)



Date Prepared: January 29, 2020

1. **EXCLUSIVE RIGHT TO SELL:** ___David K .Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar___ ("Seller")
hereby employs and grants ___Hilton & Hyland___ ("Broker")
beginning (date) on the date that Seller gives Broker notice that he has access to Property (The "Notice Date") and ending at 11:59 P.M. on (date) That day that is one hundred fifty (150) days after the Notice Date ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as 910 N Rexford Dr
_____, situated in ___Beverly Hills___ (City),
_____ (County), California, 90210-2911 (Zip Code), Assessor's Parcel No. 4350-009-012 ("Property").
☐ This Property is a manufactured (mobile) home. See addendum for additional terms.
☐ This Property is being sold as part of a probate, conservatorship or guardianship. See addendum for additional terms.

2. **LISTING PRICE AND TERMS:**
   A. The listing price shall be: **Twelve Million**
   Dollars ($ **12,000,000.00** ).
   B. Listing Terms: _____

3. **COMPENSATION TO BROKER:**
   Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ **4.500** percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____,
   AND _____, as follows:
      (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
   OR (2) If within ___90___ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 3A(2) unless, no later than the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.
   OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
   B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Seller agrees to pay Broker: _____
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
      (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in 3A, either ☒ **2.500** percent of the purchase price, or ☐ $ _____.
      (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
      ~~E. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.~~
      ~~F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows:~~
      ~~(2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities:~~
      ~~(3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.~~

© 2019, California Association of REALTORS®, Inc.
RLA REVISED 12/19 (PAGE 1 OF 5)

Seller's Initials X_____ (_____) (_____)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)**

Hilton & Hyland, 257 North Canon Drive, Second Floor Beverly Hills CA 90210          Phone: (310) 492-0734       Fax:          910 N Rexford Dr
Guy Levy                          Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Property Address: **910 N Rexford Dr, Beverly Hills, CA 90210-2911** _____ Date: _____

**4. A. ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
ADDITIONAL ITEMS EXCLUDED: _____ .
ADDITIONAL ITEMS INCLUDED: _____ .
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B. (1) Leased Or Not Owned Items:** The following items are leased or not owned by Seller:
☐ Solar power system    ☐ Alarm system    ☐ Propane tank    ☐ Water Softener
☐ Other

**(2) Liened Items:** The following items have been financed and a lien has been placed on the Property to secure payment:
☐ Solar power system    ☐ Windows or doors    ☐ Heating/Ventilation/Air conditioning system
☐ Other
Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

**5. MULTIPLE LISTING SERVICE:**
**A.** Broker is a participant/subscriber to _____**CLAW/MLS**_____ Multiple Listing Service (MLS) and possibly others. Unless otherwise instructed in writing the Property will be listed with the MLS(s) specified above. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. All terms of the transaction, including sales price and financing, if applicable, (i) will be provided to the MLS in which the property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS and (ii) may be provided to the MLS even if the Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if required by the MLS.

---

**BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS; PRESENTING ALL OFFERS**

**WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.

**EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS.

**CLOSED/PRIVATE LISTING CLUBS OR GROUPS:** Closed or private listing clubs or groups are not the same as the MLS. The MLS referred to above is accessible to all eligible real estate licensees and provides broad exposure for a listed property. Private or closed listing clubs or groups of licensees may have been formed outside the MLS. Private or closed listing clubs or groups are accessible to a more limited number of licensees and generally offer less exposure for listed property. Whether listing property through a closed, private network - and excluding it from the MLS - is advantageous or disadvantageous to a seller, and why, should be discussed with the agent taking the Seller's listing.

**NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

**OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: (a) real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; (b) information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings; (c) real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.

**REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.

**PRESENTING ALL OFFERS:** Seller understands that Broker must present all offers received for Seller's Property unless Seller gives Broker written instructions to the contrary.

Seller's Initials ( _____ )( _____ )        Broker's/Agent's Initials ( _____ )( _____ )

---

Seller's Initials X( _____ )    ( _____ )

**RLA REVISED 12/19 (PAGE 2 OF 5)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Property Address: **910 N Rexford Dr, Beverly Hills, CA  90210-2911**

**B.** MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 2 days or some other period of time after all necessary signatures have been obtained on the listing agreement. Broker will not have to submit this listing to the MLS if, within that time, Broker submits to the MLS an appropriate form signed by Seller.
☐ Seller elects to exclude the Property from the MLS as provided by C.A.R. Form SELM or the local equivalent form.

**C.** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Seller acknowledges that for any of the below opt-out instructions to be effective, Seller must make them on a separate instruction to Broker signed by Seller. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

**(1) Property Availability On The MLS; Address On the MLS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet. Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

**(2) Feature Opt-Outs:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below. Seller understands (i) that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; (ii) that other Internet sites may or may not have the features set forth herein; and (iii) that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.

**(a) Comments And Reviews:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

**(b) Automated Estimate Of Value:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display. ☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~**6. SELLER REPRESENTATIONS:** Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**7. BROKER'S AND SELLER'S DUTIES:**
**A.** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to ~~(i) order reports and disclosures including those specified in 7G as necessary;~~ (ii) advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and ~~(iii) disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.~~

**B.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

**C.** Investigations and Reports: Seller agrees, within 5 (or____) Days of the beginning date of this Agreement, to pay for the following pre-sale reports: ☐ Structural Pest Control  ☐ General Property Inspection  ☐ Homeowners Association Documents  ☐ Other_____.

~~**D.** Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

**8. DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**9. AGENCY RELATIONSHIPS:**
**A. Disclosure:** The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).
**B. Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.
**C. Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

Seller's Initials X_____ (_____) (_____)

**RLA REVISED 12/19 (PAGE 3 OF 5)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.ziptogix.com          910 N Rexford Dr

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Property Address: **910 N Rexford Dr, Beverly Hills, CA 90210-2911**

   **D. Confirmation:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

   **E. Potentially Competing Sellers and Buyers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a [X] "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**10. SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

**11. PHOTOGRAPHS AND INTERNET ADVERTISING:**

   **A.** In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or [ ] if checked, does not agree) that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Seller is concerned, Seller should request that Broker provide any third parties' agreement impacting the Images. Seller also acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker and agrees that such Images are the property of Broker and that Broker may use such Images for advertising, including post sale and for Broker's business in the future.

   **B.** Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other Images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked ) [ ] Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take Images who do not have access to or have not read any limiting instruction in the MLS or who take Images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

**12. KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked [ ] does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

**13. SIGN:** Seller does (or if checked [ ] does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

**14. EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

**15. ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

**16. ADDITIONAL TERMS:** [ ] REO Advisory Listing (C.A.R. Form REOL) [ ] Short Sale Information and Advisory (C.A.R. Form SSIA)
   [ ] Trust Advisory (C.A.R. Form TA)
   [ ] Seller intends to include a contingency to purchase a replacement property as part of any resulting transaction
   **See attached Addendum to Residential Listing Agreement**

   *Seller and Broker agree that representatives, Linda May and Guy Levy, will not represent any prospective purchasers of the property.*

**17. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days after its execution.

~~18. SUCCESSORS AND ASSIGNS: This Agreement shall be binding upon Seller and Seller's successors and assigns.~~

~~19. DISPUTE RESOLUTION:~~

~~A. MEDIATION: Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an~~

Seller's Initials X _____ (  ) (  )

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   910 N Rexford Dr

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Property Address: **910 N Rexford Dr, Beverly Hills, CA 90210-2911**

~~action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuse to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 19D.~~

~~C. ADDITIONAL MEDIATION TERMS: The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985, (ii) an unlawful detainer action, (iii) the filing or enforcement of a mechanic's lien, and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.~~

~~D. ADVISORY: If Seller and Broker desire to resolve dispute arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB)~~

**20. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

~~21. OWNERSHIP, TITLE AND AUTHORITY: Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows:~~

[X] **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller (i) represents that the entity for which the individual is signing already exists and (ii) shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Seller X _____   Date **2/7/20**

Address _____ City _____ State ___ Zip ____
Telephone _____ Fax _____ E-mail _____

Seller _____   Date _____

Address _____ City _____ State ___ Zip ____
Telephone _____ Fax _____ E-mail _____

[ ] Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) **Hilton & Hyland** _____ DRE Lic. # **01160681**
Address **257 North Cañon Drive, Second Floor** City **Beverly Hills** State **CA** Zip **90210**
By _____ Tel.**(310)691-5911** E-mail **linda@lindamay.com** DRE Lic.# **00475038 01374536** Date **2/6/2020**
Linda May/Guy Levy
By _____ Tel. _____ E-mail _____ DRE Lic.# _____ Date **2/6/2020**

[ ] Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2019 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**RLA REVISED 12/19 (PAGE 5 OF 5)**
**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 5 OF 5)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786



**SELLER'S ADVISORY**
(C.A.R. Form SA, Revised 12/15)



Property Address: **910 N Rexford Dr, Beverly Hills, CA  90210-2911** _____ ("Property")

1. **INTRODUCTION:** Selling property in California is a process that involves many steps. From start to finish, it could take anywhere from a few weeks to many months, depending upon the condition of your Property, local market conditions and other factors. You have already taken an important first step by listing your Property for sale with a licensed real estate broker. Your broker will help guide you through the process and may refer you to other professionals, as needed. This advisory addresses many things you may need to think about and do as you market your Property. Some of these things are requirements imposed upon you, either by law or by the listing or sale contract. Others are simply practical matters that may arise during the sale process. Please read this document carefully and, if you have any questions, ask your broker or appropriate legal or tax advisor for help.

2. **DISCLOSURES:**
   A. **General Disclosure Duties:** You must affirmatively disclose to the buyer, in writing, any and all known facts that materially affect the value or desirability of your Property. You must disclose these facts whether or not asked about such matters by the buyer, any broker, or anyone else. This duty to disclose applies even if the buyer agrees to purchase your Property in its present condition without requiring you to make any repairs. If you do not know what or how to disclose, you should consult a real estate attorney in California of your choosing. Broker cannot advise you on the legal sufficiency of any disclosures you make. If the Property you are selling is a residence with one to four units except for certain subdivisions, your broker also has a duty to conduct a reasonably competent and diligent visual inspection of the accessible areas and to disclose to a buyer all adverse material facts that the inspection reveals. If your broker discovers something that could indicate a problem, your broker must advise the buyer.
   B. **Statutory Duties:** (For one-to-four Residential Units):
      (1) You must timely prepare and deliver to the buyer, among other things, a Real Estate Transfer Disclosure Statement ("TDS"), and a Natural Hazard Disclosure Statement ("NHD"). You have a legal obligation to honestly and completely fill out the TDS form in its entirety. (Many local entities or organizations have their own supplement to the TDS that you may also be asked to complete.) The NHD is a statement indicating whether your Property is in certain designated flood, fire or earthquake/seismic hazard zones. Third-party professional companies can help you with this task.
      (2) Depending upon the age and type of construction of your Property, you may also be required to provide and, in certain cases you can receive limited legal protection by providing, the buyer with booklets entitled "The Homeowner's Guide to Earthquake Safety," "The Commercial Property Owner's Guide to Earthquake Safety," "Protect Your Family From Lead in Your Home" and "Environmental Hazards: A Guide For Homeowners and Buyers." Some of these booklets may be packaged together for your convenience. The earthquake guides ask you to answer specific questions about your Property's structure and preparedness for an earthquake. If you are required to supply the booklet about lead, you will also be required to disclose to the buyer any known lead-based paint and lead-based paint hazards on a separate form. The environmental hazards guide informs the buyer of common environmental hazards that may be found in properties.
      (3) If you know that your property is: (i) located within one mile of a former military ordnance location; or (ii) in or affected by a zone or district allowing manufacturing, commercial or airport use, you must disclose this to the buyer. You are also required to make a good faith effort to obtain and deliver to the buyer a disclosure notice from the appropriate local agency(ies) about any special tax levied on your Property pursuant to the Mello-Roos Community Facilities Act, the Improvement Bond Act of 1915, and a notice concerning the contractual assessment provided by section 5898.24 of the Streets And Highways Code (collectively, "Special Tax Disclosures").
      (4) If the TDS, NHD, or lead, military ordnance, commercial zone or Special Tax Disclosures are provided to a buyer after you accept that buyer's offer, the buyer will have 3 days after delivery (or 5 days if mailed) to terminate the offer, which is why it is extremely important to complete these disclosures as soon as possible. There are certain exemptions from these statutory requirements; however, if you have actual knowledge of any of these items, you may still be required to make a disclosure as the items can be considered material facts.
   C. **Death and Other Disclosures:** Many buyers consider death on real property to be a material fact in the purchase of property. In some situations, it is advisable to disclose that a death occurred or the manner of death; however, California Civil Code Section 1710.2 provides that _you have no disclosure duty_ "where the death has occurred more than three years prior to the date the transferee offers to purchase, lease, or rent the real property, or [regardless of the date of occurrence] that an occupant of that property was afflicted with, or died from, Human T-Lymphotropic Virus Type III/Lymphadenopathy-Associated Virus." This law does not "immunize an owner or his or her agent from making an intentional misrepresentation in response to a direct inquiry from a transferee or a prospective transferee of real property, concerning deaths on the real property."
   D. **Condominiums and Other Common Interest Subdivisions:** If the Property is a condominium, townhouse, or other property in a common interest subdivision, you must provide to the buyer copies of the governing documents, the most recent financial statements distributed, and other documents required by law or contract. If you do not have a current version of these documents, you can request them from the management of your homeowner's association. To avoid delays, you are encouraged to obtain these documents as soon as possible, even if you have not yet entered into a purchase agreement to sell your Property.

3. **CONTRACT TERMS AND LEGAL REQUIREMENTS:**
   A. **Contract Terms and Conditions:** A buyer may request, as part of the contract for the sale of your Property, that you pay for repairs to the Property and other items. Your decision on whether or not to comply with a buyer's requests may affect your ability to sell your Property at a specified price.

© 1991-2015, California Association of REALTORS®, Inc.

SA REVISED 12/15 (PAGE 1 OF 2)

Seller's Initials ( _____ ) ( _____ )

**SELLER'S ADVISORY (SA PAGE 1 OF 2)**

Hilton & Hyland, 257 North Cañon Drive, Second Floor Beverly Hills CA 90210         Phone: (310) 492-0734         Fax:         910 N Rexford Dr
Guy Levy                         Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Property Address: <u>910 N Rexford Dr, Beverly Hills, CA  90210-2911</u>                                                           Date: <u>January 29, 2020</u>

**B. Withholding Taxes:** Under federal and California tax laws, a buyer is required to withhold a portion of the purchase price from your sale proceeds for tax purposes unless you sign an affidavit of non-foreign status and California residency, or some other exemption applies and is documented.

**C. Prohibition Against Discrimination:** Discriminatory conduct in the sale of real property against individuals belonging to legally protected classes is a violation of the law.

**D. Government Required Repairs, Replacements and Alterations:** Under State law, Property owners with limited exceptions, are required to: (1) install operable smoke alarms and brace water heaters and provide a Buyer with a statement of compliance. Existing operable smoke alarms, that met compliance standards when installed, do no have to be removed even if not up to current legal requirements. Smoke alarms that are added or that replace older versions must comply with current law; and (2) install carbon monoxide detection devices. Some city and county governments may impose additional requirements, including, but not limited to, installing low-flow toilets and showerheads, gas shut-off valves, tempered glass, and barriers around swimming pools and spas. You should consult with the appropriate governmental agencies, inspectors, and other professionals to determine which requirements apply to your Property, the extent to which your Property complies with such requirements, and the costs, if any, of compliance.

**E. EPA's LEAD-BASED PAINT RENOVATION, REPAIR AND PAINTING RULE:** The new rule requires that contractors and maintenance professionals working in pre-1978 housing, child care facilities, and schools with lead-based paint be certified; that their employees be trained; and that they follow protective work practice standards. The rule applies to renovation, repair, or painting activities affecting more than six square feet of lead-based paint in a room or more than 20 square feet of lead-based paint on the exterior. Enforcement of the rule begins October 1, 2010. See the EPA website at www.epa.gov/lead for more information.

**F. Legal, Tax and Other Implications:** Selling your Property may have legal, tax, insurance, title or other implications. You should consult an appropriate professional for advice on these matters.

**4. MARKETING CONSIDERATIONS:**

**A. Pre-Sale Inspections and Considerations:** You should consider doing what you can to prepare your Property for sale, such as correcting any defects or other problems, making cosmetic improvements, and staging. <u>Many people are not aware of defects in or problems with their own Property. One way to make yourself aware is to obtain professional inspections prior to sale. Pre-sale inspections may include a general property inspection; an inspection for wood destroying pest and organisms (Structural Pest Control Report) and an inspection of the septic or well systems, if any, among others.</u> By doing this, you then have an opportunity to make repairs before your Property is sold, which may enhance its marketability. Keep in mind, however, that any problems revealed by such inspection reports or repairs that have been made, whether or not disclosed in a report, should be disclosed to the buyer (see "Disclosures" in paragraph 2 above). This is true even if the buyer gets his/her own inspections covering the same area. Obtaining inspection reports may also assist you during contract negotiations with the buyer. For example, if a Structural Pest Control Report has both a primary and secondary recommendation for clearance, you may want to specify in the purchase agreement those recommendations, if any, for which you are going to pay.

**B. Post-Sale Protections:** It is often helpful to provide the buyer with, among other things, a home protection/warranty plan for the Property. These plans will generally cover problems, not deemed to be pre-existing, that occur after your sale is completed. In the event something does go wrong after the sale, and it is covered by the plan, the buyer may be able to resolve the concern by contacting the home protection company.

**C. Safety Precautions:** Advertising and marketing your Property for sale, including, but not limited to, holding open houses, placing a keysafe/lockbox, erecting FOR SALE signs, and disseminating photographs, video tapes, and virtual tours of the premises, may jeopardize your personal safety and that of your Property. You are strongly encouraged to maintain insurance, and to take any and all possible precautions and safeguards to protect yourself, other occupants, visitors, your Property, and your belongings, including cash, jewelry, drugs, firearms and other valuables located on the Property, against injury, theft, loss, vandalism, damage, and other harm.

**D. Expenses:** You are advised that you, not the Broker, are responsible for the fees and costs, if any, to comply with your duties and obligations to the buyer of your Property.

**5. OTHER ITEMS:** _____

_____

Seller has read and understands this Advisory. By signing below, Seller acknowledges receipt of a copy of this document.

Seller _____    Date <u>2/7/20</u>
Print Name _____

Seller _____    Date _____
Print Name _____

Real Estate Broker (Listing Firm) <u>Hilton & Hyland</u>                                              DRE Lic.# <u>01160681</u>
By _____ <u>Linda May/Guy Levy</u> DRE Lic.# <u>00475038/01374536</u>  Date <u>2/6/2020</u>
By _____  DRE Lic.# _____  Date _____
Address <u>257 North Cañon Drive, Second Floor</u>    City <u>Beverly Hills</u>    State <u>CA</u>    Zip <u>90210</u>
Telephone <u>(310)691-5911</u>    Fax _____    E-mail <u>linda@lindamay.com</u>

© 1991-2015. California Association of REALTORS®, Inc. Copyright claimed in Form SA, exclusive of language required by California Civil Code §1710.2. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

SA REVISED 12/15 (PAGE 2 OF 2)



**SELLER'S ADVISORY (SA PAGE 2 OF 2)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

 **CALIFORNIA ASSOCIATION OF REALTORS®**

**CALIFORNIA CONSUMER PRIVACY ACT ADVISORY**
(C.A.R. Form CCPA, 12/19)



As of January 1, 2020, the California Consumer Privacy Act (commencing with Civil Code § 1798.100) ("CCPA") grants to California residents certain rights in their private, personal information that is collected by companies with whom they do business. Under the CCPA, "personal information" is defined broadly to encompass non-public records information that could reasonably be linked directly or indirectly to you, including, potentially, photographs of or sales information about your property. Some of your personal information will be collected and likely shared with others during the process of buying and selling real estate. Depending on the situation, you may have the right to "opt out" or stop the transfer of your personal information to others and request that certain businesses delete your personal information altogether. Not all businesses you interact with are required to comply with the law, primarily just those who meet the criteria of a covered "Business" as set forth in Section 1798.140 (c)]. For more information, you may ask your Broker for a copy of the C.A.R. Legal Q&A on the subject.

A real estate broker is likely to submit personal information to a Multiple Listing Service ("MLS") in order to help find a buyer for a seller's property. Through the MLS, the information is made available to real estate brokers and salespeople, and others. Even after a sale is complete, the MLS distributes sales information to the real estate community. Brokers, agents and MLSs may also share your personal information with others who post the personal information on websites or elsewhere, or otherwise use it. Thus, there are various service providers and companies in a real estate transaction who may be engaged in using or sharing data involving your personal information.

If your broker is a covered Business, it should have a privacy policy explaining your rights on its website and giving you an opportunity to request that personal information not be shared, used and even deleted. Even if your real estate brokerage is a covered Business, it needs, and is allowed, to keep your information to effectuate a sale and, by law, is required to maintain such information for three years to comply with regulatory requirements. Not all brokers are covered Businesses, however, and those that are not, do not have to comply with the CCPA.

Similarly, most MLSs will not be considered a covered Business. Instead, the MLS may be considered a Third Party in the event a covered Business (ex: brokerages, real estate listing aggregation or advertising internet sites or other outlets who meet the criteria of covered Businesses) exchanges personal information with the MLS. You do not have the right under the CCPA to require a Third Party to delete your personal information. And like real estate brokerages, even if an MLS is a covered Business, MLSs are also required by law to retain and make accessible in its computer system any and all listing and other information for three years.

Whether an MLS is a covered Business or a Third Party, you have a right to be notified about the sharing of your personal information and your right to contact a covered Business to opt out of your personal information being used, or shared with Third Parties. Since the MLSs and/or other entities receiving your personal information do not have direct contact with buyers and sellers and also may not be aware of which entities exchanging personal information are covered Businesses, this form is being used to notify you of your rights under the CCPA and your ability to direct requests to covered Businesses not to share personal information with Third Parties. One way to limit access to your personal information, is to inform your broker or salesperson you want to opt-out of the MLS, and if so, you will be asked to sign a document (Form SELM) confirming your request to keep your listing off the MLS. However, if you do so, it may be more difficult to sell your property or obtain the highest price for it because your property will not be exposed to the greatest number of real estate licensees and others.

I/we acknowledge receipt of a copy of this California Consumer Privacy Act Advisory.

Buyer/Seller/Landlord/Tenant _____  Date __2/7/20__

David K .Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar

Buyer/Seller/Landlord/Tenant _____  Date _____

© 2019, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

CCPA 12/19 (PAGE 1 OF 1)

**CALIFORNIA CONSUMER PRIVACY ACT ADVISORY (CCPA PAGE 1 OF 1)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**SELLER INSTRUCTION TO EXCLUDE LISTING
FROM THE MULTIPLE LISTING SERVICE
AND DAYS ON MARKET**
(C.A.R. Form SELM, Revised 12/19)



This is an addendum ("Addendum") to the Listing Agreement or ☐ Other _____ ("Agreement")
dated _January 29, 2020_ on property known as _____910 N Rexford Dr, Beverly Hills, CA 90210-2911_____ ("Property"),
in which _____David K .Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar_____ is referred to as Seller
and _____*Hilton & Hyland*_____ is referred to as Broker.

1. **MULTIPLE LISTING SERVICE:** Broker is a participant/subscriber to the _____*CLAW/MLS*_____ Multiple Listing Service (MLS). The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS or a reciprocal MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's Property is offered for sale.

2. **MANDATORY SUBMISSION TO MLS:** The MLS generally requires brokers participating in the service to submit all exclusive right to sell and exclusive agency listings for residential real property or vacant lots to the MLS within 2 (or ☐ _____ ) Days of obtaining all necessary signatures of the seller(s) on the listing agreement unless Broker submits to the MLS an instruction signed by Seller (such as this form or a local equivalent form) excluding the listing from the MLS.

3. **EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers who are participants or subscribers to the MLS, or a reciprocal MLS, and potential buyer clients of those agents and brokers. The MLS may further transmit the MLS database to Internet sites that post property listings online.

4. **CLOSED/PRIVATE LISTING CLUBS OR GROUPS:** The MLS provides broad exposure for a listed property. Closed or private listing clubs or groups are not the same as the MLS: They are accessible to a much more limited number of licensees and provide less exposure for listed property. Whether listing property through a closed, private network - and excluding it from the MLS - is advantageous or disadvantageous to a seller, and why, should be discussed with the agent taking the seller's listing.

5. **IMPACT OF EXCLUSION OF PROPERTY FROM MLS:** If Property is excluded from the MLS, Seller understands and acknowledges that: **(a)** real estate agents and brokers from other real estate offices who have access to that MLS, and their buyer clients, may not be aware that Seller's Property is offered for sale; **(b)** information about Seller's Property will not be transmitted to various real estate Internet sites used by the public to search for property listings; and **(c)** real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.

6. **IMPACT/REDUCTION OF EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers made and negatively impact the sales price.

7. **(DOM) DAYS ON MARKET or DAYS ON MLS:**
   A. The number of days an unsold property remains either on market or on MLS, may affect the perception of how desirable the property is to real estate agents and buyers.
   B. Many MLS's use the term DOM to mean Days on Market, while others use the acronym to mean Days on MLS. As a general rule, if DOM means Days on Market, the first Day on Market will be the beginning date of the Listing Agreement, which is either the beginning date identified on the Agreement, or the date of the last signature required to make the Agreement valid, whichever is later. DOM may alternatively begin later than the effective date of the Listing Agreement as long as NO MARKETING of the Property occurs prior to that date. Marketing is any communication made to the public containing any information, details, price or terms of any potential sale of the Property, or any communication made to the public with regard to the Brokerage firm or Agent's representation of the Seller. Marketing includes, but is not limited to: Placing a sign on the Property, Internet Website posts, Social Media posts, Flyers or Advertising, and Open Houses.
   Where DOM means Days on MLS, it's possible that marketing time prior to submission to the MLS might not be measured on the MLS. Calculating DOM will differ depending on the MLS.
   C. **On Market Date.** Many MLSs treat the date the Listing is submitted to the MLS or, the date marketing begins, whichever is earlier, as the "on market date" for the purpose of calculating the DOM.
   D. You should talk to your real estate broker or agent about the meaning of DOM and On Market Date and how they might affect the sale of your Property.

© 2019, California Association of REALTORS®, Inc.
**SELM REVISED 12/19 (PAGE 1 OF 2)**

**SELLER INSTRUCTION TO EXCLUDE LISTING FROM MLS (SELM PAGE 1 OF 2)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

8. **SELLER OPT-OUT:** Seller certifies that Seller understands the implications of not submitting Property to the MLS and instructs Broker as follows (Check one):
   A. ☐ Market Property immediately but **DO NOT** submit Listing to the MLS for a period of ___ calendar days from the commencement of the listing or until _____ (date).
   B. ☐ Market Property immediately but **DO NOT** submit Listing to the MLS during the entire listing period provided for in the Agreement.
   C. ☒ **DO NOT** Market the Property immediately. Begin marketing the Property on *the "Notice Date"* (date). Submit Listing to the MLS on *__notified by Seller__* (date).

9. ☐ **MLS CLEAR COOPERATION POLICY:**

   A. **The MLS to which Broker belongs has adopted a rule that requires all listings be submitted to the MLS within one business day after marketing a property to the public.** Public marketing includes flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays, email blasts, multi-brokerage listing sharing networks, and applications available to the general public. Public marketing does not include an office exclusive listing where there is direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion between these licensees and their clients.

   B. Under these circumstances, keeping the Property off the MLS means that **(i)** no public marketing will occur and **(ii)** the scope of marketing that will occur will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients. By checking paragraph 9 and signing below, **(i)** Seller understands the implication of not submitting Property to the MLS is that any marketing of the property will be limited to the exposure offered by office exclusives and **(ii)** Seller nonetheless instructs Broker to exclude the listing from the MLS for the period of time specified in paragraph 8. Should any public marketing commence, seller understands and agrees that the listing will be submitted to the MLS within one business day.

   C. **If this paragraph 9 is checked, it supersedes any contrary information specified in paragraphs 2 or 7 or any contrary instruction specified in paragraph 8.**

10. In all cases specified in 8 or 9 above, the Property may be submitted to MLS sooner than specified if authorized in writing by Seller.

By signing below, Seller acknowledges that Seller has read, understands, accepts and has received a copy of this Addendum.

Seller _____    Date 2/7/20
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____
Seller _____    Date ____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____
Real Estate Broker (Firm) _____*Hilton & Hyland*_____ DRE Lic. # *01160681*
By (Broker or Office Manager) _____ *Billy Jack Carter* DRE Lic. # *01334569* Date 02/06/20
Address *257 North Cañon Drive, Second Floor* City *Beverly Hills* State *CA* Zip *90210*
Telephone *(310)691-5911* Fax _____ E-mail *linda@lindamay.com*

© 2019, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the *CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020



**SELM REVISED 12/19 (PAGE 2 OF 2)**

**SELLER INSTRUCTION TO EXCLUDE LISTING FROM MLS (SELM PAGE 2 OF 2)**

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

### REPRESENTATIVE CAPACITY SIGNATURE DISCLOSURE
### (FOR SELLER REPRESENTATIVES)
(C.A.R. Form RCSD-S, Revised 6/19)

This form is not an assignment. It should not be used to add new parties after a contract has been formed.
The purpose of this form is to identify who the principal is in the transaction and who has authority to sign documents on behalf of the principal.

This is a disclosure to one or more of the following: Listing Agreement, Purchase Agreement, or Other Agreement, specified below in which ____David K .Gottlieb, as Chapter 7 Trustee for Aaron Massoud Yashouafar____ is identified as ("Seller").
If a trust, identify Seller as the trustee(s) of the trust or by simplified trust name (ex. John Doe, co-trustee, Jane Doe, co-trustee or Doe Revocable Family Trust 3). Full name of trust should be identified in 1A below. If power of attorney, insert principal's name as Seller.

1.   **A.**   ☐ **TRUST:** (1) The Property is held in trust pursuant to a trust document, titled (full name of trust): _____
_____
(2) The person(s) signing below is/are Sole/Co/Successor Trustee(s) of the Trust.
   **B.**   ☑ **ENTITY:** Seller is a ☐ Corporation, ☐ Limited Liability Company, ☐ Partnership ☑ Other: Chapter 7 Trustee
which has authorized the officer(s), managing member(s), partner(s) or person(s) signing below to act on its behalf. An authorizing resolution of the applicable body of the entity described above ☐ is ☐ is not attached.
   **C.**   ☐ **POWER OF ATTORNEY:** Seller ("Principal") has authorized the person(s) signing below ("Attorney-In-Fact", "Power of Attorney" or "POA") to act on his/her behalf pursuant to a General Power of Attorney (☐ Specific Power of Attorney for the Property), dated _____ . **This form is not a Power of Attorney. A Power of Attorney must have already been executed before this form is used.**
   **D.**   ☐ **ESTATE:** (1) Seller is an ☐ estate, ☐ conservatorship, or ☐ guardianship identified by Superior Court Case name as _____ , Case # _____ .
(2) The person(s) signing below is/are court approved representatives (whether designated as Sole or Co-Executor, Administrator, Conservator, Guardian) of the estate, conservatorship or guardianship identified above.

2.   Seller's Representative represents that the trust, entity or power of attorney for which that Party is acting already exists.

**Seller:**
By _____   Date: _2/7/20_
(Sign Name of Trustee, Officer, Managing Member, Partner, Attorney-In-Fact or Administrator/Executor)
(Print Representative Name)  David K .Gottlieb _____   Title: Chapter 7 Trustee for
Aaron Massoud Yashouafar

By _____   Date: _____
(Sign Name of Trustee, Officer, Managing Member, Partner, Attorney-In-Fact or Administrator/Executor)
(Print Representative Name) _____   Title: _____

**Acknowledgement of Receipt By Other Party:**

| AT TIME OF LISTING |
|---|
| Seller and _____ **Hilton & Hyland** _____ ("Seller's Broker") are parties to a Listing Agreement dated _____ for property known as _910 N Rexford Dr, Beverly Hills, CA 90210-2911_ . Real Estate Broker Hilton & Hyland<br>By _____   Date _2/6/2020_<br>Linda May/Guy Levy |

© 2019, California Association of REALTORS®, Inc.

**RCSD-S REVISED 6/19 (PAGE 1 OF 2)**

### REPRESENTATIVE CAPACITY SIGNATURE DISCLOSURE (RCSD-S PAGE 1 OF 2)

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

**AT TIME OF SALE**

Seller and _____ ("Buyer") are parties to a Purchase
Agreement dated _____ for property known as _910 N Rexford Dr, Beverly Hills, CA  90210-2911_____ .

Buyer _____ Date _____

Buyer _____ Date _____

---

**AT TIME OF OTHER AGREEMENT**

Seller and _____ ("Other Party") are
parties to an _____ Agreement
dated _____, if applicable, for property known as _910 N Rexford Dr, Beverly Hills, CA  90210-2911_ .

Other Party _____

By _____ Date _____

© 2019 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or
any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR
ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE
TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



**RCSD-S REVISED 6/19 (PAGE 2 OF 2)**

**REPRESENTATIVE CAPACITY SIGNATURE DISCLOSURE (RCSD-S PAGE 2 OF 2)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com        910 N Rexford Dr



DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

## ADDENDUM TO RESIDENTIAL LISTING AGREEMENT

Seller [1] and Hilton & Hyland, Broker to sell the Property pursuant to the preceding

Residential Listing Agreement ("Exclusive Authorization"), agree and hereby amend the

Exclusive Authorization as follows:

1.      Addendum.  Notwithstanding any contrary terms and conditions in the Exclusive

Authorization, this Addendum shall have precedence and its terms shall apply.

2.      Acknowledgment:  Broker acknowledges that Seller is the Chapter 7 trustee for

Aaron Massoud Yashoufar (the "Debtor") in the certain chapter 7 case no. 1:16-bk-12408-GM

(the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Central District

of California (the "Bankruptcy Court"), and that its employment pursuant to the terms of the

Exclusive Authorization and this Addendum are subject to approval of the Bankruptcy Court.

3.      No Liability.  Seller is executing the Exclusive Authorization and this Addendum

solely in his capacity as Chapter 7 trustee for the Debtor and not in his personal capacity, and no

liability or obligations shall accrue to him personally as a result thereof or the listing and

transaction contemplated herein.

4.      Abandonment.  Seller reserves the right, in its sole discretion, to determine not to

sell the Property and to abandon the Property by serving a notice of its intention to abandon the

Property upon all parties required to receive notice pursuant to the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.  In the event of any such

abandonment, the Exclusive Authorization and this Addendum shall terminate and no liability or

---

[1] Capitalized terms not defined in this Addendum shall have the meaning ascribed to them in the Residential Listing
Agreement to which this Addendum is attached.



DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

obligations shall accrue to Seller, Seller's bankruptcy estate or to Gottlieb, either personally or in his capacity as president of Seller, as a result of any such abandonment and termination.

5.    Conditions of Sale.  The Broker agrees and understands that any sale of the Property shall be subject to the following terms and conditions, among others:

a.    If for any reason or no reason whatsoever, Seller is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property;

b.    Seller is selling the Property in an "AS IS" condition or basis by quitclaim deed without any representations or warranties whatsoever, including without limitation representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with state, city or federal statutes, codes, ordinances or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding the subdividability of the Property;

c.    The sale of the Property is subject to Bankruptcy Court approval after notice to the United States Trustee and other parties in interest as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules; the sale is also subject to overbid at public sale;

d.    The purchaser shall, at the purchaser's sole expense, acquire any and all insurance policies that the purchaser desires to cover the Property.  Seller does not agree to acquire or transfer any insurance policies to the purchaser;

e.    The purchaser is to arrange for all financing of the acquisition of the Property before the close of escrow;

f.    All escrow fees shall be shared and paid on a 50/50 basis by Seller and the purchaser;

g.    The purchaser shall, at the purchaser's sole expense, install all smoke detectors, if any, as may be required by state or local law.  Seller shall not be required to deliver to the purchaser a written statement of compliance with any applicable state and local law;

h.    The purchaser shall, at purchaser's sole expense, obtain any and all pest control inspection repairs that purchaser deems appropriate;

i.    If any local ordinance requires that the Property be brought into compliance with minimum energy conservation standards as a condition of sale or transfer, the purchaser shall comply with and pay for these requirements at purchaser's sole expense;

j.    Any sale is subject to the following conditions being satisfied before the close of escrow:

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

        1)     Seller must prevail with respect to any objections to the proposed sale; and

        2)     the Bankruptcy Court must enter an order authorizing Seller to consummate the proposed sale.

     k.  The Property is being sold subject to:

        1)     all general and special taxes that are presently due, or may become due, regarding the Property, other than property taxes, which shall be prorated as of the close of escrow; and

        2)     any and all easements, restrictions, rights and conditions of record and rights of way, against, on or regarding the Property. Title, however, is to be transferred free of secured claims of record.

     6.     <u>Payment of Commission</u>. The commission to Broker shall be earned only upon closing of the sale. The payment of commission to be paid to Broker shall only be paid from the proceeds of the sale of the Property. The amount and the payment of commission is subject to prior approval of the Bankruptcy Court. Broker acknowledges that the effectiveness of the Exclusive Authorization is contingent upon the United States District Court, Central District of California reaffirming that title to the Property is vested in the Trustee and not Elkwood Associates, LLC ("Elkwood Associates"), the current owner of record of the Property. No commission shall be due under the Exclusive Authorization or otherwise in the event of a sale, settlement or other transaction that results in title to the Property remaining with, or being reconveyed to Elkwood, or being conveyed to any affiliate of Elkwood or its owner, Jack Nourafshan, although Broker shall be entitled to reasonable costs and expenses incurred pursuant to the Exclusive Authorization prior to such settlement, subject to review and approval by the Bankruptcy Court. Broker shall not be entitled to any deposit under any purchase and sale agreement, or any part of such, retained by or awarded to Seller in the event of a failure of closing for any reason, nor to any portion of any damages award or other recovery of Seller in the event of a default by a purchaser or prospective purchaser or a dispute between Seller and a



DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

purchaser or prospective purchaser, including but not limited to under 3A(3) or 3B of the Exclusive Authorization.

7.    Seller reserves the right to reject any and all offers in his absolute discretion.

8.    Entire Agreement. This Addendum and the Exclusive Authorization, to the extent that such Exclusive Authorization is not contrary to the terms and conditions herein, constitute the entire contract between the parties. All prior agreements between the parties are incorporated into this contract. Its terms are intended by the parties as a final expression of their agreement with respect to such terms as are included, herein, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this agreement constitutes the complete, final and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

9.    Bankruptcy Court Jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes relating to this Agreement sitting without a jury, which is specifically waived. This agreement and any dispute related thereto shall be governed by California law.

Dated: January 7, 2020
February

Seller

David K. Gottlieb, Chapter 7
Trustee for Aaron Massoud Yashouafar

DocuSign Envelope ID: 4B18E8D3-F40A-4763-8A03-DB5666DBD786

Dated: January _6_, 2020                     **Hilton & Hyland**

By: _____
       Linda May

By: _____
       Guy Levy



# EXHIBIT "B"

Linda May has spent more than three decades selling L.A.'s most prestigious estates, amassing over $4 billion dollars in sales. She has consistently ranked in the top 1% of Hilton & Hyland agents, as well as consistently recognized on the REAL Trends/ The Wall Street Journal Top 1,000 list, The Hollywood Reporter's Top Agents, Variety's Showbiz 2019 Real Estate Elite and received the Will Rogers "Real Estate Lifetime Achievement" award.  Linda proudly works in Beverly Hills - the epicenter of global luxury – while serving the surrounding enclaves of Holmby Hills, Bel-Air, Brentwood, Wilshire Corridor, Trousdale, Beverly Park and Malibu. She continues to set records in these communities.  Linda is frequently called upon by the city's most powerful denizens as a go-to source for marketing estates with architectural and historical pedigree and has represented some of the most recognizable trophy houses in the city. Having Linda May representation is a distinct advantage in today's affluent global marketplace.

Guy Levy has been a licensed real estate agent for 17 years and is a sales associate with Hilton & Hyland in Beverly Hills.  As business partner with Linda May, Guy has been tasked to run the day to day operations of Linda May Properties with a primary focus on client retention, market analysis, contracts and due diligence.  Having closed more than 500 single family residence transactions in some of Los Angeles' most affluent areas, Guy has played a critical role in the success of Linda May Properties.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067.

A true and correct copy of the following documents entitled (*specify*):
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 19, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 19, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Geraldine Mund
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 312 / Courtroom 303
Woodland Hills, CA 91367

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2020 | Gini L. Downing | *Gini L. Downing* |
|---|---|---|
| Date | Printed Name | Signature |

**1.**    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Timothy C Aires**    tca@arlawyers.com, gperez@arlawyers.com
- **Bret D. Allen**    ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- **Simon Aron**    saron@wrslawyers.com
- **Larry G Ball**    lball@hallestill.com, kbauer@hallestill.com
- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Carol Chow**    carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- **Henry S David**    hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- **Brian L Davidoff**    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Michael T Delaney**    mdelaney@bakerlaw.com
- **Fahim Farivar**    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- **Todd S Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Marian Garza**    ecfnotices@ascensioncapitalgroup.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **Mark E Goodfriend**    markgoodfriend@yahoo.com, monica.yoohanna@gmail.com
- **David Keith Gottlieb (TR)**    dkgtrustee@dkgallc.com,
  dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **Lee W Harwell**    leehar@earthlink.net, shada12200@hotmail.com
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Andrew V Jablon**    ajablon@rpblaw.com, mlynch@rpblaw.com
- **Thomas P Jeremiassen (TR)**    tjeremiassen@dsi.biz, ntroszak@dsi.biz;rdizon@dsi.biz
- **Robert B Kaplan**    rbk@jmbm.com
- **Andrew F Kim**    akim@afklaw.com, 6229175420@filings.docketbird.com
- **Matthew Kramer**    mkramer@wwhgd.com, iperez@wwhgd.com
- **Zi Chao Lin**    zlin@garrett-tully.com, dcameron@garrett-tully.com;aanim-appiah@garrett-
  tully.com;mdakinmurele@garrett-tully.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Ashley M McDow**    amcdow@foley.com,
  sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Kevin Meek**    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **C John M Melissinos**    jmelissinos@greenbergglusker.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Jessica Mickelsen Simon**    simonjm@ballardspahr.com, carolod@ballardspahr.com
- **William K Mills**    mills@parkermillsllp.com, sally@parkermillsllp.com
- **Shane J Moses**    smoses@foley.com, vgoldsmith@foley.com
- **David L. Neale**    dln@lnbyb.com
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Tomas A Ortiz**    tortiz@garrett-tully.com
- **Keith C Owens**    kowens@venable.com, khoang@venable.com
- **Dipika Parmar**    dipika.parmar@aissolution.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com,
  morani@ronaldrichards.com,justin@ronaldrichards.com
- **S Margaux Ross**    margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- **Kambiz J Shabani**    joseph@shabanipartners.com
- **Mark M Sharf**    msharf00@gmail.com,
  2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- **Nico N Tabibi**    nico@tabibilaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Maurice Wainer**    mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- **Howard J Weg**    hweg@robinskaplan.com

- **Thomas J Weiss**    tweiss@weisslawla.com,
  kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com
- **Gilbert R Yabes**    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- **Aaron E de Leest**    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com