1  Jeremy V. Richards (CA Bar No. 102300)
   John W. Lucas (CA Bar No. 271038)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Tel: 310/277-6910 - Facsimile: 310/201-0760
4  E-mail:   jrichards@pszjlaw.com
              jlucas@pszjlaw.com
5
   Attorneys for David K. Gottlieb,
6  Chapter 7 Trustee of the Estates of Solyman
   Yashouafar and Massoud Aaron Yashouafar
7

8              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
                SAN FERNANDO VALLEY DIVISION
9

| | |
|---|---|
| In re<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,<br>                               Debtors. | Case No.  1:16-bk-12255-GM<br><br>Chapter 7<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>                               Debtor. | Case No. 1:16-bk-12255-GM<br>Chapter 7 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>                               Debtor. | Case No. 1:16-bk-12408-GM<br>Chapter 7 |
| Affects:<br>☒  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar | **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT WITH THE ELKWOOD PARTIES AND FOR SALE OF REXFORD HOME FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>Date:     June 23, 2020<br>Time:    10:00 a.m.<br>Place:    Ctrm 303 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRPUTCY**

2    **JUDGE; ALL PARTIES RECEIVING CM/ECF NOTICE; THE OFFICE OF THE UNITED**

3    **STATES TRUSTEE; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

4    **PLEASE TAKE NOTICE** that David K. Gottlieb, in his capacity as Chapter 7 Trustee (the

5    "***Trustee***") for Aaron Massoud Yashouafar ("***Aaron***") and Solyman Yashouafar ("***Solyman***," and

6    together with Aaron, the "***Debtors***"), hereby moves (the "***Motion***") the Court for entry of an order

7    pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***") and

8    Bankruptcy Code §§ 105; 363 (f) approving a settlement agreement (the "***Settlement Agreement***")

9    by and between the Trustee and  Israel and Howard Abselet (the "***Abselets***"), on the one hand, and

10    Elkwood Associates, LLC ("***Elkwood***"), Fieldbook Associates, Inc. ("***Fieldbrook***"), Reliable

11    Properties and Jack Nourafshan (collectively, the "Elkwood Parties"), on the other hand, which,

12    *inter alia*, contemplates the sale to Elkwood of certain real property commonly known as 910 N.

13    Rexford Drive, Beverly Hills, 90210 (the "***Rexford Property***"), free and clear of certain liens and

14    encumbrances (but excluding a lien for real property taxes, due or not yet due and payable (the "***Tax***

15    ***Lien***") and a first priority lien in favor of Chase Manhattan Mortgage Company (the"***Chase Lien***")

16    for a purchase price of $5.525 million.  The Settlement Agreement will also finally and fully release

17    any claims that the Trustee, as the trustee of the Debtors' estates, has against the Elkwood Parties;

18    any claims that the Trustee, as trustee for the estate of Solyman (the "***Solyman Estate***") has, or may

19    have in and to certain real property formerly owned by Solyman and commonly known as 580

20    Chalette Drive, Beverly Hills, California (the "***Chalette Property***"); and that the Trustee of the

21    Debtors' estates, has against persons and entities affiliated with the Elkwood Parties relating to the

22    Rexford and Chalette Properties.  Further, because the Settlement Agreement is being entered into

23    by the Trustee on behalf of the Debtors' estates, creditors and parties in interest in the Debtors' cases

24    will be precluded from pursuing claims against the Elkwood Parties and persons and entities

25    affiliated with them relating to the Rexford and Chalette Properties. The terms and conditions of the

26    settlement are more fully set forth in the Settlement Agreement, a true and correct copy of which is

27    attached as **Exhibit "1"** to the Declaration of David K. Gottlieb (the "***Gottlieb Declaration***"), filed

28    in support of the Motion.

1    PLEASE TAKE FURTHER NOTICE that a hearing on the Motion has bene scheduled for

2    June 23, 2020 at 10:00 a.m., Pacific Time, or as soon thereafter as counsel may be heard, before the

3    Honorable Geraldine Mund, United States Bankruptcy Court Judge, in Courtroom 303, 21041

4    Burbank Boulevard, Woodland Hills, California 91367.

5        PLEASE TAKE FURTHER NOTICE that the Motion is based upon this Notice of Motion

6    and Motion, the Memorandum of Points and Authorities and Gottlieb Declaration filed concurrently

7    herewith, the record in these chapter 7 cases (the "*Cases*"), adversary proceeding no. 1:17-ap-01040-

8    GM (the "*Adversary Proceeding*") and the record in that certain proceeding no 2:19-cv-09915-JFW

9    (the "*R&R Proceeding*") pending before the United States District Court, Central District of

10   California (the "District Court"), together with any further evidence as may be presented to the Court

11   at the hearing on the Motion.

12       PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f),

13   if you wish to oppose the Motion, you must file a written response with the Court and serve a copy

14   of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the

15   Motion. The failure to properly file and serve an opposition may be deemed consent to the relief

16   requested in the Motion or a waiver of any right to oppose the Motion.

17       WHEREFORE, the Trustee respectfully requests that the Court: (a) grant the Motion; (b)

18   approve the Settlement Agreement; (c) authorize the Trustee to take any and all actions reasonable

19   and necessary to carry out the purpose of the Settlement Agreement; (d) authorize a sale and transfer

20   of the Rexford Property to Elkwood, free and clear of liens claims and encumbrances, except for Tax

21   Liens and the Chase Lien, upon payment of the Settlement Amount and upon the terms and

22   conditions set forth in the Settlement Agreement; and (e) grant such other and further relief as is just

23   and proper under the circumstances.

24   Dated: May 21, 2020          PACHULKSI STANG ZIEHL & JONES LLP

25

26                    By:    *Jeremy V. Richards*
                              Jeremy V. Richards
27
                              Attorneys for Plaintiff DAVID K. GOTTLIEB
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:329115.5 32274/001                                                    3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

By way of the Motion, the Trustee seeks approval of a compromise memorialized in the Settlement Agreement that will resolve disputes with Elkwood and the Elkwood Parties regarding the ownership of the Rexford Property and the Chalette Property, settle and resolve claims that Elkwood has against the Estates relating to the Rexford Home, resolve the Adversary Proceeding and the R&R Proceeding, and provide the Massoud Estate with a Settlement Payment of $5.525 million. As set forth in greater detail in the Settlement Agreement (a true and correct copy of which is attached as **Exhibit "1"** to the Gottlieb Declaration), the settlement provides for the following[1]: (a) title to the Rexford Home shall be affirmed, transferred or vested in Elkwood, subject to the Tax Liens and the Chase Lien, upon payment to the Massoud Estate of $5.525 million; (b) the Trustee will release any and all claims he has in and to the Chalette Home; (c) Elkwood shall withdraw any and all proofs of claim and other claims asserted against the Estates; and (d) the parties shall enter into broad mutual releases and waivers of California Civil Code §1542.

The Trustee submits that the Settlement Agreement is beneficial to the Massoud Estate as it effectively results in a transfer of the Rexford Home to Elkwood, at or close to the fair market value of the property, a release of substantial secured/administrative claims that Elkwood has asserted against the Massoud Estate relating to costs it has incurred with respect to the Rexford Home over the last four years (the "***Reimbursement Claim***"), and resolves expensive, time consuming and uncertain litigation. While the Settlement Agreement results in the release of all claims relating to Fieldbrook's foreclosure on, and subsequent sale of the Chalette Property, the Trustee has determined that he does not have meritorious claims to recover that property, or its value, and has dismissed all of the claims relating to Chalette asserted in the Adversary Proceeding, with prejudice.

---

[1] While the summary herein of the principal terms of the Settlement Agreement is intended to be accurate, parties in interest should read the full Settlement Agreement for the complete terms and if there is any discrepancy between the summary hereon and the Settlement Agreement, the terms of the agreement shall control.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## FACTUAL BACKGROUND

1.    On August 3, 2016, involuntary bankruptcy petitions were filed against Solyman and Massoud commencing case numbers 1:16-bk-12255-GM and 1:16-bk-12408-GM ("**Cases**") in the United States Bankruptcy Court for the Central District of California ("**Bankruptcy Court**"). The Debtors subsequently stipulated to the entry of Orders for Relief in their respective Cases, which Orders for Relief were entered on or about September 12, 2016.

2.    The Debtors further stipulated to the appointment of a chapter 11 trustee for each of their estates, and the Trustee was appointed as chapter 11 trustee for both Debtors on or about September 16, 2016.  As such, the Trustee is the trustee appointed for each of the Debtors and their respective bankruptcy estates.

3.    By order of the Bankruptcy Court on October 18, 2016, the Cases are jointly administered under case number 1:16-bk-12255-GM.

4.    On April 25, 2017, the Trustee filed a complaint commencing Adversary Proceeding, which concerned title to the Rexford Property (which Elkwood had acquired by way of a foreclosure sale (the "**Elkwood Foreclosure**") in early 2015) and the Chalette Property (which Fieldbrook had acquired by way of a foreclosure sale (the "**Fieldbrook Foreclosure**"), also in early 2015)[2].

5.    On December 11, 2017, the Abselets filed a complaint commencing case no. 2:17-cv-8894-JFW ("**Abselet District Court Action**") in the United States District Court for the Central District of California ("**District Court**"), which remains pending, but was stayed by order of the District Court that was entered on February 7, 2018.

6.    The Trustee filed a Third Amended Complaint in the Adversary Proceeding on March 5, 2018, which is his operative Complaint.

---

[2] The Elkwood Foreclosure purportedly foreclosed out the following junior liens (collectively, the "Junior Liens") encumbering or purporting to encumber the Rexford Property in the following order of priority: a lien securing a promissory note in favor of Sina Abselet (now held by Israel Abselet); a judgment lien in favor of Soda Partners, LLC; a judgment lien in favor of Howard Abselet; and a judgment lien in favor of DMARC 2007-CD5 Garden Street.

2

7.    Elkwood and Fieldbrook filed a First Amended Counterclaim and Cross-Claim ("*Elkwood FACC*") in the Adversary Proceeding on August 7, 2018, which is their operative counterclaim.

8.    The Abselets filed a First Amended Counterclaim ("*Abselet FACC*") in the Adversary Proceeding on October 10, 2018, which is their operative counterclaim.

9.    On April 30, 2019, the Bankruptcy Court entered an order in the Adversary Proceeding by which it granted the Trustee's motion for summary judgment on his First Claim to Quiet Title to the Rexford Property and denied Elkwood's and Fieldbrook's motion for summary judgment on the same Claim (the "*Summary Judgment Order*").

10.    On July 9, 2019, the Bankruptcy Court entered an order in the Adversary Proceeding by which it approved a stipulation between the Elkwood Parties, the Trustee and the Abselets dismissing the Eighth Counterclaim in the Abselet FACC.

11.    On September 10, 2019, the Bankruptcy Court entered an order ("*Dismissal Order*") in the Adversary Proceeding by which it approved a stipulation between the Elkwood Parties, the Trustee and the Abselets dismissing certain claims and counterclaims in the Adversary Proceeding. That left pending in the Adversary Proceeding the Trustee's First Claim to Quiet Title to the Rexford Property in his Third Amended Complaint; Elkwood and Fieldbrook's Second Counterclaim for Reformation and their Third Counterclaim to Quiet Title to the Rexford Property in the Elkwood FACC, although the Summary Judgment Order arguably resolved those two Counterclaims; and the Abselets' First Counterclaim for Declaratory Relief regarding the Rexford Property, although the Summary Judgment Order arguably resolved that Counterclaim too. Under the Dismissal Order, all claims and counterclaims regarding the Chalette Property were dismissed with prejudice, as were certain claims and counterclaims regarding the Rexford Property, except as set forth in the preceding sentence.

12.    On September 10, 2019, the Bankruptcy Court entered an order in the Cases approving the withdrawal of proof of claim no. 28-1 that Elkwood had filed on June 21, 2017, in Massoud's Case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    13.    On October 25, 2019, the Bankruptcy Court entered an order converting both of the

2  Debtors' Cases to Chapter 7.

3    14.    The Trustee is acting as the Chapter 7 Trustee in both Cases.

4    15.    On November 13, 2019, the Bankruptcy Court entered a report and recommendation

5  in the Adversary Proceeding ("**R&R Order**") by which it recommended that the District Court enter

6  a judgment ("**Proposed Judgment**") and findings of fact and conclusions of law ("**Proposed**

7  **FF&CL**") on the Trustee's First Claim to Quiet Title to the Rexford Property.

8    16.    On November 19, 2019, the R&R Order was filed with the District Court

9  commencing case no. 2:19-cv-09915-JFW (the "**R&R Action**").

10    17.    On March 20, 2020, the District Court entered an Order in the R&R Action that

11  entered the Proposed Judgment ("**Judgment**") and the Proposed FF&CL ("**FF&CL**") in which the

12  District Court, *inter alia*, quieted title to the Rexford Property in the name of the Trustee on behalf of

13  Massoud's bankruptcy estate and also awarded the Trustee possession of the Rexford Property.

14    18.    Elkwood timely filed a motion with the District Court, seeking reconsideration of its

15  decision to enter the Judgment.  That motion remains pending.

16                                              **III.**

17                               **THE SETTLEMENT AGREEMENT**

18    Pursuant to the Settlement Agreement, the Trustee transfers or returns title to the Rexford

19  Home to Elkwood, subject to the Tax Lien and the Chase Lien, upon payment of $5.525 million to

20  the Massoud Estate. The Abselets are parties to the Settlement Agreement for the purpose of

21  dismissing their parallel action, the Abselet District Court Action, brought by them against Elkwood

22  and related parties relating to the Rexford Home, and granting to and receiving from Elkwood and

23  6affiliates certain releases, but the Settlement Agreement does not affect any rights, claims and

24  obligations by and between the Trustee and the Abselets, which continue to be governed by that

25  certain Settlement Agreement and Mutual Releases, as amended (the "**Abselet Settlement**

26  **Agreement**") that was approved by this Court by order entered on or about October 10, 2017 [Dkt. #

27  554].

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:329115.5 32274/001                                                          7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The Settlement Agreement becomes effective on the Effective Date, the first business day on

2    which all of the conditions set forth in Section 18 have been satisfied. If the Effective Date does not

3    occur on or before July 31, 2020, any Party shall have the unilateral right to rescind the Settlement

4    Agreement. These conditions include entry of the order of this Court approving the settlement (the

5    "*Approval Order*"), which shall not be stayed and which shall be in full force and effect, and the

6    delivery of various executed documents by the Trustee and the Abselets to counsel for Elkwood,

7    namely (i) the stipulation for entry of judgment (the "Stipulated Judgment") by the District Court

8    pursuant to section 5 of the Settlement Agreement, quieting title in the Rexford Home in and to

9    Elkwood Associates, subject only to the Tax Lien and the Chase Lien; (ii) the stipulation for the

10    District Court to vacate the R&R Order pursuant to section 6 of the Settlement Agreement; (iii) the

11    quitclaim deed pursuant to section 7 of the Settlement Agreement; (iv) the stipulations for dismissal

12    of the Adversary Proceeding and the Abselet District Court Action pursuant to section 9 of the

13    Settlement Agreement; (v) the withdrawals of notices of pending action pursuant to section 10 of the

14    Settlement Agreement; and (vi) the letter from the Trustee's counsel pursuant to section 11 of the

15    Settlement Agreement.

16    The Settlement Payment must be made to the Trustee within fourteen (14) days after the

17    Effective Date. At that point, the mutual releases become effective and the Elkwood Parties can

18    record the Quitclaim Deed. While the Settlement Agreement contemplates the entry of a Stipulated

19    Judgment by the District Court, quieting title to the Rexford Home in Elkwood, subject only to the

20    Tax Lien and the Chase Lien, entry of the Stipulated Judgment and the vacating of the R&R Order

21    are not conditions to the effectiveness of the settlement or the payment of the Settlement Amount.

22    However, if the District Court has not ruled on the Elkwood Parties' motion to enter the Stipulated

23    Judgment on or before September 30, 2020, or if the District Court does rule before that deadline

24    but, at the time of the ruling, the Approval Order is stayed, in whole or in part and said stay has not

25    been lifted by September 30, 2020, then, any Party shall have a right to rescind the Settlement

26    Agreement except that  the Elkwood Parties may not exercise this right of rescission if they have

27    released any of the documents being held by them in trust..

28

5

8

# IV.

## LEGAL ARGUMENT

### A.    The Standard of Review

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge."). In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968). When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the "***Woodson Factors***"). *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380).  It is not necessary that all of the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

9

1    settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of

2    reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

3    **B.**    **The Settlement Agreement Satisfies the Rule 9019(a) Standard**

4         As discussed below, consideration of the Woodson Factors supports Court approval of the

5    proposed Settlement Agreement.

6       **1.**    **Probability of Success**

7         With respect to the Rexford Home, the Trustee has prevailed in the litigation on summary

8    judgment at the trial court level. The District Court has entered a judgment quieting title to the

9    Rexford Home in the name of the Trustee. However, absent a settlement, the Trustee still faces the

10   risk of an appeal to the Ninth Circuit Court of Appeals, which could result in the Judgment being

11   vacated, title issues having to be tried or, worse still, summary judgment being entered in favor of

12   Elkwood. Further, because the Judgment has determined that the Elkwood Foreclosure is void, the

13   Estate is now subject to the Reimbursement Claim, a claim from Elkwood for all of the costs and

14   expenses it has incurred with respect to the Rexford Home since the Elkwood Foreclosure. Elkwood

15   asserts that this claim exceeds $2.25 million and is entitled to secured or administrative priority

16   status. While the Trustee believes that the claim is either without merit or that he has substantial

17   offsets against the Reimbursement Claim, the parties have not yet litigated the merits of the claim

18   (which Judge Tighe has determined should be done in a separate proceeding) and the Massoud

19   Estate faces the possibility of a multi-million dollar priority claim.

20        The Trustee has filed an application with the Court to retain a broker to sell the Rexford

21   Home. [Dkt. # 743.] Although the listing price was $12 million, at the time the listing agreement

22   was signed (in early February 2020) and based on consultations with the proposed broker, the

23   Trustee believed that the Rexford Home was worth about $10 million. Assuming the value of the

24   property has not declined (which is probably unrealistic given that the real estate market is largely

25   shut down due to the Coronavirus pandemic), the Trustee estimates that he would probably net about

26   $6.0 million from a sale (assuming selling and other costs of about $700,000 and retiring

27   approximately $3.0 million of debt senior to the liens of the Abselets). Given the uncertainties

28   surrounding the property's current value, the ongoing risks and uncertainties of appeals and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    possibility of a multi-million-dollar Reimbursement Claim from Elkwood, the Trustee believes that a

2    settlement that nets the estate $5.525 million is well within the range of reasonableness, as defined

3    by the Woodson Factors.

4         **2.**    **Difficulties With Collection**

5         This factor does not apply as the Trustee is seeking an in rem remedy, namely title to the

6    Rexford Home.

7         **3.**    **The Complexity of the Litigation**

8         The determination that the Elkwood Foreclosure was void involved consideration of some

9    difficult and unusual legal issues, presenting added risks on appeal. Given that the title issues were

10    resolved on summary judgment due to the absence of material disputed facts, any reversal of the

11    Judgment on appeal would likely result in a loss for the Trustee, without the need for any further

12    proceedings.

13         **4.**    **Interests of Creditors**

14         The Trustee in his capacity as Trustee of these Estates believes the interests of creditors of

15    the Massoud Estate would be promoted by the settlement. The settlement nets close to, if not more

16    than the estate would recover even if the Trustee prevailed on all issues, including an appeal and its

17    defenses to the Reimbursement Claim. The Trustee had already concluded that he was unlikely to

18    prevail in recovering tittle to the Chalette Home and accordingly, has already dismissed those

19    claims, with prejudice. Thus, the Solyman Estate is not prejudiced by finally releasing those claims

20    as part of this settlement.

21    **C.**    **The Rexford Home can be transferred pursuant to the Settlement Agreement Free and**

22    **Clear of Liens Junior to the Abselet Liens**

23         Under section 363(f) of the Bankruptcy Code, a debtor in possession or trustee may sell

24    property free and clear of any interest in such property if, among other things:

25

26           (1)    applicable nonbankruptcy law permits sale of such property free and
                clear of such interest;

27           (2)    such entity consents;

28           (3)    such interest is a lien and the price at which such property is sold is
                greater than the aggregate value of all liens on such property;

8

1          (4)    such interest is in bona fide dispute; or

2          (5)    such entity could be compelled, in a legal or equitable proceeding, to
                  accept a money satisfaction of such interest.

3    11 U.S.C. § 363(f).  Section 363(f) is drafted in the disjunctive, and thus, it permits the sale of estate

4    property free and clear of interests if any one of the five conditions above is met.  *See, e.g., In re*

5    *Laines*, 352 B.R. 410, 414-15 (Bankr. E.D. Va. 2005).

6          Courts have held that the authority of a debtor (or successor thereof) to sell assets free and

7    clear of interests is broad and should be read expansively.  *See In re TWA, Inc.,* 322 F.3d 283, 289

8    (3d Cir. 2003); *see also United Mine Workers of Am. 1992 Benefit Plan v. Leckie Smokeless Coal*

9    *Co. (In re Leckie Smokeless Coal Co.),* 99 F.3d 573, 582 (4th Cir. 1996) (holding that the phrase

10   "any interest in property" includes more than just *in rem* interests); *In re P.K.R. Convalescent*

11   *Centers, Inc.*, 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("As the plain meaning of the statute

12   demonstrates, § 363 covers more situations than just sales involving liens.").  Moreover, courts have

13   noted that the purpose of the "free and clear" language is to allow the debtor to obtain a maximum

14   recovery on its assets in the marketplace.  *See In re TWA, Inc.,* 2001 Bankr. LEXIS 723, at *8-*10

15   (Bankr. D. Del. Mar. 27, 2001).

16         The Trustee contends that he can quitclaim the Rexford Home to Elkwood pursuant to the

17   Settlement Agreement free and clear of liens other than the Tax Lien and the Chase Lien under two

18   subsections of section 363(f), namely subsection (4) and (5).  As to subsection (4), there is a bona

19   fide dispute as to whether the Elkwood Foreclosure was valid.  Although the Judgment in effect

20   determined that it was not, it is not a final determination and remains subject to appeal.  If the

21   Judgment were to be reversed on appeal and the Elkwood Foreclosure found to be valid, all of the

22   liens junior to the Elkwood Lien would have been foreclosed out.  Thus, there remains a bona fide

23   dispute as to their validity and the property may be sold free and clear of those liens.[3]

24         Additionally, the decision of the Bankruptcy Appellate Panel for the Ninth Circuit (the

25   "BAP") in *Clear Channel Outdoor, Inc. v. Knupfler (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP

26   2008) notwithstanding, the Rexford Home can be sold to Elkwood for less than the full amount if the

27

28   _____
     [3] The holders of the Abselet Liens are a party to the Settlement Agreement and have therefore consented to a
     sale free and clear of their lines.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   liens against the property (assuming the Elkwood Foreclosure is undone) pursuant to subsection (5)

2   because junior lien holders could be compelled in an legal or equitable proceeding to accept a money

3   satisfaction of their interests. As the court noted in *In re Jolan*, 403 B.R. 866 (Bankr. W.D. Wash.

4   2009), the appellees in *Clear Channel* did not argue that a qualifying legal or equitable proceeding

5   existed (aside from a cramdown under 11 U.S.C. § 1129, which the court found did not qualify) and

6   the appellate panel declined to find authority for the appellee. However, as the *Jolan* court noted,

7   there are a number of procedures at hand that have this effect including, in the context of real estate,

8   judicial or non judicial foreclosures. *Id.*, at 869-870.

9       It should be noted that the transfer of Rexford Home to Elkwood pursuant to 11 U.S.C. §

10  3636 only will be necessary if the District Court declines to vacate the Judgment and FF&CL that it

11  entered on March 20, 2020, and to enter a proposed stipulated judgment in its place under which title

12  to the Rexford Home is quieted in Elkwood's name subject only to the Chase Lien and the Tax Lien.

### V.

### **CONCLUSION**

15      For all of the reasons set forth herein, the Motion should be granted, the Settlement

16  Agreement should be approved, the Trustee should be authorized to deliver to Elkwood all of the

17  executed documents contemplated by the agreement and any other documents reasonable and

18  necessary to carry out its purpose and intent, and the Court should grant such further relief as is just

19  and proper.

20  Dated: May 21, 2020                PACHULKSI STANG ZIEHL & JONES LLP

22                          By:    *Jeremy V. Richards*
                                   Jeremy V. Richards

                                   Attorneys for Plaintiff DAVID K. GOTTLIEB

DOCS_LA:329115.5 32274/001

PACHULKSI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.       I am the duly appointed and acting Chapter 7 Trustee of the Estates of Solyman

Yashouafar and Massoud Aaron Yashouafar (collectively "***Debtors***").  The facts set forth herein are

based upon my own personal knowledge except where stated to be upon information and belief.  If

called upon, I can and will competently testify to the facts stated herein.

2.       I make this declaration in support of the *Notice of Motion and Motion of Chapter 7*

*Trustee for Order Approving Settlement with the Elkwood Parties and for Sale of Rexford Home*

*Free and Clear of Liens, Claims and Encumbrances* (the "***Motion***").  All capitalized terms not

otherwise defined herein shall have the same meaning as set forth in the Motion. A true and correct

copy of the Settlement Agreement is attached hereto as Exhibit "1".

3.       The Settlement Agreement resolves all disputes raised in the Adversary Proceeding,

claims between the Trustee, the Abselets and the Elkwood Parties relating to the Rexford Home and

the Chalette Home, and all claims of the Elkwood Parties against the Estates of the Debtors.

4.       In determining whether to enter in to the Settlement Agreement on behalf of the

Estates, I have carefully considered and weighed the so called "***Woodson Factors***, namely:  (1) the

probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of

collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay

necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to

their reasonable views in the premises.

5.       With Respect to the Chalette Home, I have already dismissed all claims, with

prejudice, so the Settlement Agreement has not bearing on the Solyman Estate's rights and remedies

as to that property. With respect to the Rexford Home, I have prevailed in the litigation on summary

judgment at the trial court level. The District Court has entered a judgment quieting title to the

Rexford Home in the name of the Trustee. However, absent a settlement, I still face the risk of an

appeal to the Ninth Circuit Court of Appeals, which could result in the Judgment being vacated, title

issues having to be tried or, worse still, summary judgment being entered in favor of Elkwood.

Further, because the Judgment has determined that the Elkwood Foreclosure is void, the Estate is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   now subject to the Reimbursement Claim, a claim from Elkwood for all of the costs and expenses it

2   has incurred with respect to the Rexford Home since the Elkwood Foreclosure. Elkwood asserts that

3   this claim exceeds $2.25 million and is entitled to secured or administrative priority status. While I

4   believe that the claim is either without merit or that he has substantial offsets against the

5   Reimbursement Claim, the parties have not yet litigated the merits of the claim (which Judge Tighe

6   has determined should be done in a separate proceeding) and the Massoud Estate faces the

7   possibility of a multi-million dollar priority claim.

8       6.      I have filed an application with the Court to retain a broker to sell the Rexford Home.

9   Although the listing price was $12 million, at the time the listing agreement was signed (in early

10   February 2020) and based on consultations with the proposed broker, I believed that the Rexford

11   Home was worth about $10 million.  Assuming the value of the property has not declined (which is

12   probably unrealistic given that the real estate market is largely shut down due to the Coronavirus

13   pandemic), I estimate that the Massoud Estate would probably net about $6.0 million from a sale

14   (assuming selling and other costs of about $700,000 and retiring approximately $3.0 million of debt

15   senior to the liens of the Abselets).  Given the uncertainties surrounding the property's current value,

16   the ongoing risks and uncertainties of appeals and the possibility of a multi-million dollar

17   Reimbursement Claim from Elkwood, I believe that a settlement that nets the estate $5.525 million

18   is well within the range of reasonableness, as defined by the Woodson Factors.

19       7.      Difficulty of collection did not factor in to my decision making as I am seeking an in

20   rem remedy, namely title to the Rexford Home.

21       8.      As for the complexity of the litigation, the determination that the Elkwood

22   Foreclosure was void involved consideration of some difficult and unusual legal issues, presenting

23   added risks on appeal. Given that the title issues were resolved on summary judgment due to the

24   absence of material disputed facts, any reversal of the Judgment on appeal would likely result in a

25   loss for the Massoud Estate, without the need for any further proceedings.

26       9.      Finally, I believe the interests of creditors of the Massoud Estate would be promoted

27   by the settlement. The settlement nets close to, if not more than the estate would recover even if I

28   prevailed on all issues, including an appeal and its defenses to the Reimbursement Claim. I have

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

1   already concluded that I was unlikely to prevail in recovering tittle to the Chalette Home and

2   accordingly, have already dismissed those claims, with prejudice. Thus, the Solyman Estate is not

3   prejudiced by finally releasing those claims as part of this settlement.

4        10.    The Settlement Agreement was heavily negotiated over an extended period of time, in

5   good faith and at arm's length. The Abselets, who are the largest single beneficiary of the Settlement

6   Agreement, are signatories to the agreement and support the resolution of disputes memorialized

7   therein.

8        11.    For all of the foregoing reasons, I believe that the Settlement Agreement is fair,

9   reasonable, and in the best interest of the creditors of both the Solyman and the Massoud Estates.

10       I declare under penalty of perjury that the foregoing is true and correct and that, if called as a

11   witness, I could and would competently testify as to the matters stated herein.

12       Executed this 20th day of May, 2020 at Encino, California.

13

14                                                    David K. Gottlieb

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

# EXHBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is entered into as of May 19, 2020, by

and between Elkwood Associates, LLC ("**Elkwood**"), Fieldbrook, Inc. ("**Fieldbrook**"), Reliable

Properties and Jack Nourafshan (collectively, "**Elkwood Parties**"), on the one hand, and David

K. Gottlieb ("**Trustee**"), Chapter 7 trustee for the bankruptcy estates of Solyman Yashouafar and

Massoud Aaron Yashouafar, and Howard L. Abselet and Israel Abselet ("**Abselets**"), on the

other hand, with reference to the following facts:

A.      On August 3, 2016, involuntary bankruptcy petitions were filed against Solyman

Yashouafar ("**Solyman**") and Massoud Yashouafar ("**Massoud**," and together with Solyman, the

"**Debtors**") commencing case numbers 1:16-bk-12255-GM and 1:16-bk-12408-GM ("**Cases**") in

the United States Bankruptcy Court for the Central District of California ("**Bankruptcy Court**").

The Debtors subsequently stipulated to the entry of Orders for Relief in their respective Cases,

which Orders for Relief were entered on or about September 12, 2016.

B.      The Debtors further stipulated to the appointment of a chapter 11 trustee for each

of their estates, and the Trustee was appointed as chapter 11 trustee for both Debtors on or about

September 16, 2016. As such, the Trustee is the trustee appointed for each of the Debtors and

their respective bankruptcy estates.

C.      By order of the Bankruptcy Court on October 18, 2016, the Cases are jointly

administered under case number 1:16-bk-12255-GM.

D.      On April 25, 2017, the Trustee filed a complaint commencing adversary

proceeding no. 1:17-ap-01040-GM against Elkwood and Fieldbrook ("**Adversary Proceeding**"),

which concerned the real property located at 910 N. Rexford Drive, Beverly Hills, California

("**Rexford Property**") and 580 Chalette Drive, Beverly Hills, California ("**Chalette Property**").

E.      On December 11, 2017, the Abselets filed a complaint commencing case no.

2:17-cv-8894-JFW ("**Abselet District Court Action**") in the United States District Court for the

Central District of California ("**District Court**"), which remains pending, but was stayed by

order of the District Court that was entered on February 7, 2018.

F.      The Trustee filed a Third Amended Complaint in the Adversary Proceeding on

March 5, 2018, which is his operative Complaint.

G.      Elkwood and Fieldbrook filed a First Amended Counterclaim and Cross-Claim

("**Elkwood FACC**") in the Adversary Proceeding on August 7, 2018, which is their operative

counterclaim.

H.      The Abselets filed a First Amended Counterclaim ("**Abselet FACC**") in the

Adversary Proceeding on October 10, 2018, which is their operative counterclaim.

I.      On April 30, 2019, the Bankruptcy Court entered an order in the Adversary

Proceeding by which it granted the Trustee's motion for summary judgment on his First Claim to

Quiet Title to the Rexford Property and denied Elkwood and Fieldbrook's motion for summary

judgment on the same Claim (the "**Summary Judgment Order**").

J.      On July 9, 2019, the Bankruptcy Court entered an order in the Adversary

Proceeding by which it approved a stipulation between the Elkwood Parties, the Trustee and the

Abselets dismissing the Eighth Counterclaim in the Abselet FACC.

K.      On September 10, 2019, the Bankruptcy Court entered an order ("**Dismissal

Order**") in the Adversary Proceeding by which it approved a stipulation between the Elkwood

Parties, the Trustee and the Abselets dismissing certain claims and counterclaims in the

Adversary Proceeding.  That left pending in the Adversary Proceeding  the Trustee's First Claim

to Quiet Title to the Rexford Property in his Third Amended Complaint; Elkwood and

2

Fieldbrook's Second Counterclaim for Reformation and their Third Counterclaim to Quiet Title

to the Rexford Property in the Elkwood FACC, although the Summary Judgment Order arguably

resolved those two Counterclaims; and the Abselets' First Counterclaim for Declaratory Relief

regarding the Rexford Property, although the Summary Judgment Order arguably resolved that

Counterclaim too.  Under the Dismissal Order, all claims and counterclaims regarding the

Chalette Property were dismissed with prejudice, as were certain claims and counterclaims

regarding the Rexford Property, except as set forth in the preceding sentence.

L.      On September 10, 2019, the Bankruptcy Court entered an order in the Cases

approving the withdrawal of proof of claim no. 28-1 that Elkwood had filed on June 21, 2017, in

Massoud's Case.

M.      On October 25, 2019, the Bankruptcy Court entered an order converting both of

the Debtors' Cases to Chapter 7.

N.      The Trustee is acting as the Chapter 7 Trustee in both Cases.

O.      On November 13, 2019, the Bankruptcy Court entered a report and

recommendation in the Adversary Proceeding ("**R&R Order**") by which it recommended that

the District Court enter a judgment ("**Proposed Judgment**") and findings of fact and

conclusions of law ("**Proposed FF&CL**") on the Trustee's First Claim to Quiet Title to the

Rexford Property.

P.      On November 19, 2019, the R&R Order was filed with the District Court

commencing case no. 2:19-cv-09915-JFW (the "**R&R Action**").

Q.      On March 20, 2020, the District Court entered an Order in the R&R Action that

entered the Proposed Judgment ("**Judgment**") and the Proposed FF&CL ("**FF&CL**") in which

the District Court, inter alia, quieted title to the Rexford Property in the name of the Trustee on

3

behalf of Massoud's bankruptcy estate and also awarded the Trustee possession of the Rexford Property.

**WHEREFORE**, in consideration of the foregoing facts and the terms and conditions of this Agreement, the above-referenced Parties to this Agreement hereby agree as follows:

1.    Effective Date:  As used in this Agreement, the term "**Effective Date**" means the first business date on which each of the conditions precedent contained in sections 18(a), (b), and (c) of this Agreement has been satisfied or expressly waived by all the Parties, in writing. On or after August 1, 2020, provided the Effective Date has not occurred, any Party shall have the unilateral right in the exercise of its/his sole discretion, by notice to all other Parties in the manner prescribed in section 24 below, to rescind this Agreement and all transactions called for by this Agreement.

2.    Payment to Trustee and Disbursement of Funds:  Within fourteen (14) days of the Effective Date, time being of the essence, the Elkwood Parties shall pay to the Trustee the sum of $5,525,000.00 ("**Settlement Payment**") by wire transfer to such account as the Trustee may designate, without reduction or offset, and without necessity of demand.  The Trustee shall hold the Settlement Payment until the entry of an order or judgment by the District Court on the Parties' stipulation for entry of the Stipulated Judgment and the Elkwood Parties' motion for entry of the Stipulated Judgment (as that term is defined in section 5 below) (whether that order or judgment grants, denies, or otherwise rules on that stipulation and motion, and whether or not that order or judgment is appealable, appealed, or otherwise under or subject to review), after which the Trustee may distribute the Settlement Payment, in accordance with the law. Notwithstanding the foregoing, in the event a stay of all or any part of the Approval Order is issued by any Court after the Settlement Payment is wire transferred by the Elkwood Parties to

4

the Trustee, the Trustee shall hold the Settlement Payment until that stay no longer is in effect, after which the Trustee may distribute the Settlement Payment, in accordance with the law.

3.    Approval Order: As used in this Agreement, the term "**Approval Order**" means the Order by the Bankruptcy Court in the Cases approving the Trustee's entry into, execution of, and delivery of this Agreement. The Approval Order shall be in the form, or substantially in the form, attached as **Exhibit G** of this Agreement.

4.    Compromise Motion: Within seven (7) calendar days of the last date on which all Parties have executed and delivered this Agreement ("**Execution Date**"), the Trustee shall file a motion (the "Compromise Motion")with the Bankruptcy Court in the Cases seeking approval of this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. Section 363, he shall provide such notice of the hearing on the motion that is required under applicable rules, and he shall schedule the motion for hearing as soon as practicable, but not on shortened notice. In the motion, the Trustee shall request that the Bankruptcy Court determine to be inapplicable any 14-day stay or other stay of the Approval Order; provided, however, the Bankruptcy Court's determination that any 14-day stay or other stay of the Approval Order is inapplicable is not a condition precedent to any Party's rights, obligations, or remedies under this Agreement, and shall affect only the date of the Effective Date.

5.    Stipulated Judgment in R&R Action:  Upon the filing of the Compromise Motion, the Trustee and the Abselets will deliver to Hill, Farrer & Burrill LLP, Attn: Daniel J. McCarthy, 300 S. Grand Ave., 37th Floor, Los Angeles, CA 90071 ("**Elkwood Parties' Counsel**") a duly executed stipulation for entry of judgment, with its attached proposed stipulated judgment ("**Stipulated Judgment**"), in the form attached as **Exhibit A** of this Agreement. After receipt of such documents, Elkwood Parties' Counsel shall promptly file that

stipulation, and a motion for entry of the Stipulated Judgment, for the earliest

permissible/available hearing date.  The Parties shall have their respective rights, obligations,

and remedies under this Settlement Agreement whether or not the Stipulated Judgment is entered

and/or is appealed.  Without limiting the generality of the foregoing, if the Stipulated Judgment

is not entered, the Trustee shall be entitled to the Settlement Payment, and Elkwood shall be

entitled to ownership of the Rexford Property as conveyed by the Quitclaim Deed pursuant to the

Approval Order.

      6.   <u>Vacating November 13, 2019 R&R Order</u>: Within three (3) court days

after entry of the Approval Order or, if the Approval Order is stayed, the first court day after the

Approval Order is no longer stayed (the "**Document Delivery Date**"), to facilitate entry of the

Stipulated Judgment by the District Court in the R&R Action, the Trustee and the Abselets will

deliver to the Elkwood Parties' Counsel a duly executed stipulation, with its attached order, in

the form attached as **<u>Exhibit B</u>** of this Agreement.

      7.   <u>Quitclaim Deed</u>: On or before the Document Delivery Date, the Trustee

shall deliver to the Elkwood Parties' Counsel an executed and properly notarized original of a

quitclaim deed to the Rexford Property in the form attached hereto as **<u>Exhibit C</u>** of this

Agreement (the "**Quitclaim Deed**").

      8.   <u>Standstill</u>: From the Execution Date until the Effective Date, the Parties

shall take no further action with respect to matters pending before any Court except as

reasonably necessary to implement this Agreement and cause the Effective Date to occur or

except to the extent necessary to preserve any rights that could expire due to deadlines or due

dates passing under applicable rules that are not or cannot be extended, and then any such

matters will be put on hold by stipulations of the Parties and orders of any court, to the extent

6

possible. The Elkwood Parties' Counsel shall prepare any such stipulation and orders. Without limiting the generality of the foregoing, the Trustee will stipulate to continue the hearing on his application to hire Hilton & Hyland as real estate brokers to sell the Rexford Property and will stipulate to extend the Elkwood Parties' deadline to file proofs of claims in the Cases.

9.    <u>Dismissal of Litigation</u>: On or before the Document Delivery Date, (A) the Trustee and the Abselets will deliver to the Elkwood Parties' Counsel a duly executed stipulation, with its attached order, in the form attached hereto as **<u>Exhibit B</u>** of this Agreement, to also dismiss the Adversary Proceeding, and (B) the Abselets will deliver to the Elkwood Parties' Counsel a duly executed stipulation, with its attached orders, in the form attached hereto as **<u>Exhibit D</u>** of this Agreement, to dismiss the Abselet District Court Action.

10.    <u>Withdrawals of Notices of Pending Actions</u>: On or before the Document Delivery Date, the Trustee and the Abselets will deliver to the Elkwood Parties' Counsel executed and properly notarized original withdrawals in recordable form of any notices of pending actions (lis pendens) that were recorded on their behalf against the Rexford and Chalette Properties, if those recorded notices have not been previously released or withdrawn, including **"Withdrawals of Notices of Pending Action"** in a form substantially identical to the Withdrawals attached as **<u>Exhibit E</u>** of this Agreement.

11.    <u>Letter from Trustee's Counsel</u>:    On or before the Document Delivery Date, the Trustee's counsel, Jeremy V. Richards (**"Trustee's Counsel"**), will deliver to the Elkwood Parties' Counsel a letter executed by him in the form attached hereto as **<u>Exhibit F</u>** of this Agreement.

12.    <u>Possession of Rexford Property</u>: Pending the Bankruptcy Court's ruling on the motion for approval of this Agreement, the Elkwood Parties shall remain in possession of the

7

Rexford Property notwithstanding the Judgment entered in the R&R Action on March 20, 2020.

In the event that the Bankruptcy Court does not approve this Agreement, the Parties shall retain

any and all rights, remedies, and obligations, if any, regarding the Rexford Property and the

Chalette Property that they had before they executed and delivered this Agreement.

13.    Withdrawal of Proof of Claim: Within three (3) court days after the

Elkwood Parties make the Settlement Payment, they will file a notice of withdrawal of any

proofs of claim filed by any of the Elkwood Parties in either of the Cases, which have not been

previously withdrawn.

14.    Releases:

a.    Upon the occurrence of the Effective Date, except as expressly set

forth in this Agreement and except for obligations created under this Agreement, the Elkwood

Parties, and each of them, shall fully and forever waive, release and discharge the Trustee, the

bankruptcy estates in the Debtors' Cases, and the Abselets and their respective employees,

representatives, agents, independent contractors, attorneys, family members, accountants,

successors and assigns from any and all claims, demands, rights, liens, agreements, contracts,

covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees,

damages, judgments, orders, and liability of whatever kind or nature existing at any time

(hereinafter collectively referred to as the "**Elkwood Claims**"), in law, equity, or otherwise,

whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden,

that any of the Elkwood Parties now own or hold, or have at any time previously owned or held.

b.    Upon the occurrence of the Effective Date and the Trustee's timely

receipt of the Settlement Payment as required by section 2, except as expressly set forth in this

Agreement and except for obligations created under this Agreement, the Trustee in his

representative capacity as trustee for the Debtors' bankruptcy estates shall fully and forever waive, release and discharge the Elkwood Parties from any and all claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, and liability of whatever kind or nature existing at any time, in law, equity, or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, that the Trustee now owns or holds, or has at any time previously owned or held.

        c.      Upon the occurrence of the Effective Date and the Trustee's timely receipt of the Settlement Payment as required by section 2, except as expressly set forth in this Agreement and except for obligations created under this Agreement, the Trustee in his representative capacity as trustee for the Debtors' bankruptcy estates also shall fully and forever waive, release and discharge the current and former employees, representatives, agents, independent contractors, attorneys, spouses, children, accountants, successors and assigns of any of the Elkwood Parties (collectively, "**Elkwood Releasees**") from any and all claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, and liability of whatever kind or nature existing at any time, in law, equity, or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, that the Trustee now owns or holds, or has at any time previously owned or held that relate to or in any way concern the Rexford Property and/or the Chalette Property, including without limitation the February 20, 2015 trustee's sale of the Chalette Property, the February 23, 2015 trustee's sale of the Rexford Property, and Elkwood's acquisition of the deeds of trust against those properties and the underlying note and related loan documents from Pacific Western Bank.

9

d.    Upon the occurrence of the Effective Date and the Trustee's timely

receipt of the Settlement Payment as required by section 2, except as expressly set forth in this

Agreement and except for obligations created under this Agreement, the Abselets shall fully and

forever waive, release and discharge the Elkwood Parties from any and all claims, demands,

rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts,

costs, expenses, attorneys' fees, damages, judgments, orders, and liability of whatever kind or

nature existing at any time, in law, equity, or otherwise, whether known or unknown, suspected

or unsuspected, and whether or not concealed or hidden, that either of the Abselets now owns or

holds, or has at any time previously owned or held.   Nothing in this paragraph 14(d) shall be

construed to release the Abselets' claims against Massoud, Solyman, their relatives, companies,

affiliates, agents, or co-conspirators other than the Elkwood Parties.

e.    Upon the occurrence of the Effective Date and the Trustee's timely

receipt of the Settlement Payment as required by section 2, except as expressly set forth in this

Agreement and except for obligations created under this Agreement, the Abselets also shall fully

and forever waive, release and discharge the Elkwood Releasees from any and all claims,

demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action,

obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, and liability of

whatever kind or nature existing at any time, in law, equity, or otherwise, whether known or

unknown, suspected or unsuspected, and whether or not concealed or hidden, that the Trustee

now owns or holds, or has at any time previously owned or held that relate to or in any way

concern the Rexford Property and/or the Chalette Property, including without limitation the

February 20, 2015 trustee's sale of the Chalette Property, the February 23, 2015 trustee's sale of

the Rexford Property, and Elkwood's acquisition of the deeds of trust against those properties

and the underlying note and related loan documents from Pacific Western Bank. Nothing in this

paragraph 14(e) shall be construed to release the Abselets' claims against Massoud, Solyman,

their relatives, companies, affiliates, agents, or co-conspirators other than the Elkwood

Releasees.

          15.    <u>Waivers</u>: Except as expressly set forth in this Agreement, it is the

intention of the Parties in executing this Agreement that this Agreement and these releases shall

be effective as a bar to each and every claim hereinabove specified in section 14 (collectively,

the "**Claims**"), and in further evidence of this intention, they expressly waive any and all rights

and benefits conferred upon them, and each of them, by the intent of the provisions of Section

1542 of the California Civil Code, which each Party represents and agrees they were made aware

of prior to the execution and delivery of this Agreement, and any substantially similar provisions

of any state, the United States or any foreign state. Section 1542 of the California Civil Code

provides:

> "A general release does not extend to claims that the creditor or
>
> releasing party does not know or suspect to exist in his or her favor
>
> at the time of executing the release and that, if known by him or
>
> her, would have materially affected his or her settlement with the
>
> debtor or released party."

**BEING AWARE OF THIS STATUTE, EACH OF THE PARTIES TO THIS**

**AGREEMENT HEREBY EXPRESSLY AND KNOWINGLY WAIVES AND**

**RELINQUISHES ANY RIGHTS HE OR IT MAY HAVE UNDER THIS STATUTE, AS**

**WELL AS UNDER ANY OTHER STATUTE OR PRINCIPLE OF LAW OR EQUITY OF**

**THE SAME OR SIMILAR EFFECT IN FORCE ANYWHERE IN THE WORLD, WITH**

11

**REGARD TO THE RELEASES SET FORTH IN THIS AGREEMENT, AND HEREBY
AGREES THAT NO SUCH STATUTE OR PRINCIPLE OF LAW OR EQUITY IN
FORCE ANYWHERE IN THE WORLD, INCLUDING SECTION 1542 OF THE
CALIFORNIA CIVIL CODE, SHALL AFFECT THE VALIDITY OR SCOPE OR ANY
OTHER ASPECT OF THE RELEASES SET FORTH IN THIS AGREEMENT.**

16.    <u>Basis and Scope of Releases and Waivers</u>: In connection with the releases
set forth in section 14 and the waivers set forth in section 15 above, each Party hereby warrants
that he/it has made his/its own investigation of the facts and is not relying on any warranties,
representations, statements or promises of the other Parties concerning any facts, matters or
events other than as may be expressly set forth in this Agreement, and that no representations or
promises of any kind or character have been made to them by anyone to induce the execution of
the Agreement, save as stated in this Agreement. Each Party hereby assumes the risk that there
may exist facts which he//it does not know or suspect to exist in his/her/its favor, or which may
not have been disclosed, or which, if disclosed, may have been incorrect or misleading, which
facts, if known, would have caused he/it not to give the releases and agree to the waivers set
forth in sections 14 and 15 above. Each Party agrees that his/its waiver and release shall be
effective and binding notwithstanding any subsequently discovered facts or Claims, and each
Party agrees that he/it may not rescind or otherwise seek to avoid or set aside his/its waiver and
release based thereon. Notwithstanding anything in this Agreement to the contrary, the Parties
do not release or waive any of the obligations undertaken in this Agreement.

17.    <u>No Further Litigation</u>: The Elkwood Parties (on or after the occurrence of
the Effective Date), on the one hand, and the Trustee and the Abselets (on and after the
occurrence of the Effective Date and the Trustee's timely receipt of the Settlement Payment as

12

required by section 2), on the other hand, for themselves and for their respective affiliates, heirs,

successors, assigns, parent and subsidiary entities, and on behalf of any other person or entity

whom they control, each hereby agree that they will not commence, encourage, support, fund or

(except as may be required by law or legal process) participate in any way in the prosecution or

assertion in any forum or tribunal anywhere of any litigation or other claim of any kind arising

before the Effective Date against each other or their respective affiliates, employees,

representatives, agents, independent contractors, attorneys, accountants, trusts, affiliates,

subsidiaries, businesses, companies, successors, assigns, heirs, children, spouses, former spouses,

and children based on Claims released by this Agreement. This section 17 shall not be read as in

any way limiting the powers, rights and remedies of any Party to enforce the terms and

conditions of this Agreement. As soon as reasonably practicable after the Effective Date, the

Parties shall cause to be withdrawn or dismissed, with prejudice, all motions and actions pending

against each other. Notwithstanding the foregoing, the Cases remain in full force and effect for

the purpose of carrying out the purpose and intent of the Agreement, for supervising the

enforcement of this Agreement and the resolution of any and all disputes, hereunder, and for

purposes relating to the Agreement (such as objections to disputed claims in the Cases). Nothing

in this covenant not to sue shall be construed to preclude the Abselets from pursuing their claims,

rights, and remedies against Massoud, Solyman, their relatives, companies, affiliates, agents, or

co-conspirators other than the Elkwood Releasees.

   18. <u>Conditions Precedent</u>: The occurrence of the Effective Date shall be

conditioned upon each, every, and all of the following conditions being met, unless and until all

of these conditions are fully satisfied or waived in writing by the Party benefited by such:

13

a.     Execution of this Agreement by, or on behalf of all Parties and delivery to all other Parties of a copy of such duly executed Agreement.

b.     Entry of the Approval Order in a form substantially identical to **Exhibit G** of the Agreement, which must include provisions enjoining all creditors of Massoud and/or Solyman and other parties in interest from pursuing any claims against the Elkwood Releasees regarding or relating in any way to the Rexford Property and/or the Chalette Property and recommends entry of the Stipulated Judgment in the R&R Action in a form substantially identical to **Exhibit A** of this Agreement, which Approval Order shall be in full force and effect and shall not be stayed in whole or in part.

c.     The Trustee and the Abselets delivering to the Elkwood Parties' counsel in a timely manner, subject to the escrow requirement of section 19 below, the documents required to be delivered by them pursuant to this Agreement, namely (i) the stipulation for entry of judgment pursuant to section 5 of this Agreement; (ii) the stipulation to vacate the R&R Order pursuant to section 6 of this Agreement; (iii) the Quitclaim Deed pursuant to section 7 of this Agreement; (iv) the stipulations for dismissal of the Adversary Proceeding and the Abselet District Court Action pursuant to section 9 of this Agreement; (v) the Withdrawals of Notices of Pending Action pursuant to section 10 of this Agreement; and (vi) the letter from the Trustee's counsel pursuant to section 11 of this Agreement.

19.     <u>Documents to be held by the Elkwood Parties' Counsel</u>:  With the exception of the Stipulated Judgment and related stipulation, the Elkwood Parties' Counsel shall hold the documents described in section 18(c) above in escrow until such time as the Trustee shall have timely received the Settlement Payment as required by section 2 above, at which time the Elkwood Parties and the Elkwood Parties' Counsel shall be entitled to promptly record or file those documents, as may be applicable, and may release to third parties the letter from the

14

Trustee's Counsel. The Elkwood Parties' Counsel shall notify all other Parties of the release of any document from escrow concurrently with its release. Notwithstanding the foregoing, the Elkwood Parties shall not record the Withdrawal of Notices of Pending Actions received by their counsel pursuant to section 10 of this Agreement until such time as the District Court rules on entry of the Stipulated Judgment in the R&R Action. Anything to the contrary notwithstanding, the Trustee may distribute the Settlement Proceeds upon the Elkwood Parties recording of the Quitclaim Deed. The Elkwood Parties shall be entitled to seek entry of the Stipulated Judgment in the R&R Action by motion under applicable rules, and the Trustee and the Abselets shall not oppose entry of the Stipulated Judgment. Notwithstanding anything to the contrary in this Agreement, the Parties agree that the stipulation for entry of judgment and the proposed Stipulated Judgment can be filed by the Elkwood Parties with the District Court before the Approval Order is entered and the Settlement Payment is made so that the Elkwood Parties can proceed expeditiously to seek entry of the Stipulated Judgment by the District Court in the R&R Action, on condition that the Elkwood Parties cannot go forward with the hearing on the motion for entry of the Stipulated Judgment, and in its motion shall affirmatively request that the District Court not rule on such motion, unless the Approval Order shall have been entered and shall be in full force and effect (that is, not stayed), and the Settlement Payment shall have been made in accordance with this Agreement. If the Stipulated Judgment is entered in the R&R Action in the form proposed by the Parties, the Quitclaim Deed shall be deemed null and void, and the Elkwood Parties' Counsel shall return it to Trustee's Counsel promptly. If the Stipulated Judgment is not entered in the R&R Action in the form proposed by the Parties, that shall not render this Agreement or the Approval Order ineffective any respect, and the Elkwood Parties shall be entitled to promptly record the Quitclaim Deed to accomplish the sale of the Rexford Property by the Trustee to Elkwood pursuant to the Approval Order. If the Trustee shall not have timely received the Settlement Payment as required by section 2 above, all documents that have been delivered to the Elkwood Parties' Counsel that are described in section 18(c) above (except

15

those that have been filed with the Bankruptcy Court or the District Court) shall be deemed null and void, they shall have no effect, and they shall be promptly returned by the Elkwood Parties' Counsel to the Trustee.

      20.    <u>Right to Rescind -- Stipulated Judgment</u>:  On or after October 1, 2020, any Party shall have the unilateral right in the exercise of its/his sole discretion, by notice to all other Parties in the manner prescribed in section 24 below, to rescind this Agreement and all transactions called for by this Agreement if the District Court in the R&R Action has not ruled on the Parties' stipulation for entry of the Stipulated Judgment and the Elkwood Parties' motion for entry of the Stipulated Judgment, or if the District Court has ruled but the Approval Order is stayed in whole or in part and that stay has not been fully lifted by September 30, 2020; provided no Elkwood Party shall have the right to rescind under this section 20 if Elkwood Parties' Counsel shall have released from escrow the Quitclaim Deed, the Withdrawals of Notices of Pending Action, or the letter from the Trustee's counsel described in section 18(c).

      21.    <u>Effect of Rescission/Restoration of Status Quo Ante</u>:  In the event of a rescission of this Agreement: (a) any and all releases and waivers under sections 14 and 15 above that shall have become effective shall be deemed null and void ab initio, and (b)  the Parties shall promptly cooperate to effectuate the rescission and restore the status quo ante, including without limitation the Elkwood Parties' Counsel promptly returning to the Trustee's counsel and the Abselets' counsel all documents received from them pursuant to sections 5, 6, 7, 9, 10 and 11 of this Agreement; the Trustee promptly returning by wire transfer to the Elkwood Parties the Settlement Payment pursuant to wire instructions to be provided by the Elkwood Parties to the Trustee through their counsel of record; and the Parties preparing and filing stipulations and proposed orders to vacate any orders entered pursuant to the stipulations described in sections 6 and 9 above and to vacate the withdrawal of any proofs of claim pursuant to section 13 above.

16

22.  <u>Obligation to Cooperate</u>:  The Parties shall have an obligation to fully and completely cooperate with each other and act in good faith in connection with implementing this Agreement and carrying out its purpose and intent.

23.  <u>Nondisparagement</u>: The Parties agree and stipulate that they have entered this Agreement to achieve an amicable resolution of disputed matters and that no claims or allegations by the Parties have been proved.  The Parties each agree not to disparage or slander, or cause or request any third parties to disparage or slander, any other Party or another Party's officers, directors, employees or agents in any forum or proceeding and that upon receiving any request for comment shall give only factual statements and respond to the effect that the disputed matters were resolved by agreement.  Nothing in this nondisparagement clause shall be construed to preclude or affect any statement by the Abselets in connection with pending or threatened litigation against Massoud, Solyman, their relatives, companies, affiliates, agents, or co-conspirators.

24.  <u>Notices</u>:  Any notice under this Agreement must be given by letter that is emailed, as applicable, to the following people at the following email addresses: (a) Jeremy V. Richards (jrichards@pszjlaw.com), with a copy to David K. Gottlieb (dkgallc.com); (b) Henry S. David (hdavid@davidfirm.com), with a copy to Diane Conniff (dmclawny@gmail.com); and Daniel J. McCarthy (dmccarthy@hfbllp.com), with a copy to Jack Nourafshan (jack@reliableprop.com).  Any notice shall be deemed given when the letter is emailed in that manner to the other Parties.

25.  <u>Jurisdiction</u>:  Each Party consents to the jurisdiction of the Bankruptcy Court over any matter, action, or proceeding relating to this Agreement, including any proceeding brought in connection with this Agreement, and agrees that the Bankruptcy Court

17

shall be a competent but not exclusive forum to hear, determine, and enter appropriate orders and judgments in all such matters, actions, or proceedings; provided, however, that in the event the Bankruptcy Court refuses to exercise jurisdiction over any proceeding related to or concerning this Agreement, the Parties consent to the jurisdiction of the District Court.

26.    Binding Effect.

a.    The Elkwood Parties, the Trustee and the Abselets may not withdraw or rescind their signatures or their consent to this Agreement (and its exhibits), except and insofar as expressly provided in this Agreement.

b.    The Parties covenant and agree that this Agreement and the Approval Order may not be modified by subsequent order of the Bankruptcy Court, unless consented to in writing by all of the Parties to this Agreement.

27.    Miscellaneous:

a.    Delivery by facsimile or other electronic transmission shall be sufficient to render the Agreement valid, binding and effective. This Agreement shall be binding upon and shall inure to the benefit of the Parties to this Agreement, and their respective affiliates, attorneys, accountants, heirs, executors, representatives, administrators, agents, directors, officers, shareholders, partners, spouses, predecessors, successors and permitted assigns.

b.    This Agreement and any attachments or exhibits hereto collectively constitute and express the entire agreement and understanding between the Parties in reference to the matters stated herein, except insofar as the Trustee and the Abselets have an agreement as to the division, between them, of the Settlement Payment. No prior discussions, promises, representations, warranties or understandings relative thereto, if any, had between the Parties, shall be of any force and effect, except as expressly set forth herein. This Agreement

18

shall not be viewed as a modification, an amendment, or otherwise form of change of the

Settlement Agreement and Mutual Releases between the Trustee and the Abselets, which the

Bankruptcy Court approved on October 10, 2017 (Dkt. 554).

        c.      This Agreement shall be construed, interpreted, and applied in

accordance with the laws of the State of California. Notwithstanding anything contained in this

section, all disputes involving matters arising in connection with this Agreement will be brought

as contested matters and not adversary proceedings, if brought in the Bankruptcy Court.

        d.      This Agreement may not be and shall not be deemed or construed

to have been modified, amended, rescinded, canceled or waived, in whole or in part, except by a

written instrument signed by all of the Parties. However, any Party may agree to waive any

provision of this Agreement that is for that Party's benefit, if said waiver is in writing and is

provided voluntarily by that Party. Each Party expressly disclaims any right to enforce or claim

the effectiveness of any oral modification of the Agreement based upon a course of dealing,

waiver, reliance, estoppel or other similar theory of law.

        e.      Each of the Parties agrees, on demand of another Party, to execute

and deliver any instrument and perform any other acts reasonably necessary to carry out the

provisions of this Agreement without undue delay, with the Party who seeks such instrument or

performance to pay the expense(s) of filing and/or recording any such instruments.

        f.      The Parties shall bear their respective fees and costs in connection

with the Adversary Proceeding, the Abselet District Court Action, the R&R Action, and any

related appeals, except insofar as the Trustee and the Abselets have an agreement as to the

sharing/reimbursement of such fees and costs. However, in the event that any Party or any

individual or entity who is not a Party but is the beneficiary of any of the releases set forth in

section 14 hereof (a "**Releasee**") commences an action against one of more other Parties or Releasees, or is named as a defendant in any legal or equitable action or proceedings brought by one or more Parties or Releasees (including, without limitation, an action for declaratory relief or for any other form of relief, in order to enforce, interpret, rescind or in any other manner affect the provisions of this Agreement, or for the breach of this Agreement), in the event that it prevails in such action or litigation, said Party or Releasee shall be entitled to reasonable attorneys' fees and reasonable costs which may be set by the court in the same action against the other Parties who are adverse parties in said action (including any appellate action which may be brought in connection with such action, or any separate action brought for that purpose), in addition to any other relief to which the Party or Releasee may be entitled. It is expressly agreed and acknowledged that each and every Releasee is a third party beneficiary of, and may directly enforce against another Party the provisions of sections 14, 15, 16, 17, 19 and 22 of this Agreement.

g.    The Parties acknowledge that they have been represented by independent counsel in the negotiation, preparation and execution of this Agreement; that the Agreement has been fully explained to them by their respective counsel; and that they are fully aware of the Agreement's contents and legal effect.

h.    The Parties each warrant and represent that each of them has read and understands this Agreement and that each of them understands that he, she or it is binding himself, herself or itself to the terms and conditions of this Agreement by signing it.

i.    Each person executing this Agreement warrants and represents that he or she has the authority to execute this Agreement for the Party or Parties on whose behalf

20

such person is purporting to execute it, although the authority of the Trustee is subject to

approval of the Bankruptcy Court.

j.      Without limiting the generality of the preceding subparagraph

27(i), Israel Abselet warrants and represents to the Elkwood Parties that (1) effective September

1, 2016, Sina Abselet assigned all right, title and interest to Israel Abselet in Sina Abselet's

$2,000,000 loan to Solyman, Massoud and certain of their companies ("**Sina Loan**"), the deed of

trust to secure that loan that was recorded against the Rexford Property on or about April 28,

2009 ("**Sina's Rexford DOT**"), to secure payment of the Sina Loan, and the deed of trust that

was recorded against the Chalette Property on or about April 28, 2009 ("**Sina's Chalette DOT**"),

to secure payment of the Sina Loan; (2) Israel Abselet has the sole right and authority to collect

on any and all amounts owing under the Sina Loan, Sina's Rexford DOT, and Sina's Chalette

DOT; (3) Israel Abselet has the sole right and authority to pursue the clams and defenses alleged

by him in the Adversary Proceeding and the Abselet District Court Action; and (4) Israel Abselet

has the sole right and authority to settle all such claims and defense.

k.      This Agreement may be executed in multiple counterparts, each of

which, when solely executed, shall be deemed an original, but all which counterparts together

shall constitute one and the same instrument.  This Agreement may be executed, transmitted and

stored via facsimile or other electronic means, each of which shall be deemed valid originals.

l.      The Parties understand and agree that this Agreement does not

constitute and shall not be construed as an admission of liability by any Party.

m.      No Party may assign or transfer any rights or obligations under this

Agreement without the prior written consent of the other Party, except as to an entity who

acquires all or substantially all of the business and assets of a Party related to the subject matter

21

of this Agreement, wherein this Agreement would then be binding upon and inure to the benefit
of such an entity.  Notwithstanding the foregoing, the rights of the Trustee and the Estates
hereunder shall inure to the benefit of any and all successors in interest to the Trustee including,
without limitation, any successor trustee, and/or representative of the Estates.

        n.      Each Party represents and warrants that it has not assigned,
transferred or purported to assign or transfer to any person or entity, either voluntarily or
involuntarily, any claims, debts, damages, liabilities, demands, obligations, costs, actions, or
causes of action herein released by said Party, except for liens granted as against any of the
foregoing.

        o.      The failure of a Party to insist, in any one or more instances, on the
performance of any terms or conditions of this Agreement shall not be construed as a waiver or
relinquishment of any rights granted hereunder or of the future performance of any such term or
condition, and the obligations of the non-performing Party with respect thereto shall continue in
full force and effect.  In the event that any Party to this Agreement is nevertheless found to have
waived any of its rights under this Agreement, such waiver or waivers shall not constitute a
continuing waiver as to any rights under this Agreement and shall not affect that Party's rights to
later fully enforce any provision of this Agreement.  No waiver shall be binding unless in writing
and signed by the Party waiving the breach.

        p.      In the event that any provision of this Agreement is determined to
be illegal or unenforceable, such determination shall not affect the validity or enforceability of
the remaining provisions hereof, all of which shall remain in full force and effect.

        q.      Each Party acknowledges and agree that the other Parties are
actually and justifiably relying on every other Party's warranties and representations in this

DOCS_LA:329622.3 32274/001

Agreement, and each Party agrees to indemnify and hold harmless every other Party for losses, liabilities, penalties, damages, reasonable expenses, or other harm or injury which every other Party incurs or suffers including but not limited to, reasonable attorney fees and court costs, proximately and proportionately caused by any warranty or representation made by that Party being incorrect.

       r.      The Parties agree that none of the Parties shall in any manner challenge this Agreement. The Parties agree not to sue or in any way assist or encourage any other person or entity in suing any Party with respect to any claim released in this Agreement. The releases in this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of the release contained herein.

       s.      The headings within this Agreement are for the purpose of reference only and shall not limit or otherwise affect any of the terms of this Agreement.

       t.      The Recitals contained herein shall be accorded no evidentiary value by any of the Parties or a court of competent jurisdiction, and may be used solely for purposes of interpreting this Agreement.

       u.      Each of the Parties hereby waives any right to amend, vacate, modify or seek reconsideration of the Approval Order, including, without limitation, pursuant to Federal Rules of Civil Procedure 59 and/or 60(b), as incorporated in Bankruptcy Rules 9023 and 9024, respectively, or under Section 502(j) of the Bankruptcy Code, or otherwise.

       // signatures on next page //

23

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement as of the date first

written above.

ELKWOOD ASSOCIATES, LLC

By: _____ on May 19 2020
Jack Nourafshan, Manager

FIELDBROOK, INC.

By: _____ on May 19 2020
Jack Nourafshan, President

RELIABLE PROPERTIES

By: _____ on May 19 2020
Jack Nourafshan, President

By: _____ on May 19 2020
Jack Nourafshan, an individual

By: _____ on May ___, 2020
David K. Gottlieb, Chapter 7 Trustee for
the Estates of Solyman Yashouafar and
Massoud Aaron Yashouafar

By: _____ on May ___, 2020
Howard L. Abselet

By: _____ on May ___, 2020
Israel Abselet

24

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement as of the date first written above.

ELKWOOD ASSOCIATES, LLC

By: _____ on May ___, 2020
 Jack Nourafshan, Manager

FIELDBROOK, INC.

By: _____ on May ___, 2020
 Jack Nourafshan, President

RELIABLE PROPERTIES

By: _____ on May ___, 2020
 Jack Nourafshan, President

By: _____ on May ___, 2020
 Jack Nourafshan, an individual

By: _____ on May ___, 2020
 David K. Gottlieb, Chapter 7 Trustee for
 the Estates of Solyman Yashouafar and
 Massoud Aaron Yashouafar

By: _____ on May ___, 2020
 Howard L. Abselet

By: _____ on May ___, 2020
 Israel Abselet

24

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement as of the date first written above.

ELKWOOD ASSOCIATES, LLC

By: _____ on May ___, 2020
    Jack Nourafshan, Manager

FIELDBROOK, INC.

By: _____ on May ___, 2020
    Jack Nourafshan, President

RELIABLE PROPERTIES

By: _____ on May ___, 2020
    Jack Nourafshan, President

By: _____ on May ___, 2020
    Jack Nourafshan, an individual

By: _____ on May ___, 2020
    David K. Gottlieb, Chapter 7 Trustee for
    the Estates of Solyman Yashouafar and
    Massoud Aaron Yashouafar

By: _____ on May 20, 2020
    Howard L. Abselet, by Israel Abselet as
    his attorney-in-fact

By: _____ on May 20, 2020
    Israel Abselet



24

DOCS_LA:329622.3 32274/001

# EXHIBIT A

**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840
dmccarthy@hfbllp.com

Attorneys for Defendants, Counterclaimants,
Cross-Complaints and Counterdefendants
ELKWOOD ASSOCIATES, LLC, and
FIELDBROOK, INC., and
Counterdefendants RELIABLE
PROPERTIES and JACK NOURAFSHAN

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| In re<br><br>SOLYMAN YASHOUAFAR and<br>MASSOUD AARON YASHOUAFAR,<br>Debtors. | D. Ct. Case No.  2:19-cv-09915-JFW<br><br>Chapter 7<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>Debtor. | BK Case No. 1:16-bk-12255-GM<br>Chapter 7 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>Debtor. | BK Case No. 1:16-bk-12408-GM<br>Chapter 7 |
| Affects:<br>☑  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar | |
| DAVID K. GOTTLIEB, as Chapter 11<br>Trustee for Massoud Aaron Yashouafar<br>and Solyman Yashouafar,<br>Plaintiff,<br>vs.<br>ELKWOOD ASSOCIATES, LLC,<br>FIELDBROOK, INC., CITIVEST<br>FINANCIAL SERVICES, INC.,<br>ISRAEL ABSELET, HOWARD<br>ABSELET, et al.,<br>Defendants. | BK Adv. No. 1:17-ap-01040-MT<br><br>**STIPULATION FOR ENTRY OF<br>STIPULATED JUDGMENT**<br><br>**Action filed: 11/19/2019** |
| AND RELATED CROSS-ACTIONS | |

DOCS_LA:328897.2 32274/001

1

45

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    **TO:   THE HONORABLE JOHN F. WALTER, UNITED STATES**

2    **DISTRICT COURT JUDGE:**

3        This Stipulation is entered into by and among Defendants, Counterclaimants,

4    Cross-Complainants and Counterdefendants Elkwood Associates, LLC, and

5    Fieldbrook, Inc., and Counterdefendants Reliable Properties and Jack Nourafshan

6    (the "Elkwood Parties"); Plaintiff and Counter-Defendant David K. Gottlieb,

7    Chapter 7 trustee for Solyman Yashouafar and Massoud Aaron Yashouafar (the

8    "Trustee"); and Defendants, Counterclaimants and Cross-Defendants Howard L.

9    Abselet and Israel Abselet (the "Abselets") (collectively, the "Parties"),[1] through

10   their respective counsel of record, with reference to the following facts:

11       A.    On April 25, 2017, the Trustee commenced the adversary proceeding

12   no. 1:17-ap-01040 (the "Adversary Proceeding") against the certain Elkwood

13   Parties, and the remaining Elkwood Parties later were added to the Proceeding.

14       B.    On November 13, 2019, the Bankruptcy Court issued its "Report and

15   Recommendation to the District Court  re Entry of Judgment on First Claim for

16   Relief (Quiet Title)" (the "Report and Recommendation") (Docket No. 283 in the

17   Adversary Proceeding).  The Bankruptcy Court attached as exhibits to that Report

18   and Recommendation proposed findings of fact and conclusions of law (the

19   "Proposed FF&CL") and a proposed judgment (the "Proposed Judgment").

20       C.    On March 20, 2020, the District Court entered an order (the "March 20

21   Order") in this action approving the Proposed Judgment and the Proposed FF&CL,

22   and the Court also entered a Judgment (the "March 20 Judgment") and the Findings

23   of Fact and Conclusions of Law (the "March 20 FF&CL"), as recommended by the

24   Bankruptcy Court.  [Docket no. 28]  The Judgment quieted title to the real property

25   _____

26   [1] Multiple parties were named in the underlying adversary proceeding before
the Bankruptcy Court (the "Adversary Proceeding" [Adv. Proc. No. 1:17-ap-01040-

27   MT]), but were not actively involved in the Adversary Proceeding on the matters
that ultimately resulted in the Bankruptcy Court's Report and Recommendation.

28   As such, they are not parties to this Stipulation, but they are being served with it.

1   located at 910 N. Rexford Drive, Beverly Hills, California (the "Rexford Property")

2   in the name of David K. Gottlieb on behalf of the bankruptcy estate of Massoud

3   Aaron Yashouafar.

4        D.    The Parties have applied to the Bankruptcy Court for entry of an order

5   (the "Approval Order") that approves a Settlement Agreement and Mutual Release

6   (the "Settlement Agreement") between the Parties, which binds all creditors and

7   parties in interest, including the parties to the Adversary Proceeding who were not

8   involved on the matters that ultimately resulted in the Bankruptcy Court's Report

9   and Recommendation.

10        E.    The Bankruptcy Court's proposed Approval Order provides for the

11   Bankruptcy Court vacating its Report and Recommendation to this Court.

12        F.    Pursuant to that Settlement Agreement and the Approval Order, the

13   parties have stipulated, and asked the Bankruptcy Court to approve this Court

14   vacating this Court's March 20 Order, March 20 Judgment and March 20 FF&CL

15   and for entry of a stipulated judgment (the "Stipulated Judgment") in this action

16   that quiets title to the Rexford Property in the name of Elkwood Associates, LLC,

17   subject only to the deed of trust against the Rexford Property that was recorded on

18   January 16, 2004, as instrument no. 04-112689 in the Los Angeles County

19   Recorder's Office, for the benefit of Chase Manhattan Mortgage Corporation, and a

20   lien to secure payment of real property taxes, whether or not yet due and payable.

21        G.    This Court's March 20 Order, March 20 Judgment and March 20

22   FF&CL are not yet final and they remain subject to appeal, given that the Elkwood

23   Parties filed a timely a motion to vacate the March 20 Order, March 20 Judgment

24   and March 20 FF&CL on April 16, 2020, pursuant to Federal Rule of Civil

25   Procedure 59(e) based upon the fact that the Parties were in the process of

26   negotiating the Settlement Agreement, which could include entry of a stipulated

27   judgment vacating the March  20 Order, the March 20 Judgment, the March 20

28   FF&CL, and quieting title to the Rexford Property in Elkwood's name. [Docket no.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

DOCS_LA:328897.2 32274/001       3

1   29] As such, these non-final rulings remain subject to being vacated pursuant to the

2   Parties' settlement and stipulation.

3   　　　**WHEREFORE,** the Parties hereby agree as set forth below and they request

4   that the Court enter the Stipulated Judgment in the form attached hereto if and when

5   the Bankruptcy Court enters the Approval Order and the Approval Order is not

6   stayed, in whole or in part.

7   DATED: _____, 2020     **HILL, FARRER & BURRILL LLP**

8

9   　　　　　　　　　　　By: /s/ Daniel J. McCarthy

10   　　　　　　　　　　　　　DANIEL J. McCARTHY
　　　　　　　　　　　　　Attorneys for Defendants, Counterclaimants,
　　　　　　　　　　　　　Cross-Complainants and Counterdefendants

11   　　　　　　　　　　　　　ELKWOOD ASSOCIATES, LLC, and
　　　　　　　　　　　　　FIELDBROOK, INC., and Counterdefendants

12   　　　　　　　　　　　　　RELIABLE PROPERTIES and JACK
　　　　　　　　　　　　　NOURAFSHAN

13

14

15   DATED: _____, 2020     **PACHULSKI, STANG ZIEHL & JONES LLP**

16

17   　　　　　　　　　　　By: /s/ Jeremy V. Richards
　　　　　　　　　　　　　JEREMY V. RICHARDS

18   　　　　　　　　　　　　　JOHN W. LUCAS
　　　　　　　　　　　　　Attorneys for Plaintiff and Counterdefendant

19   　　　　　　　　　　　　　David K. Gottlieb, as Chapter 11 Trustee
　　　　　　　　　　　　　for Massoud Aaron Yashouafar and

20   　　　　　　　　　　　　　Solyman Yashouafar

21   DATED: _____, 2020     **THE DAVID FIRM®**

22

23   　　　　　　　　　　　By: /s/ Henry S. David

24   　　　　　　　　　　　　　HENRY S. DAVID
　　　　　　　　　　　　　HAYIM M. GAMZO

25   　　　　　　　　　　　　　Attorneys for Defendants, Counterclaimants
　　　　　　　　　　　　　and Cross-Defendants Howard L. Abselet and

26   　　　　　　　　　　　　　Israel Abselet

27   　　　Pursuant to L.R. 5-4.3.4, the filing party hereby attests that that all other

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

DOCS_LA:328897.2 32274/001                    4

1    signatories listed above, and on whose behalf the filing is submitted, concur in the

2    filing's content and have authorized the filing.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| In re | D. Ct. Case No.  2:19-cv-09915-JFW |
| SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR, Debtors. | Chapter 7 Jointly Administered |
| In re: SOLYMAN YASHOUAFAR, Debtor. | BK Case No. 1:16-bk-12255-GM Chapter 7 |
| In re: MASSOUD AARON YASHOUAFAR, Debtor. | BK Case No. 1:16-bk-12408-GM Chapter 7 |
| Affects: ☑ Both Debtors ☐ Solyman Yashouafar ☐ Massoud Aaron Yashouafar | |
| DAVID K. GOTTLIEB, as Chapter 11 Trustee for Massoud Aaron Yashouafar and Solyman Yashouafar, Plaintiff, vs. | BK Adv. No. 1:17-ap-01040-MT **STIPULATED JUDGMENT QUIETING TITLE TO REAL PROPERTY** **Action filed: 11/19/2019** |
| ELKWOOD ASSOCIATES, LLC, FIELDBROOK, INC., CITIVEST FINANCIAL SERVICES, INC., ISRAEL ABSELET, HOWARD ABSELET, et al., Defendants. | |
| AND RELATED CROSS-ACTIONS | |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    The Court, having considered the Stipulation for Entry of Stipulated

2  Judgment (the "Stipulation") of Defendants, Counterclaimants, Cross-Complainants

3  and Counterdefendants Elkwood Associates, LLC, and Fieldbrook, Inc., and

4  Counterdefendants Reliable Properties and Jack Nourafshan (the "Elkwood

5  Parties"); Plaintiff and Counter-Defendant David K. Gottlieb, Chapter 7 trustee for

6  Solyman Yashouafar and Massoud Aaron Yashouafar (the "Trustee"); and

7  Defendants, Counterclaimants and Cross-Defendants Howard Abselet and Israel

8  Abselet (the "Abselets") that was filed with this Court on _____,

9  2020, and good cause appearing,

10    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

11  **FOLLOWS:**

12    1.    The Court's Order, Judgment and Findings of Fact and Conclusions of

13  Law that were entered in this action on March 20, 2020 [docket no. 28], are hereby

14  vacated.

15    2.    Judgment is hereby entered in favor of Elkwood Associates, LLC, and

16  against all other parties quieting title to the real property known as 910 North

17  Rexford Drive, Beverly Hills, California 90210 (the "Subject Property"), in the

18  name of Elkwood Associates, LLC, as of February 23, 2015, subject only to the

19  deed of trust recorded on January 16, 2004, as instrument number 04-112689 in the

20  Los Angeles County Recorder's Office for the benefit of Chase Manhattan

21  Mortgage Corporation, and a lien to secure payment of real property taxes, whether

22  or not yet due and payable.  The legal description of the Subject Property is:

23    Lot 5 of the Northerly 15 feet of Lot 4 of Tract No. 4201, in the City of

24    Beverly Hills, County of Los Angeles, State of California, as per map

25    recorded in book 46, page 63 of maps, in the office of the county recorder of

26    said county.

27  / /

28  / /

1          3.      The parties to this action shall bear their own fees and costs in this

2    action.

3

4    DATED:

5                                                    The Honorable John F. Walter
                                                     Judge, United States District Court
6

7

8

9

10

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  **HILL, FARRER & BURRILL LLP**
   Daniel J. McCarthy (Bar No. 101081)
2  One California Plaza, 37th Floor
   300 South Grand Avenue
3  Los Angeles, CA 90071-3147
   Telephone: (213) 621-0802
4  Facsimile: (213) 624-4840
   Email:    dmccarthy@hillfarrer.com
5
   Attorneys for Elkwood Associates, LLC,
6  Fieldbrook, Inc., Reliable Properties and
   Jack Nourafshan
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10               **SAN FERNANDO VALLEY DIVISION**

11

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and<br>MASSOUD AARON YASHOUAFAR,<br><br>        Debtors.<br><br>In re:<br><br>SOLYMAN YASHOUAFAR,<br><br>        Debtor.<br><br>In re:<br><br>MASSOUD AARON YASHOUAFAR,<br><br>        Debtor.<br><br>Affects:<br>☑ Both Debtors<br>☐ Solyman Yashouafar<br>☐ Massoud Aaron Yashouafar | Case No. 1:16-bk-12255-GM<br>Jointly Administered with<br>Case No. 1:16-bk-12408-GM<br><br>Chapter 7<br><br>**STIPULATION TO:**<br><br>**(1) VACATE REPORT AND<br>RECOMMENDATION TO THE DISTRICT<br>COURT RE ENTRY OF JUDGMENT ON<br>FIRST CLAIM FOR RELIEF (QUIET<br>TITLE) [DOCKET NO. 283]; AND**<br><br>**(2) DISMISS ADVERSARY PROCEEDING<br>WITH PREJUDICE**<br><br>[No Hearing Set] |

**TO:    THE HONORABLE MAUREEN TIGHE, UNITED STATES**

**BANKRUPTCY JUDGE:**

This Stipulation is entered into by and between Elkwood Associates, LLC, Fieldbrook,

Inc., Reliable Properties and Jack Nourafshan (collectively, the "Elkwood Parties"), David K.

1   Gottlieb, Chapter 7 trustee for Solyman Yashouafar and Massoud Aaron Yashouafar (the

2   "Trustee"), and Howard L. Abselet and Israel Abselet (the "Abselets"), through their respective

3   counsel of record with reference to the following facts:

4       A.      The Trustee filed a Third Amended Complaint ("TAC") in this adversary

5   proceeding on March 5, 2018, which is his operative Complaint.  [Docket no. 80]

6       B.      Elkwood Associates, LLC ("Elkwood") and Fieldbrook, Inc. ("Fieldbrook") filed a

7   First Amended Counterclaim and Cross-Claim ("Elkwood FACC") in this adversary proceeding

8   on August 7, 2018, which is their operative counterclaim.  [Docket no. 109]

9       C.      The Abselets filed a First Amended Counterclaim ("Abselet FACC") in this

10  adversary proceeding on October 10, 2018, which it their operative counterclaim.  [Docket no.

11  151]

12      D.      A number of claims and counterclaim already have been dismissed by stipulation

13  of the parties and orders of the Court in this adversary proceeding.

14      E.      No other party to this adversary proceeding has alleged an affirmative claim,

15  counterclaim or cross-claim.

16      F.      The Elkwood Parties, the Trustee and the Abselets have settled all remaining

17  claims between them pursuant to the Settlement Agreement and Mutual Release (the

18  "Agreement") that has been approved by order of the Court in the Chapter 7 cases of Solyman

19  Yashouafar and Massoud Aaron Yashouafar.

20      G.      The Agreement requires entry of an order of this Court in this adversary

21  proceeding that vacates the Court's "Report and Recommendation to the District Court re

22  Entry of Judgment on First Claim for Relief (Quiet Title)" that was entered on November 13,

23  2019, in this adversary proceeding [docket no. 283] (the "Report and Recommendation"), and

24  that then dismisses this adversary proceeding with prejudice and with all parties to bear their own

25  fees and costs.  This stipulation is being filed in compliance with the requirements of that

26  Agreement.

27      WHEREFORE, it is hereby agreed by and between the Elkwood Parties, the Trustee and

28  the Abselets, and they request that the Court approve this stipulation, as follows:

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   1.  The Court's Report and Recommendation shall be vacated, and

2   2.  This adversary proceeding, including all remaining claims and counterclaims and

3 cross-claims alleged by the Trustee in his TAC, by Elkwood and Fieldbrook in the Elkwood

4 FACC, and by the Abselets in the Abselet FACC, shall be dismissed with prejudice and with all

5 parties to bear their own fees and costs.

6

7 DATED:  , 2020   **HILL, FARRER & BURRILL LLP**

8

           By: /s/ Daniel J. McCarthy

9            DANIEL J. McCARTHY
            Attorneys for Elkwood Associates, LLC,

10           Fieldbrook, Inc., Reliable Properties and
            Jack Nourafshan

11

12 DATED:  , 2020   **PACHULSKI, STANG ZIEHL & JONES LLP**

13

           By:

14           JEREMY V. RICHARDS
           Attorneys for David K. Gottlieb, as Chapter 7 Trustee

15           for Massoud Aaron Yashouafar and
           Solyman Yashouafar

16

17 DATED:  _ , 2020   **THE DAVID FIRM®**

18

19           By:

20           HENRY S. DAVID
           HAYIM M. GAMZO
           Attorneys for Howard L. Abselet and Israel Abselet

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 3 -

**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840
dmccarthy@hillfarrer.com

Attorneys for Defendants, Counterclaimants, Cross-
Complainants and Counterdefendants ELKWOOD
ASSOCIATES, LLC, and FIELDBROOK, INC.,
and Counterdefendants RELIABLE PROPERTIES
and JACK NOURAFSHAN

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>SOLYMAN YASHOUAFAR and MASSOUD<br>AARON YASHOUAFAR,<br>Debtors. | Case No. 1:16-bk-12255-GM<br><br>Chapter 7<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>Debtor. | Case No. 1:16-bk-12255-GM<br>Chapter 7 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>Debtor. | Case No. 1:16-bk-12408-GM<br>Chapter 7 |
| Affects:<br>☑ Both Debtors<br>☐ Solyman Yashouafar<br>☐ Massoud Aaron Yashouafar | |
| DAVID K. GOTTLIEB, as Chapter 11 Trustee<br>for Massoud Aaron Yashouafar and Solyman<br>Yashouafar,<br>Plaintiff,<br>vs.<br><br>ELKWOOD ASSOCIATES, LLC,<br>FIELDBROOK, INC., CITIVEST FINANCIAL<br>SERVICES, INC., ISRAEL ABSELET,<br>HOWARD ABSELET, CHASE MANHATTAN<br>MORTGAGE COMPANY, QUALITY LOAN<br>SERVICE CORPORATION, SODA<br>PARTNERS, LLC, DMARC 2007-CD5<br>GARDEN STREET, and STATE STREET<br>BANK AND TRUST COMPANY,<br>Defendants. | Adv. No. 1:17-ap-01040-MT<br><br>**ORDER VACATINGREPORT AND<br>RECOMMENDATION TO THE<br>DISTRICT COURT RE ENTRY OF<br>JUDGMENT ON FIRST CLAIM FOR<br>RELIEF (QUIET TITLE) [DOCKET<br>NO. 283]**<br><br>**[No Hearing Set]** |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

2

┌─────────────────────────────────────────┐
│ AND RELATED CROSS-ACTIONS                │
└─────────────────────────────────────────┘

3        The Court, having considered the "Stipulation to: (1) Vacate Report and Recommendation

4   to the District Court re Entry of Judgment on First Claim for Relief (Quiet Title) [Docket No.

5   283]; and (2) Dismiss Adversary Proceeding" between David K. Gottlieb, Chapter 7 Trustee

6   ("Trustee"); Howard L. Abselet and Israel Abselet ("Abselet"); and Elkwood Associates, LLC

7   ("Elkwood"), Fieldbrook, Inc. ("Fieldbrook"), Reliable Properties and Jack Nourafshan, and good

8   cause appearing,

9        **IT IS HEREBY ORDERED:**

10       1.       This Court's "Report and Recommendation to the District Court re Entry of

11   Judgment on First Claim for Relief (Quiet Title)" that was entered on November 13, 2019, in

12   this adversary proceeding [docket no. 283] is vacated.

13       2.       This adversary proceeding, including all remaining claims and counterclaims and

14   cross-claims alleged by the Trustee in his Third Amended Complaint [docket no. 80], by

15   Elkwood and Fieldbrook in their First Amended Counterclaim and Cross-Claim [docket no. 109],

16   and by the Abselets in their First Amended Counterclaim [docket no. 151], are dismissed with

17   prejudice; and

18       3.       All parties shall bear their own fees and costs that have been incurred in this

19   adversary proceeding.

20

21       # # # #

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# EXHIBIT C

| RECORDING REQUESTED BY | Space for Recorder's Use |
|---|---|
| DANIEL J. McCARTHY, ESQ.<br>AND WHEN RECORDED MAIL THIS DEED TO:<br><br>NAME:    Daniel J. McCarthy<br>              Hill, Farrer & Burrill LLP<br><br>ADDRESS:  300 S. Grand Ave., 37th Floor<br><br>CITY &<br>STATE:    Los Angeles, CA 90071 | |

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR DECLARES:

The documentary transfer tax is $0.00.  City tax is $0.00.
City of Beverly Hills, Tax Parcel No. 4350-009-012.

For valuable consideration, the receipt of which is hereby acknowledged,

DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF SOLYMAN
YASHOUAFAR AND MASSOUD AARON YASHOUAFAR, which are jointly administered under case
number 1:16-bk-12255-GM in the United States Bankruptcy Court for the Central District of California, hereby
REMISES, RELEASES AND FOREVER QUITCLAIMS to ELKWOOD ASSOCIATES, LLC, a
CALIFORNIA LIMITED LIABILITY COMPANY, all right, title and interest in the following real property
commonly known as 910 North Rexford Drive, Beverly Hills, County of Los Angeles, State of California
90210, the legal description of which is as follows:

> Lot 5 of the Northerly 15 feet of Lot 4 of Tract No. 4201, in the City of Beverly
> Hills, County of Los Angeles, State of California, as per Map recorded in Book
> 46, page 63 of Maps, in the Office of the County recorder of said County.

*"THIS IS A RECONVEYANCE OF REALTY UPON SATISFACTION OF A DEBT, R&T C. 11921, AND SETTLEMENT OF A
LAWSUIT IN THE U.S. BANKRUPTCY COURT ENTITLED DAVID K. GOTTLIEB V. ELKWOOD ASSOCIATES, LLC,
ADVERSARY NO. 1:17-AP-01040-MT."*

Dated: _____, 2020

_____
DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE FOR
THE BANKRUPTCY ESTATES OF SOLYMAN
YASHOUAFAR AND MASSOUD AARON YASHOUAFAR

- 1 -
MAIL TAX STATEMENTS TO ELKWOOD ASSOCIATES, LLC, 6420 WILSHIRE BLVD., #1500, BEVERLY HILLS, CA 90048

- 2 -

MAIL TAX STATEMENTS TO ELKWOOD ASSOCIATES, LLC, 6420 WILSHIRE BLVD., #1500, BEVERLY HILLS, CA 90048

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES   } S.S.

On _____, 2020, before me, _____,
a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.


WITNESS my hand and official seal


Signature _____          FOR NOTARY SEAL OR STAMP

- 3 -
MAIL TAX STATEMENTS TO ELKWOOD ASSOCIATES, LLC, 6420 WILSHIRE BLVD., #1500, BEVERLY HILLS, CA 90048

# EXHIBIT D

**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840
dmccarthy@hillfarrer.com

Attorneys for Defendants
ELKWOOD ASSOCIATES, LLC,
FIELDBROOK, INC., RELIABLE
PROPERTIES, and JACK NOURAFSHAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD L. ABSELET, an individual; and ISRAEL ABSELET, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ELKWOOD ASSOCIATES, LLC, a California limited liability company; FIELDBROOK, INC., a California corporation; RELIABLE PROPERTIES, a California corporation; J.P. MORGAN CHASE BANK, N.A., a national banking association; FEREYDOUN DAYANI, an individual; SODA PARTNERS, LLC, a California limited liability company; DMARC 2007-CD5 GARDEN STREET, LLC, a Delaware limited liability company; JACK NOURAFSHAN, an individual; CITIVEST FINANCIAL SERVICES, INC., a Nevada corporation; JOHN MALAKZAD, an individual; NOOSHIN MALAKZAD, an individual; J.P. MORGAN CHASE CUSTODY SERVICES, INC., a | Case No. 2:17-cv-8894-JFW (JEMx) <br><br> **STIPULATION TO DISMISS CASE WITH PREJUDICE** <br><br> **Complaint filed: 12/12/2017** <br> **Trial date: Not set** |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

1  Delaware corporation; QUALITY
2  LOAN SERVICE CORPORATION, a
   California corporation; DAVID K.
3  GOTTLIEB, as trustee of the
4  bankruptcy estates of Massoud Aaron
   Yashouafar and Solyman Yashouafar;
5  and DOES 1 through 50, inclusive,
6
                    Defendants.
7

8  **TO:   THE HONORABLE JOHN F. WALTER, UNITED STATES**
9      **DISTRICT COURT JUDGE:**

10         This Stipulation is entered into by and between plaintiffs Howard L. Abselet

11  and Israel Abselet (the "Abselets"), defendants Elkwood Associates, LLC,

12  Fieldbrook, Inc., Reliable Properties and Jack Nourafshan (collectively, the

13  "Elkwood Parties"), and defendant David K. Gottlieb, Chapter 7 trustee for

14  Solyman Yashouafar and Massoud Aaron Yashouafar (the "Trustee"), through their

15  respective counsel of record with reference to the following facts:

16         A.     On December 11, 2017, the Abselets filed a complaint commencing

17  the above-captioned action, which remains pending.

18         B.     This action was stayed by order of this Court that was entered on

19  February 7, 2018.

20         C.     The Abselets are the only parties who have alleged affirmative claims

21  in this action.

22         D.     The Elkwood Parties, the Trustee and the Abselets have settled all

23  remaining claims between them pursuant to the Settlement Agreement and Mutual

24  Release (the "Agreement") that has been approved by order of the Court in the

25  Chapter 7 cases of Solyman Yashouafar and Massoud Aaron Yashouafar (the

26  "Approval Order").

27         E.     The parties to this action are bound by the Approval Order.

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

                                2

1    F.    The Agreement requires entry of an order of this Court dismisses this

2    action with prejudice and with all parties to bear their own fees and costs.  This

3    stipulation is being filed in compliance with the requirements of that Agreement.

4        WHEREFORE, it is hereby agreed by and between the Elkwood Parties, the

5    Trustee and the Abselets, and they request that the Court approve this stipulation, as

6    follows:

7    1.    This lawsuit shall be dismissed with prejudice and with all parties to

8    bear their own fees and costs.

9

10    DATED:    ___, 2020    **HILL, FARRER & BURRILL LLP**

11

12    By: /s/ Daniel J. McCarthy
          DANIEL J. McCARTHY
13        Attorneys for Elkwood Associates, LLC,
          Fieldbrook, Inc., Reliable Properties and
          Jack Nourafshan

14

15    DATED:    ___, 2020    **PACHULSKI, STANG ZIEHL & JONES LLP**

16

17    By:_____
          JEREMY V. RICHARDS
18        Attorneys for David K. Gottlieb, as Chapter 7
          Trustee
19        for Massoud Aaron Yashouafar and
          Solyman Yashouafar

20

21    DATED:    ___, 2020    **THE DAVID FIRM®**

22

23    By:_____
          HENRY S. DAVID
24        HAYIM M. GAMZO
          Attorneys for Howard L. Abselet and Israel
          Abselet

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

3

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA  90071-3147

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

HOWARD L. ABSELET, an individual;
and ISRAEL ABSELET, an individual,

Plaintiffs,

vs.

ELKWOOD ASSOCIATES, LLC, a
California limited liability company;
FIELDBROOK, INC., a California
corporation; RELIABLE
PROPERTIES, a California corporation;
J.P. MORGAN CHASE BANK, N.A., a
national banking association;
FEREYDOUN DAYANI, an individual;
SODA PARTNERS, LLC, a California
limited liability company; DMARC
2007-CD5 GARDEN STREET, LLC, a
Delaware limited liability company;
JACK NOURAFSHAN, an individual;
CITIVEST FINANCIAL SERVICES,
INC., a Nevada corporation; et al.,

Defendants.

Case No. 2:17-cv-8894-JFW (JEMx)

**ORDER DISMISSING CASE
WITH PREJUDICE**

**Complaint filed: 12/12/2017
Trial date: Not set**

1    The Court, having considered the Stipulation to Dismiss Case with Prejudice

2    between plaintiffs Howard L. Abselet and Israel Abselet (the "Abselets"),

3    defendants Elkwood Associates, LLC, Fieldbrook, Inc., Reliable Properties and

4    Jack Nourafshan (collectively, the "Elkwood Parties"), and defendant David K.

5    Gottlieb, Chapter 7 trustee for Solyman Yashouafar and Massoud Aaron

6    Yashouafar (the "Trustee"), and good cause appearing,

7    **IT IS HEREBY ORDERED:**

8    1.    This action is dismissed in its entirety with prejudice, and

9    2.    The parties shall bear their respective fees and costs that have been

10    incurred in this action.

11

DATED:

12                                THE HONORABLE JOHN F. WALTER
                                 UNITED STATES DISTRICT COURT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# EXHIBIT E

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**

NAME    HILL, FARRER & BURRILL, LLP

MAILING  300 South Grand Avenue, 37th Floor
ADDRESS

CITY &  Los Angeles, CA 90071-3147
STATE
      Attn: Daniel J. McCarthy

(Space Above For Recorders Use)

# RELEASE OF NOTICE OF PENDING ACTION

## RELEASE OF NOTICE OF PENDING ACTION

This Release of Notice Pending Action is being recorded in the Official Records of the Office of the County Recorder for Los Angeles County, California, with reference to the following facts:

A.    On April 25, 2017, a lawsuit was commenced in the United States Bankruptcy Court for the Central District of California entitled David K. Gottlieb, etc. v. Elkwood Associates, LLC, et al., case no. 1:17-ap-01040-GM (the "Adversary Proceeding") against Elkwood Associates, and Fieldbrook, Inc.

B.    The undersigned was and is counsel of record for plaintiff David K. Gottlieb in the Adversary Proceeding, and with respect to the below-described Notice of Pending Action, and he is authorized to execute this Release of Notice of Pending Action.

C.    Through the undersigned counsel of record, plaintiff David K. Gottlieb caused a Notice of Pending Action to be recorded in the Los Angeles County Recorder's Office on April 27, 2017, as instrument number 17-466791 (the "Notice of Pending Action").

D.    David K. Gottlieb filed the Adversary Proceeding in his capacity as the Chapter 11 trustee for the estates of Solyman Yashouafar and Massoud Aaron Yashouafar in their respective bankruptcy cases bearing case nos. 1:16-bk-12255-GM and 1:16-bk-12408-GM (the "Cases"). The Cases were converted to Chapter 7. David K. Gottlieb was appointed as the Chapter 7 trustee those Cases.

E.    Pursuant to a Settlement Agreement and General Release (the "Settlement") dated as of May 19, 2020, between David K. Gottlieb, Howard L. Abselet, Israel Abselet, Elkwood Associates, LLC, Fieldbrook, Inc., and others, David K. Gottlieb agreed to dismiss the Adversary Proceeding and to release the Notice of Pending Action.

WHEREFORE, pursuant to the terms of the Settlement, the undersigned counsel for David K. Gottlieb in the Adversary Proceeding hereby:

1.    Releases and withdraws the Notice of Pending Action recorded in the Los Angeles County Recorder's Office on April 27, 2017, as instrument number 17-466791 against the real property commonly known as 910 North Rexford Drive, Beverly Hills, California 90210, the legal description of which is:

> Lot 5 of the Northerly 15 feet of Lot 4 of Tract No. 4201, in the
> City of Beverly Hills, County of Los Angeles, State of California,
> as per map recorded in book 46, page 63 of maps, in the office of
> the county recorder of said county.

/ / signature on next page / /

_____ , 2020

_____

JEREMY K. RICHARDS
Attorneys for David K. Gottlieb, Chapter 7 trustee
for estates of Solyman Yashouafar and Massoud
Aaron Yashouafar

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

On _____, before me, _____
Date                                            Name And Title Of Officer (e.g. "Jane Doe, Notary Public")

personally appeared  JEREMY V. RICHARDS
Name of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

- 4 -

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**

NAME    HILL, FARRER & BURRILL, LLP

MAILING    300 South Grand Avenue, 37th Floor
ADDRESS

CITY &    Los Angeles, CA 90071-3147
STATE
    Attn: Daniel J. McCarthy

(Space Above For Recorders Use)

# RELEASE OF NOTICE OF PENDING ACTION

## RELEASE OF NOTICE OF PENDING ACTION

This Release of Notice Pending Action is being recorded in the Official Records of the Office of the County Recorder for Los Angeles County, California, with reference to the following facts:

A.  On December 11, 2017, a lawsuit was commenced in the United States District Court for the Central District of California entitled Howard L. Abselet, et al.. v. Elkwood Associates, LLC, et al., case no. 2:17-cv-0889-JFW (the "Litigation") against Elkwood Associates, Fieldbrook, Inc., and others.

B.  The undersigned was and is counsel of record for plaintiffs Howard L. Abselet and Israel Abselet in the Litigation, and with respect to the below-described Notice of Pending Action, and he is authorized to execute this Release of Notice of Pending Action.

C.  Through the undersigned counsel of record, plaintiffs Howard L. Abselet and Israel Abselet caused a Notice of Pending Action to be recorded in the Los Angeles County Recorder's Office on December 18, 2017, as instrument number 17-1465045 (the "Notice of Pending Action").

D.  Pursuant to a Settlement Agreement and General Release (the "Settlement") dated as of May 19, 2020, between David K. Gottlieb, Howard L. Abselet, Israel Abselet, Elkwood Associates, LLC, Fieldbrook, Inc., and others, Howard L. Abselet and Israel Abselet agreed to dismiss the Litigation and to release the Notice of Pending Action.

WHEREFORE, pursuant to the terms of the Settlement, the undersigned counsel for Howard L. Abselet and Israel Abselet in the Litigation hereby:

1.  Releases and withdraws the Notice of Pending Action recorded in the Los Angeles County Recorder's Office on December 18, 2017, as instrument number 1465045 against the real property commonly known as 910 North Rexford Drive, Beverly Hills, California 90210, the legal description of which is:

> Lot 5 of the Northerly 15 feet of Lot 4 of Tract No. 4201, in the
> City of Beverly Hills, County of Los Angeles, State of California,
> as per map recorded in book 46, page 63 of maps, in the office of
> the county recorder of said county.

_____, 2020

_____
HENRY S. DAVID
Attorneys for Howard L. Abselet and Israel Abselet

- 2 -

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

STATE OF CALIFORNIA                    )
                                       )  ss.
COUNTY OF LOS ANGELES                  )

On _____, before me, _____
              Date                          Name And Title Of Officer (e.g. "Jane Doe, Notary Public")

personally appeared  HENRY S. DAVID _____
                                              Name of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

- 3 -

# EXHIBIT F

EXHIBIT F

Pachulski Stang letterhead

_____, 2020

To Whom It May Concern:

Re: Settlement of Disputes

Dear Sir or Madam:

The undersigned is counsel for David K. Gottlieb, Chapter 7 trustee (the "Trustee") for the bankruptcy estates of Solyman Yashouafar and Massoud Aaron Yashouafar (the "Debtors") in their bankruptcy cases that are jointly administered under case no. 1:16-bk-12255-GM.  This letter will serve to confirm that the Trustee has settled all disputes with Elkwood Associates, LLC, Fieldbrook, Inc., Reliable Properties, and Jack Nourafshan (collectively, the "Elkwood Parties") and individuals and entities affiliated with them. That settlement has been approved by order of the Bankruptcy Court in the Debtors' cases.  Pursuant to the settlement, the Trustee's adversary proceeding no. 1:17-ap-01040-MT involving the Elkwood Parties will be dismissed and Elkwood Associates, LLC, will remain as the owner of the real property located at 910 North Rexford Drive, Beverly Hills, California 90210, subject only to a first trust deed held by Chase Manhattan Mortgage Corporation and a lien to secure payment of real property taxes, whether or not yet due and payable.

Very truly yours,

Jeremy V. Richards
        of
Pachulski, Stang, Ziehl & Jones

# EXHIBIT G

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and<br>MASSOUD AARON YASHOUAFAR,[1]<br>Debtors. | Case No.: 1:16-bk-12255-GM<br><br>Chapter 7<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>Debtor. | Case No.: 1:16-bk-12255-GM<br>Chapter 7 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>Debtor. | Case No.: 1:16-bk-12408-GM<br>Chapter 7 |
| Affects:<br>☑ Both Debtors<br>☐ Solyman Yashouafar<br>☐ Massoud Aaron Yashouafar | **ORDER GRANTING MOTION FOR**<br>**APPROVAL OF COMPROMISE OF**<br>**CONTROVERSY**<br><br>**DATE:**<br>**TIME:**<br>**PLACE** |

The Motion for Approval of Compromise of Controversy ("**Motion**") of David K. Gottlieb, Chapter 7 Trustee of the Estates of Solyman Yashouafar and Massoud Aaron Yashouafar (the "**Trustee**") came on for hearing on _____, 2020, at _____.m. in Courtroom _____ of the above-entitled Court. Such appearances were made as were noted for the record.

---

[1] The Debtors, together with the last four digits of each Debtor's social security number are: Solyman Yashouafar (5875) and Massoud Aaron Yashouafar (6590).

1    The Court, having considered the Motion, all pleadings filed in connection with the

2    Motion, the Court's files, and the statements of counsel, and finding that such notice and

3    opportunity to be heard was given regarding the motion, and good cause appearing.

4    **IT IS HEREBY ORDERED:**

5    1.    The Motion is granted such that the Settlement Agreement and Mutual Release

6    ("Settlement Agreement"), a copy of which attached as Exhibit ____ to the Motion, is

7    approved in its entirety.

8    2.    All creditors of Solyman Yashouafar and/or Massoud Aaron Yashouafar

9    ("**Debtors**") and all parties in interest in Debtors' Chapter 7 are permanently enjoined from

10    filing any lawsuits, causes of action or claims against Elkwood Associates, LLC, Fieldbrook,

11    Inc., Reliable Properties, Jack Nourafshan, and/or any person or entity affiliated with them,

12    including their respective employees, representatives, agents, independent contractors,

13    attorneys, spouses, children, accountants, successors and assigns, regarding or in any way

14    relating to the real 910 North Rexford Drive, Beverly Hills, California 90210 ("**Rexford**

15    **Property**") and 580 Chalette Drive, Beverly Hills, California 90210 ("**Chalette Property**"),

16    including without limitation any claims relating to the trustee's sale of the Chalette Property

17    on February 20, 2015, and the trustee's sale of the Rexford Property on February 23, 2015.

18    3.    The Court requests that Judge Maureen Tighe enter an order in adversary

19    proceeding no. 1:17-ap-01040-MT in the form attached as part of Exhibit B to the Settlement

20    Agreement that vacates the "Report and Recommendation to the District Court re Entry of

21    Judgment on First Claim for Relief (Quiet Title)," which was entered on November 13,

22    2019, in that adversary proceeding, and that dismisses that adversary proceeding with

23    prejudice. [Docket no. 283]

24    4.    The Court requests that the United States District Court for the Central District

25    of California ("**District Court**") enter the stipulated judgment in the form attached as part of

26    Exhibit A to the Settlement Agreement by which the District Court vacates its Order,

27    Judgment and Findings of Fact and Conclusions of Law that were entered in case no. 2:19-

28    cv-9915-JFW on March 20, 2020, and quiets title to the Rexford Property in the name of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Elkwood Associates, LLC, subject only to the deed of trust recorded in the Los Angeles

2  County Recorder's Office on January 16, 2004, as instrument no. 04-112689 for the benefit

3  of Chase Manhattan Mortgage Company ("**Chase DOT**") and the lien to secure payment of

4  real property taxes, whether or not yet due and payable.

5      5.      The Court authorizes and approves the Trustee selling any and all right, title

6  and interest he has in the Rexford Property to Elkwood Associates, LLC, and said sale shall

7  be free and clear of all liens, claims, interests and encumbrances, except the Chase DOT and

8  the lien to secure payment of real property taxes, whether or not yet due and payable.

9      6.      This Order shall be immediately effective upon entry, and any 14-day stay of

10  this Order pursuant to Rules 6004(h) and 7062 of the Federal Rules of Bankruptcy Procedure

11  and any other rule is deemed inapplicable.

12      7.      The Court shall retain jurisdiction to resolve any and all disputes relating to,

13  and to enforce the terms of this Order.

14

15                          # # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled: *NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT WITH THE ELKWOOD PARTIES AND FOR SALE OF REXFORD HOME FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 21, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) May 21, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Fereydoun Dayani
18345 Ventura Blvd Suite 500
Tarzana, CA 91356

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 21, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Geraldine Mund
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 303
Woodland Hills, CA 91367

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2020 | Gini L. Downing | /s/ Gini L. Downing |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Timothy C Aires**    tca@arlawyers.com, gperez@arlawyers.com
- **Bret D. Allen**    ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- **Simon Aron**    saron@wrslawyers.com
- **Larry G Ball**    lball@hallestill.com, kbauer@hallestill.com
- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Carol Chow**    carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- **Henry S David**    hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- **Brian L Davidoff**    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Michael T Delaney**    mdelaney@bakerlaw.com
- **Fahim Farivar**    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- **Todd S Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Marian Garza**    ecfnotices@ascensioncapitalgroup.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **Mark E Goodfriend**    markgoodfriend@yahoo.com, monica.yoohanna@gmail.com
- **David Keith Gottlieb (TR)**    dkgtrustee@dkgallc.com,
  dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **Lee W Harwell**    leehar@earthlink.net, shada12200@hotmail.com
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Andrew V Jablon**    ajablon@rpblaw.com, mlynch@rpblaw.com
- **Thomas P Jeremiassen (TR)**    tjeremiassen@dsi.biz, ntroszak@dsi.biz;rdizon@dsi.biz
- **Robert B Kaplan**    rbk@jmbm.com
- **Andrew F Kim**    akim@afklaw.com, 6229175420@filings.docketbird.com
- **Matthew Kramer**    mkramer@wwhgd.com, iperez@wwhgd.com
- **Zi Chao Lin**    zlin@garrett-tully.com, dcameron@garrett-tully.com;aanim-appiah@garrett-tully.com;mdakinmurele@garrett-tully.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Ashley M McDow**    amcdow@foley.com,
  sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Kevin Meek**    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **C John M Melissinos**    jmelissinos@greenbergglusker.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Jessica Mickelsen Simon**    simonjm@ballardspahr.com, carolod@ballardspahr.com
- **William K Mills**    mills@parkermillsllp.com, sally@parkermillsllp.com
- **Shane J Moses**    smoses@foley.com, vgoldsmith@foley.com
- **David L. Neale**    dln@lnbyb.com
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Tomas A Ortiz**    tortiz@garrett-tully.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Dipika Parmar**    dipika.parmar@aissolution.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **S Margaux Ross**    margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- **Kambiz J Shabani**    joseph@shabanipartners.com
- **Mark M Sharf**    msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- **Nico N Tabibi**    nico@tabibilaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Maurice Wainer**    mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- **Howard J Weg**    hweg@robinskaplan.com
- **Thomas J Weiss**    tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com
- **Gilbert R Yabes**    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- **Aaron E de Leest**    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5