1  John W. Lucas (CA Bar No. 271038)
   Gail S. Greenwood (CA Bar No. 169939)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Tel: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  jlucas@pszjlaw.com
5          ggreenwood@pszjlaw.com

6  Attorneys for David K. Gottlieb, Chapter 7 Trustee of the
   Estates of Solyman Yashouafar and Massoud Aaron
7  Yashouafar

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10               **SAN FERNANDO VALLEY DIVISION**

11

12 In re:                                          Case No.: 1:16-bk-12255-GM
                                                   Chapter 7
13 SOLYMAN YASHOUAFAR and MASSOUD
   AARON YASHOUAFAR,[1]                            Jointly Administered

14                               Debtors.          Case No.: 1:16-bk-12255-GM
                                                   Chapter 7
15 In re:
                                                   Case No.: 1:16-bk-12408-GM
16 SOLYMAN YASHOUAFAR,                             Chapter 7

17                               Debtor.           **CHAPTER 7 TRUSTEE'S MOTION FOR
                                                   SUBSTANTIVE CONSOLIDATION OF THE
18 In re:                                          DEBTORS' ESTATES**

19 MASSOUD AARON YASHOUAFAR,
                                                   **Hearing**
20                               Debtor.           Date:   November 30, 2021
                                                   Time:  10:00 a.m.
21 Affects:                                        Place: 21041 Burbank Blvd., Courtroom 303
                                                          Woodland Hills, CA 91367
22 ☑  Both Debtors                                 Judge: Hon. Geraldine Mund
   ☐  Solyman Yashouafar
23 ☐  Massoud Aaron Yashouafar

24                               Debtors.

25

26

27 ─────────────────────

28 [1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar
   (5875) and Massoud Aron Yashouafar (6590).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    David K. Gottlieb, the duly appointed Chapter 7 trustee (the "Trustee") in the jointly

2    administered bankruptcy cases (the "Cases") of Solyman Yashouafar and Massoud Aaron

3    Yashouafar (the "Debtors"), hereby moves (the "Motion") the Court for entry of an order, pursuant

4    to Bankruptcy Code section 105, substantively consolidating the Debtors' estates.  The Debtors, as

5    brothers and business partners, embarked on business ventures, purchased real estate together, and

6    borrowed money together for the purpose advancing their joint interests. In response, the vast

7    majority of creditors have filed proofs of claim in both Cases and/or are scheduled as creditors of

8    both estates.  Because the Debtors are brothers who are liable on many of the same debts, resulting

9    from the same business and real estate transactions, the majority of claims filed against one Debtor

10   have also been filed against the other Debtor and, with the exception of their former residences, the

11   Debtors co-owned many of the same assets.  However, even with their former residences, those

12   homes were used to secure the repayment obligations of promissory notes they executed for the

13   benefit of the various real estate ventures. As a result, their estates are so entangled that substantive

14   consolidation of all assets and liabilities will reduce administrative costs, eliminate duplicate claims,

15   and make it so that holders of allowed general unsecured claims receive more than they otherwise

16   would if the estates are not substantively consolidated.

17       This Motion is supported by the accompanying Memorandum of Points and Authorities, the

18   *Declaration of David Gottlieb*, and the entire record before the Court in these Bankruptcy Cases.

19

20   Dated:  October 28, 2021          PACHULKSI STANG ZIEHL & JONES LLP

21                                     By:    */s/ John W. Lucas*

22                                            John W. Lucas
                                              Gail S. Greenwood

23                                            Attorneys for David Gottlieb, Chapter 7 Trustee of the
24                                            Estates of Solyman Yashouafar and Massoud Aaron
                                              Yashouafar

25

26

27

28

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**The Bankruptcy Cases.** On August 3, 2016, over five years ago, petitioning creditors Fereydoun Dayani, Yona Samih, and N&S Investment, LLC c/o Sina Navidbakhsh (the "Petitioning Creditors") filed (a) an involuntary petition for relief under chapter 11 of the Bankruptcy Code against debtor Solyman, bearing case number 16-12555-GM, and (b) an involuntary petition for relief under chapter 11 of the Bankruptcy Code against debtor Massoud, bearing case number 16-12408. Thereafter, on September 12, 2016 (the "Petition Date"), Petitioning Creditors and Solyman stipulated to, and the Court approved, entry of an order for relief and appointment of a chapter 11 trustee and the United States Trustee obtained appointment of a chapter 11 trustee in the Massoud Case. On September 16, 2016, the Trustee was appointed as chapter 11 trustee in the Cases. The Cases have been jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b) since October 2016.

**The Abselet Settlement**. The initial step in resolving this case was the settlement that estates reach with the Abselets. *See Notice of Filing of Blackline of Settlement Agreement* dated August 18, 2017 [Docket No. 522] and *Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Authorizing and Approving Settlement Agreement Among David K. Gottlieb, as Chapter 11 Trustee, Howard L. Abselet, and Israel Abselet* entered October 10, 2017 [Docket No. 554] (the "Abselet Settlement"). By the Abselet Settlment, the Trustee and the Abselets, who held first priority secured claims against the Debtors' estates, agreed to share the proceeds of the liquidation of the properties owned by the Debtors. The resolution of disputes and the ultimate liquidation of the properties took place in the District Court in the Western District of Oklahoma (the First National Center properties) and in this Court with respect to the disputed liens/mortgages against the Debtors' personal residences.

On October 25, 2019, and after the above matters were substantially complete, the Trustee agreed to convert the Cases to chapter 7 at the request of the Debtors and over the objection of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:106252.4 32274/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Official Committee of Unsecured Creditors.  At that time, the Trustee was appointed to continue as

2    the chapter 7 trustee.

3         The Trustee has re-engaged his former bankruptcy counsel to review and reconcile claims

4    and file claim objections to the extent necessary so that the Debtors' estates can be fully

5    administered.  As set forth in the accompanying declaration, the Trustee believes that substantive

6    consolidation of the estates is appropriate because the Debtors share many of the same debts,

7    resulting from the same business and real estate transactions.  The majority of claims filed against

8    one Debtor have also been filed against the other Debtor.  At this point, the Debtors' affairs cannot

9    be disentangled or if they can, it would cause extraordinary expense and delay that would

10   unnecessarily harm all creditor constituents.  Substantive consolidation will reduce administrative

11   costs and allow the Trustee to make a final distribution of available assets to the Debtors' creditors.

12        **Claims Against the Debtors.**  Claim registers for each of the Debtors reflect over $80

13   million of filed claims, including between $15 and $18 million of secured claims.  Thirty-eight (38)

14   proofs of claim were filed against Solyman and forty proofs of claim (40) were filed against

15   Massoud.  Schedules of the Debtors reflect certain additional undisputed claims.  The vast majority

16   of claims, including some of the largest by amount, are filed against both Debtors and most assets

17   were owned by both Debtors.  As an example, the Abselets hold claims against both Debtors and

18   have pursued collection against both Debtors.  Likewise, DMARC 2007-CDF Garden Street LLC

19   and US Bank each hold multi-million claims against both Debtors.  On the other hand, the Barlavas

20   filed claims in the jointly administered Solyman Case identifying Massoud (only) as the applicable

21   debtor, attaching pleadings that allege claims relating to both Debtors.[2]  Most creditors filed identical

22   claims in both Cases.  Indeed, the Trustee estimates that approximately 78% of the total claims filed

23   in the Solyman Case are duplicative of the same claims filed in the Massoud Case.

24        At this time, the majority of secured claims against the Debtors have been resolved or paid

25   through litigation settlements.  Priority and administrative claims still need to be reviewed and paid,

26   together with the remaining secured claims and all general unsecured claims.  In the face of over $80

---

[2] However, the Barlava claims (collectively totaling approximately $12.5 million) are reflected on the Court's claim register only in the Solyman Case, not in the Massoud Case.

DOCS_SF:106252.4 32274/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

million of debts in *each* of the Cases, the Trustee estimates that there is approximately $856,000 in total currently available for distribution: the estate of Massoud holds approximately $856,077.25 and the estate of Solyman holds approximately $99.76. For the avoidance of doubt, the above does not take into account the administrative expenses of the estate and any distributions to be made to the Trustee, which will serve to reduce the amount of cash being held by the estates subject to Court approval.

**The Claims of Howard and Israel Abselet.** The Trustee began his administration of the Cases well after litigation related to the Debtors' major assets had begun, at which point the largest creditors, the Abselets, had commenced approximately seven lawsuits in three states and taken numerous related actions to execute on liens and judgments.  In 2008 and 2009, the Debtors borrowed money from Howard Abselet in the amount of $6,000,000.  After the Debtors failed to repay the loan, Howard Abselet commenced an action entitled *Howard L. Abselet v. Alliance Lending Group, Inc. et al.*, Case No. 2:11-cv-00815-JFW(JEMx) in the United States District Court for the Central District of California.  On or about August 10, 2012, Howard Abselet obtained a judgment (the "Judgment") in the collection action against, among others, each of the Debtors.

To enforce the Judgment against the Debtors, Howard Abselet obtained or pursued the following:

- An abstract of judgment against Massoud's residence at 910 North Rexford Drive, Beverly Hills, California 90210 (the "Rexford Property") and Solyman's then residence at 580 Chalette Drive, Beverly Hills, California 90210 (the "Chalette Property");

- A charging lien against the Debtors' interests in Encino Corporate Plaza, L.P. ("ECPLP"), which interests constitute 100% of the interests in ECPLP.

- A charging lien issued by the United States District Court for the District of Nevada against the Debtors' interest in various entities.

- On January 29, 2015, Abselet levied on all of the Debtors' stock (the "RLI Stock") in Roosevelt Lofts, Inc. ("RLI"), all of the Debtors' stock (the "ECPB Stock") in ECP Building, Inc. ("ECP Building"), and all of the Debtors' stock (the "APII Stock," and collectively with the RLI Stock and the ECPB Stock, the "Stock") in Alliance Property Investments, Inc. ("APII"); and on April 29, 2015, was the successful bidder at the execution sales of all of the Stock.

- Abselet also commenced other actions for the purpose of enforcing the Judgment as more fully described in the final settlement reached with Abselet and related creditors.

4

As of the Petition Date, Howard Abselet asserted that the balance owed on the Judgment was approximately $10,646,470, and continued to accrue interest, associated fees, and costs.

Prior to the Petition Date, in 2001, Sina Abselet, Howard Abselet's father, lent the Debtors and their companies, including S&R Equities ("S&R") and Madison Equities ("Madison") $2,000,000 (the "$2M Loan"), which Howard's brother, Israel Abselet, asserted was assigned to him by Sina Abselet.  The $2M Loan was secured by deeds of trust against the Rexford Property and Chalette Property.  The principal balance of the $2M Loan was reduced but continued to accrue interest and default interest for years.  As of May 31, 2017, Israel Abselet asserted that the outstanding amount on the $2M Loan was approximately $3,892,531, and continued to accrue interest, fees, and costs.

The foregoing illustrates how the Debtors each shared substantial liabilities to the Abselets, and their assets were subject to collection from the same and overlapping creditors.  Moreover, many of the Debtors' assets were themselves subject to overlapping ownership and collateral disputes described below.

**The FNC Proceeds and APII Stock.**  Howard Abselet contended that he owned APII.  Prior to reaching a negotiated settlement, APII claimed approximately $19 million of proceeds (the "FNC Proceeds") derived from a receiver's sale of the First National Center building in Oklahoma City, Oklahoma (the "First National Center").  The receiver's sale and disputes relating to ownership of the FNC Proceeds were overseen by the United States District Court, Western District of Oklahoma. There were a number of material claims to the FNC Proceeds, including the following:

- One or more entities purportedly controlled by the Neman family and related companies (collectively, the "Nemans") contended that they bought the First National Center, owned it outright at the time of the receiver's sale, and were entitled to all of the net proceeds. Howard Abselet and the Barlava family and its companies (collectively, the "Barlavas"), contended that the Nemans were merely equitable mortgagees of the First National Center and were only entitled to limited recovery of the FNC Proceeds.

- While it was undisputed that one or more of the Barlavas owned interests in the First National Center during or prior to the summer of 2012, Howard Abselet contended that the Barlavas sold their interests in the First National Center to the Debtors or their affiliates for $2 million before the Nemans made the equitable mortgage, and Howard Abselet was entitled to all of the FNC Proceeds through his ownership of APII.  The Barlavas countered that they owned interests equivalent to 50% of the First National

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Center at the time of receiver's sale, their ownership was not subject to the lien of the Nemans' equitable mortgage, and they were entitled to half of the FNC Proceeds and "equalizing distributions" due to alleged unequal "distributions" to the Debtors.  Whether the Barlavas were paid a portion of their sale price ($1.35 million of $2M) for their interests in the First National Center also was at issue.

- APII's interest in the FNC Proceeds was worth anywhere between $0 (*i.e.*, if the Nemans owned the property outright on the date of the receiver's sale) and approximately $11 million (if APII was entitled to all of the FNC Proceeds, after paying off the Nemans' equitable mortgage).

- In January of 2015, pursuant to his Judgment, Howard Abselet purported to levy on the APII Stock, and at an ensuing execution sale, purchased the stock for $20.  In Howard Abselet's collection action against the Debtors, the Debtors challenged the APII execution sale, claiming, among other matters, that the APII Stock was certificated and that Howard Abselet had not properly levied on the APII Stock by causing the levying officer to take possession of the stock certificates. The Debtors lost in the California district court and appealed. The Trustee chose not to pursue an appeal and instead filed an adversary proceeding that was withdrawn to the California district court upon Howard Abselet's motion.  The matter was subsequently settled with the Abselet family.

**The Roosevelt Loft Funds.**  A custodian held approximately $1.5 million of funds which, under the confirmed plan of reorganization of Roosevelt Lofts, LLC ("RLL"), was payable to RLI as the sole member of RLL.  Filings with the California Secretary of State demonstrated that the Debtors were the sole officers and directors of RLI.  However, the ownership and control of RLI was disputed.

Howard Abselet claimed to be the holder of approximately 46% of the RLI Stock by virtue of a purported levy on all the Debtors' interests in RLI.  It was undisputed that the Barlavas owned approximately 46% of the RLI Stock at one time.  In proceedings pending before the California district court, Howard Abselet asserted that the Barlavas sold their stock in RLI to the Debtors in 2012 and that his levy on the Debtors' interests in RLI also extended to the 46% interest formerly owned by the Barlavas.  The Trustee investigated the Barlavas' ownership interests in RLI and concluded that the Barlavas likely sold their interests in RLI to the Debtors in August of 2012. Hamid Joseph Nourmand, a cousin of the Abselets, and/or his wife (collectively, "Nourmand") also asserted an ownership interest in RLI.  Howard Abselet alleged that Nourmand may have sold his interest in RLI to the Debtors, which was subject to Howard Abselet's levy.

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Rexford/Chalette Properties.** Prior to the Petition Date, Massoud and his spouse owned and resided at the Rexford Property, and Solyman and his spouse owned and resided at the Chalette Property. The Rexford/Chalette Properties were encumbered by various deeds of trust securing the Debtors' debts. In January 2015, Massoud's brother-in-law, Jack Nourafshan, through an entity he controls, purchased a promissory note that was secured by two separate deeds of trust against the Rexford Property and Chalette Property. Subsequently, Nourafshan, through other companies he controls acted to foreclose on the Rexford Property and Chalette Property. Nourafshan purported to rent the Rexford Property to Massoud under a two year lease and sold the Chalette Property for a substantial profit. Massoud never paid any rent and the lease expired by its terms, yet Massoud and his family continued to reside at the Rexford Property.

The Trustee filed and ultimately settled an adversary action against the entities controlled by Nourafshan -- Elkwood Associates, LLC and Fieldbrook, Inc., to quiet title in the properties and avoid the foreclosure transfers. As set forth in the settlement motion, the matter was resolved in exchange for, among other matters, payment to Massoud's Case and withdrawal of certain proofs of claim.

**Las Vegas Property Proceeds and JCBL Trust.** Prior to the Petition Date, Nevada Investment Properties, LP ("NIP"), was the owner of certain real property located at 2700 Las Vegas Boulevard South, Las Vegas, Nevada (the "Las Vegas Property"), and was in the process of selling the property. During the pendency of these Cases, the Las Vegas Property was in escrow to be sold by NIP to TAG Fund II, LLC, a Nevada limited liability company, or assignee, for a purchase price of $5.1 million.

In January 2000, Parinaz Yashouafar, Massoud's spouse, settled a trust by way of a Declaration of Trust (the "JCBL Trust"). One of the Trust Assets was a 20% ownership interest in Milbank Capital I ("Milbank Capital"), which in turn held a 50.5% interest in NIP. JCBL Trust's share of the proceeds from the sale of the Las Vegas Property totaled approximately $479,500 (the "JCBL Proceeds"). Pursuant to a stipulation entered into between the Trustee and the JCBL Trust in November 2016, the JCBL Proceeds were held in an account at Pacific Western Bank, in the name

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of JCBL Trust, pending resolution of the Debtors' Estates' interest in such funds or further order of this Court.

In addition, S&R and Madison (which were among the entities subject to Abselet's Nevada charging lien) each held: (1) a direct 4.35% limited partnership interest in NIP; and (2) a 4.545% limited partnership interest in NIP through Milbank Capital I; for an aggregate holding of 17.79%. S&R and Madison are owned by the Debtors. After the closing of the Las Vegas Property's sale, the Trustee received on behalf of the Debtors' estates approximately $645,000 on account of S&R's and Madison's interest in NIP (the "S&R and Madison Proceeds").

In April 2018, the Court entered an order granting summary judgment to the Trustee as to fifty percent of the assets of the JCBL Trust, with the remaining fifty percent deemed the separate property of Parinaz Yashouafar. The Court subsequently directed payment of half of the JCBL Proceeds to the Trustee on behalf of the Debtors' Estates in exchange for dismissal of the related adversary proceeding. *See* Adv. No. 17-ap-01050, docket no. 50.

**Encino Corporate Plaza, L.P.** The Debtors held a 100% interest in ECPLP, including its interest in ECP Building, which held real property located at 16661 Ventura Blvd, Encino, CA (the "ECP Property"). Prior to the Petition Date, a receiver had been appointed to oversee the sale of the ECP Property. However, the Trustee reviewed the Debtors' direct and indirect interests in the ECP Property and determined that they were of little to no value or benefit to the Debtors' Estates and would, in fact, cause the estates to incur a taxable gain and potentially incur a net tax liability. Accordingly, the Trustee caused the Debtors' estates to abandon all interests, if any, in ECPLP, ECP Building, and the ECP Property.

## II.

## RELIEF REQUESTED

The Trustee requests an order substantively consolidating the Cases of Solyman Yashouafar (1:16-bk-12255-GM) and Massoud Yashouafar (1:16-bk-12408-GM) pursuant to the Court's general equity powers under section 105 of the Bankruptcy Code and applicable Ninth Circuit law. There are only minimal assets available, whether in the aggregate or individually, for distribution to the Debtors' unsecured creditors. Pooling all assets and liabilities of the Cases will reduce

8

administrative expense and delay and benefit the creditor body as a whole.  A proposed form of order is attached hereto as **Exhibit A**.

### III.

### JURISDICTION

The Court has jurisdiction over the Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334. This matter presents a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors' principal residence and place of business is located in Los Angeles County, California.  Accordingly, venue of the Bankruptcy Cases is proper in the Central District of California under 28 U.S.C. §§ 1408 and 1409.

### IV.

### ARGUMENT

**A.**    Substantive Consolidation Is Appropriate Pursuant to the Ninth Circuit Test Set Forth in *In re Bonham*.

Substantive consolidation derives from the Court's general equity powers under section 105 of the Bankruptcy Code.  *Alexander v. Compton (In re Bonham),* 229 F. 3d 750, 763 (9th Cir. 2000) ("The bankruptcy court's power of substantive consolidation has been considered part of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898.")[3] The effect of substantive consolidation is to combine the assets and liabilities of separate, but related debtors to create a single fund from which all claims are satisfied and duplicate and intercompany claims are extinguished.  *Id.* at 764.  The primary purpose of substantive consolidation is to "ensure the equitable treatment of all creditors."  *Id.*

The Ninth Circuit in *In re Bonham* adopted the following test articulated by the Second Circuit in *In re Augie/Restivo Baking Co., Ltd.,* 860 F. 2d 515 (2d Cir. 1988), which considers one of the following two factors to determine whether substantive consolidation is appropriate.

> (1) Whether creditors dealt with entities as a single economic unit and did not rely on their separate identity in extending credit; or (2)

---

[3] Section 105(a) of the Bankruptcy Code provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

whether the affairs of the debtor are so entangled that consolidation
will benefit all creditors.

*In re Bonham,* 229 F. 3d at 766.[4]  The presence of either factor will support an order of substantive consolidation.  *Id.*  The Ninth Circuit went to great lengths to examine similar tests used by other circuits, and to analyze the facts supporting consolidation.  *Id.* at 763-71 (denial of substantive consolidation reversed and remanded with instructions to order substantive consolidation).  In so doing, the Ninth Circuit in *Bonham* emphasized that no uniform guideline exists to determine substantive consolidation, and courts must make the determination on a case-by-case basis with reference to the facts to ensure that consolidation achieves its purpose of fairness to all creditors.  *Id.* at 765.

The primary purpose of substantive consolidation "is to ensure the equitable treatment of all creditors." *Id.* at 765 (citing *Augie/Restivo*, 860 F.2d 515 (2d Cir. 1988)). That does not mean that the effect of substantive consolidation must benefit each and every creditors or benefit each and every creditor in the same manner. Instead,

> [s]ubstantive consolidation is not necessarily concerned with the best interest of all of the creditors, but an equitable treatment of and fairness to all creditors. The best interest of some creditors may be to receive treatment at the expense of, and which is unfair to, other creditors.  Such would result in the inequitable treatment of all creditors….

*In re R&S St. Rose, LLC,* 2014 U.S. Dist. LEXIS 41047, *14-15 (D. Nev. Mar. 27, 2014) (vacating order denying motions for substantive consolidation); *see also*, *In re Stayton SW Assisted Living, LLC*, 2009 U.S. Dist. LEXIS 119186, *12 (D. Or. Dec. 22, 2009) (allowing substantive consolidation and finding that the language "benefit of all creditors" does not mean each and every creditor but the creditor body as a whole).

The Trustee believes that the facts of these Cases support substantive consolidation. Substantive consolidation will benefit the creditor body as a whole by permitting an equitable

---

[4] The *Bonham* court rejected adoption of a "similar but not identical test" applied by the D.C. Circuit in *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp., Inc.)*, 810 F. 2d 270, 276 (D.C. Cir. 1987).  Under the *Auto-Train* test, the proponent of consolidation must demonstrate that (1) there is a substantial identity between the entities, and (2) consolidation is necessary to avoid some harm or to realize some benefit.  After the prima facie case is made, the burden shifts to an objecting creditor to show that (1) it relied on the separate credit of one of the entities, and (2) it will be prejudiced by substantive consolidation.  If the objecting creditor successfully meets its burden, "the court may order consolidation only if it determines that the demonstrated benefits of consolidation 'heavily' outweigh the harm."  *In re Bonham,* 229 F. 3d at 765-66 (citing *In re Auto-Train*).

distribution of the remaining available estate assets without further expense or delay caused by administering separate estates.

**B.    Substantive Consolidation Is Appropriate Because the Debtors' Assets and Liabilities Cannot Be Disentangled Without Significant Expense to the Detriment of Creditors.**

Substantive consolidation is appropriate when the expense of even attempting to unscramble the Debtors' affairs is "so substantial as to threaten the realization of any net assets for all the creditors." *Bonham,* 229 F3d at 766. *See also, In re SK Foods, LP,* 499 B.R. 809, 839-40 (Bankr. E.D. Cal. 2013) (impossibility of accurately identifying and segregating assets supported substantive consolidation); *In re Stayton SW Assisted Living, LLC,* 2009 U.S. Dist. LEXIS 119186 at *13 (the only way to make an equitable distribution to creditors and to reduce losses was to consolidate all assets and liabilities of the debtors).

In this case, substantive consolidation is appropriate because the Debtors' assets and liabilities cannot be disentangled without extraordinary expense to the detriment of all creditors. The entanglement is evidenced by the fact that most proofs of claims have been filed against both Debtors based on shared business and real estate transactions, and most of the assets from the Debtors' estates were co-owned. Substantive consolidation will bring all of the Debtors' assets and liabilities into one pool and one consolidated estate, thereby avoiding the separate administration of two estates that involve predominantly the same assets and liabilities and thereby avoiding additional costs and delay. Substantive consolidation will eliminate potentially costly disputes over how to allocate the few remaining assets among the estates. It also will ease claims administration by eliminating potential disputes over claims that are misfiled against the wrong estate or overlapping or duplicative claims. Simply stated, it will be more efficient (in terms of time and expense) to administer claims on a consolidated, rather than Debtor-by-Debtor, basis.

In sum, the Trustee believes that substantive consolidation will be fair to the creditors as a whole and, indeed, more fair than in the absence of consolidation. It will avoid an inequitable result that might be reached if value was allocated primarily to the Massoud Case, which is nominally subject to fewer claims. And it will avoid substantial cost and confusion that might be incurred over how to allocate value among the Debtors, which would threaten to exhaust the remaining cash and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

delay distributions to creditors.  There is nothing fair to the creditors about delayed payment or worse, administratively insolvent estates.

## V.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested herein and enter the proposed order substantively consolidating the Debtors' estates, and granting the Debtors such other and further relief as this Court deems just, proper and equitable.

Dated:  October 28, 2021          PACHULKSI STANG ZIEHL & JONES LLP

By:     */s/ John W. Lucas*
          John W. Lucas
          Gail S. Greenwood

          Attorneys for David Gottlieb, Chapter 7 Trustee of the Estates of Solyman Yashouafar and Massoud Aaron Yashouafar

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

(Proposed Order)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:106252.4 32274/002

1  John W. Lucas (CA Bar No. 271038)
   Gail S. Greenwood (CA Bar No. 169939)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Tel: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  jlucas@pszjlaw.com
5           ggreenwood@pszjlaw.com

6  Attorneys for David K. Gottlieb, Chapter 7 Trustee of the
   Estates of Solyman Yashouafar and Massoud Aaron
7  Yashouafar

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11                 **SAN FERNANDO VALLEY DIVISION**

12

| | |
|---|---|
| 13  In re: | Case No.: 1:16-bk-12255-GM |
| 14  SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,[1] | Chapter 7 |
| 15 | Jointly Administered |
|      Debtors. | Case No.: 1:16-bk-12255-GM |
| 16 | Chapter 7 |
| 17  In re: | Case No.: 1:16-bk-12408-GM |
|    SOLYMAN YASHOUAFAR, | Chapter 7 |
| 18 | |
|      Debtor. | **ORDER APPROVING CHAPTER 7** |
| 19 | **TRUSTEE'S MOTION FOR SUBSTANTIVE** |
| 20  In re: | **CONSOLIDATION OF THE DEBTORS'** |
| | **ESTATES** |
| 21  MASSOUD AARON YASHOUAFAR, | |
| 22       Debtor. | |
| 23  Affects: | |
| 24  ☑  Both Debtors | |
|    ☐  Solyman Yashouafar | |
| 25  ☐  Massoud Aaron Yashouafar | |
| 26       Debtors. | |

27

28  _____

[1] The Debtors, together with the last four digits of each Debtor's social security number are:  Solyman Yashouafar (5875) and Massoud Aron Yashouafar (6590).

DOCS_SF:106252.4 32274/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This matter came before the Court on the *Chapter 7 Trustee's Motion for Substantive Consolidation of the Debtors' Estates* [Docket No. __] (the "<u>Motion</u>")[2] filed by David K. Gottlieb, the duly appointed Chapter 7 trustee (the "<u>Trustee</u>") in the jointly administered bankruptcy cases (the "<u>Cases</u>") of Solyman Yashouafar and Massoud Aaron Yashouafar (the "<u>Debtors</u>").  The Court having found that the relief requested is in the best interest of the Debtors' estates, their creditors and all other parties in interest; that due and sufficient notice of the Motion was given; and that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested in the Motion under 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested in the Motion being a core proceeding under to 28 U.S.C. § 157(b); and venue being proper in this District under 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Effective upon entry of this Order, the Debtors' estates shall be consolidated for all purposes.

3. If a claim filed against one Debtor is also filed against another Debtor, the effect of this Order shall expunge the duplicate claim so that there only remains one claim for purposes of determining allowed claims and distributions therefor.

4. This Order shall be binding upon all parties in interest and any chapter 7 trustee or trustees appointed in the Debtors' cases.

5. This Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Order.

# # #

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

DOCS_SF:106252.4 32274/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' ESTATES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **October 28, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
The Honorable Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Suite 312, Courtroom 303
Woodland Hills, CA 91367
\

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Timothy C Aires    tca@arlawyers.com, gperez@arlawyers.com
- Bret D. Allen    ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- Simon Aron    saron@wrslawyers.com, eweiman@wrslawyers.com
- Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com
- Larry G Ball    lball@hallestill.com, kbauer@hallestill.com
- William H Brownstein    Brownsteinlaw.bill@gmail.com
- Carol Chow    carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- Aaron E DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- Henry S David    hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Michael T Delaney    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- Fahim Farivar    fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com
- Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Marian Garza    ecfnotices@ascensioncapitalgroup.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Mark E Goodfriend    markgoodfriend@yahoo.com, monica.yoohanna@gmail.com
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
- Lee W Harwell    leehar@earthlink.net, shada12000@hotmail.com
- Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Andrew V Jablon    ajablon@rpblaw.com, ntariche@rpblaw.com
- Thomas P Jeremiassen (TR)    tjeremiassen@dsi.biz, ntroszak@dsi.biz;rdizon@dsi.biz
- Robert B Kaplan    rbk@jmbm.com
- Andrew F Kim    akim@afklaw.com, 6229175420@filings.docketbird.com
- Matthew Kramer    mkramer@wwhgd.com, iperez@wwhgd.com
- Zi Chao Lin    zlin@garrett-tully.com, dcameron@garrett-tully.com;aanim-appiah@garrett-tully.com;mdakinmurele@garrett-tully.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- C John M Melissinos    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jessica Mickelsen Simon    simonjm@ballardspahr.com, carolod@ballardspahr.com
- William K Mills    mills@parkermillsllp.com, sally@parkermillsllp.com
- Shane J Moses    smoses@foley.com, vgoldsmith@foley.com
- David L. Neale    dln@lnbyb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Tomas A Ortiz    tortiz@garrett-tully.com
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- Dipika Parmar    dipika.parmar@aissolution.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- S Margaux Ross    margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- Kambiz J Shabani    joseph@shabanipartners.com
- Mark M Sharf    msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- Nico N Tabibi    nico@tabibilaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Maurice Wainer    mrwainer@aol.com, daniel@swmfirm.com;mrwainer@swmfirm.com
- Howard J Weg    hweg@robinskaplan.com
- Thomas J Weiss    tweiss@weisslawla.com, kgenova@weisslawla.com;szaman@weisslawla.com;j@weisslawla.com
- Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

**2. SERVED BY UNITED STATES MAIL:**

| | |
|---|---|
| Solyman Yashouafar<br>4633 White Oak Place<br>Encino, CA 91316 | Massoud Aaron Yashouafar<br>12730 Montana Ave.<br>Los Angeles, CA 90049 |

### REQUEST FOR NOTICE LIST

| | |
|---|---|
| **Attorneys for U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3 Commercial Mortgage Pass-Through Certificates**<br>Keith C. Owens<br>Jennifer L. Nassiri<br>VENABLE LLP<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>Telephone: (310) 229-9900<br>Facsimile: (310) 229-9901<br>Email:    kowens@venable.com<br>       jnassiri@venable.com | **Attorneys for U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3 Commercial Mortgage Pass-Through Certificates**<br>Gregory A. Cross<br>VENABLE LLP<br>750 East Pratt Street, Suite 900<br>Baltimore, MD 21202<br>Telephone: (410) 244-7400<br>Facsimile: (410) 244-7742<br>Email:    gacross@venable.com |
| Eli Javid Bendavid<br>6839 Kings Harbor Drive<br>Rancho Palos Verdes, CA 90275-4621 | Fahim Farivar<br>Farivar Law Firm PC<br>18653 Ventura Blvd., Suite 362<br>Tarzana, CA 91356 |
| BMW Financial Services<br>Customer Service Center<br>PO Box 3608<br>Dublin OH 43016-0306 | BMW Financial Services NA LLC<br>4515 Santa Fe Avenue<br>Dept. APS<br>Oklahoma City, OK 73118-7901 |

Howard L. Abselet
c/o Henry S. David
617 W. 7th Street, Suite 702
Los Angeles, CA 90017

Israel Abselet, POA for Howard L. Abselet
114 Pine Street
Pt. Jefferson, NY 11776

Eli Bendavid
1535 Ruhland Avenue
Manhattan Beach, CA 90266

Edmond Lavi
c/o Lee Harwell, Jr.
3424 Carson Street, Suite 320
Torrance, CA 90503

N&S Investment, LLC
c/o Baker & Hostetler LLP
Attn: Fahim Farivar
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

N&S Investment, LLC
Attn: Sina Navidbakhsh, Manager
18345 Ventura Blvd., Suite 500
Tarzana, CA 91356

Yona Samih
c/o Baker & Hostetler LLP
Attn: Fahim Farivar
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

Yona Smith
11766 Wilshire Blvd., Suite 260
Los Angeles, CA 90025

DMARC 2007-CD5 Garden Street LLC
c/o Aires Law Firm
6 Hughes, Suite 205
Irvine, CA 92618

DMARC 2007-CD5 Garden Street LLC
c/o Aires Law Firm
Attn: Timothy Carl Aires, Esq.
6 Hughes, Suite 205
Irvine, CA 92618

Mehrdad Taghdiri
c/o Vincent James John Romeo
3692 Poker Hand Court
Las Vegas, NV 89129

Van Nuys Plywood, LLC
Attn: Danny Pakravan, Managing Member
3131 Antelo Road
Los Angeles, CA 90077

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Andrews Davis, P.C.
100 North Broadway, Ste. 3300
Oklahoma City, OK 73102

Andrews Davis, P.C.
Attn:  David Pomeroy, President
100 North Broadway, Suite 3300
Oklahoma, OK  73102

Leif E. Swedlow
Andrews Davis, P.C.
100 North Broadway, Ste. 3300
Oklahoma City, OK 73102

Kefayat Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th FL
Los Angeles, CA 90067

Carla Ridge LLC
Kefayat Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th FL
Los Angeles, CA 90067

Simon Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th FL
Los Angeles, CA 90067

Simon Barlava
524 N. Alpine Drive
Beverly Hills, CA 90210

Carla Ridge LLC
Simon Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th FL
Los Angeles, CA 90067

Figueroa Tower II, LP
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Figueroa Tower II, LP
c/o Resch Polster & Berger, LLP
Attn:  Andrew Victor Jablon
1840 Century Park East, 17th Floor
Los Angeles, CA  90067

First National Buildings II, LLC
c/o Resch Polster & Berger, LLP
Attn:  Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

First National Buildings II, LLC
c/o Resch Polster & Berger, LLP
Attn:  Andrew Victor Jablon
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Morris Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Morris Barlava
c/o Resch Polster & Berger, LLP
Attn:  Andrew Victor Jablon
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Carla Ridge LLC
Morris Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Nasser Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Nasser Barlava
c/o Resch Polster & Berger, LLP
Attn:  Andrew Victor Jablon
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Carla Ridge LLC
Nasser Barlava
c/o Resch Polster & Berger, LLP
Attn: Michael Baum
1840 Century Park East, 17th Floor
Los Angeles, CA 90067

Law Offices of Paras B Barnett
Attn:  Paras B. Barnett, Manager
3883 Howard Hughes Pkwy., Ste. 790
Las Vegas, NV 89169

Barras Csoka P.L.L.C.
Law Offices of Paras B Barnett
Attn:  Paras B. Barnett, Manager
3883 Howard Hughes Pkwy., Ste. 790
Las Vegas, NV 89169

U.S. Bank National Assoc., as Trustee
c/o Venable LLP
Attn:  Keith C. Owens
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

U.S. Bank National Assoc., as Trustee
c/o C-III Asset Management LLC,
as Special Servicer
Attn: Jenna Unell, Sr. Marketing Dir./
   General Counsel
5221 North O'Connor Blvd., Suite 600
Irving, TX  75039

Holthouse, Carlin & Van Trigt, LLP
11444 W. Olympic Blvd, 11th Floor
Los Angeles, CA 90064

Holthouse, Carlin & Van Trigt, LLP
Attn:  Carol Frischer, Accts. Rec. Manager
11444 W. Olympic Blvd, 11th Floor
Los Angeles, CA 90064

The Estate of Yahouda Yahoudai
1875 Century Park East Suite 920
Los Angeles, CA 90067

The Yahouda Yahoudai Revocable Living
Trust Dtd 9/25/08
Attn:  Yosi Yahoudai, Trustee
1875 Century Park East Suite 920
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

Paradise Spa Owners Association
c/o Solomon Dwiggins & Freer
Attn: Alex G. LeVeque
9060 W. Cheyenne Ave.
Las Vegas, NV 89129

Raymund Carino, on behalf of himself &
others similiarly situated
c/o Solomon Dwiggins & Freer
Attn: Alex G. LeVeque
9060 W. Cheyenne Ave.
Las Vegas, NV 89129

Chester Tower, LLC
Lobel Weiland Golden Friedman LLP
Attn: Jeffrey I. Golden, Esq.
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Chester Tower, LLC
PO Box 32428
Los Angeles, CA 90032

M.E.R. Enterprises, Inc.
Lobel Weiland Golden Friedman LLP
Attn: Jeffrey I. Golden, Esq.
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

M.E.R. Enterprises, Inc.
P.O. Box 32428
Los Angeles, CA 90032

Greenberg Glusker Fields
Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Greenberg Glusker Fields
Claman & Machtinger LLP
Attn: Brian L. Davidoff, Dept. Chair
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

World Real Estate Group
Attn: Farid Faryab, Managing Director
PO Box 15925
Beverly Hills, CA 90209

World Accounting Group
World Real Estate Group
PO Box 15925
Beverly Hills, CA 90209

Joshua Paradise Holdings, LLC
c/o Hall Estill
Attn: Larry G. Ball
100 N. Broadway, Suite 2900
Oklahoma City, OK 73102

The Nimkoff Firm
Attn: Ronald Alan Nimkoff
28 Robert Circle
Syosset, NY 11791

Parvin Rabbani
133 North Willaman Drive
Beverly Hills, CA 90210

Alliance Property Investments, Inc.
c/o Henry S. David
The David Firm(R)

Alliance Property Investments, Inc.
c/o Henry S. David
The David Firm(R)
617 West 7th Street, Suite 702
Los Angeles, CA 90017

Alliance Property Investments, Inc.
Attn: Israel Abselet, CEO
114 Pine Street
Pt. Jefferson Station, NY 11778

Encino Corporate Plaza, L.P.
c/o Henry S. David
The David Firm(R)
617 West 7th Street, Suite 702
Los Angeles, CA 90017

Encino Corporate Plaza, L.P.
Attn: Israel Abselet, President of ECP
Bldg, Inc.,
General Partner of Encino Corporate
Plaza, L.P.
114 Pine Street
Pt. Jefferson, NY 11776

Israel Abselet
c/o Henry S. David
The David Firm(R)
617 West 7th Street, Suite 702
Los Angeles, CA 90017

Vivoli Saccuzzo, LLP
c/o Michael W. Vivoli, Esq.
2550 Fifth Avenue, Suite 709
San Diego, CA 92103

Jay J. Fathi
235 1/2 Elm Drive
Beverly Hills, CA 90212

US Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

M.E.R. Enterprises, Inc.
P.O. Box 32428
Los Angeles, CA 90032-0428

M.E.R. Enterprises, Inc.
Attn: Edmond Nahouray, Manager
P.O. Box 32428
Los Angeles, CA 90032-0428

Chester Tower, LLC
PO Box 32428
Los Angeles, CA 90032

Chester Tower, LLC
Attn: Edmond Nahouray, Manager
PO Box 32428
Los Angeles, CA 90032

Nourollah Siman, Ziba Sarafian
18345 Ventura Blvd., Suite 500
Tarzana, CA 91356

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

US Dept. of Education
Claims Filing Unit
PO Box 8973
Madison, WI 53708-8973

US Dept of Education
Claims Filing Unit
c/o Great Lakes Educational Loan Services, Inc.
Attn: Mary Moua, Claims Filing Specialist
2401 International Lane
Madison, WI 53704

BMW Financial Services NA, LLC
4515 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118

BMW Financial Services NA, LLC
c/o Ascension Capital Group
Attn: Marian Garza, Claims Processor
PO Box 201347
Arlington, TX 76006

BMW Financial Services NA, LLC
P.O. Box 3608
Dublin, OH 43016

Levene, Neale, Bender, Yoo & Brill
10250 Constellation Blvd, Suite 1700
Los Angeles, CA 90067

Levene, Neale, Bender, Yoo & Brill
Attn: David L. Neale, Partner
10250 Constellation Blvd, Suite 1700
Los Angeles, CA 90067

Discover Bank
c/o Discover Products Inc.
PO Box 3025
New Albany, OH 43054-3025

Discover Bank
c/o Discover Products Inc.
Attn: Darlene Slusher, Sr. Bk Specialist
PO Box 3025
New Albany, OH 43054-3025

Discover Card
Discover Financial Services
Discover Products Inc.
Discover Bank
PO Box 3025
New Albany, OH 43054-3025

Southern California Edison
1551 W. San Bernardino Road
Covina, CA 91722

Edmond Lavi
5177 Avenida Hacienda
Tarzana, CA 91356

Mehrdad Taghdiri
9744 Wilshire Blvd. Ste.306
Beverly Hills, CA 90212

BMW Bank of North America
PO Box 23356
Pittsburgh, PA 15222

Franchise Tax Board
Bankruptcy Section MS A340
Attn: Kevin Hutty
Franchise Tax Board Claim Agent
PO Box 2952
Sacramento, CA 95812-2952

Paradise Spa Owners Association
c/o Solomon Dwiggins & Freer, Ltd.
Attn: Mark A. Solomon
9060 W. Cheyenne Ave.
Las Vegas, NV 89129

Paradise Spa Owners Association
c/o Solomon Dwiggins & Freer, Ltd.
Attn: Alexander G. LeVeque
9060 W. Cheyenne Ave.
Las Vegas, NV 89129

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express Centurion Bank
c/o Becket and Lee LLP
Attn: Gregory P. Deegan, Claims Adm.
PO Box 3001
Malvern, PA 19355-0701

Southern California Gas Company;
Mass Market Credit & Collections
PO Box 30337
Los Angeles, CA 90030

Southern California Gas Company
Attn: Abiola Dawodu, Mass Market Credit &
Collections Dept. Supervisor
PO Box 30337
Los Angeles, CA 90030

Southern California Edison
PO Box 30337
Los Angeles, CA 90030

The Gas Company
Southern California Gas Company;
Mass Market Credit & Collections
PO Box 30337
Los Angeles, CA 90030

Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Mercedes-Benz Financial Services USA
LLC
c/o BK Servicing, LLC
Attn: Ed Gezel, Agent
PO Box 131265
Roseville, MN 55113-0011

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001

Elkwood Associate LLC
Attn:  Daniel J McCarthy
300 S Grand Avenue, 37th Floor
Los Angeles, CA  90071

Elkwood Associate LLC
Attn:  Jack Nourafshan, Manager
300 S Grand Avenue, 37th Floor
Los Angeles, CA  90071

Joshua Paradise Holdings, LLC
Attn:  Leon Neman, Manager
1525 S. Broadway Street
Los Angeles, CA  90015

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Capital One Bank (USA), N.A.
c/o American InfoSource
Attn:  Ashley Boswell, Paralegal
PO Box 71083
Charlotte, NC  28272-1083

U.S. Bank National Association
Bankruptcy Department
PO Box 108
St. Louis, MO  63166-0108

U.S. Bank National Association
Attn:  Jacqueline Marie Blum, Paralegal
Bankruptcy Department
PO Box 108
St. Louis, MO  63166-0108

Nourollah Siman
Ziba Sarafian
c/o Farivar Law & Tax Firm, APC
18345 Ventura Blvd., Suite 500
Tarzana, CA  91356

Sina Abselet
16 Doral Drive
Manhasset, NY  11030

A. David Mongan
4558 Toni Lane
La Mesa, CA  91941

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340479.1 32274/001