Richard M. Pachulski (SBN 90073)
Andrew W. Caine (SBN 110345)
Jeffrey W. Dulberg (SBN 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
acaine@pszjlaw.com
jdulberg@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>KSL MEDIA, INC., T.V. 10'S, LLC, and FULCRUM 5, INC.,<br><br>Debtors.<br><br>☐ Affects KSL Media, Inc.<br>☒ Affects T.V. 10's, LLC<br>☐ Affects Fulcrum 5, Inc.<br>☐ Affects All Debtors | Chapter 7<br><br>Case No.:1:13-bk-15929-MB<br><br>Jointly Administered with Case Nos.:<br>1:13-bk-15930-MB and 1:13-bk-15931-MB<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH NBC UNIVERSAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of David K. Gottlieb Filed Concurrently Herewith]<br><br>**Hearing Date**<br>Date:       March 1, 2017<br>Time:      11:00 a.m.<br>Place:      Courtroom 303<br>              U.S. Bankruptcy Court<br>              21041 Burbank Blvd.<br>              Woodland Hills, CA 91367<br>Judge:     Hon. Martin R. Barash |

DOCS_LA:303498.2 47516/003

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that David K. Gottlieb, in his capacity as Chapter 7 Trustee (the "Trustee") of KSL Media, Inc. ("KSL"), T.V. 10's, LLC ("TV 10"), and Fulcrum 5, Inc. ("Fulcrum 5") (collectively, the "Debtors"), hereby moves (the "Motion") the Court for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) ("Rule 9019") to approve a settlement agreement between the Trustee and NBC Universal, Inc., a subsidiary of Comcast Corporation d/b/a Comcast Media, Inc., NBC, Universal HD, USA Network, DailyCandy and Golf Channel; G4 Media, Inc.; G4 Media, LLC; KNBC Inc.; USA Network Group Inc.; and USA Network Media Productions LLC (collectively, "NBC", and together with the Trustee, the "Parties") dated January 31, 2017 (the "Settlement Agreement"). The terms of the settlement (the "Settlement") are specifically set forth in the Settlement Agreement executed by the Parties, a copy of which is attached as **Exhibit 1**[1] to the Declaration of David K. Gottlieb (the "Gottlieb Declaration") filed in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion, if necessary, will be held on March 1, 2017, at 11:00 a.m. in Courtroom 303, 21041 Burbank Blvd., Woodland Hills, California 90067, before the Honorable Martin R. Barash, for the Court to consider approval of the Settlement Agreement.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, Federal Rule of Bankruptcy Procedure 9019, Local Bankruptcy Rule 9013-1, the Memorandum of Points and Authorities and Gottlieb Declaration filed in support of the Motion, and all pleadings, documents and records on file with this Court, as well as any other documentary evidence as may be presented to this Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the

---

[1] While the summary of the principal terms herein is intended to be accurate, parties in interest should read the full Settlement Agreement for the complete terms and if there is any discrepancy between the summary herein and the Settlement Agreement, the terms of the Settlement Agreement control.

2

DOCS_LA:303498.2 47516/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Motion. The failure to properly file and serve an opposition may be deemed consent to the relief

2  requested in the Motion or a waiver of any right to oppose the Motion.

3

4  DATED: January 31, 2017                PACHULSKI STANG ZIEHL & JONES LLP

5

6                                         By: /s/ *Jeffrey W. Dulberg*
                                               Richard M. Pachulski
7                                              Andrew W. Caine
                                               Jeffrey W. Dulberg

8                                          Attorneys for David K. Gottlieb, Chapter 7 Trustee

DOCS_LA:303498.2 47516/003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By way of the Motion, the Parties seek approval of a compromise memorialized in the Settlement Agreement that will resolve payment obligations (the "Obligation") due from NBC as a result of payments made by the Debtor during the ninety (90) days preceding the filing of the bankruptcy case (the "Preference Period") as well as a resolution of NBC's disputed proofs of claim. The Settlement Agreement provides for a reduction of Claim 401 filed by NBC ("Claim 401-1") from $6,060,037.00 to the reduced final allowed amount of $4,950,000.00, as well as the disallowance of all other NBC claims. The Settlement Agreement is very beneficial to the estate and clearly satisfies the prevailing legal standard for merit approval under Bankruptcy Code section 9019.

## II.

## JURISDICTION AND VENUE

On September 11, 2013 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which Cases are being jointly administered under Case No.: 1:13-bk-15929-MB in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Bankruptcy Court").

On December 30, 2013, the Debtors filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1121(a)* in the each of the cases ("Cases") [Docket No. 427 in KSL Case; Docket No. 49 in TV 10's Case; and Docket No. 53 in Fulcrum's Case]. The same day, the Bankruptcy Court entered orders converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket Nos. 430, 51 and 55, respectively], and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in each of the Cases [Docket Nos. 433, 52 and 56, respectively]. The Cases continue to be jointly administered under Case No.: 1:13-bk-15929-MB.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## STATEMENT OF FACTS

**A.  The Preference Claim and NBC Claims.**

The Trustee has asserted claims to avoid and recover the Transfers made during the Preference Period (the "Preference Claim") as well as issues with respect to the amounts of certain of the NBC Claims, as set forth in the Trustee's complaint that commenced adversary proceeding number 16-01111-MB (the "Adversary Proceeding").

During the Preference Period, *i.e.*, between June 13, 2013 and September 10, 2013, the Debtors made payments to NBC in an amount of no less than $5,928,524.00 (the "Transfers").

On December 19, 2013, NBC filed Claim 401-1 against KSL as a general unsecured claim in the amount of $6,060,037.00.

On December 19, 2013, NBC filed claim number 402 ("Claim 402-1") against KSL as a general unsecured claim in the amount of $86,317.00, which claim was subsequently expunged pursuant to Bankruptcy Court order entered on June 11, 2015 [Docket No. 1283].

On December 19, 2013, NBC filed claim number 403 ("Claim 403-1") against KSL as a general unsecured claim in the amount of $7,552.00.

On January 14, 2014, NBC filed claim number 430 ("Claim 430-1") as a general unsecured claim in the amount of $67,869.00, which claim was subsequently reduced to the amount of $425.85 pursuant to Bankruptcy Court order entered on January 8, 2016 [Dkt. No. 1857]. Claim Nos. 401-1, 402-1, 403-1 and 430-1 shall be collectively referred to herein as the "NBC Claims".

## IV.

## THE SETTLEMENT AGREEMENT

Rather than proceed with litigation concerning the Preference Claim and the NBC Claims, after extensive negotiations, the Parties have reached the compromise memorialized in the Settlement Agreement, as the salient terms of which are summarized below:

**A.  The Settlement**

- ■ Claim No. 401-1 shall be reduced to a final allowed amount of $4,950,000.00.
- ■ Claim No. 403-1 shall be allowed in the final amount of $7,552.00.

Main Document Page 6 of 13

- NBC waives and agrees that it shall not recover any amounts from the Debtors' estates by virtue of any other of the NBC Claims or claim that NBC might be entitled to file under Bankruptcy Code section 502(h) as of the Settlement Effective Date.
- The Parties shall exchange mutual limited releases as specifically set forth in the Settlement Agreement.

## V.

## THE COURT SHOULD APPROVE THE PROPOSED SETTLEMENT AGREEMENT PURSUANT TO RULE 9019(a)

### A. The Applicable Standard for Approval of the Settlement Agreement

"The law favors compromise and not litigation for its own sake. . . ." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *see also Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (noting that compromises are favored in bankruptcy). Rule 9019(a) of the Bankruptcy Rules ("Rule 9019(a)") provides in relevant part that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement." Rule 9019(a) commits the approval or denial of a settlement to the sound discretion of the bankruptcy court. *See In re Stein,* 236 B.R. 34, 37 (D. Or. 1999). The bankruptcy court, however, should not substitute its own judgment for the judgment of a trustee or a debtor. *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See A & C Props.*, 784 F.2d at 1381. The court is neither required to conduct a mini-trial on the merits of the settlement, *Port O'Call Invest. Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976), nor determine that the settlement amount is the amount that would have been paid had the matter been tried. The court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972)); In re *Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N. D. Cal. 2004); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

6

The U.S. Supreme Court stated in *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968), that in order to approve a proposed settlement under the then-extant Bankruptcy Act, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." The Ninth Circuit Court of Appeals has reiterated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the "Woodson Factors"). *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380). It is not necessary that the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See Pacific Gas*, 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)).

**B.    The Settlement Agreement Satisfies the Rule 9019 Standard**

As discussed below, the Woodson Factors clearly support approval of the proposed Settlement.

**1.    Probability of Success / Complexity of Litigation**

The financial outcome of the Settlement is favorable to the estate. The parties have reconciled the dispute over the NBC claim as meriting a reduction of $123,644. The remaining claim reduction of $862,000 reflects a negotiation of parties' positions with respect to the Preference Claims.

NBC has asserted a number of defenses under Section 547(c), including subsequent new value, ordinary course of business and ordinary business terms, as well as asserting that the Debtors were a mere conduit that transmitted dedicated funds from advertisers to NBC, and that NBC did not actually receive approximately $1.3 million of the alleged preference payments. While the Trustee

7

submits that these defenses have varying likelihoods of success, he concedes that at least $3.2 million is available to NBC as subsequent new value and that NBC's 547(c)(2) defenses could shield the entire balance, resulting in no recovery for the estate. As NBC asserts, the timing of all of the preference period payments fell within the range of the parties' historical payment practices and there was no evidence of any undue pressure or unusual activity. Moreover, NBC asserts that the timing of the payments is consistent with payments that television media outlets receive from advertisers and marketing agents like KSL.

### 2. Difficulties With Collection

The Trustee does not anticipate any difficulties with collection.

### 3. Interests of Creditors

Under the Settlement, the Trustee is obtaining a reduction of Claim 401-1 from $6,060,037.00 to a final allowed amount of $4,950,000.00, and waiver of the other NBC Claims for the benefit of the estate. As described above, creditors are favorably benefited by this recovery. The Settlement obviates the need for the Trustee to litigate the Estate's claims and incur attorney fees in doing so. Based upon the foregoing, the Trustee submits that the Settlement satisfies the test for approval of the Settlement and, in the best interest of creditors, should be approved by this Court.

## C. Adequate Notice of the Motion Has Been Given

Notice of the filing of this Motion has been given to all parties entitled to notice in accordance with this Court's Order Limiting Scope of Notice entered February 18, 2014 [Dkt No. 554] and to all parties requesting electronic notice. Accordingly, adequate notice has been given.

## VI.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (i) approving the Settlement Agreement, (ii) authorizing the Parties to enter into and take any and all actions reasonably necessary to effectuate the Settlement Agreement, (iii) providing that the Obligation be

DOCS_LA:303498.2 47516/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

satisfied as set forth in the Settlement Agreement; and (iv) granting such other and further relief as the Court deems just and proper.

DATED:  January 31, 2017        PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *Jeffrey W. Dulberg*
    Richard M. Pachulski
    Andrew W. Caine
    Jeffrey W. Dulberg

Attorneys for David K. Gottlieb, Chapter 7 Trustee

DOCS_LA:303498.2 47516/003

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH NBC UNIVERSAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 31, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 31, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 31, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery**
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
DOCS_LA:272502.12 47516/003

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 1:13-bk-15929-MB**

- Allison R Axenrod    allison@claimsrecoveryllc.com
- James Cornell Behrens    jbehrens@milbank.com
- Michael V Blumenthal    michael.blumenthal@tklaw.com, alisa.brenes@tklaw.com
- Wanda Borges    ecfcases@borgeslawllc.com
- Brian Brager    bbrager@bradfordcapitaladvisors.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Kayla D Britton    kayla.britton@faegrebd.com
- Andrew W Caine    acaine@pszjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Gary O Caris    gcaris@diamondmccarthy.com, vgarcia@diamondmccarthy.com
- Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com
- Jeff Cohen    JC@SouthpawAsset.com
- Vincent M Coscino    vcoscino@allenmatkins.com, jaallen@allenmatkins.com
- Natalie B. Daghbandan    natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com
- Jon L Dalberg    jdalberg@lgbfirm.com, kalandy@lgbfirm.com;srichmond@lgbfirm.com;cboyias@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com
- Helena DeYoung    jsong@liquiditysolutions.com
- Ted A Dillman    Ted.dillman@lw.com
- Tyler R Dowdall    tdowdall@erlaw.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Robert K Edmunds    robert.edmunds@bipc.com, toy.dykes@bipc.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Mark D Estle    mdestle@estlelaw.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
- Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- T. John Fitzgibbons    jfitzgibbons@romalaw.com, jlontok@romalaw.com
- Earl M Forte    fortee@whiteandwilliams.com, vulpioa@whiteandwilliams.com
- Stacy L Foster    sfoster@btlaw.com, lharrison@btlaw.com
- Joseph D Frank    jfrank@fgllp.com, rheiligman@fgllp.com;ccarpenter@fgllp.com;jkleinman@fgllp.com
- Kenneth J Freed    KFREED@KJFESQ.COM
- Michael A Friedman    mfriedman@gjb-law.com, gjbecf@gjb-law.com
- Mary L Fullington    lexbankruptcy@wyattfirm.com, pwest@wyattfirm.com
- Thomas M Gaa    tgaa@bbslaw.com
- Scott F Gautier    sgautier@robinskaplan.com
- Fredric Glass    fglass@fairharborcapital.com
- Paul R. Glassman    pglassman@sycr.com
- Matthew A Gold    courts@argopartners.net
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@ecf.epiqsystems.com;rjohnson@dkgallc.com;akuras@dkgallc.com
- Aaron C Gundzik    agundzik@gghslaw.com, sforster@gghslaw.com
- Mary H Haas    maryhaas@dwt.com, melissastrobel@dwt.com;laxdocket@dwt.com
- John V Hager    mail@hdlaw.com, kcallahan@hdlaw.com
- Lesley A Hawes    lhawes@diamondmccarthy.com, vgarcia@diamondmccarthy.com
- Emil W Herich    eherich@kilpatricktownsend.com, acaviles@kilpatricktownsend.com;tmeyers@kilpatricktownsend.com;sramsey@kilpatricktownsend.com
- Marsha A Houston    mhouston@reedsmith.com
- Peter L Isola    PIsola@hinshawlaw.com
- Robbin L Itkin    ritkin@linerlaw.com, cbullock@linerlaw.com
- Lawrence M Jacobson    lmj@gfjlawfirm.com
- Crystal Johnson    M46380@ATT.COM
- Gregory K Jones    GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com
- Christian A Jordan    cjordan@btlaw.com, tpearsall@btlaw.com
- Jeff D Kahane    jkahane@duanemorris.com
- Steven J Kahn    skahn@pszyjw.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Katherine Kane    kkane@kanelaw.com
- Doah Kim    doah.kim@whitecase.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- Herbert Kunowski    Herbert.Kunowski@wilsonelser.com
- David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- Kyle Kveton    kkveton@romalaw.com, mecheverria@romalaw.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Jennifer A Landau    jlandau@lgbfirm.com, cboyias@lgbfirm.com
- Rodger M Landau    rlandau@lgbfirm.com, kalandy@lgbfirm.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com
- Yochun Katie Lee    kylee@akingump.com, tsouthwell@akingump.com
- Ira M Levee    ilevee@lowenstein.com, ehorn@lowenstein.com
- Ganna Liberchuk    gliberchuk@haincapital.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:272502.12 47516/003

- *Erica T Loftis    Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com*
- *Richard M Lorenzen    RLorenzen@perkinscoie.com, KHardy@perkinscoie.com*
- *Noreen A Madoyan    Noreen@MarguliesFaithLaw.com, Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com*
- *Edith R Matthai    ematthai@romalaw.com*
- *Hugh McCullough    , elainehuckabee@dwt.com*
- *Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Neeta Menon    nmenon@btlaw.com*
- *James P Menton    JPMenton@rkmc.com*
- *Maria Ann Milano    mmilano@riddellwilliams.com*
- *William K Mills    mills@parkermillsllp.com, sally@parkermillsllp.com*
- *Kerry A. Moynihan    kerry.moynihan@bryancave.com, apameh.vaziri@bryancave.com;raul.morales@bryancave.com*
- *Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mirmanbubman.com*
- *Vahid Naziri    vnaziri@anhlegal.com, matthew@anhlegal.com*
- *Jeffrey P Nolan    jnolan@pszjlaw.com*
- *Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;CJGreen@mintz.com;DEHashimoto@mintz.com*
- *Matthew Ochs    mjochs@hollandhart.com, sjohnson@hollandhart.com*
- *Robert J Parks    robert.parks@bipc.com;Rachel.waters@bipc.com, robin.robbins@bipc.com*
- *Jason S Pomerantz    jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com*
- *David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com*
- *Michael H Raichelson    mhr@cabkattorney.com*
- *Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com*
- *John P Reitman    jreitman@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com*

- *Thomas Rice    trice@coxsmith.com, phuffstickler@coxsmith.com;aseifert@coxsmith.com*
- *Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com*
- *Monica Rieder    mrieder@lgbfirm.com*
- *Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com*
- *Holly Roark    holly@roarklawoffices.com, courtnotices@roarklawoffices.com*
- *Brad Robertson    brad.robertson@cbs.com, brad47@gmail.com*
- *S Margaux Ross    margaux.ross@usdoj.gov*
- *Terrel Ross    tross@trcmllc.com*
- *Edward G Schloss    egs2@ix.netcom.com*
- *Norman D Schoenfeld    lsi@liquiditysolutions.com*
- *David B Shemano    dshemano@robinskaplan.com*
- *Jonathan Shenson    jshenson@shensonlawgroup.com*
- *Alan R Smith    mail@asmithlaw.com*
- *Joon W Song    jsong@thesonglawgroup.com*
- *Tiffany Strelow Cobb    tscobb@vorys.com*
- *Kelly Sweeney    ksweeney@spiwakandiezza.com*
- *Robert Tannor    rtannor@creditorliquidity.com*
- *United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov*
- *Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com*
- *Dennis J Wickham    wickham@scmv.com, nazari@scmv.com*
- *Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com*
- *Douglas Wolfe    dwolfe@asmcapital.com*
- *Victor Yoo    vjy@taxlawyersgroup.com*
- *Bruce J Zabarauskas    bruce.zabarauskas@tklaw.com*
- *Amy A Zuccarello    azuccarello@sandw.com*
- *Roye Zur    rzur@lgbfirm.com, kalandy@lgbfirm.com;srichmond@lgbfirm.com;cboyias@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com*

2. **SERVED BY UNITED STATES MAIL**:

**KSL Media, Inc.**
**2002 SERVICE LIST**

| Chapter 7 Trustee | United States Trustee | Debtor |
| David K. Gottlieb | S Margaux Ross | KSL MEDIA INC |
| D. Gottlieb & Associates, LLC | Office of the U.S. Trustee | 15233 Ventura Blvd., 9th Floor |
| 15233 Ventura Blvd., 9th Floor | 915 Wilshire Blvd., Suite 1850 | Sherman Oaks, CA  91403 |
| Sherman Oaks, CA  91403 | Los Angeles, CA  90017 | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:272502.12 47516/003

| | | |
|---|---|---|
| KSL Media New York, Inc.<br>Agent for Service of Process<br>Kalman S. Liebowitz<br>4703 Sunnyhill Street<br>Westlake Village, CA  91362-5120 | KSL Media New York, Inc.<br>Agent for Service of Process<br>Kalman Liebowitz<br>4703 Sunny Hill Street<br>Thousand Oaks, CA  91362 | TV 10's, LLC<br>Agent for Service of Process<br>Ronald R. Camhi<br>Michelman & Robinson, LLP<br>10880 Wilshire Blvd., #1900<br>Los Angeles, CA  90024-4120 |
| KSL Media, Inc.<br>Agent for Service of Process<br>Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE   19808 | **Request for Special Notice/<br>Court's Non-NEF List** | |
| WM Barr<br>6750 Lenox Center Court<br>Suite 200<br>Memphis, TN  38115 | Classified Ventures LLC<br>175 West Jackson Blvd.<br>Suite 800<br>Chicago, IL  60604 | Attys for Robert Brill<br>Sacha V. Emanuel<br>10250 Constellation Blvd.<br>Suite 2320<br>Los Angeles, CA  90067 |
| Gawker Tech LLC<br>114 5th Avenue, Fl 2<br>New York, NY  10011-5611 | Nexstar Broadcasting Inc.<br>545 E. John Carpenter Frwy.<br>#700<br>Irving, TX  75062 | Candace Schiffman<br>3010 Briarpark Dr.<br>PWC 08.8206<br>Houston, TX  77042 |
| Attys for First Tennessee Bank<br>E. Franklin Childress, Jr., Esq.<br>Baker, Donelson<br>165 Madison Avenue, Suite 2000<br>Memphis, TN  38103 | Douglas Emmett, Inc.<br>Leland O. Smith<br>SVP, General Counsel<br>808 Wilshire Blvd., Suite 200<br>Santa Monica, CA  90404 | TeleBrands Corp.<br>Lowenstein Sandler LLP<br>Kenneth A. Rosen, Esq./Jeffrey D. Prol, Esq./Eric H. Horn, Esq.<br>65 Livingston Avenue<br>Roseland, NJ  07068 |
| MacDonald Media<br>Laurence Beckler, PLLC<br>Laurence Beckler, Esq.<br>575 Madison Ave., Suite 1006<br>New York, NY  10022-2511 | MacDonald Media<br>Kirkpatrick Townsend & Stockton LLP<br>Emil W. Herich, Esq.<br>9720 Wilshire Blvd., Penthouse Suite<br>Beverly Hills, CA  90212-2021 | MacDonald Media<br>Kirkpatrick Townsend & Stockton LLP<br>Todd C. Meyers, Esq.<br>Shane G. Ramsey, Esq.<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA  30309-4528 |
| KCBS TV<br>POB 100729<br>Pasadena, CA 91189-0729 | Attys for Deckers Outdoor Corporation<br>Paul R. Glassman<br>Marianne S. Mortimer<br>Stradling Yocca Carlson & Rauth<br>100 Wilshire Blvd., 4th Floor<br>Santa Monica, CA  90401 | |
| <u>Counsel for Van Wagner Group LLC</u><br>GERARD S. CATALANELLO<br>PATRICIA H. HEER<br>1540 Broadway<br>New York, NY 10036 | David W. Roberts, CPA, CIRA, CFE<br>CFF Crowe Horwath LLP<br>15233 Ventura Blvd., 9th Floor<br>Sherman Oaks, CA  91403 | |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:272502.12 47516/003